2 To G.

ORIGINAL

⑱ R↓
8-12-02

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENZO MAZZAMUTO, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 1:CV-01-1157 |
| | : | |
| v. | : | |
| | : | |
| UNUM PROVIDENT | : | JUDGE KANE |
| CORPORATION, et al., | : | |
| Defendants | : | |

*HARRISBURG, PA*
*AUG 0 9 2002*
*MARY E. D'ANDREA, CLERK*
*Per ___*

### DEFENDANTS' MOTION IN LIMINE
### TO PRECLUDE THE TESTIMONY OF
### PLAINTIFF'S EXPERT WITNESSES

Defendants UNUM Provident Corporation, Paul Revere Life Insurance Company and New York Life Insurance Company ("Defendants") hereby move in limine for an order precluding the testimony of Plaintiff's expert witnesses Douglas Bower, M.D. and Gordon K. Rose, CLU.

Defendants' Motion in Limine to preclude the testimony of Plaintiff's expert Gordon K. Rose on the issue of bad faith should be granted because the testimony is neither necessary nor helpful as the issues are not complex and the expert's testimony would usurp the role of the Court to instruct the jury on the applicable law. Further, his opinions are based on factual assumptions that are flatly contradicted by the record.

In addition, Defendants move to preclude the admission of any expert or lay testimony from Dr. Bower regarding plaintiff's alleged psychological and

1

back problems because Dr. Bower is not qualified to give an expert opinion regarding these conditions and whether they are disabling. Moreover, Plaintiff has not identified Dr. Bower as an expert witness in the case and has not provided an expert report as required by Rule 26(a)(2)(A) and (B). Finally, Dr. Bower cannot offer opinion testimony pursuant to Rule 701 of The Federal Rules of Evidence regarding plaintiff's alleged psychiatric and back problems because his opinion would be based upon scientific or other specialized knowledge within the scope of Rule 702 of the Rules of Evidence.

WHEREFORE, for the reasons set forth above and in the accompanying Memorandum of Law in support of this Motion, Defendants respectfully request this Court to grant its Motion in Limine.

Dated: August, 9, 2002

STEVENS & LEE

By *E. Thomas Henefer*
E. Thomas Henefer
Attorney I.D. No. 55773
Kirk L. Wolgemuth
Attorney I.D. No. 45792
111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania 19603
(610) 478-2000

Attorneys for Defendants UNUM Provident Corporation, Paul Revere Insurance Company, and New York Life Insurance Company

## CERTIFICATE OF NON-CONCURRENCE

I, E. THOMAS HENEFER, ESQUIRE, certify that opposing counsel does not concur in the foregoing motion in limine.

*E. Thomas Henefer* (signature)

Date: 8/9/02

## CERTIFICATE OF SERVICE

I, E. THOMAS HENEFER, ESQUIRE, certify that on this date, I served a certified true and correct copy of the foregoing motion in limine upon the following counsel of record, by hand delivery as follows:

> Richard C. Angino, Esquire
> Angino & Rovner, P.C.
> 4503 N. Front Street
> Harrisburg, PA 17110

*/s/ E. Thomas Henefer*

Date: 8/9/02