

**ORIGINAL**

FILED
HARRISBURG, PA

AUG 1 2 2002

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>    Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION;<br>PAUL REVERE LIFE INSURANCE<br>COMPANY; and NEW YORK LIFE<br>INSURANCE COMPANY<br>    Defendants | JUDGE KANE<br><br>JURY TRIAL DEMANDED |

### MOTION FOR PARTIAL SUMMARY JUDGMENT ON BEHALF OF PLAINTIFF, VINCENZO MAZZAMUTO

Plaintiff, Vincenzo Mazzamuto, by his attorney, Richard C. Angino, Angino & Rovner, P.C., hereby moves this Honorable Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, to enter partial summary judgment in favor of Plaintiff and against Defendants, and offer the following in support:

1. This action presents a claim for bad faith in the denial of disability benefits to Plaintiff under a policy of disability insurance.

2. The complaint was filed on June 26, 2001.

3. More than 20 days have elapsed since the commencement of the action.

4. Plaintiff is insured under disability policy number H3236167 issued by New York Life, Policy Date June 28, 1993. <u>Also see,</u> **Exhibit A** to Statement of Undisputed Facts.

5. Plaintiff is also insured under life policy number 44 904 932 issued by New York Life on August 4, 1993, **Exhibit B**.

6. Fact discovery has been completed and the deadline for filing dispositive motions is August 10, 2002.

7. Plaintiff is entitled to the entry of partial summary judgment for the following reasons:

   a. The New York Life disability policy of insurance defines "Total Disability":

   > **Total Disability** From the start of a total disability until 2 years after the Income Starting Date, total disability means that the insured can not do the substantial and material duties of his or her regular job.
   >
   > After 2 years from the Income Starting Date, if a new period of disability does not apply, total disability will then mean that the Insured can not do the substantial and material duties of his or her regular job and is not working at any other gainful job. (emphasis supplied)

   b. The New York Life life policy defines Total Disability:

   > Total Disability" means that, because of disease or bodily injury, the Insured can not do any of the essential acts and duties of his or her job, or of any other job for which he or she is suited based on schooling, training, or experience. If the Insured can do some but not all of these acts and duties, disability is not total and premiums will not be waived. If the Insured is a minor and is required by law to go to school, "Total Disability" means that, because of disease or bodily injury, he or she is not able to go to school.

**Exhibit B**

   c. Insurance policies must be liberally interpreted in favor of insureds;

   d. When the facts are undisputed, the interpretation of insurance contracts is for the courts;

248981.1\JLS\JLS                           2

  e. Plaintiff's treating doctor and the Social Security Administration, have concluded that Mr. Mazzamuto is totally disabled, and New York Life Insurance Company which issued the disability policy has recognized that Plaintiff is disabled in accordance with the terms of the New York Life Insurance disability policy:

  1. Dr. Bower's letter of November 3, 2000, **Exhibit C**.

  2. <u>See</u>, Dr. Bower's monthly reports of continuing disability to the present, **Exhibit D**.

  3. Excerpts from Deposition of Dr. Bower, **Exhibit E**.

  4. Social Security Dr. Schneider's report of July 12, 2001, **Exhibit F**.

  5. The Social Security's finding of total disability of July 25, 2002, **Exhibit G**.

  6. New York Life's finding of disability with respect to Mr. Mazzamuto's <u>life</u> insurance policy, dated June 14, 2002, **Exhibit H**.

  f. Unbeknownst to Mr. Mazzamuto when he initially applied for disability insurance in 1993, he had a pre-existing spinal stenosis potentially debilitating, progressive back condition, **Exhibit I**.

  g. After a fall on ice, Mr. Mazzamuto in 1996 made a claim for disability based upon his disabling back condition, **Exhibit J**.

  h. New York Life initially denied coverage based upon Mr. Mazzamuto's pre-existing back condition, **Exhibit K**.

  i. New York Life recognized that it did not have a legal basis to deny Mr. Mazzamuto's claim and eventually paid the claim in full, **Exhibit L**.

