
8-13-02

**ORIGINAL**

FILED
HARRISBURG, PA

AUG 12 2002

MARY E. D'ANDREA, CLERK
Per _____
       Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>    Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE COMPANY<br>    Defendants | JUDGE KANE<br><br>JURY TRIAL DEMANDED |

**STATEMENT OF UNDISPUTED MATERIAL FACTS SUBMITTED
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
ON BEHALF OF PLAINTIFF, VINCENZO MAZZAMUTO**

Plaintiff, Vincenzo Mazzamuto, through counsel, submits that the following facts are material to this action and not genuinely in dispute:

1. Vincenzo Mazzamuto has been insured under a Disability Income Policy No. H3 236 167 issued June 28, 1993, by New York Life, Exhibit A to Complaint. **Exhibit A.**

2. The policy defines total disability as:

**Total Disability**    From the start of a total disability until 2 years after the Income Starting Date, total disability means that the Insured can not do the substantial and material duties of his or her regular job.

After 2 years from the Income Starting Date, if a new period of disability does not apply, total disability will then mean that the Insured can not do the substantial

and material duties of his or her regular job and is not working at any other gainful job.

The cause of the total disability must be an injury or a sickness . . .

**Exhibit A,** Complaint, Exhibit A, Policy p. 5.

3.  Plaintiff is also insured under life policy number 44 904 932 issued by New York Life on August 4, 1993.

4.  The New York Life life policy defines Total Disability:

"Total Disability" means that, because of disease or bodily injury, the Insured can not do any of the essential acts and duties of his or her job, or of any other job for which he or she is suited based on schooling, training, or experience. If the Insured can do some but not all of these acts and duties, disability is not total and premiums will not be waived. If the Insured is a minor and is required by law to go to school, "Total Disability" means that, because of disease or bodily injury, he or she is not able to go to school.

**Exhibit B.**

5.  In connection with Plaintiff's November 2000 application for benefits under his disability income insurance policy, Mr. Mazzamuto's treating physician, Dr. Douglas J. Bower, advised Defendants Paul Revere and New York Life by letter dated November 3, 2000, that due to his back pain, and the stress and anxiety which were provoked by his July 22, 2000 heart attack, Mr. Mazzamuto is unable to return to his regular job, **Exhibit C.**

6.  Dr. Bower has also provided Monthly Progress Reports to UNUM, Paul Revere, and New York Life, that Mr. Mazzamuto is unable to return to work, **Exhibits D & E**, pp. 64-65.

7.  In his deposition of April 16, 2002, Dr. Bower testified that due to his back pain and anxiety about the possibility of another heart attack, Mr. Mazzamuto is unable to return to work, **Exhibit E**, p. 53-63.

8. Mr. Mazzamuto's disability as a result of his anxiety is further supported by the report of Dr. Schneider for the Social Security Administration which was made in connection with Mr. Mazzamuto's claim for social security disability benefits.

> generalized anxiety disorder. DSM-IV 300.02, with related depressive features. This man presents with anxiety and worry which he reports experiencing on a daily basis and has no success in controlling. He reports being easily fatigued, has difficulty concentrating, reports being irritable (confirmed by his wife), and indicates having a sleep problem.
>
> . . .
>
> Mr. Mazzamuto's activities of daily living are somewhat more restricted than they were prior to his heart attack. He does not help his wife with cleaning around the house. He will do some simple prep cooking at home and will also do some simple shopping if she requests him to do so. She has assumed responsibility for basically maintaining the residence and paying the bills.
>
> * * *
>
> Socially, he has become more intolerant and withdrawn from both family as well as friends.
>
> Concentration, persistence and pace are more impaired since the heart attack. He has little tolerance for doing anything but watching T.V.

**Exhibit F**, p. 4.

9. On July 25, 2002, the Social Security Administration determined that Mr. Mazzamuto has been disabled since July 22, 2000, the date of his heart attack, and is entitled to disability benefits under the Social Security Act. **Exhibit G.**

10. New York Life's life insurance division has similarly determined that Mr. Mazzamuto has been disabled since July 22, 2000, and refunded previously paid premiums. **Exhibit H.**

11. Mr. Mazzamuto was unaware that he had a persistent back disease when he applied for the disability insurance with New York Life in 1993. **Exhibit I.**

12. After a fall on ice in 1996 when he injured his back, Mr. Mazzamuto made a claim for disability due to his back pain. **Exhibit J**.

