ORIGINAL

FILED
HARRISBURG, PA

AUG 2 6 2002

MARY E. D'ANDREA, CLERK
Per_____

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| VINCENZO MAZZAMUTO, Plaintiff, | CIVIL ACTION – LAW |
|---|---|
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE COMPANY Defendants | JUDGE KANE<br><br>JURY TRIAL DEMANDED |

**BRIEF IN SUPPORT OF PLAINTIFF'S PETITION
TO EXTEND DEADLINE FOR FILING EXPERT REPORT**

I. **PROCEDURAL HISTORY**

The original case management order of this Court was entered on October 25, 2001. Thereafter, Plaintiffs requested and this Honorable Court granted enlargement of time for discovery. By order dated February 25, 2002, expert reports were due on or before June 28, 2002. By June 28, 2002, Plaintiff provided Defendants the expert report of Gordon Rose, who opined, inter alia, that Defendants' conduct in handling and refusing to pay Plaintiff's claim for disability income benefits under his policy of insurance constitutes bad faith.

II.  **STATEMENT OF FACTS**

One month after the deadline for expert reports, the July 29, 2002 issue of <u>National Underwriter, Life & Health/Financial Services Edition</u>, published an article indicating that on June 28, Patrick Fergal McSharry, a doctor who once worked as a medical director for UnumProvident, one of the Defendants in the instant action, commenced a civil suit accusing UnumProvident Corp. of denying disability claims whether they were valid or not.  See, **Exhibit A**.  The article also indicates that when Dr. McSharry began writing his reports accurately and without the foregone conclusion to deny the claim, Dr. McSharry suffered retaliation.

III.  **STATEMENT OF QUESTIONS INVOLVED**

> Whether the Court should permit the late filing of an additional expert report where the identity of the expert has only recently been discovered by Plaintiff and where the expert is clearly qualified to offer relevant testimony regarding claim handling practices of one of the Defendants to this action?

IV.  **ARGUMENT**

> The Court should permit the late filing of an additional expert report where the identity of the expert has only recently been discovered by Plaintiff and where the expert is clearly qualified to offer relevant testimony regarding claim handling practices of one of the Defendants to this action.

Dr. McSharry may have relevant testimony to offer in the instant action.  Dr. McSharry would provide expert testimony by virtue of his experience reviewing claims for Unum, one of the defendant's in this case.  As noted in Plaintiff's Brief Contra Defendants' Motion in Limine,

> If scientific, technical, <u>or other specialized knowledge</u> will assist the trier of fact <u>to understand the evidence or to determine a fact in issue</u>, a witness qualified as an expert by <u>knowledge, skill, experience, training, or education</u>, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product or reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.  (emphasis supplied)

F.R.E. 702. Moreover, the expert witness must have sufficient skill or knowledge related to the pertinent field or calling that his inference will probably aid the trier in the search for truth. The knowledge may be derived from reading alone in fields (education), from practice alone in other fields (experience), or as is more commonly the case from both." 2 McCormich on Evidence fifth Edition 1999, Chapter 3 § 13, pp. 58 et seq. Dr. McSharry would certainly be qualified to testify as an expert given his experience handling claims for Unum. And his testimony would be relevant, in that his experience derives directly from his experience with one of the Defendant's in this case. Dr.McSharry's testimony would aid the trier of fact.

Dr. McSharry's availability to testify as an expert in this case is unknown at this time. For this reason Plaintiff has requested until September 30, 2002 to ascertain whether Dr. McSharry is available, and to provide a report.

Granting this motion need not delay the trial in this case, which is already scheduled to commence November 4, 2002. Moreover, at least one defendant already knows well Dr. McSharry, so that bringing the witness into this case at this time should not prejudice Defendant.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to extend the deadline to produce expert witness reports to September 30, 2002.

Respectfully submitted,

ANGINO & ROVNER, P.C.

_____
Richard C. Angino, Esquire
I.D. No. 07140
4503 N. Front Street
Harrisburg, PA 17110
(717) 238-6791
Attorney for Plaintiff

Date: 8/26/02

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE COMPANY<br>Defendants | JUDGE KANE<br><br>JURY TRIAL DEMANDED |

### CERTIFICATE OF NONCONCURRENCE

This is to certify that Plaintiff's counsel contacted E. Thomas Henefer, Esquire, counsel for Defendants on Friday, August 22, 2002 and requested his Concurrence in this Motion to Extend Deadline for Expert Reports. To date, no response has been received.

Respectfully submitted,

ANGINO & ROVNER, P.C.

Richard C. Angino, Esquire
I.D. No. 07140
Joan L. Stehulak, Esquire
I.D. No. 29496
4503 N. Front Street
Harrisburg, PA  17110
(717) 238-6791
Attorney for Plaintiff

Date: 8/26/02

## CERTIFICATE OF SERVICE

I, Richard C. Angino, Esquire, hereby certify that a true and correct copy of the foregoing **BRIEF IN SUPPORT OF PLAINTIFF'S PETITION TO EXTEND DEADLINE FOR FILING EXPERT REPORT** was served by United States first-class mail, postage prepaid, upon the following:

E. Thomas Henefer, Esquire
Stevens & Lee
111 North Sixth Street
P. O. Box 679
Reading, PA  19603-0679
    Counsel for Paul Revere Life Insurance Company and New York Life Insurance Company

Dated: 8/26/02

_____
Richard C. Angino