

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENZO MAZZAMUTO, | : | Case No. 1:01-CV-1157 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| UNUM PROVIDENT | : | |
| CORPORATION, PAUL | : | |
| REVERE LIFE INSURANCE | : | JUDGE KANE |
| COMPANY and NEW YORK | : | |
| LIFE INSURANCE COMPANY, | : | |
| | : | |
| Defendants | : | |

FILED
HARRISBURG, PA

AUG 3 0 2002

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

## DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

STEVENS & LEE
E. Thomas Henefer
Attorney I.D. No. 55773
Kirk L. Wolgemuth
Attorney I.D. No. 45792
111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania 19603
(610) 478-2000

Attorneys for Defendants

SL1 288587v1/10305.060

1. Admitted.

2. Admitted in part and denied in part. It is admitted only that the averments of paragraph 2 of plaintiff's statement of material facts ("Statement") accurately recite part of the definition of disability in the disability policy at issue in this case (the "Disability Policy"), however, because plaintiff's averments do not provide the definitions of all relevant terms within the definition including the definition of "regular job," it is denied that the averments of paragraph 2 of the Statement represent a full and complete description of the relevant terms.

3. Admitted.

4. Admitted in part and denied in part. It is admitted only that the life insurance policy ("Life Policy") issued by New York Life ("NYL") contains the referenced language. It is denied that the specific language was applied as written (or in accordance with the applicable case law on definitions of disability in disability policies). As noted in NYL's June 14, 2002 letter (Plaintiff's Appendix, Exhibit H) NYL "has taken a more liberalized view" of total disability.

5. Admitted in part and denied in part. It is admitted only that Dr. Bower did send a letter which stated in general terms Dr. Bower's opinion that plaintiff was disabled. It is denied that the averments of paragraph 5 of the Statement accurately summarize all of the referenced letter. It is also denied that the letter was received by Defendants in or about November 2000.

1

6. Admitted in part and denied in part. It is admitted only that Dr. Bower did send certain statements to Paul Revere which stated in general terms Dr. Bower's opinion that plaintiff was disabled. It is denied that the averments of paragraph 6 of the Statement accurately summarize all of the referenced statements.

7. Admitted in part and denied in part. It is admitted only that Dr. Bower did at times during his deposition express his belief that plaintiff cannot return to work. It is denied that the averments of paragraph 7 of the Statement accurately summarize all of the referenced testimony. It is also denied that the deposition testimony, as a whole, supports plaintiff's claim that he is disabled.

8. Admitted in part and denied in part. It is admitted only that the averments of paragraph 8 of the Statement summarize some, but not all, of the information contained in Dr. Schneider's report. It is denied that Dr. Schneider's report is admissible or, if admissible, supports plaintiff's claim for benefits under the Disability Policy.

9. Admitted in part and denied in part. It is admitted only that the Social Security Administration has apparently determined that plaintiff is entitled to Social Security Disability Income ("SSDI") benefits. It is denied that the SSDI award is admissible or, if admissible, supports plaintiff's claim for benefits under the Disability Policy.

SL1 288587v1/10305.060

10. Admitted in part and denied in part. It is admitted only that NYL has determined that plaintiff is entitled to waiver of premiums under the Life Policy which is separate and distinct from the Disability Policy. It is denied that the NYL waiver of premium is admissible or, if admissible, supports plaintiff's claim for benefits under the Disability Policy.

11. Denied. Because plaintiff had recent treatment shortly before applying for the Disability Policy which either did or should have made him aware of his spinal stenosis, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 11 of plaintiff's Statement.

12. Admitted in part and denied in part. It is admitted only that plaintiff made a claim for disability benefits with New York Life under the Disability Policy in which plaintiff claimed to have disabling back pain from a fall on the ice. All contrary averments are denied.

13. Admitted in part and denied in part. It is admitted only that New York Life investigated whether plaintiff's claim should be denied based on a policy rescission because plaintiff had failed to disclose his very recent medical treatment for his back in his application for the Disability Policy. All contrary averments are denied.

14. Admitted in part and denied in part. It is admitted only that after investigating whether plaintiff's claim should be denied based on a policy

rescission, New York Life concluded that rescission would not be appropriate and paid plaintiff's claim (totaling approximately three months of benefits) without completing a full medical analysis of the claim of disability. All contrary averments are denied.

15. Admitted.

16. Admitted in part and denied in part. It is admitted only that plaintiff required periodic treatment for his back which successfully allowed him to continue working. It is denied that plaintiff's back condition was "progressively debilitating."

17. Admitted in part and denied in part. It is admitted only that plaintiff has alleged that he aggravated his back condition during the ambulance ride. All remaining averments are denied.

18. Admitted in part and denied in part. It is admitted only that plaintiff has not returned to work after his discharge from the hospital. All remaining averments are denied.

19. Admitted in part and denied in part. It is admitted only that plaintiff described his occupational duties, and claimed that he could not return to work, during his deposition and that Dr. Bower did at times during his deposition express his belief that plaintiff cannot return to work. It is denied that the averments of paragraph 19 of the Statement accurately summarize all of the

referenced testimony. It is also denied that the deposition testimony of either plaintiff or Dr. Bower as a whole, supports plaintiff's claim that he is disabled.

20. Admitted in part and denied in part. It is admitted only that Paul Revere denied plaintiff's claim on April 20, 2001. It is denied that the averments contained in paragraph 20 of the Statement accurately or completely summarize the terms of the relevant letter.

21. Denied. The averments of paragraph 21 of the Statement do not accurately or completely summarize the deposition testimony or opinions of Dr. Clarke.

22. Admitted in part and denied in part. It is admitted only that Dr. Steinman did not address plaintiff's claim about anxiety. The remaining averments in paragraph 22 of the Statement are denied.

23. Admitted in part and denied in part. It is admitted only that Dr. Hostetter did address plaintiff's claim about anxiety. It is denied that the remaining averments in paragraph 23 of the Statement accurately or completely summarize Dr. Hostetter's report or opinion.

24. Denied.

25. Admitted in part and denied in part. It is admitted only that the Social Security Administration has apparently determined that plaintiff is entitled to SSDI benefits. It is denied that the SSDI award is admissible or, if admissible, supports plaintiff's claim for benefits under the Disability Policy. It is also denied

5

SL1 288587v1/10305.060

that the averments in paragraph 25 of the Statement accurately or completely summarize all of the information contained in the SSDI decision.

    26.    Admitted in part and denied in part. It is admitted only that the NYL has determined that plaintiff is entitled to waiver of premiums under the Life Policy which is separate and distinct from the Disability Policy. It is denied that the NYL waiver of premium is admissible or, if admissible, supports plaintiff's claim for benefits under the Disability Policy. The remaining averments contained in paragraph 26 of the Statement are denied.

    27.    Denied.

STEVENS & LEE

By _E. Thomas Henefer_
E. Thomas Henefer
Attorney I.D. 55773
Kirk L. Wolgemuth
Attorney I.D. 45792
111 North Sixth Street
P.O. Box 679
Reading, PA  19603-0679

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, E. THOMAS HENEFER, ESQUIRE, certify that on this date, I served a certified true and correct copy of the foregoing Defendant's Response To Plaintiff's Statement of Material Facts In Support of Plaintiff's Motion for Summary Judgment upon the following counsel of record, by first class mail, postage prepaid, addressed as follows:

> Richard C. Angino, Esquire
> Angino & Rovner, P.C.
> 4503 N. Front Street
> Harrisburg, PA 17110

*E. Thomas Henefer* (signature)

Date: 8/29/02