



UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENZO MAZZAMUTO, | : | Case No. 1:01-CV-1157 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| UNUM PROVIDENT | : | |
| CORPORATION, PAUL | : | |
| REVERE LIFE INSURANCE | : | JUDGE KANE |
| COMPANY and NEW YORK | : | |
| LIFE INSURANCE COMPANY, | : | |
| | : | |
| Defendants | : | |

FILED
HARRISBURG, PA

AUG 3 0 2002

MARY E. D'ANDREA, CLERK
Per _____
       Deputy Clerk

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendants UNUMProvident Corporation, The Paul Revere Life Insurance Company and New York Life Insurance Company hereby respond in opposition to plaintiff's motion for summary judgment.

1. Denied.  There is no viable claim for bad faith in this action although plaintiff has alleged one in his complaint.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Denied.

 a. Admitted in part and denied in part. It is admitted only that the averments of paragraph 7(a) of plaintiff's motion accurately recite part of the definition of disability in the disability policy at issue in this case (the "Disability Policy"), however, because plaintiff's averments do not provide the definitions of all relevant terms within the definition including the definition of "regular job," it is denied that the averments of paragraph 7(a) of plaintiff's motion represent a full and complete description of the relevant terms.

 b. Admitted in part and denied in part. It is admitted only that the life insurance policy ("Life Policy") issued by New York Life ("NYL") contains the referenced language. It is denied that the specific language was applied as written (or in accordance with the applicable case law on definitions of disability in disability policies). As noted in NYL's June 14, 2002 letter (Plaintiff's Appendix, Exhibit H) NYL "has taken a more liberalized view" of total disability.

 c. Denied. The averments contained in paragraph 7(c) of plaintiff's motion are conclusions of law to which no response is required.

 d. Denied. The averments contained in paragraph 7(d) of plaintiff's motion are conclusions of law to which no response is required.

SL1 287855v1/10305.060

e. Admitted in part and denied in part. It is admitted only that Dr. Bower has expressed his belief that plaintiff is disabled; that the Social Security Administration has concluded that plaintiff is entitled to Social Security Disability Income ("SSDI") benefits and that NYL has granted plaintiff a waiver of premium under the Life Policy which is separate and distinct from the Disability Policy. It is denied that Dr. Bower, NYL or Social Security has rendered any determination under the Disability Policy at issue in this case or that the referenced opinions or determinations are either admissible or sufficient to satisfy plaintiff's burden of prove with respect to his claim for disability benefits under the Disability Policy. It is denied that Dr. Schneider's report is either admissible or sufficient to satisfy plaintiff's burden of proof with respect to his claim for disability benefits under the Disability Policy.

f. Denied. Because plaintiff had recent treatment shortly before applying for the Disability Policy which either did or should have made him aware of his spinal stenosis, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7(f) of plaintiff's motion.

g. Admitted in part and denied in part. It is admitted only that plaintiff made a claim for disability benefits with NYL under the Disability Policy

3

in which plaintiff claimed to have disabling back pain from a fall on the ice. All contrary averments are denied.

      h. Admitted in part and denied in part. It is admitted only that NYL investigated whether plaintiff's claim should be denied based on a policy rescission because plaintiff had failed to disclose his very recent medical treatment for his back in his application for the Disability Policy. All contrary averments are denied.

      i. Admitted in part and denied in part. It is admitted only that after investigating whether plaintiff's claim should be denied based on a policy rescission, NYL concluded that rescission would not be appropriate and paid plaintiff's claim (totaling approximately three months of benefits) without completing a full medical analysis of the claim of disability. All contrary averments are denied.

      j. Admitted.

      k. Admitted in part and denied in part. It is admitted only that plaintiff required periodic treatment for his back which successfully allowed him to continue working. It is denied that plaintiff's back condition was "progressively debilitating."

l. Admitted in part and denied in part. It is admitted only that plaintiff has alleged that he aggravated his back condition during the ambulance ride. All remaining averments are denied.

m. Admitted in part and denied in part. It is admitted only that Paul Revere denied plaintiff's claim on April 20, 2001. It is denied that the averments contained in paragraph 7(m) of plaintiff's motion accurately or completely summarize the terms of the relevant letter.

n. Admitted in part and denied in part. It is admitted only that Defendants did not schedule an independent medical examination ("IME") of plaintiff. It is denied that an IME was required to decide plaintiff's claim or that Defendants have any burden or duty in this regard.

o. Admitted in part and denied in part. It is admitted only that Defendant relied on Dr. Clarke as well as other information in deciding plaintiff's claim. It is denied that plaintiff has accurately summarized Dr. Clarke's opinion in this matter.

p. Admitted in part and denied in part. It is admitted only that Defendant submitted the referenced expert reports. It is denied that plaintiff has accurately summarized the reports.

q. Denied.

5

  r. Admitted in part and denied in part. It is admitted only that plaintiff has been undergoing periodic treatment for his back condition which plaintiff claims was aggravated in 1996 and 2000. The remaining averments in paragraph 7(r) are denied.

  s. Denied.

  t. Denied.

  8. Admitted in part and denied in part. It is admitted only that there are no disputed issues of fact that preclude the entry of summary judgment for defendants based on plaintiff's failure to satisfy his burden of proof under the Disability Policy. To the extent that the Court does not conclude that defendants are entitled are entitled to summary judgment, it is denied that plaintiff is entitled to partial summary judgment. To the contrary, disputed issues of fact would preclude the entry of summary judgment for plaintiff.

  9. Defendants incorporate herein by reference their response to plaintiff's statement of material facts, their brief in opposition to plaintiff's motion for summary judgment and all documents submitted to the Court in support of defendants' motion for summary judgment and motion in limine.

  10. Denied.

  WHEREFORE, for the reasons set forth above and more fully discussed in the accompanying memorandum of law which is incorporated herein

in its entirety, Defendants respectfully request the Court to grant their motion for summary judgment.

Dated: 8/29/02

STEVENS & LEE

By *[signature]*
E. Thomas Henefer
Attorney I.D. No. 55773
Kirk L. Wolgemuth
Attorney I.D. No. 45792
111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania  19603
(610) 478-2000

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, E. THOMAS HENEFER, ESQUIRE, certify that on this date, I served a certified true and correct copy of the foregoing Response In Opposition to Plaintiff's Motion for Summary Judgment upon the following counsel of record, by first class mail, postage prepaid, addressed as follows:

>Richard C. Angino, Esquire
>Angino & Rovner, P.C.
>4503 N. Front Street
>Harrisburg, PA  17110

*E. Thomas Henefer*

Date: 8/29/02