IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENZO MAZZAMUTO, | : | Case No. 1:01-CV-1157 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| UNUM PROVIDENT | : | |
| CORPORATION, PAUL | : | |
| REVERE LIFE INSURANCE | : | JUDGE KANE |
| COMPANY and NEW YORK | : | |
| LIFE INSURANCE COMPANY, | : | |
| | : | |
| Defendants | | |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

STEVENS & LEE
E. Thomas Henefer
Attorney I.D. No. 55773
Kirk L. Wolgemuth
Attorney I.D. No. 45792
111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania  19603
(610) 478-2000

Attorneys for Defendants

## II. PROCEDURAL HISTORY

Defendants incorporate herein in its entirety the procedural history from the brief in support of defendants' motion for summary judgment.

## III. FACTUAL HISTORY

Defendants incorporate herein in its entirety the factual history from the brief in support of defendants' motion for summary judgment and highlight below only some of the more critical facts which demonstrate that plaintiff has not, and cannot, satisfy his burden of proof.

### A.   The Policy.

Plaintiff is a restaurant owner who seeks disability benefits under a disability policy (the "Disability Policy") issued by NYL. (Defendants' Summary Judgment Appendix [hereinafter "App."], Exhibit A (copy of policy produced by plaintiff in discovery)). Importantly, the Disability Policy, while issued by NYL is no longer the responsibility of NYL either in terms of administering claims or paying benefits. Rather, pursuant to a Sale and Purchase Agreement, and a related Coinsurance Agreement, Paul Revere has the responsibility to administer and pay claims that are payable under the Disability Policy. (Appendix in Opposition to Plaintiff's Motion For Partial Summary Judgment, Affidavit of Henry T. Hardin, III, Esquire ("Hardin Affidavit")).

Plaintiff also has a separate life insurance policy ("Life Policy") issued by NYL. Neither the Sale and Purchase Agreement, nor the related Coinsurance

1

Agreement, imposes on Paul Revere any financial or administrative responsibility for the Life Policy. Rather, the Life Policy is solely NYL's responsibility.

Plaintiff ignores the Disability Policy's provisions for "residual disability" which, in general, provide for payment of partial benefits if the insured is not totally disabled but has a loss of income greater than 20% which is caused by the same or a related injury or sickness that gave rise to the initial claim for disability benefits. (App., Exh. A at 714). As explained below, these provisions impact plaintiff's burden of proof which he has failed to address.

### B. Plaintiff's Occupational Duties.

Plaintiff also cites the definition of Total Disability in the Disability Policy and, because it is generally based on the inability to perform "the substantial and material duties of [the insured's] regular job," argues that the particular requirements of working at his particular job, however unusual or questionable, determine whether he is disabled. Plaintiff then claims that the specific requirements of working at his specific restaurant require that he stand most of the time.

Plaintiff, however, ignores the fact that the Disability Policy separately defines the term "Regular Job" as: "**Regular Job** The <u>occupation</u>, or occupations if more than one, in which the Insured is engaged when a disability starts." (App., Exh. A at 699 (emphasis added)). This definition (together with the applicable

2

case law) confirms that plaintiff must be disabled from his "occupation" and not just based on peculiar alleged requirements of working in a particular restaurant.

Moreover, there are significant factual disputes -- created by plaintiff's own occupational descriptions -- about the exact nature of plaintiff's specific job. For example, in his application for Disability Policy, plaintiff said he was a "President of First Class Restaurant" with "executive, office duties only." (Id. at 330).

Next, when seeking benefits in 1996, plaintiff listed his important duties as "manage employees, work schedules; book work; deal with food companies; phone; and administration and office duty." (App., Exh. B at 42-43). Then, in his 2000 claim forms, plaintiff said the "duties of [his] occupation" were "Executive - 50%" and "Office - 50%." (Id. at 549).

He also described his occupational duties as 50% supervising employees; 25% bookkeeping, and 25% other office duties and that he "occasionally" had to lift five-pound objects. (Id. at 539-40). He further said he had to sit for 3.5 total hours (as opposed to at a time), stand for 3.5 hours and walk for 1 hour. (Id.).

