



## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENZO MAZZAMUTO,<br>　　　　　　Plaintiff | : | Case No. 1:01-CV-1157 |
| v. | : | |
| UNUM PROVIDENT<br>CORPORATION, PAUL<br>REVERE LIFE INSURANCE<br>COMPANY and NEW YORK<br>LIFE INSURANCE COMPANY,<br>　　　　　　Defendants | : | JUDGE KANE |

**FILED**
HARRISBURG, PA

AUG 3 0 2002

MARY E. D'ANDREA, CLERK
Per _____
　　　Deputy Clerk

### DEFENDANTS' APPENDIX IN OPPOSITION TO
### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

　　　　　　　　　　　　　　STEVENS & LEE
　　　　　　　　　　　　　　E. Thomas Henefer
　　　　　　　　　　　　　　Attorney I.D. No. 55773
　　　　　　　　　　　　　　Kirk L. Wolgemuth
　　　　　　　　　　　　　　Attorney I.D. No. 45792
　　　　　　　　　　　　　　111 North Sixth Street
　　　　　　　　　　　　　　P.O. Box 679
　　　　　　　　　　　　　　Reading, Pennsylvania 19603
　　　　　　　　　　　　　　(610) 478-2000

　　　　　　　　　　　　　　Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENZO MAZZAMUTO,<br>    Plaintiff | : | Case No. 1:01-CV-1157 |
| | : | |
| v. | : | |
| | : | |
| UNUMPROVIDENT CORPORATION,<br>THE PAUL REVERE LIFE<br>INSURANCE COMPANY and NEW<br>YORK LIFE INSURANCE<br>COMPANY,<br>    Defendants | :<br>:<br>:<br>:<br>:<br>: | JUDGE KANE |

## AFFIDAVIT

I, Henry T. Hardin III, Esquire, being first duly sworn, depose and state as follows:

  1.  This affidavit is based on my personal knowledge and is submitted in support of Defendants' Motion for Summary Judgment and Defendants' Response to Plaintiff's Motion for Summary Judgment, in the above-referenced case.

  2.  I am an attorney for UNUMProvident Corporation. I have been employed by UNUMProvident Corporation ("UNUM") or its predecessors for approximately 26 years.

  3.  In carrying out my responsibilities for UNUM, I am familiar with the Sale and Purchase Agreement (the "Agreement") by and among New York Life Insurance Company ("NYL"), UNUM and The Paul Revere Life Insurance Company (" Paul Revere") concerning certain individual disability insurance policies issued by NYL.

  4.  Under the Agreement, Paul Revere assumed, by means of a Coinsurance Agreement, (" Reinsurance Agreement") financial liability for benefits payable under the individual disability insurance policy issued by NYL to the Plaintiff in this case.

  5.  Pursuant to the Agreement, Paul Revere also assumed responsibility for administering claims under the Plaintiff's individual disability insurance policy.

6. As a result of the Agreement and the Reinsurance Agreement, NYL no longer has financial responsibility for benefits payable under Plaintiff's policy and is not involved in the administration of Plaintiff's claim for benefits under the Policy.

7. The Agreement does not address NYL policies other than individual disability policies. Accordingly, Paul Revere has no role in the administration of Plaintiff's life insurance policy with NYL.

_____
Henry T. Hardin III

Sworn to and subscribed
before me this 21st day
of August, 2002.

_____
Notary Public
My Commission expires 6/12/05

## CERTIFICATE OF SERVICE

I, E. THOMAS HENEFER, ESQUIRE, certify that on this date, I served a certified true and correct copy of the foregoing Appendix In Opposition to Plaintiff's Motion for Summary Judgment upon the following counsel of record, by first class mail, postage prepaid, addressed as follows:

> Richard C. Angino, Esquire
> Angino & Rovner, P.C.
> 4503 N. Front Street
> Harrisburg, PA 17110

*E. Thomas Henefer* (signature)

Date: 8/29/02