ORIGINAL



UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>  Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE COMPANY<br>  Defendants | JUDGE KANE<br><br>JURY TRIAL DEMANDED |

FILED
HARRISBURG, PA
SEP 0 9 2002

**REPLY BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**III.   REPLY TO FACTUAL HISTORY**

**A.   The Policy**

Plaintiff purchased a New York Life (NYL) disability policy, as well as an NYL life insurance policy. Plaintiff disputes defense counsel's legal conclusion

> Importantly, the disability policy, while issued by NYL, is no longer the responsibility of NYL either in terms of administering claims or paying benefits.
> …

Sale and purchase agreements although they may have some validity with respect to the parties involved cannot affect the basic contract entered into between Plaintiff and NYL. In addition, as noted in Plaintiff's brief and record responsive to Defendants' Motion for Summary Judgment, all of the Defendants were involved in the processing of Plaintiff's claim.

Plaintiff refers the Court to the NYL disability policy defining "total disability" and the NYL life policy defining "total disability."

The NYL <u>disability</u> policy of insurance defines "Total Disability":

**Total Disability**  From the start of a total disability until 2 years after the Income Starting Date, total disability means that the insured can not do the <u>substantial and material duties of his or her regular job</u>.

After 2 years from the Income Starting Date, if a new period of disability does not apply, total disability will then mean that the Insured can not do the <u>substantial and material duties of his or her regular job and is not working at any other gainful job</u>.  (emphasis supplied)

The NYL <u>life</u> policy defines Total Disability:

Total Disability" means that, because of disease or bodily injury, the Insured <u>can not do any of the essential acts and duties of his or her job, or of any other job for which he or she is suited based on schooling, training, or experience</u>.  If the Insured can do <u>some but not all of these acts and duties, disability is not total and premiums will not be waived</u>…. (emphasis supplied)

<u>Also see</u>, definition of "regular job:"

the occupation, or occupations if more than one, in which the Insured is engaged when a disability starts.

<u>Also see</u>, relevant sections of UNUM's claims manual, p. 112, *et seq.*, of Plaintiff's Brief Contra Defendant's Motion for Summary Judgment.

### B.    Plaintiff's Occupational Duties

There is no dispute that Plaintiff's "regular job" at the time of his disability was as an owner/operator of a pizza restaurant.  There is also no dispute that that job required standing most of the time behind a high counter where Mr. Mazzamuto greeted guests, served customers, took orders, and received monies.

To this day, Defendants have produced no testimony or any other evidence to contradict Mr. Mazzamuto, his wife and his family doctor Bower's testimony as to a great deal of standing required by Mr. Mazzamuto's "regular job." and his inability to stand for long periods of time.

Mr. and Mrs. Mazzamuto and Dr. Bower are corroborated by medical records from the Carlisle Hospital, the Social Security Administration, and the findings of NYL as to Mr. Mazzamuto's life policy; which has a more restrictive definition of total disability.  Defendants

do not dispute the <u>fact</u> that Plaintiff's job <u>requires</u> standing for long periods of time and the <u>fact</u> that Plaintiff <u>cannot stand</u> for long periods but rather reference and rely upon <u>general descriptions</u> in his 1992 application and 2000 claim. The <u>general description</u> cannot supersede the actual <u>fact</u> as to what is required by Mr. Mazzamuto's job. Plaintiff disputes Defendants' contention that "regular job" can be interpreted to mean anything other than the type of job that Mr. Mazzamuto was doing at the time of his disability: owner/operator of a pizza restaurant, which requires standing for long periods of time behind a tall counter.

### C.  Plaintiff's 2000 Claim

The principal basis for Plaintiff's 2000 claim is his debilitating back condition which is directly related to his spinal stenosis first diagnosed in 1992, which was aggravated by two falls in 1996, which resulted in a period of paid total disability by New York Life in 1996 involving the same job that Mr. Mazzamuto had in 2000, which back condition continued to deteriorate and require treatment up until the year 2000, which was again aggravated in 2000 and coupled with a heart attack and anxiety resulting from the heart attack led to the 2000 claim for total disability. Defendant' Dr. Clark limited his report as to non-disability to Mr. Mazzamuto's heart attack and both in his report and his deposition he stated that he was not expressing an opinion based upon Mr. Mazzamuto's deteriorating back condition and/or anxiety resulting from his heart attack..

