ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENZO MAZZAMUTO, | : | Case No. 1:01-CV-1157 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| UNUM PROVIDENT | : | |
| CORPORATION, PAUL | : | |
| REVERE LIFE INSURANCE | : | JUDGE KANE |
| COMPANY and NEW YORK | : | |
| LIFE INSURANCE COMPANY, | : | |
| | : | |
| Defendants | | |

FILED
HARRISBURG, PA

SEP 0 9 2002

MARY E. D'ANDREA, CLERK
Per _____ /Deputy Clerk

**DEFENDANTS' REPLY BRIEF IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

**I. PROCEDURAL HISTORY**

Plaintiff has filed a claim for bad faith under 42 Pa. C.S.A. Section 8371 and a claim for breach of contract arising from the denial of his claim for disability benefits presumably based upon back and psychiatric conditions. Defendants UNUMProvident Corporation ("UNUMProvident"), the Paul Revere Life Insurance Company ("Paul Revere") and New York Life Insurance Company ("NYL") have moved for summary judgment on these claims. With respect to the breach of contract claim, defendants argued that the decision in Russell v. Paul Revere Life Ins. Co., 148 F. Supp. 2d. 392, 404 (D. Del. 2001), aff'd., 288 F.3d. 78 (3d Cir. 2002) is dispositive of this claim. This case made it abundantly clear that

1

if a disability applicant is able to perform some of the duties of his occupation, he is not totally disabled and that residual disability benefits are not payable if the insured does not return to work. Plaintiff has failed to address this argument in his Memorandum in Opposition and apparently concedes this point.

In addition, the defendants argued that plaintiff is unable to produce clear and convincing evidence that establishes a <u>prima</u> <u>facie</u> case of bad faith and that summary judgment must be granted with respect to that claim. In this regard, Dr. Bower, plaintiff's treating physician, testified that his cardiac condition does not disable him. In addition, Dr. Bower conceded that plaintiff's back problems would not, by themselves, prevent him from working. Dr. Bower also conceded that his interpretation of the medical records are not the only possible interpretation and another physician could examine the same records and conclude that plaintiff can perform light or sedentary work. Moreover, three other physicians (Drs. Clarke, Steinmen and Goldstein) had reached conclusions that conflict with Dr. Bower's opinion.

With respect to plaintiff's claims of a psychological disability, defendants argued that plaintiff has offered no expert testimony or evidence to contradict the evidence produced by a board certified psychiatrist, who opined that there is insufficient evidence to establish a psychiatric disability. Under this factual background, plaintiff can not prove by clear and convincing evidence that

2

Paul Revere acted through ill will or self interest. Thus, defendant's Motion for Summary Judgment must be granted with respect to this issue.

Instead of responding to these issues, plaintiff engages in an elementary recital of facts that do not establish disputed material facts (Plaintiff's Brief, pp. 2-14). Instead, plaintiff appears to argue that if he is unable to perform one of the specific job duties of his occupation or job that he is totally disabled. (Plaintiff's Brief pp. 16-17). This is the same argument the Third Circuit rejected in Russell. Further, plaintiff ignores the policy definition of "job" which is defined in terms of one's "occupation." In short, plaintiff has ignored the applicable legal standard and the policy definition in claiming he cannot perform his occupational duties.

Similarly, it appears that plaintiff argues that defendants are not entitled to summary judgment on his bad faith claim because of alleged delays in processing his claim and violations of the Unfair Insurance Practices Act ("UIPA"), 40 Pa. C.S.A. § 1171.1 et seq. (Plaintiff Brief, pp. 17, 19-22). However, plaintiff makes no attempt whatsoever, assuming there were unwarranted delays (which there were not), to establish that the alleged procedural delays constitute bad faith under Pennsylvania law. Similarly, plaintiff fails to point out to this court that violations of UIPA are not relevant in determining if an insurance company committed bad faith as recently clarified by the Third Circuit in Dinner v.

3

United Services Automobile Assoc., 2001 U.S. App. Lexis 3408 (3d. Cir. Jan. 24, 2002).

