

CONFIDENTIAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VINCENZO MAZZAMUTO, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 1:CV-01-1157 |
| | : | |
| v. | : | |
| | : | JUDGE KANE |
| UNUM PROVIDENT | : | |
| CORPORATION, et al., | : | |
| Defendants | : | |

FILED
HARRISBURG, PA

SEP 1 3 2002

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

---

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO EXTEND THE DEADLINE FOR EXPERT REPORTS**

## I.   INTRODUCTION

Defendants UNUMProvident Corporation, Paul Revere Insurance Company and New York Life Insurance Company ("Defendants") file this memorandum of law in opposition to plaintiff's motion for an extension of the deadline for expert reports. As explained below, Plaintiff's motion should be denied because (1) an extension of the deadline would be unduly prejudicial to the Defendants; and (2) the proposed expert testimony would be inadmissible.

## II.   PROCEDURAL HISTORY

Plaintiff alleges claims for bad faith, under 42 Pa. C.S.A. § 8371, and breach of contract arising from the denial of his claim for disability benefits based on back and psychiatric conditions. Defendants UNUMProvident Corporation ("UNUMProvident"), The Paul Revere Life Insurance Company ("Paul Revere")

SL1 289813v1/10305.060

and New York Life Insurance Company ("NYL") have moved for summary judgment and plaintiff has filed a motion for partial summary judgment.

Discovery is closed and the deadline for expert reports was June 28, 2002. Although plaintiff claims to be medically disabled, he has not designated any medical expert. Now he seeks to extend the deadline for expert reports until September 30, 2002 (approximately one month before the case is scheduled for trial) to designate a new expert witness, Dr. Patrick Fergal McSharry ("McSharry") who, as explained below, is a former employee of UNUMProvident Corporation who has filed a lawsuit over the termination of his employment in which he has made spurious allegations about how disability claims are reviewed by UNUMProvident's subsidiaries such as Paul Revere. Defendants file this memorandum of law in opposition to plaintiff's motion.

## III.  FACTUAL HISTORY

This case involves breach of contract and bad faith claims by a restaurant owner arising out of his claim for disability benefits under a long-term disability policy issued by New York Life. A detailed description of the facts is contained in the brief in support of Defendants' motion for summary judgment which is incorporated herein in its entirety.

Defendant UNUMProvident Corporation, through its subsidiaries (including The Paul Revere Life Insurance Company), is the leading provider of income protection insurance, insuring over 25 million people. In 2001

2

SL1 289813v1/10305.060

UNUMProvident managed over 445,000 new claims for income protection benefits and paid over $4.6 billion in benefits.

While Defendants strive to provide thorough, fair, and objective evaluation of all claims received, and to pay claims promptly where legitimate, Defendants deny claims that are invalid. Accordingly, Defendants are required to litigate claims where their denial of benefits is contested.

On June 28, 2002 McSharry filed suit against UNUMProvident Corporation in Tennessee state court claiming he had been wrongfully terminated in violation of the Tennessee Public Protection Act, T.C.A. §50-1-304, and Tennessee public policy because he complained about Defendant's claims paying practices.[1] On July 16, 2002, UNUMProvident removed the state court action to federal court in Tennessee and filed its Answer, denying all claims of wrongdoing. In its Answer, UNUMProvident noted that McSharry "first made allegations about alleged inappropriate conduct by UNUMProvident only after he was placed on verbal warning for poor job performance and that he subsequently advised several colleagues that if UNUMProvident terminated his employment, he would assert a claim and collect a lot of money as he had with a prior employer" See Answer and Affirmative Defenses, ¶22, attached as Exhibit A.

---

[1]    McSharry was one of approximately eighty physicians employed by UNUMProvident to enable it to make valid judgments regarding the disability status of various claimants. McSharry was terminated in January 2002 for performance related problems.

Dr. McSharry was employed for only a brief time (approximately 14 months) as one of 20 physician employees at UNUMProvident's Chattanooga site. UNUMProvident's medical review function is organized into six different impairment units that specialize in the review of particular types of disabilities. During his brief tenure with the Company, McSharry was assigned exclusively to the General Medical Unit in Chattanooga. For this reason, McSharry lacks any relevant knowledge with respect to the claims at issue in this case which were reviewed exclusively by Paul Revere in Worcester, Massachusetts, a location that McSharry never visited and as to which he has no knowledge.

Notably, while plaintiff seeks to extend the deadline until September 30, 2002, there is no indication that he has contacted McSharry directly or obtained his agreement to act as a so-called expert witness and there is good reason to believe that McSharry has not and will not agree to do so. Specifically, in a recent decision concerning limitations on depositions that can be taken of McSharry by the Court in Tennessee, which has jurisdiction over McSharry's employment action, the Court noted "McSharry avers that he began employment with a new employer on April 1, 2002, does not have leave time accumulated, and could be terminated if required to take off large amounts of time for many depositions." [Exhibit B at 8]. The Court has also restricted the number and timing of depositions that can be taken of McSharry and entered a protective order which provides that no further depositions can be taken of McSharry without prior

4

permission from the Court. [Exhibit B at 10-11]. Thus, it appears speculative, at best, that Plaintiff will be able to produce an expert report from McSharry even if the deadline for expert reports is extended.

## IV.    QUESTIONS PRESENTED

Whether Plaintiff's motion should be denied where the late designation of a new expert witness will be unduly prejudicial and where the proposed testimony would be inadmissible.

[Suggested Answer: Yes].

## V.    ARGUMENT

### A.    The Court Has Discretion To Deny Plaintiff's Motion and Should Enforce the Existing Deadline For Expert Reports

The Court has discretion to deny plaintiff's request to extend the deadline for expert reports. Oliver v. Ingber, No. 96-4471, 1998 U.S. Dist. LEXIS 2799 at * 7, (E.D. Pa. Mar. 9, 1998). Among the factors to be considered is the importance or lack of importance of the proffered testimony. Scopia Mortgage Corp. v. Greentree Mortgage Co., 184 F.R.D. 526, 529 (D. N.J. 1998). Also relevant is the extent of any prejudice the late identification of an expert would create. Id.