j. Mr. Mazzamuto returned to work in 1996 and worked until July 22, 2000, when he had a heart attack, **Exhibit M**.

k. Mr. Mazzamuto continued to require treatment for his progressively debilitating back condition after he returned to work, **Exhibit N**.

l. After his heart attack, he aggravated his back condition on the ambulance ride to the hospital. As a result of the heart attack, back condition, and anxiety, Mr. Mazzamuto has been and is totally disabled, **Exhibit M**, pp. 21-23.

m. Defendant UNUM Provident Corporation, "The Paul Revere Life Insurance Company as administrator for New York Life Insurance Company," (emphasis supplied) denied Mr. Mazzamuto's disability claim on April 20, 2001.

> Based on all medical information in Mr. Mazzamuto's claim file, it does not appear that there are restrictions or limitations that would prevent Mr. Mazzamuto from working in his occupation on a full-time basis. Therefore, we find that he is ineligible for disability benefits under his contract.

**Exhibit O**.

n. Defendants never requested that Mr. Mazzamuto be examined for an independent medical report.

o. Up until June 27, 2002, Defendant relied upon their in-house doctor Clarke who did not express an opinion as to Mr. Mazzamuto's disability with respect to his back condition and anxiety. See, report and excerpts from deposition, **Exhibit P**.

p. In accordance with the discovery deadline, Defendants submitted reports dated June 27 and 28, 2002, from an orthopedic doctor and a psychologist who reviewed the medical records and expressed opinion but failed to dispute Mr. Mazzamuto's disability per the New York Life disability or life insurance policy definitions. **Exhibits Q and R**.

q. Mr. Mazzamuto's job requires standing most of the time and dealing with customers and employees. His back and anxiety conditions preclude same. See, Mr. Mazzamuto's deposition, **Exhibit M**. See, application for disability, **Exhibit S**. See, application for social security, **Exhibit T**. See, statement that job requires that he has to stand most of the time, **Exhibit U**.

r. Mr. Mazzamuto's debilitating back condition is progressive, was aggravated in 1996 and again in 2000, and he has been under continuing treatment since 1996, **Exhibit N**.

s. Defendants' acknowledgment that it had no basis for denying Mr. Mazzamuto's 1996 claim based upon the 1993 policy definition by logical extension leads one to conclude that Defendants have no basis to deny the combination heart, back, anxiety claim of 2000 since Mr. Mazzamuto's job was the same throughout the 1993-2002 period.

t. Defendants acknowledgment of "total disability" as per New York life policy, which is a similar definition as the disability policy, leads to the logical conclusion that Mr. Mazzamuto is totally disabled.

8. There are no material issues of disputed fact essential to the issue of disability as per the New York policy definition.

9. Plaintiff incorporates by reference herein his statement of material facts, as required by Local Rule 56.1, brief in support of this motion and a separate set of bound exhibits as required by Local Rule 5.1(f).

10. Moving Plaintiff is entitled to partial summary judgment as a matter of law.

WHEREFORE, Plaintiff, Vincenzo Mazzamuto, respectfully requests that this Honorable Court enter summary judgment in his favor and against Defendants and determine that Plaintiff is disabled under the terms of the applicable insurance policy.

Respectfully submitted,

ANGINO & ROVNER, P.C.

*(signature)*

Richard C. Angino, Esquire
I.D. No. 07140
4503 N. Front Street
Harrisburg, PA  17110
(717) 238-6791
Attorneys for Plaintiff

Date: 8/12/02

## CERTIFICATE OF SERVICE

      I, Richard C. Angino, Esquire, hereby certify that a true and correct copy of the foregoing Motion for Partial Summary Judgment on behalf of Plaintiff, Vincenzo Mazzamuto was served by United States first-class mail, postage prepaid, upon the following:

E. Thomas Henefer, Esquire
Stevens & Lee
111 North Sixth Street
P. O. Box 679
Reading, PA 19603-0679
      Counsel for Paul Revere Life Insurance Company and New York Life Insurance Company

                                                                               Richard C. Angino

Dated: 8/12/02