13. In 1996, New York Life initially denied coverage based upon Mr. Mazzamuto's pre-existing spinal stenosis, **Exhibit K**.

14. New York Life recognized that it did not have a legal basis to deny Mr. Mazzamuto's claim and eventually paid the claim in full. **Exhibit L**, NYLCL00216, NYLCL00217.

15. Mr. Mazzamuto returned to work in 1996 and worked until July 22, 2000, when he had the heart attack, **Exhibits M**, p. 106, 21.

16. Mr. Mazzamuto continued to suffer from back pain and often visited his doctor, **Exhibit M**, p. 106, and required treatment for his progressively debilitating back condition after his return to work. **Exhibit N**.

17. Following his heart attack while being taken to the hospital in an ambulance, Plaintiff re-injured his back. **Exhibit M**, Depo. V. Mazzamuto, p. 21, 96-97.

18. After his discharge from the hospital, Plaintiff attempted to return to work, but was unable to work and has not been able to work to the present time. **Exhibit M**, Depo. V. Mazzamuto, p. 21-22.

19. Mr. Mazzamuto has testified in his deposition that his work as an owner/operator of a pizza restaurant requires standing for long periods of time and dealing with customers and employees, and his back condition and anxiety prevent him from doing his work. **Exhibit M**. Mr. Mazzamuto's deposition. Also see, p. 9 of Dr. Bower's deposition as to Mr. Mazzamuto's fear of another heart attack. **Exhibit E**, Depo. Dr. Bower, p. 9.

20. Defendant UNUM Provident Corporation, "The Paul Revere Life Insurance Company <u>as administrator for New York Life Insurance Company</u>," (emphasis supplied) denied Mr. Mazzamuto's disability claim on April 20, 2001. **Exhibit O.**

21. Defendant's Dr. John Clarke, M.D., could not state that Plaintiff's back pain and anxiety did not prevent Plaintiff's return to work. **Exhibit P**, Depo. Dr. Clarke, p. 11-15. Dr. Clarke testified at his deposition that his earlier report expressed no opinion as to whether Mr. Mazzamuto was disabled with regard to his back. Nor did he express any opinion as to whether Mr. Mazzamuto's anxiety, nervousness or stress disabled him. Ibid, p. 15. Dr. Clarke merely opined that Mr. Mazzamuto is not disabled due to his cardiac condition. Ibid, p. 11.

22. Defendant's expert Dr. Steinman did not address Plaintiff's anxiety and could not state that Plaintiff's combined conditions do not prevent his return to work. **Exhibit Q**, report of Robert T. Steinman, M.D.

23. Defendant's expert Abram M. Hostetter, M.D., addressed only Plaintiff's anxiety and could not state that Plaintiff's anxiety does not prevent Plaintiff's return to work. **Exhibit R**, Report of Abram M. Hostetter, M.D.

24. Mr. Mazzamuto's job requires standing most of the time and dealing with customers and employees. His back and anxiety conditions preclude same. **Exhibit M**, p. 21, 22, 61; **Exhibit S**, p. 0689, 0690; **Exhibit T**, p. 0524; **Exhibit U.**

25. Plaintiff has been awarded social security disability benefits. **Exhibit G**, SSA Decision. The Social Security Administration concluded that Mr. Mazzamuto is precluded from the performance of his past relevant work in the restaurant, Ibid.

26. New York Life, a related company and/or one whose claims are handled by the same agents as Defendant's has agreed that Mr. Mazzamuto is disabled. **Exhibit H.**

27.  Plaintiff is disabled under the applicable terms of his disability income insurance policy.

Respectfully submitted,

ANGINO & ROVNER, P.C.

Richard C. Angino, Esquire
I.D. No. 07140
4503 N. Front Street
Harrisburg, PA  17110
(717) 238-6791
Attorney for Plaintiff

Date: 8/12/02

## CERTIFICATE OF SERVICE

I, Richard C. Angino, Esquire, hereby certify that a true and correct copy of the foregoing **STATEMENT OF UNDISPUTED MATERIAL FACTS SUBMITTED IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON BEHALF OF PLAINTIFF, VINCENZO MAZZAMUTO** was served by United States first-class mail, postage prepaid, upon the following:

E. Thomas Henefer, Esquire
Stevens & Lee
111 North Sixth Street
P. O. Box 679
Reading, PA  19603-0679
    Counsel for Defendants

Dated: 8/12/02

Richard C. Angino