In his January 18, 2001 occupational form, plaintiff claimed his job required him to stand most of the time. (Id. at 345). His statements were inconsistent with his prior statements about his occupational duties, (compare App., Exh. B at 345 and 539), and with descriptions of the specific duties he outlined on the same form, none of which require him to stand "most of the time." Instead, they refer to (1) bookkeeping; (2) office duties; and (3) employee administration. (Id. at 345).

3

Plaintiff's deposition also confirms that his occupational duties were not as strenuous as his lawyers claimed to Paul Revere. For example, the restaurant has a room with a desk where he handles paperwork like ordering supplies. (App., Exh. C at 9-11). This room also has a window from which plaintiff can sit and observe the customers and his employees. (Id. at 10, 81). In a "typical" day plaintiff would welcome customers, operate the cash register, pay bills, order supplies, take food orders from customers. (Id. at 17-19).

Plaintiff would very rarely, such as once a month, need to go with a customer to a table. (Id. at 18). Also, plaintiff would fill in cooking "once a month maybe, once every two months," if an employee did not show up. (Id. at 19). Plaintiff was not involved with cleaning. (Id. at 18).

C.   **Plaintiff's 2000 Claim.**

In July 2000, plaintiff suffered a heart attack and was transported to the hospital by ambulance. He claims that during the ambulance ride, he injured his back when the ambulance hit a bump in the road.

After receiving medical records in March 2001, Paul Revere arranged for a medical review by Dr. John Clarke, M.D. (App., Exh. B at 381, 378-379). Dr. Clarke found no cardiac impairment nor "any information to support a present cardiac impairment related to stress." (Id. at 378). Plaintiff claims Dr. Clarke did not render a determination on whether plaintiff was disabled from an orthopedic condition, yet Dr. Clarke noted that plaintiff had prior episodes of trauma-related

4

exacerbation of his back condition but had been able to return to work "and there does not appear to have been any significant structural change in his condition associated with the recent exacerbation." (Id.).[1]

### D. The Medical Evidence Provided By Dr. Bower.

While plaintiff relies on Dr. Bower's opinion to support his position, Dr. Bower's deposition testimony reveals why plaintiff has not met his burden of proof (or, at a minimum, why disputed issues of fact would prevent summary judgment for plaintiff).

#### Plaintiff's Cardiac Condition Is Not Disabling

Dr. Bower has confirmed that plaintiff's heart condition "does not limit him at all" (App., Exh. G at 49), is "not in any way disabling at this point" (Id. at 58), and does not prevent him from working (Id. at 61).

#### Plaintiff's Back Condition Is Not Disabling

Dr. Bower concedes that "I am not an expert in back conditions." (Id. at 7). In any event, Dr. Bower provided restrictions and limitations ("R&Ls") which included no prolonged standing for more than 15-30 minutes (Id. at 46), and no lifting of more than 20 pounds (Id. at 48). These certainly would not prevent plaintiff from performing many (if not all) of the administrative and executive

---

[1] Plaintiff incorrectly construes Dr. Clarke's deposition testimony. In his deposition, Dr. Clarke noted that the question of an orthopedic disability cannot be determined without an understanding of the plaintiff's occupational duties which Dr. Clarke did not have. But Dr. Clarke's findings regarding the plaintiff's alleged orthopedic condition were rendered and available to the claims adjuster (who also consulted with a vocational specialist). Ordinarily, it is not the role of the consulting physician to render a determination of disability within the meaning of specific policy language. Sweatman v. Commercial Union Ins., 39 F.3d 594, 603 (5th Cir. 1994)(addressing role of consulting physicians in disability determinations).

5

duties he repeatedly described for defendants. In fact, Dr. Bower conceded that if plaintiff's back was the only problem, he could perform the occupational duties he described to Paul Revere (i.e., 20% bookkeeping, 20% office duties and 60% supervising employees). (Id. at 54-57 and 59).

### Plaintiff's Alleged Psychiatric Condition

Although plaintiff's only purported expert witness (Gordon Rose) says there are no psychiatric issues, (App., Exh. H), Dr. Bower thinks the alleged psychological problems represent plaintiff's "biggest" problem. (App., Exh. G at 44). But Dr. Bower is not a psychologist or psychiatrist, has not performed the necessary testing, and is therefore not qualified to render such an opinion. (See Defendants' Motion In Limine). (Id. at 36).