### D.  The Medical Evidence Provided by Dr. Bower

Dr. Bower, through a series of reports and in his deposition, has unequivocally stated that Mr. Mazzamuto is totally disabled as a result of his deteriorating back condition. Dr. Bower has also opined that Mr. Mazzamuto's anxiety contributes to his total disability.

### E. Defendants' Expert Reports

It should be noted that Defendants' expert reports do not involve doctors who ever examined Mr. Mazzamuto, ever saw his place of work, and/or accepted the <u>fact</u> that his "regular job" <u>required standing for considerable time periods behind a high counter</u>. Dr. Hostetter, Defendants' psychiatrist, candidly stated that he is unable to testify one way or another as to the effect of Mr. Mazzamuto's anxiety on his "regular job." Dr. Steinman admits that Mr. Mazzamuto could do his regular job <u>only while sitting</u>, which does not comport with the occupational duties of Mr. Mazzamuto's regular job, and the definition of "total disability" in the NYL disability policy.

## IV. REPLY TO DEFENDANTS' STATEMENT OF QUESTION PRESENTED

Under circumstances where the definition of disability and definition of "regular job" appear in Defendants' disability insurance policy and where there is no dispute that Mr. Mazzamuto's regular job at the time of his heart attack in 2000 involved standing for long periods of time behind a high counter, and no one disputes the fact that he can no longer perform that particular function, and since the Court has a responsibility of interpreting the terms of contracts and must resolve any ambiguities in favor of the insured and in light of existing insurance law, should not Plaintiff's Motion for Partial Summary Judgment be granted?

## V. REPLY TO DEFENDANTS' ARGUMENT

Plaintiff has presented his argument as to the law in previously-filed briefs both in support of his Motion for Partial Summary Judgment and in his Brief Contrary to Defendants' Motion for Summary Judgment. It should be pointed out that the cases relied upon by Defendants are almost all ERISA cases that have a completely differently abuse of discretion standard of review. Defendants have cited no case whatsoever that remotely approaches the factual and legal circumstances of the instant case. It should also be pointed out that the cases

250525.1\RCA\SC                                   4

referenced by Defendants with respect to the waiver of premium on the life policy does not state that it is "irrelevant" to the disability policy, but rather that fact alone does not estop an insurer from denying benefits on a separate disability policy, *e.g.*, <u>Bucks v. Reliance Standard Life Ins. Co.</u>, No. 99-3398, 2000 U.S. App. LEXIS 11456 (6th Cir. May 12, 2000); <u>Gonyea v. John Hancock Mut. Life Ins. Co.</u>, 812 F. Supp. 445 (D Vt. 1993). Neither of these two cases is a Third Circuit case, and neither case stands for the proposition that the waiver of premium on the life policy coupled with all of the other factual circumstances in the instant case are sufficient to grant Plaintiff's Motion for Partial Summary Judgment.

Defendant also misquotes the holdings in <u>Doyle v. Paul Revere Life Ins. Co.</u>, 143 F.3d 181 (1st Cir. 1998) and <u>Block v. Pitney Bowes, Inc.</u>, 952 F.2d 1450 (D.C. Cir. 1992). Neither of these cases states that the award of SDI benefits is <u>irrelevant</u> to the disability policy and do not satisfy Defendants' burden of proof. Again, these cases deal with totally different factual circumstances and are in no way whatsoever precedential to preclude the reliance upon the grant of Social Security disability along with all of the factual circumstances of this case as sufficient to grant Plaintiff's Motion for Partial Summary Judgment. It should, however, also be noted that neither <u>Doyle</u> nor <u>Block</u> originate from the Third Circuit.

Respectfully submitted,

ANGINO & ROVNER, P.C.

_____
Richard C. Angino, Esquire
I.D. No. 07140
4503 N. Front Street
Harrisburg, PA 17110
(717) 238-6791
Attorney for Plaintiff

Date: 9/9/02

## CERTIFICATE OF SERVICE

I, Richard C. Angino, Esquire, hereby certify that a true and correct copy of the foregoing **REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** was served by United States first-class mail, postage prepaid, upon the following:

E. Thomas Henefer, Esquire
Stevens & Lee
111 North Sixth Street
P. O. Box 679
Reading, PA 19603-0679
    Counsel for Paul Revere Life Insurance Company and New York Life Insurance Company

_____
Richard C. Angino

Dated: 9/9/02