In sum, plaintiff has failed to respond to the well reasoned factual and legal arguments presented in defendants' brief. The few arguments he does make are addressed below.

## II. FACTUAL HISTORY AND QUESTIONS PRESENTED

Defendants incorporate herein in their entirety the factual history and questions presented set forth in Defendants' Opening Brief in Support of their Motion for Summary judgment.

## III. ARGUMENT

### A. Defendants are Entitled to Summary Judgment on Plaintiff's Breach of Contract Claim.

The undisputed facts set forth in defendants' original Brief in Support of Summary Judgment establish that the plaintiff has not met his burden of proof to establish that he was "disabled within the meaning of the policy and to prove that defendant breached its obligation to pay benefits." Doe v. Provident Life & Accident Ins. Co., 1997 U.S. Dist. LEXIS 5462, *4 (E.D. Pa. April 23, 1997).

Because plaintiff has ignored the issue, it is necessary to repeat that the Third Circuit recently clarified the burden of proof under "occupational" disability policies that provide both total and residual disability benefits. Russell v. Paul Revere Ins. Co., 288 F.3d. 78 (3d Cir. 2002). Under the policy's definitions in

Russell, an employee was totally disabled when the "employee cannot perform the important duties of his own occupation." Russell v. Paul Revere Ins. Co., 148 F. Supp. 2d. 392, 404 (D. Del. 2001), aff'd., 288 F.3d. 78 (3d Cir. 2002). The plaintiff in Russell, like the plaintiff here, argued that he was totally disabled under this definition as long as he could not perform some of the important duties of his occupation. (See Plaintiff's Brief, pp. 16-18). However, the District Court and the Third Circuit Court of Appeals rejected this position and found that the plaintiff has not provided any basis for the payment of full benefits if he is able to perform some of the important duties of his occupation but elects not to work. Id. at 288 F.3d 82. Further, residual or partial disability benefits are not payable if the insured does not return to work. Id.

Under Russell, Mr. Mazzamuto's burden is to prove that he cannot perform any of the substantial and material duties of his occupation. Further, no benefits are payable if he can perform some of the duties of his occupation (Dr. Bower acknowledges that he does not know if he is performing some of his duties), but does not return to work on a part-time basis. (App. Exh. G, p. 56). Plaintiff's medical and factual evidence fails to meet this burden (which is perhaps why plaintiff has ignored Russell).

Although it is difficult to understand plaintiff's argument, it appears that he is arguing that he is disabled because he cannot perform all of the job duties

5

of his specific position. (Plaintiff's Brief, pp. 16-17). Not only does this argument ignore <u>Russell</u>, it also ignores the definition of job contained in the policy. "Job" is simply defined as the "occupation . . . in which the Insured is engaged when a disability starts." (App. Exh. A, p. 699). "Occupation" is viewed as it is generally performed and is not limited to the specific requirements of the insured's actual position for a particular employer at a particular location. <u>Dawes v. Union Life Ins. Co.</u>, 851 F. Supp. 118, 122 (S.D. N.Y. 1994); <u>Breznek v. Union Mutual Ins. Co.</u>, 1988 U.S. Dist. Lexis 6591, (E.D. Pa. June 22, 1988), <u>aff'd</u>, 865 F.2d 249 (3d Cir. 1988).

Plaintiff also argues that he is totally disabled because he must stand for long periods of time. This argument fails for several reasons. First, with respect to <u>physical</u> restrictions and limitations, Dr. Bower has opined that plaintiff can perform his occupational duties as he described them to Paul Revere. Therefore, even if standing behind a large counter was one of his occupational duties, plaintiff would still have only a residual disability and, under <u>Russell</u>, would not be entitled to benefits because he is not working.

There also is no evidence that standing behind a large counter is a substantial and material duty of the occupation of a restaurant president rather than an alleged requirement of working in a specific restaurant. Again, the term "job" in the policy is defined with reference to one's "occupation," a term which is

6

broadly viewed and is not limited to the specific requirements of the insured's specific job. Dawes, 851 F. Supp. at 122. Breznek, 1988 U.S. Dist. Lexis 6591 at *7.