### B.    Allowing the Late Designation of An Expert Would Be Unduly Prejudicial

Here, there is no question that the late identification of the expert would be prejudicial, especially because plaintiff apparently intends to use McSharry's misguided and specious accusations to launch a new legal theory that

5

expands the issues in the case from what happened on plaintiff's individual claim to a broad-based "pattern and practice" attack on defendants. Discovery has closed and the deadline for expert reports passed at the end of June 2002. The pretrial preparation for this case has involved extensive discovery and the designation of expert witnesses all within the confines of the deadlines established by the Court (with one extension previously granted). These pretrial efforts have culminated in the submission of detailed summary judgment papers.

Simply put, the defendants are (and were) entitled to make informed strategic choices in defending this action based on the pretrial preparation that took place within the deadlines. Discovery made it clear that this case has always been about plaintiff's individual claim (which, as outlined below, is the proper scope of relevance for the case). Plaintiff should not be allowed to undermine that preparation by identifying a new expert and a new legal theory (i.e., a "pattern and practice" argument) well after the discovery and summary judgment deadlines.

### C.    The Proposed Testimony Is Inadmissible

Perhaps more importantly, however, when the Court considers the "importance" of the proposed testimony, the Court should deny plaintiff's motion because the proposed testimony would not be admissible, much less important. Scopia Mortgage, 184 F.R.D. at 529. Indeed, McSharry's testimony would not satisfy Rule 702 and, even if otherwise admissible, would be properly excluded under Rule 403. For these reasons, the Court should deny plaintiff's motion.

6

### 1.    McSharry's Testimony Would Not Satisfy Rule 702

Federal Rule of Evidence Rule 702 imposes three distinct substantive restrictions on the admission of expert testimony:  qualifications, reliability and fit:

(1)    whether the proposed witness is a qualified expert in the area in which he or she is being offered as an expert;

(2)    whether the proposed expert's testimony is based upon reliable evidence; and

(3)    whether the expert's testimony assists the trier of fact.

In re Paoli Railroad Yard PCB Litig. v. Southeastern Pennsylvania Transp. Auth., 35 F.3d 717, 741-42 (3d Cir. 1994) (citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 at 587-591 (1993)); Elcock v. Kmart Corp., 233 F.3d 734, 741 (3d Cir. 2000).  McSharry's proposed testimony would not satisfy at least two of those requirements (fit and reliability).

The "fit" requirement under rule 702 is designed to ensure that the expert's testimony will assist the trier of fact (i.e., it must "fit" the subject matter at issue).  Daubert, 509 U.S. at 591.  That is, there must be a connection between the opinion and the facts of the case.  Heller v. Shaw Industries, Inc., 167 F.3d 146, 159 (3d Cir. 1999); Paoli Railroad, 35 F.3d at 742-43, 746.  In this way, Rule 702 contains a fundamental requirement that expert testimony must be helpful to the jury to be admissible.  Fed. R. of Evid. 702; JMJ Enterprises, Inc. v. Via Veneto Italian Ice, Inc., No. 97-CV-0652, 1998 U.S. Dist. LEXIS 5098 at *14 (E.D. Pa. Apr. 14, 1998), aff'd, 178 F.3d 1279 (3d Cir. 1999).

SL1 288813v1/10305.060

Here, plaintiff apparently intends to use McSharry to cobble together a "pattern and practice" type of argument to support his bad faith claim. But such an approach would rely on irrelevant arguments and testimony because the question of whether there was bad faith (which there was not) turns on whether plaintiff can prove, by clear and convincing evidence, that Paul Revere lacked a reasonable basis for its actions *based on the circumstances of this case*. Keefe v. Prudential Property and Cas. Ins. Co., 203 F.3d 218, 225 (3d Cir. 2000); Hyde Athletic Indus., Inc. v. Continental Casualty Co., 969 F. Supp. 289, 307 (E.D. Pa. 1997)("[A]n insurer does not act in bad faith by investigating and litigating legitimate issues of coverage.").

Indeed, this conclusion is so apparent that courts have routinely denied discovery seeking information on other claims because such information is irrelevant. E.g., Cantor v. Equitable Life, 1998 U.S. Dist. LEXIS 8435 at * 10-11 (E.D. Pa. 1998); Kaufman v. Nationwide Mutual Ins. Co., 1997 U.S. Dist. LEXIS 18530 at * 6 (E.D. Pa. 1997); Shellenberger v. Chubb Life America, 1996 U.S. Dist. LEXIS 2375 (E.D. Pa. Feb. 22, 1996); Fidelity Deposit Co. v. McCulloch, 168 F.R.D. 516 (E.D. Pa. 1996). For example, in North River Ins. Co. v. Greater New York Mutual Ins. Co., 872 F. Supp. 1411 (E.D. Pa. 1995), the court held information on other "bad faith" cases was neither relevant nor reasonably calculated to lead to discovery of admissible evidence on whether the insurer had acted in bad faith in the lawsuit at issue. The court held: "any discovery of this

8

material would properly be characterized as a fishing expedition, causing needless expense and burden to all concerned." Id. at 1412.

That such information is so irrelevant that discovery on it would be denied underscores why it should not be presented to the jury here. Simply put, consideration of irrelevant information will not be "helpful."

Finally, Rule 702, like Daubert, requires reliability. Expert testimony is only reliable if the proponent establishes that the proposed expert bases his or her opinions and conclusions on "good grounds." Paoli Railroad, 35 F.3d at 748; see also Daubert, 509 U.S. at 590. A witness' "subjective belief or unsupported speculation" does not constitute "good grounds" for the proposed expert's conclusions or opinions. Daubert, 509 U.S. at 590. See Parkway Garage, Inc. v. City of Phila., 1994 U.S. Dist. LEXIS 10900, *31 (E.D. Pa. Aug. 3, 1994) (testimony based on "pure speculation" is unreliable).