Dr. Bower formally diagnosed plaintiff with depression in July 2001. (Id. at 35). And while he believes this is plaintiff's biggest problem, (id. at 44), he has not referred plaintiff to a psychologist claiming that there were few viable options in the geographic area. (Id. at 44-45).

Dr. Bower summarized his opinion by stating that while plaintiff's back condition was "a big limitation," plaintiff's "primary problem" was his psychiatric problem. (Id. at 58). In short, Dr. Bower opines that it is the combination of psychiatric and back problems that is disabling with the alleged psychiatric problem being the predominate factor. (Id. at 59).

6

E. **Defendants' Expert Reports.**

As noted above, Paul Revere has designated Dr. Hostetter as one of its expert witnesses. Dr. Hostetter has opined that plaintiff has provided insufficient evidence of a psychiatric disability. (App., Exh. K).

Paul Revere has also designated Robert T. Steinman, M.D., a board certified physiatrist, who has opined, among other things, that (1) plaintiff's back condition does not prevent him from working at the restaurant; (2) his alleged need to stand behind a counter does not mean he is disabled; (3) plaintiff could work by alternating between sitting and standing; (4) that the trauma-induced problems in 1996 are not comparable to the ambulance ride in 2000; and (5) that any orthopedic impairment from the ambulance ride should be resolved by now. (App., Exh. L).

IV. STATEMENT OF QUESTIONS PRESENTED

    A. **WHETHER, IF DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT, PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT MUST BE DENIED DUE TO DISPUTED ISSUES OF FACT.**

    [Suggested Answer: Yes]

V. ARGUMENT

    A. **Plaintiff's Burden Of Proof.**

It is plaintiff's burden to prove he was "disabled within the meaning of the policy and to prove that defendant breached its obligation to pay benefits." Doe v. Provident Life and Accident Ins. Co., No. 96-3951, 1997 U.S. Dist. LEXIS 5462 at

7

\*4 (E.D. Pa. April 23, 1997) (citations omitted). Plaintiff has "the burden of proof, the burden of going forward, and the burden of ultimate persuasion at trial...." Id.

The Third Circuit recently addressed the burden of proof under disability policies that provide both total and residual disability benefits in Russell v. Paul Revere Life Ins. Co., 288 F.3d 78 (3d Cir. 2002). Under the policy's definitions in Russell, an employee was totally disabled when the "employee cannot perform the important duties of his own occupation." Russell v. Paul Revere Life Ins. Co., 148 F. Supp. 2d 392, 404 (D. Del. 2001), aff'd, 288 F.3d 78 (3d Cir. 2002). The plaintiff in Russell argued that he was totally disabled under this definition as long as he could not perform some of the important duties of the occupation.

Both the Third Circuit and the District Court rejected the plaintiff's position:

> The Court therefore found, inter alia, that "the policy language places upon the employee the initial burden to demonstrate that he or she cannot perform any of the important duties of his position." ... Russell has not provided any basis for the payment of full benefits in the face of evidence that he is able to perform some of the important duties of his occupation but elected not to work at all and spend his time in non-occupational tasks.

288 F.3d at 82 (emphasis added). Then, in clearest possible terms, the Court confirmed that residual disability benefits are not payable if the insured does not return to work:

> As for benefits on partial disability, they are not payable unless the insured is working.

Id.

8

In all the summary judgment briefs to date, plaintiff has yet to address this controlling case, apparently because he cannot satisfy its standard which requires him to prove, by a preponderance of the evidence, that he cannot perform <u>any</u> of the substantial and material duties of his occupation. Further, no benefits are payable if plaintiff can perform <u>some</u> of the duties of his occupation (such as bookkeeping and office duties), but does not return to work part-time.

### B. Plaintiff Cannot Satisfy His Burden Of Proof Or, At A Minimum, Disputed Issues Of Fact Preclude Summary Judgment For Plaintiff.