Plaintiff has not identified a competent expert witness to support his claim for disability. Dr. Bower has conceded that he is not an expert on back conditions and is not board certified in psychiatry or psychology. Moreover, Dr. Bower's testimony is not reliable and is not admissible under Rule 702 of the Rules of Evidence and the opinion in Daubert v. Merrell Dow Pharmaceuticals Inc., 509 U.S. 579 (1993). Even if Dr. Bower's testimony was reliable and admissible, which it is not, his own testimony confirms that plaintiff is not disabled by his cardiac condition (App., Exh. G at 14, 15, 17, 49, 58 and 61.) Similarly, Dr. Bower did not, nor could he, opine that plaintiff's back problems prevented him from performing tasks such as bookkeeping, supervising employees and calling suppliers. (Id. at 54-57). Further, Dr. Bower conceded that if plaintiff's back condition was his only problem, he could work (Id. at 59).

Although Dr. Bower claims that plaintiff has a psychiatric disability, he is not board certified as a psychiatrist, or psychologist, has not performed the required mental status evaluation to render a reliable psychiatric opinion, and is therefore not qualified to render an opinion on this issue. The only expert on the psychiatric condition is Dr. Hostetter, who opined that (a) there was no basis for

7

Dr. Bower's opinion because Dr. Bower has not performed the necessary testing; and (b) that plaintiff has not provided sufficient evidence to establish a psychiatric disability (App., Exh. K). Plaintiff has simply failed to satisfy his burden of proof with respect to this claim.

And plaintiff's claim of a psychiatric disability is further undermined by the undisputed facts about his non-occupational activities like his on-line stock trading. While plaintiff claims it is to stressful for him to do bookkeeping, bill paying and ordering responsibilities, he engaged in close to $6 million in stock trades in the year 2000 (App., Exh. C, at 49-51; App., Exhibit I). Plaintiff was essentially engaging in day trading and lost over $300,000 in the year 2000 and $70,000 in 2001 (App., Exh. I). Although it would certainly be understandable that such losses would create severe anxiety of impending economic doom, plaintiff claims losing this much money made him neither anxious nor angry. (App., Exh. C at 54). Yet he asks the Court to conclude that doing paperwork and ordering supplies for his business would be too stressful.

In short, in the absence of competent medical evidence, plaintiff cannot satisfy his burden of proof that he cannot perform any of his occupational duties. Because he is not working part-time but is instead spending his time in "non-occupational tasks," he cannot recover total or residual disability benefits. Russell, 288 F.3d at 82.

8

App. Lexis 3408 (3d. Cir. Jan. 24, 2002). In <u>Dinner</u>, the plaintiff offered expert testimony that an insurer acted in bad faith by violating the Unfair Insurance Practices Act ("UIPA"), 40 Pa. C.S.A. Section 1171.1, <u>et</u>. <u>seq</u>., and the Unfair Claims Settlement Practices ("UCSP") regulations, 31 PA. Code Section 146.1.

The Third Circuit found the testimony inadmissible because violation of UIPA and UCSP are not bad faith per se and the proposed testimony "holds the potential for the jury's verdict being influenced by irrelevant matter." 2002 U.S. App. LEXIS 3408 at *10. Further, the Court noted that most of the acts prohibited by UIPA and UCSP, including provisions addressing "the time of investigation and payment of claims" are irrelevant to the issue of bad faith. <u>Id</u>. at *10-11. <u>See also</u> <u>Kraeger v. Nationwide Mutual Ins. Co.</u>, 1997 U.S. Dist. Lexis 2726, *3 n.1 (E.D. Pa. March 7, 1997).