Here, it is apparent that McSharry's testimony would be unreliable. Again, McSharry is pursing his own lawsuit against UNUMProvident for personal financial gain and his claim apparently depends in large measure on the success of his allegations. Thus, he has a financial incentive, quite unlike those typically found with expert witnesses, to advocate a position. McSharry is therefore not in a position to provide reliable testimony.

### 2. **McSharry's Testimony Is Inadmissible Under Rule 403**

Fed. R. of Evid. 403 prohibits admission of evidence (which would otherwise be admissible) if (1) its probative value is substantially outweighed by the danger of confusion of the issues, (2) it misleads the jury, or (3) it would result in "undue delay" or "waste of time." This applies to expert testimony. JMJ Enterprises, 1998 U.S. Dist. LEXIS 5098 at *14 (E.D. Pa. Apr. 14, 1998).

This is a classic example for use of Rule 403 because of the very real prospect that allowing McSharry to testify will result in a "mini-trial" over the truth or lack thereof in his allegations. Thus, allowing McSharry to testify will violate Rule 403's objectives of avoiding "undue delay" or "waste of time."

For instance, despite the fact that UNUMProvident paid more than $4.6 billion in claims last year, McSharry alleges it was "Defendant's primary practice and policy to deny disability claims. The medical advisors were only to be used to provide language and conclusions supporting denial of claims." See Complaint, ¶ 10, attached as Exhibit C. To defend against this claim, among other things, UNUMProvident must review the claims files McSharry worked on, estimated to be approximately 500-1,000 in number, interview employees who worked with him, and explore relevant background information and then cross examine him on the relevant details. This plainly cannot be accomplished within the context of this case.

10

As an example, among the many items of information necessary to cross examine McSharry are the records from McSharry's prior employer Blue Cross Blue Shield of Tennessee ("BCBS"). Various co-workers of McSharry have told Defendant that they heard McSharry state that if he was terminated for performance reasons, it would cost UNUMProvident a lot of money. He further has said that he got money from BCBS under similar circumstances. UNUMProvident subpoenaed McSharry's employment records from BCBS in another action, which records it believes are critical to its ability to thoroughly examine McSharry's credibility.

Unless defendants are given adequate opportunity to cross examine McSharry about his past work history (and apparent habit of making such accusations against former employers), his involvement in other claims and his lack of knowledge of the circumstances of this case, they will be severely prejudiced. Accordingly, allowing McSharry to testify will undoubtedly violate Rule 403 either (a) by causing "undue delay" or "waste of time" if defendants are allowed a full and proper cross examination; or (b) by causing undue prejudice to the defendants if their cross examination is limited to avoid undue delay.

Allowing McSharry to testify will also violate Rule 403 by causing the jurors to become confused or mislead about the issues. Again, information about what happened on other claims is irrelevant. E.g., Cantor v. Equitable Life, 1998 U.S. Dist. LEXIS 8435 at * 10-11 (E.D. Pa. 1998); Kaufman v. Nationwide

11

Mutual Ins. Co., 1997 U.S. Dist. LEXIS 18530 at * 6 (E.D. Pa. 1997). Allowing a so-called "expert" to testify about irrelevant information will obviously confuse and mislead the jury. This is even more problematic here where the proposed expert has no knowledge of, and played no role in, the facts of this case which will cause even greater confusion among the jurors who may believe that McSharry's unfounded allegations actually concern the review of plaintiff's claim.

Further, Rule 403 is properly applied where the expert is "acting as an advocate, and not as an objective evaluator of evidence." JMJ Enterprises, 1998 U.S. Dist. LEXIS 5098 at * 27. McSharry has no option but to act as an advocate. Again, his lawsuit against UNUMProvident gives him a direct financial incentive to advocate a position consistent with the allegations of his lawsuit, regardless of the facts of this case. McSharry is therefore not an objective evaluator of the evidence and his testimony should be precluded under Rule 403. Id.

### 3.    The Daubert Standard

In their motion in limine, defendants carefully reviewed the case law on the standards for admissibility of expert testimony under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and its progeny. At this juncture without having a report by McSharry it is impossible to tell whether plaintiff would be able to satisfy these standards (although it appears unlikely). Accordingly, defendants reserve the right to assert additional objections to any actual proposed

testimony in the event that the Court grants plaintiff's motion for an extension of the deadline.

## VI.    CONCLUSION

For the foregoing reasons, UNUM respectfully requests this Court to deny plaintiff's motion to extend the deadline for expert reports.

Dated:  September 13, 2002         STEVENS & LEE

By  E. Thomas Henefer
E. Thomas Henefer
Attorney I.D. No. 55773
Kirk L. Wolgemuth
Attorney I.D. No. 45792
111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania  19603
(610) 478-2000

Attorneys for Defendants

SL1 289813v1/10305.060

Exh A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

FILED

2002 JUL 16 P 3:13

U.S. DISTRICT COURT
EASTERN DIST. TENN.

PATRICK FERGAL MCSHARRY,                )
                                        )
            Plaintiff,                  )     CIVIL ACTION FILE
                                        )     BY_____ DEP. CLERK
                                        )     NO. 1:02-CV  208
v.                                      )
                                        )     JUDGE    JUDGE R. ALLAN EDGAR
UNUMPROVIDENT CORPORATION,              )
                                        )     MAGISTRATE  Carter
            Defendant.                  )

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant UnumProvident Corporation ("Defendant") hereby answers the

Complaint on file herein and asserts its affirmative defenses pursuant to Rule 12 of the Federal

Rules of Civil Procedure.

I.    **ANSWER**

      **JURISDICTION**

1.    Defendant admits it has a place of business located in Chattanooga, Hamilton

County, Tennessee.  Defendant neither admits nor denies the remaining

allegations contained in Paragraph 1 of the Complaint, as these are jurisdictional

in nature and require no factual response.