Plaintiff attempts to satisfy his burden of proof through Dr. Bower, who has not been designated as an expert, is not board certified in psychiatry or psychology and who concedes he is not an expert on back problems. Moreover, Dr. Bower did not, and could not, opine that plaintiff's back problems prevented him from performing tasks such as bookkeeping, supervising employees and calling suppliers. (App., Exh. G at 54-57). Dr. Bower conceded that if plaintiff's back was the only problem, plaintiff could work. (<u>Id.</u> at 59).

Dr. Bower's opinions show that plaintiff cannot satisfy his burden of proof. But even if plaintiff's claim could survive defendants' motion for summary judgment, the report by defendants' expert, Dr. Steinman, confirms that disputed issues of fact preclude summary judgment for plaintiff. Again, Dr. Steinman has opined that plaintiff is not suffering from an orthopedic disability. Rather, as a trained physiatrist, Dr. Steinman has opined that plaintiff could return to work.

9

Although it is not entirely clear, plaintiff apparently contends that because Dr. Steinman refers to being able to change positions and alternate between sitting and standing, and because plaintiff's "job" allegedly requires that he stand to perform certain functions, Dr. Steinman's opinion does not relate to the question of disability under the Disability Policy. Plaintiff's argument fails, however, because plaintiff does not address the question of the duties of the "occupation" (rather than his specific job). And even if the issue was limited to plaintiff's specific "job," Dr. Steinman's opinion raises, at least, a question of fact regarding the ability perform some of plaintiff's "job" duties and therefore creates a disputed issue of fact under Russell.

Plaintiff's only purported expert, Gordon Rose, claims there are no psychiatric issues. And while Dr. Bower claims that plaintiff has a psychiatric disability, Dr. Bower is not board certified in the field, has not performed the required testing and is therefore not qualified to render this opinion, as explained more fully in Defendants' motion in limine. Of course, under Rule 56 plaintiff must have evidence that would be admissible at trial. E.g., Oaks v. City of Phila., No. 99-CV-2854, 2002 U.S. Dist. LEXIS 12151 at * 18 (E.D. Pa. May 1, 2002).

Nor can plaintiff's testimony that he cannot work because of psychiatric problems satisfy his burden of proof. As a lay witness, plaintiff is <u>not</u> permitted to offer "opinions or inferences" based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. of Evid. 701(c).

10

Plaintiff appears to rely on Dr. Schneider who examined him in connection with his claim for SSDI benefits. But Dr. Schneider has not been designated by plaintiff as an expert witness and his report is hearsay.

More importantly, for purposes of the present response, the only properly-designated expert on psychiatric issues is Dr. Hostetter who has opined that (a) there is no basis for Dr. Bower's opinion because Dr. Bower has not performed the necessary testing; and (b) that plaintiff has not provided sufficient evidence to establish a psychiatric disability. (App., Exh. K). Dr. Hostetter has also opined that Dr. Schneider's report, to the extent it is admissible, is insufficient to support a finding of a psychiatric disability. Again, it is plaintiff's burden to provide this evidence. Russell, 288 F.3d at 82; Doe, 1997 U.S. Dist. LEXIS 5462 at *4. Plaintiff has failed to do so or, at a minimum, there is a disputed issue of fact.

Discovery on plaintiff's stock trading activities confirm that the question of a psychiatric disability is, at most, a disputed issue of fact. While plaintiff claims it is too stressful for him to do bookkeeping, pay bills and order supplies, he engaged in close to $6 million in stock trades in 2000 alone. (Id. at 49-51; App., Exh. I). Plaintiff made these investment decisions on his own, followed the market closely and made his trades (some stocks were held for as little as a day or two) by computer. (Id. at 49, 53-54). Plaintiff's stock trading activities (and lack of anxiety or anger over losing over $370,000) demonstrate that he has the ability to perform the type of office and administrative duties he described for Paul Revere.

11

In short, in the absence of competent medical evidence, plaintiff cannot satisfy his burden to prove that he cannot perform any of his occupational duties. Russell, 288 F.3d at 82. At a minimum, disputed issues of fact would preclude summary judgment for plaintiff.

### C.  Plaintiff's Job Versus Occupation Argument.

Plaintiff apparently argues that he cannot return to work because his restaurant has a very high counter behind which he must stand for long periods of time. This argument fails for several reasons.