Moreover, it is not bad faith for an insurer to investigate a claim, <u>Cantor v. The Equitable Life Assurance Soc.</u>, 1999 U.S. Dist. 4805, *7-8 (E.D. Pa. April 13, 1999); nor is it bad faith for an insurer to rely on the advice and opinions of qualified professionals (such as Dr. Clarke). <u>Seidman v. Minnesota Mutual Life Ins. Co.</u>, 40 F. Supp. 2d 590, 594 (E.D. Pa. 1997); <u>McCabe v. State Farm Mutual Automobile Ins. Co.</u>, 36 F. Supp. 2d 666, 670, 671 (E.D. Pa. 1999).

In this case, it is clear that plaintiff cannot establish by clear and convincing evidence that Paul Revere acted in bad faith by denying plaintiff's

11

claim for disability benefits. First, it was reasonable and prudent for Paul Revere to investigate the medical basis for plaintiff's claim because he initially claimed that his disability was based on his cardiac condition, yet his physician noted that the cardiac condition was not disabling as early as November 3, 2002, when he prepared and sent a letter to Paul Revere. Dr. Bower, confirmed that his cardiac condition was not disabling in his deposition. (App. Exh. G, pp. 17, 49, 58).

Likewise, it was reasonable for Paul Revere to conclude that plaintiff's orthopedic condition was not disabling because Dr. Bower conceded that plaintiff's back problems would not, by themselves, prevent him from working. (App. Exh. G at 54-57, 59). Moreover, Dr. Bower conceded that if plaintiff's back was the only problem, he could perform the occupational duties he described to Paul Revere (i.e., 20% bookkeeping, 20% office duties and 60% supervising employees). (App. Exh. G, at 58). Dr. Bower conceded that he did not have a good grasp of plaintiff's occupational requirements and how those requirements related to his restrictions, and whether he was still performing some of his duties. (Id. at 50-51, 56).

In addition to his description of his restrictions and limitations and lack of knowledge of what he actually does, Dr. Bower conceded that another physician could examine the records in this case and conclude that plaintiff can perform light or sedentary work (App. Exh. G, at 53). This evidence, submitted by

12

plaintiff's physician establishes, unequivocally, that Paul Revere had a reasonable basis for its actions and did not recklessly disregard the alleged lack of a reasonable bases for its actions. Keefe, 203 F.3d at 225.

In addition to Dr. Bower's own testimony, three other physicians concluded that plaintiff was not disabled. Dr. Goldstein and Dr. Clarke did not find plaintiff disabled while evaluating his claim for SSDI benefits. Dr. Goldstein outlined restrictions and limitations that would not preclude a return to work and Dr. Clarke noted that plaintiff had successfully treated his back with periodic epidural injections and there were no structural changes in plaintiff's back during the period of alleged disability in 2000 and 2001. Similarly, Dr. Steinman also found that plaintiff was not disabled.

From a psychological perspective, Dr. Hostetter opined that there is insufficient evidence to establish a claim of psychiatric disability. Plaintiff has the burden of proof to establish this claim and he has failed. In addition, not only is Paul Revere's evaluation of the psychiatric claim reasonable but is difficult to imagine how plaintiff could find tasks like bookkeeping and ordering supplies too stressful when he does not find it stressful to engage in day trading in the stock market and lose nearly $400,000 over a two year period.

Plaintiff apparently argues that Paul Revere must accept any medical opinion offered by plaintiff's physicians without questioning the opinion.

13

However, cases like <u>Hofkin v. Provident Life & Accident Ins. Co.</u>, 81 F.3d 365 (3d. Cir. 1996), establish that Paul Revere is entitled to perform its own investigation and reach its own conclusion. It is not required to blindly accept the opinions of plaintiff's physicians. <u>See</u> <u>Cantor</u>, 1999 U.S. Dist. LEXIS 4805 at *7-8.

## IV. CONCLUSION

For the reasons set forth above, defendants respectfully request the Court to grant their Motion for Summary Judgment.

STEVENS & LEE

By *E. Thomas Henefer* (signature)

E. Thomas Henefer
Attorney I.D. 55773
Kirk L. Wolgemuth
Attorney I.D. 5792
111 North Sixth Street
P.O. Box 679
Reading, PA 19603-0679
(610) 478-2240

Attorneys for Defendants

09/07/02/SL1 291341v1/10305.060