      **NATURE OF ACTION**

2.    Defendant admits that Plaintiff Patrick McSharry purports to bring an action

seeking redress for violation of the Tennessee Public Protection Act, T.C.A. §50-

1-304 and the Public Policy of the State of Tennessee.  Defendant denies that

Plaintiff Patrick McSharry has any cause of action against Defendant.

1

## THE PARTIES

3.  Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff currently is a citizen and resident of Hamilton County, Tennessee and, therefore, denies same.

4.  Defendant admits it is a Delaware corporation whose subsidiaries conduct business in the insurance industry and particularly in Hamilton, County, Tennessee. Defendant denies all other allegations contained in Paragraph 4 of the Complaint.

## FACTUAL BASES OF PLAINTIFF'S CLAIMS

5.  Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6.  Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7.  Defendant admits that Plaintiff was one of several medical advisors employed by Defendant to enable it to make valid judgments regarding the disability status of various claimants.

8.  Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9.  Defendant admits it employed medical doctors for the purpose of providing medical guidance in reaching benefit decisions. Defendant denies each and every remaining allegation contained in Paragraph 9 of the Complaint.

10. Defendant denies each and every allegation contained in Paragraph 10 of the Complaint.

11. Defendants admits that it is its practice to use "claims specialists" and "appeals specialists" to make benefits determinations with medical guidance from doctors.

2

Defendant denies each and every remaining allegation contained in Paragraph 11 of the Complaint.

12.     Defendant admits it had reasonable production requirements for its employee doctors. Defendant denies each and every remaining allegation contained in Paragraph 12 of the Complaint.

13.     Defendant denies each and every allegation contained in Paragraph 13 of the Complaint.

14.     Defendant denies each and every allegation contained in Paragraph 14 of the Complaint.

15.     Defendant denies each and every allegation contained in Paragraph 15 of the Complaint.

16.     Defendant denies each and every allegation contained in Paragraph 16 of the Complaint.

17.     Defendant denies each and every allegation contained in Paragraph 17 of the Complaint.

18.     Defendant denies each and every allegation contained in Paragraph 18 of the Complaint.

19.     Defendant denies each and every allegation contained in Paragraph 19 of the Complaint.

20.     Defendant denies each and every allegation contained in Paragraph 20 of the Complaint, including subparagraphs (a) through (e).

21.     Defendant denies each and every allegation contained in Paragraph 21 of the Complaint.

3

22.  Defendant admits that Plaintiff received verbal and written write-ups and warnings. Defendant further avers that Plaintiff's deficient performance included, inter alia, reports that lacked clarity and sufficient detail, incomplete reports, and disruptive behavior (including discourteous and demeaning treatments of colleagues). Defendant further avers that Plaintiff first made allegations about alleged inappropriate conduct by Defendant only after he was placed on verbal warning for poor job performance and that he subsequently advised colleagues that if UnumProvident terminated his employment, he would assert a claim and collect a lot of money as he had with his prior employer. Defendant denies each and every remaining allegation contained in Paragraph 22 of the Complaint.

23.  Defendant denies each and every allegation contained in Paragraph 23 of the Complaint.

24.  Defendant admits Plaintiff was terminated from his position as Medical Director in January, 2002 and that "disruptive behavior" was one of the reasons for Plaintiff's termination. Defendant denies each and every remaining allegation contained in Paragraph 24 of the Complaint.

### CAUSES OF ACTION

25.  Defendant denies each and every allegation contained in Paragraph 25 of the Complaint.

26.  Defendant denies each and every allegation contained in Paragraph 26 of the Complaint.

4

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant is not required to admit or deny the allegations contained in Plaintiff's Prayer For Relief. Defendant denies that Plaintiff is entitled to the relief sought.

Defendant denies each and every allegation not expressly admitted.

## II.    PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint, Defendant respectfully requests the Court to dismiss the Complaint with prejudice and award Defendant its costs, attorneys' fees and any other relief the Court deems just and proper.

## III.   AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because its fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because Plaintiff's claims are completely preempted by the Employment Retirement Income Security Act of 1974 §§502(a), 510, 514, 514(a), (c) (1), as amended, 29 U.S.C. §§1132(a), 1140, 1144, 1144(a), (c) (1) ("ERISA").

### THIRD AFFIRMATIVE DEFENSE

Defendant affirmatively pleads that any actions taken with regard to Plaintiff were made in good faith and were based upon legitimate business reasons. Specifically, Plaintiff's employment was terminated because of poor performance and his failure to correct performance deficiencies after receiving appropriate warnings.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of July, 2002 an exact copy of this pleading has been mailed with first class postage prepaid to the following individuals:

Harry F. Burnette, Esq.
Anita B. Hardeman, Esq.
Burnette, Dobson & Hardeman
713 Cherry Street
Chattanooga, TN 37402

STM/229925.1

*Exh B*

# UNITED STATED DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

FILED

AUG 9 10 45 AM '02

Y _____ FOR CLERK

| | |
|---|---|
| PATRICK FERGAL MCSHARRY, | ) |
| Plaintiff, | ) |
| | ) **CIVIL ACTION FILE** |
| v. | ) **NO. 1:02-CV-208** |
| | ) |
| UNUMPROVIDENT CORPORATION, | ) **(Edgar/Carter)** |
| Defendant. | ) |

| | |
|---|---|
| JOYCE A. KAKKIS, M.D., | ) |
| Plaintiff, | ) **CASE NO. CV00-08297** |
| | ) |
| v. | ) |
| | ) |
| PROVIDENT MUTUAL LIFE | ) |
| INSURANCE COMPANY OF | ) |
| PHILADELPHIA, et al., | ) |
| Defendants | ) |

| | |
|---|---|
| ROBERT L. CARR, | ) |
| Plaintiff, | ) **CASE NO. CV01-07380 GAF** |
| | ) **(C.D. CAL.)** |
| v. | ) |
| | ) |
| UNUMPROVIDENT CORPORATION, | ) |
| THE PAUL REVERE LIFE INSURANCE | ) |
| COMPANY, et al., | ) |
| Defendants. | ) |