First, as to any physical R&Ls, Dr. Bower has opined that plaintiff can perform his occupational duties as he described them to Paul Revere. Therefore, even if standing behind a large counter was one of the occupational duties, plaintiff would still have only a residual disability and would not be entitled to benefits because he is not working (as made clear in Russell).

Second, there is no evidence that standing behind a large counter is a substantial and material duty of the occupation of a restaurant president rather than a requirement of working at his specific restaurant. Contrary to plaintiff's approach, the term "occupation" focuses on the insured's "occupation" as it is generally performed and is not limited to the specific requirements of the insured's specific job. Breznek v. Union Mutual Life Ins,. Co., No. 87-3804, 1988 U.S. Dist. LEXIS 6591 at *7 (E.D. Pa. June 20, 1998), aff'd, 865 F.2d 249 (3d Cir. 1988); Dawes v. UNUM Life Ins. Co., 851 F.Supp. 118, 122 (S.D. N.Y. 1994).

12

### D. The Waiver Of Premium On The Life Policy Is Irrelevant To The Disability Policy And Does Not Satisfy Plaintiff's Burden Of Proof

Plaintiff also argues that he is entitled to benefits because NYL waived premiums under the separate Life Policy. Contrary to plaintiff's position, a waiver of life insurance premiums based on disability does not estop an insurer from denying benefits on a separate disability policy. Bucks v. Reliance Standard Life Ins. Co., No. 99-3398, 2000 U.S. App. LEXIS 11456 (6th Cir. May 12, 2000); Gonyea v. John Hancock Life Ins. Co., 812 F. Supp. 445 (D. Vt. 1993). Notably, these cases involved claim decisions by the same company.

Here, plaintiff's argument is even weaker because the life insurance premium waiver was by NYL, a company separate and distinct from Paul Revere. As noted in the Hardin Affidavit, Paul Revere, not NYL, has both financial and administrative responsibility for the Disability Policy, yet is not involved in any way with the Life Policy. Plaintiff's argument is nothing more than an attempt to hold one insurance company responsible for the decision of another company. Not surprisingly, he has no legal support for his "novel" approach.

But even more fundamentally, plaintiff's argument ignores his burden of proof under Russell. Under Russell, the Court must consider the partial or "residual" disability provisions of the Disability Policy, and may not find in plaintiff's favor unless he can prove that he cannot perform any of his occupational duties. Thus, the standard for disability under the Disability Policy is a discrete

13


back condition alone does not prevent him from performing his occupational duties. (Exh. F at 54 –57 and 59). Instead, the ALJ had Dr. Bower's letter (written the day of his deposition) which implies that the back condition alone is disabling. The ALJ also was apparently unaware of Dr. Bower's admission that he is not an expert on back problems.

For these reasons (different standards and factual records) numerous courts have found that an award of SSDI is not germane to a disability insurance dispute. E.g., Doyle v. Paul Revere Life Ins. Co., 144 F.3d 181, 186-87 n. 4 (1st Cir. 1998); Block v. Pitney Bowes, Inc., 952 F.2d 1450 (D.C. Cir. 1992)( Ginsburg, J.). The SSDI award is therefore irrelevant and inadmissible and should not be considered under Rule 56. Oaks, 2002 U.S. Dist. LEXIS 12151 at *18.

## VI. CONCLUSION

For the reasons set forth above, Defendants respectfully request the Court to deny plaintiff's Motion for Summary Judgment.

              STEVENS & LEE

              By *[signature]*
              E. Thomas Henefer
              Attorney I.D. 55773
              Kirk L. Wolgemuth
              Attorney I.D. 45792
              111 North Sixth Street
              P.O. Box 679
              Reading, PA  19603-0679

              Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, E. THOMAS HENEFER, ESQUIRE, certify that on this date, I served a certified true and correct copy of the foregoing Brief In Support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment upon the following counsel of record, by first class mail, postage prepaid, addressed as follows:

>Richard C. Angino, Esquire
>Angino & Rovner, P.C.
>4503 N. Front Street
>Harrisburg, PA 17110

*[signature: E. Thomas Henefer]*

Date: 8/29/02