1

Order Book *58* Page *95*

DOUGLAS HOUSTON,                          )
                                         )
            Plaintiff,                    )    CASE NO. CV01-09298 DDP
                                         )    (C.D. CAL.)
      v.                                  )
                                         )
PROVIDENT LIFE AND ACCIDENT               )
INSURANCE COMPANY, et al.,                )
                                         )
            Defendants.                   )

DAVID L. JAKWAY,                          )
                                         )
            Plaintiff,                    )    CASE NO. CV01-06753 AHM
                                         )    (C.D. CAL.)
      v.                                  )
                                         )
UNUMPROVIDENT CORPORATION,                )
                                         )
            Defendant.                    )

MITCHELL S. BURNS,                        )
                                         )
            Plaintiff,                    )    CASE NO. 00-00804 SOM/BMK
                                         )    (C.D. CAW.)
      v.                                  )
                                         )
THE PAUL REVERE LIFE INSURANCE            )
COMPANY, et al.,                          )
                                         )
            Defendants.                   )

SUSAN CHUN, M.D.,                         )
                                         )
            Plaintiff,                    )    CASE NO. 1 00586058 DDP
                                         )    (C.D. CAL.)
      v.                                  )
                                         )
PROVIDENT LIFE AND ACCIDENT               )
INSURANCE COMPANY, et al.,                )
                                         )
            Defendants.                   )

AUG-09-2002  16:19    US MAGISTRATE JUDGE    1 423 752 5368    P.04/12

ARTHUR L. FRIES,                          )
                                          )
              Plaintiff,                  )    CASE NO. CV-02-2583 AHM
                                          )    (C.D. CAL.)
v.                                        )
                                          )
PROVIDENT LIFE AND ACCIDENT               )
INSURANCE COMPANY, et al.,                )
                                          )
              Defendants.                 )
_____  )
                                          )
SIMON ZEMEL,                              )
                                          )
              Plaintiff,                  )    CASE NO. CV01-00994 TLH
                                          )    (C.D. CAL.)
v.                                        )
                                          )
PROVIDENT LIFE AND ACCIDENT               )
INSURANCE COMPANY,                        )
                                          )
              Defendant.                  )
_____  )
                                          )
PROVIDENT LIFE AND ACCIDENT               )
INSURANCE COMPANY,                        )
                                          )
              Plaintiff,                  )    CASE NO. 01-09498 SVW
                                          )    (C.D. CAL.)
v.                                        )
                                          )
RICHARD J. VAN GEMERT,                    )
                                          )
              Defendant.                  )
_____  )
                                          )
DR. HOWARD E. LEFTON,                     )
                                          )
              Plaintiff,                  )    CASE NO. SACV-01-1179 AHS
                                          )    (C.D. CAL.)
v.                                        )
                                          )
THE PAUL REVERE LIFE INSURANCE            )
COMPANY, et al.,                          )
                                          )
              Defendants.                 )
_____  )

08/09/2002 FRI 16:07  [TX/RX NO 9260]  @004

DR. MONIKA HENSCHKE,    )
                        )
        Plaintiff,      )    CASE NO. C-01-10410 VRM
                        )    (N.D. CAL.)
v.                      )
                        )
PROVIDENT LIFE AND ACCIDENT )
INSURANCE COMPANY, et al., )
                        )
        Defendants.     )

THOMAS SALDI,           )
                        )
        Plaintiff,      )    CASE NO. 99-CV-6563
                        )    (E.D. PA.)
v.                      )
                        )
PROVIDENT LIFE AND ACCIDENT )
INSURANCE COMPANY,      )
                        )
        Defendant.      )

DONALD M. PACHUTA, M.D., )
                        )
        Plaintiff,      )    CASE NO. CV01-00199 ACK BMK
                        )    (U.S.D.C. HI.)
v.                      )
                        )
UNUMPROVIDENT CORPORATION, )
et al.,                 )
                        )
        Defendants,     )

ROSEMARY WRIGHT,        )
                        )
        Plaintiff,      )    CASE NO. CIV-02-0171 PHX FJM
                        )    (D.C. AZ.)
v.                      )
                        )
UNUM LIFE INSURANCE COMPANY; )
UNUM/PROVIDENT CORPORATION, )
                        )
        Defendants,     )

ROBERT C. KELLMAN,                )
                                  )
                    Plaintiff,    )        CASE NO. C01-01376 SBA (N.D. CAL.)
                                  )
v.                                )
                                  )
UNUMPROVIDENT CORPORATION,        )
et al.,                           )
                                  )
                    Defendants.   )

---

ROBERT D. LIGORSKY,               )
                                  )
                    Plaintiff,    )        CASE NO. CIV-00-1318 PHX MHM
                                  )        (D.C. AZ.)
v.                                )
                                  )
THE PAUL REVERE LIFE INSURANCE    )
COMPANY, et al.,                  )
                                  )
                    Defendants.   )

---

JOANNE CEIMO,                     )
                                  )
                    Plaintiff,    )        CASE NO. CV00-1386 PHX SMM
                                  )        (D.C. AZ.)
v.                                )
                                  )
GENERAL AMERICAN LIFE             )
INSURANCE COMPANY, et al.,        )
                                  )
                    Defendants.   )

---

CATHERINE KELLY                   )
                                  )
                    Plaintiff,    )        CASE NO. L-04722-01 (N.J. S.CT.)
                                  )
v.                                )
                                  )
THE EQUITABLE LIFE                )
ASSURANCE SOCIETY, et al.,        )
                    Defendants.   )

---

AUG-09-2002 16:19      US MAGISTRATE JUDGE                    1 423 752 5368     P.07/12

<u>O R D E R</u>

FILED

2002 AUG -9 P 3:08

U.S. DISTRICT COURT
EASTERN DIST. TENN.

BY _____ DEP. CLERK

Defendants Provident Mutual Life Insurance Company of Philadelphia, Provident Life and

Accident Insurance Company of Philadelphia, Provident Life and Accident Insurance Company,

The Paul Revere Life Insurance Company, UNUM Life Insurance Company of America and

UnumProvident Corporation (collectively referred to as "Defendants") have filed a motion

seeking an order quashing multiple subpoenas served upon the plaintiff, Patrick F. McSharry, for

the purpose of taking his deposition (Court File No. 3). Plaintiff Patrick F. McSharry has also

filed a motion to quash subpoenas (Court File No. 11).

On the undersigned magistrate judge held a hearing on the aforementioned motions on

Thursday, August 1, 2002. Attorney Jeffrey Rubin in Anchorage, Alaska; Attorney Arnold

Levison in San Francisco, California; and Attorney Stan Jacobs in Los Angeles, California

participated by telephone. Attorneys Frank Darras, Harry Burnette, Anita Hardeman, Patrick

Shea, Susan Lee, Chris Collins, and Angela Ripper participated in person.[1]

On June 28, 2002, Dr. Patrick F. McSharry filed a complaint against UnumProvident

Corporation ("UnumProvident") in the Hamilton County Circuit Court alleging wrongful

termination in violation of the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304 and

"the public policy of the State of Tennessee." (Complaint at ¶2). UnumProvident subsequently

remanded the action to this Court. In his complaint, Dr. McSharry alleges the following:

_____

[1] For purposes of this hearing, Attorney Jeffrey Rubin represented David Jakway, Mitchell Burns,
Monika Heinschke, Thomas Saldi, Donald Pachuta, Rose Mary Wright, Brett Leavey, Robert Ligorsky,
JoAnne Ceimo, and Richard Rosenberg; Attorney Arnold Levison represented Robert Kellman and Randall
Chapman; Attorney Stan Jacobs represented Robert Carr, Joyce Kakkis, and Douglas Houston; Attorney
Frank Darras represented Susan Chung, Arthur Fries, Howard Lefton, Richard Van Gemert, and Simon
Zemel. Attorneys Harry Burnette and Anita Hardeman represented Dr. Patrick F. McSharry; and
Attorneys Susan Lee and Patrick Shea represented the defendants. Attorneys Chris Collins and Angela
Ripper are in-house counsel for UnumProvident Corporation.

6

UnumProvident sells policies of insurance against disability from employment and processes claims for disability benefits under these polices made by its own insured clients as well as serving as the administrator for other companies which sell such disability insurance policies. *Id.* at ¶ 5. While employed as associate medical director and medical director for UnumProvident, Dr. McSharry reviewed claims for disability benefits "purportedly to enable it to make valid judgments regarding the disability status of the various claimants." *Id.* at ¶ 7. However, it was UnumProvident's "primary practice and policy to deny disability claims," medical advisors were used only to provide language and conclusions supporting denial of claims, and UnumProvident engaged in other, unethical practices which precluded meaningful review of disability claims by its medical personnel. *Id.* at ¶¶ 11-16. When Dr. McSharry refused to follow these practices, he was terminated from his position with UnumProvident. *Id.* at ¶¶ 20-24.

Apparently, there are a number of individuals across the country who have been denied benefits under a disability insurance policy purchased from UnumProvident or one of its affiliates and/or administered by UnumProvident who now have lawsuits pending against UnumProvident and/or its affiliates arising from the denial of disability benefits. Counsel for these individuals have learned of Dr. McSharry's lawsuit against UnumProvident and desire to depose him about these alleged policies and practices to deny disability claims. Consequently, according to Dr. McSharry's attorney, Harry Burnett, he has received over sixty inquiries from counsel throughout the country about taking Dr. McSharry's deposition. As of Thursday, August 1, 2002, Dr. McSharry had been served at least twenty subpoenas to be deposed in lawsuits brought by individuals against UnumProvident and/or its affiliates for denial of a disability claim. Such individuals shall hereinafter be referred to as "plaintiffs" or "plaintiff." Dr. McSharry is a resident of Chattanooga, Tennessee, and all of these subpoenas have been issued out of this Court. In an

7

affidavit, Dr. McSharry avers that he began employment with a new employer on April 1, 2002, does not have leave time accumulated, and could be terminated if required to take off large amounts of time for many depositions.

Consolidated depositions in a number of the plaintiffs' cases were scheduled for August 7, 12 and 21, 2002. Defendants strenuously object to consolidated depositions on the ground that they will be unable to conduct meaningful cross-examination of Dr. McSharry. Defendants are concerned that if this Court allows consolidated depositions to be taken in several or all cases in which subpoenas have been served on Dr. McSharry, then, pursuant to Fed. R. Civ. P. 32(a), Dr. McSharry's deposition testimony will be admissible in the trial of each individual case despite inadequate time to cross-examine Dr. McSharry as to each individual plaintiff's claim. The plaintiffs counter that Dr. McSharry did not review their individual claims, will have no personal knowledge of their individual claims, and they seek to depose Dr. McSharry only for his knowledge of the general policies and practices of UnumProvident in reviewing disability claims. Therefore, plaintiffs assert, the Defendants will have no need to cross-examine Dr. McSharry about the particulars of each plaintiff's disability claim and a single, consolidated deposition will give Defendants adequate opportunity to cross-examine Dr. McSharry.

On the other end of the spectrum, Defendants propose that the undersigned allow only one deposition in one case to go forward at a time in order to give Defendants the time they assert is necessary to adequately cross-examine Dr. McSharry as to the merits of each plaintiff's individual claim for disability benefits. Subsequently, assert the Defendants, if plaintiffs in other cases filed in other courts throughout the country want Dr. McSharry's deposition, then they can either depose him or seek admission of Dr. McSharry's deposition testimony in their respective cases via Fed. R. Evid. 804(b)(1). Requiring Dr. McSharry to be deposed multiple times on the

8

same subject is unacceptable. As for the other option, one of the plaintiff's counsel astutely noted during the August 1, 2002 hearing before the undersigned that, inevitably, the Defendants will argue that Dr. McSharry's deposition testimony given in one plaintiff's case should not be admissible in another plaintiff's case because the Defendants did not have an adequate opportunity to cross-examine Dr. McSharry as to the present plaintiff's individual disability claim.

Fed. R. Evid. 804(b)(1) allows, in a civil action where the witness is unavailable, the use of deposition testimony given by the witness in another proceeding if the party against whom the testimony now offered, or a predecessor in interest of that party, had an opportunity and similar motive to develop the testimony of the witness by direct, cross, or redirect examination. *See* Fed. R. Evid. 804(b)(1). In many of these cases where the plaintiff seeks to depose Dr. McSharry, Dr. McSharry had no involvement in the decision to deny that particular plaintiff benefits under the insurance policy. Dr. McSharry simply was not assigned to that person's claim. Thus, I do not see how cross-examining Dr. McSharry as to the specific facts of that particular plaintiff's claim would be necessary to provide the defendant(s) with an adequate opportunity to cross-examine Dr. McSharry as required by Rule 804(b)(1). *See* Fed. R. Evid. 602 (a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter). Defendants, of course, disagree. In any event, that is a Gordian knot I cannot completely unravel. The decision as to whether Dr. McSharry's deposition testimony given in one case will be admissible in another case under Fed. R. Evid. 804(b)(1) will be left to the court in which the individual action lies — and rightly so. That court will have a better understanding of the facts and issues presented in that particular case and will, therefore, be able to make a better evaluation under Rule 804(b)(1). Regardless of this particular dispute, one thing is clear — Dr. McSharry should not be subjected to numerous depositions concerning the same

9

subject, *i.e.*, the alleged policies and practices of UnumProvident in reviewing disability claims.  It

is simply untenable to require Dr. McSharry to be deposed ten, twenty or fifty times or more on

the same subject.

Rather than allow a single, consolidated deposition to go forward in all of the twenty cases

set forth in the caption above, I will allow a consolidated deposition to go forward in six cases

whose respective discovery deadlines have either expired or are close to expiring.

Accordingly, pursuant to Fed. R. Civ. P. 45, Dr. McSharry's and Defendants' respective

motions to quash are GRANTED in part and DENIED in part.  It is further ORDERED:

(1)    Dr. Patrick F. McSharry shall be deposed in a single, consolidated deposition in the
       following cases: *Carr v. UnumProvident Corp., et al.*, Docket No. CV-01-07380 (C.D.
       CAL.); *Chapman v. UnumProvident Corp., et al.*, Docket No. CV-01-2323 (CAL. S.Ct.);
       *Kaktis v. Provident Mutual Life Insurance Company of Philadelphia, et al.*, Docket No.
       CV-00-08297 (C.D. CAL.); *Kelly v. The Equitable Life Assurance Society of the United
       States, et al.*, Docket No. L-04722-01 (N.J. S.Ct.); *Ligorsky v. The Paul Revere Life
       Insurance Co.*, Docket No. CIV-00-1318 (D. Arizona); and *Zemel v. Provident Life and
       Accident Insurance Co.*, Docket No. CV-01-00994 (C.D. CAL.).

(2)    This consolidated deposition shall take place on Wednesday, Thursday, and Friday of
       September 4, 5, and 6, 2002 in Chattanooga, Tennessee at an appropriate place chosen by
       Dr. McSharry's counsel.

(3)    The plaintiffs' attorneys are to choose two or three counsel among them to examine Dr.
       McSharry on behalf of the six plaintiffs whose cases were chosen for the deposition.

(4)    The defendants in the six cases chosen for the consolidated deposition may cross-examine
       Dr. McSharry within the scope allowed by the Federal Rules of Civil Procedure.

It is further ORDERED that all remaining subpoenas served on Dr. McSharry for the

purpose of taking his deposition are QUASHED.  Pursuant to Fed. R. Civ. P. 26(c), the following

protective order is entered on behalf of Dr. Patrick F. McSharry:

Except for the case presently pending in this Court, *McSharry v. UnumProvident

Corporation*, Docket No. 1:02-cv-205 (J. Edgar), no further depositions of Dr. Patrick F.

McSharry concerning his knowledge of UnumProvident's policies and practices in evaluating

disability claims may be compelled pursuant to this Court's subpoena powers without the express,

prior permission of this Court. If any party, other than the six specified above, wish to depose Dr.

McSharry concerning this subject, that party must petition the Court for permission to do so and

show why it is necessary that additional testimony be taken from Dr. McSharry.

SO ORDERED.

ENTER.

_____
**UNITED STATES MAGISTRATE JUDGE**

11

Exh C

IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE

PATRICK FERGAL MCSHARRY,    :    JURY DEMAND

    Plaintiff    :    NO. 02C1197

vs.    :    DIVISION ___

UNUMPROVIDENT CORPORATION,    :

    Defendant    :

FILED IN OFFICE
02 JUN 28 PH 3:16
JUDITH P. MEDEARIS, CLERK
BY ___ D.C.

## COMPLAINT

Comes Plaintiff and sues Defendant for damages and would show the Court as follows:

## I.  JURISDICTION

1.  This is a civil action arising out of acts at Defendant's location in Chattanooga, Hamilton County, Tennessee.  Jurisdiction of this Court is invoked pursuant to T.C.A. §16-10-101.

## II.  NATURE OF ACTION

2.  This action is brought to seek redress for violation of the Tennessee Public Protection Act, T.C.A. §50-1-304 and the Public Policy of the State of Tennessee.

## III. THE PARTIES

3.  Plaintiff is a citizen and resident of Hamilton County, Tennessee.

4.  Defendant is a Delaware corporation conducting business in the insurance industry and particularly in Hamilton County, Tennessee, where the acts stated herein occurred.

IV.  FACTUAL BASES OF PLAINTIFF'S CLAIMS

5.  One of Defendant's primary products is insurance against disability from employment, and Defendant provides disability policies to groups and individuals.  Defendant processes claims made by its own insured clients as well as serving as administrator for other companies.

6.  In administering various employment benefit plans and in processing individual claims, Defendant has the responsibility of determining whether claimants are disabled within the definitions of the various applicable plans and policies so as to be entitled to benefits.  A critical part of those determinations necessarily is an understanding of the claimant's medical conditions and their effects on the claimants' lives and abilities.

7.  To that end, Plaintiff was one of several medical advisors employed by Defendant, purportedly to enable it to make valid judgments regarding the disability status of the various claimants.

8.  Plaintiff worked for Defendant in the capacities of medical consultant, Associate Medical Director and Medical Director.

9.  Although Defendant employed various medical doctors for the ostensible purpose of providing needed medical guidance in reaching benefit decisions, the medical personnel were not truly utilized for that purpose.

10.  It was Defendant's primary practice and policy to deny disability claims. The medical advisors were only to be

-2-

used to provide language and conclusions supporting denial of claims.

11. It was Defendant's practice to use non-medical personnel called ``claims specialists'' and ``appeals specialists'' together with nurses to make the policy determinations and to make decisions regarding medical referrals rather than to allow doctors to make disability and medical decisions.

12. The medical doctors were supposed to handle a number of files a day, precluding meaningful analysis.

13. The medical advisors were encouraged to use language in their reports that could be used to support denials. If reports were unsatisfactory to that end, the doctors were asked to delete and reword phrases so as not to compromise a denial.

14. Medical doctors were not allowed to ask for further information or to suggest further tests; rather, their reviews were supposed to ``stand on the record.'' The medical doctors were not supposed to help a claimant ``perfect'' a claim.

15. It was further Defendant's practice and policy to evaluate every medical condition of a claimant in isolation and to render a disability decision on the effects of each isolated condition rather than to consider the restrictions of each condition in conjunction with those of other medical conditions.

16. Defendant expected the medical advisor to render opinions on conditions outside his or her specialty rather than to refer the file to a specialist in the field. It also required the non-specialist to support his training in the particular specialty even where the support required falsification.

17. Although an Appeal of a Denial is supposed to be reviewed independently and *de novo*, it is Defendant's practice to rely on the original evaluation of the case.

18. During Plaintiff's first months of employment, he tried to work out his ethical dilemma with Defendant's practices and his role in them by walking a careful line, trying to follow Defendant's express rules while still rendering truthful reports.

19. There came a point in time, however, when Plaintiff realized he could not maintain his own integrity or contribute integrity to the company as long as he attempted to follow certain rules.

20. At that point, Plaintiff let his supervisors know that he would no longer be a part of unethical and illegal practices in the determination of disability benefits. Defendant's practices were illegal in the following ways, among others:

(a) Defendant refused, and refused to allow its agents, to act in a fiduciary capacity toward its participants in violation of 29 U.S.C. §1105 of the Employee

-4-

Retirement Income Security Act (ERISA) and corresponding regulations;

(b) Defendant refused, and refused to allow its agents, to inform claimants of information they could supply to perfect their records in violation of 29 U.S.C. §1104 of ERISA and corresponding regulations;

(c) Defendant made what should have been fiduciary decisions on behalf of claimants on the basis of its own business needs in violation of 29 U.S.C. §1103 of ERISA and corresponding regulations;

(d) Defendant refused, and refused to allow its agents, to make independent and de novo evaluations of records on appeal, in violation of 29 U.S.C. §1104 and corresponding regulations; and

(e) Defendant refused, and refused to allow its agents, to consult with appropriate health care professionals in deciding appealed claims involving medical judgment, but rather deferred to non-medical judgments, in violation of 29 U.S.C. §1104 of ERISA and corresponding regulations.

21. After Plaintiff began writing his reports accurately and without the foregone conclusion to deny the claim, including in his reports and discussions with treating physicians what was necessary to perfect a claim or appeal, he began to suffer retaliation.

22. He endured verbal and written write-ups and warnings. He was subjected to constant criticism and ostracism. His work was routed around him.

23. Plaintiff refused to yield to Defendant's coercive tactics and also refused to remain silent about the illegalities of Defendant's practices when talking with other medical personnel.

24. Plaintiff was therefore terminated from his position as Medical Director in January or 2002, purportedly for ``disruptive behavior.''

## V.   CAUSES OF ACTION

### *Violation of Tennessee Public Protection Act*

25. Plaintiff was terminated solely for refusing to participate in illegal activities in violation of Tenn. Code Ann. §50-1-304.

### *Violation of the Public Policy of Tennessee*

26. Plaintiff was terminated in retaliation for supporting a public policy of the State of Tennessee.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

a. That the Court issue and serve process on Defendant and require Defendant to answer within the time prescribed by law;

b. That Plaintiff be paid all back wages to which he is entitled.

c. That Plaintiff be reinstated to his former position with injunction from any harassment or retaliation

-6-

on the job, or in lieu thereof, that he be granted future damages.

d.  That Plaintiff be compensated for mental suffering, humiliation and embarrassment;

e.  That Plaintiff be awarded punitive damages;

f.  That Plaintiff be awarded costs of the action and attorney fees;

g.  That Plaintiff be granted such other relief as the law may allow; and

h.  That a jury try the issues in the cause.

BURNETTE, DOBSON & HARDEMAN

By: _____

Anita B. Hardeman, #010980
Attorneys for Plaintiff
713 Cherry Street
Chattanooga, TN 37402
Phone: (423) 266-2121
Fax: (423) 266-3324

-7-

## CERTIFICATE OF SERVICE

I, E. Thomas Henefer, Esquire, certify that on this date, I served a certified true and correct copy of the foregoing Response and Memorandum of Law upon the following counsel of record, by depositing the same in the United States mail, postage prepaid, addressed as follows:

Richard C. Angino, Esquire
4503 North Front Street
Harrisburg, PA  17110-1708

E. Thomas Henefer

Date:  September 13, 2002