IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENZO MAZZAMUTO, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 1:CV-01-1157 |
| v. | : | |
| UNUM PROVIDENT CORPORATION, et al., | : | JUDGE CONNER |
| Defendants | : | |

FILED
HARRISBURG, PA
OCT 0 3 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION IN LIMINE TO BIFURCATE TRIAL**

### I. PROCEDURAL HISTORY

Defendants UNUM Provident Corporation, Paul Revere Insurance Company and New York Life Insurance Company ("UNUM") file this Memorandum of Law in Support of their Motion in Limine to bifurcate the issues of liability and punitive damages at trial.

### II. FACTUAL HISTORY

This case involves breach of contract and bad faith claims by a restaurant owner arising out of his claim for disability benefits under a long-term disability policy issued by UNUM. The facts of this case have been extensively detailed in the brief in support of Defendants' motion for summary judgment, which is incorporated herein in its entirety.

### III. STATEMENT OF QUESTIONS PRESENTED

Whether the Issues of Defendants' Net Worth and Plaintiff's
Claim for Punitive Damages Should Be Bifurcated at Trial

1

to Avoid Undue Prejudice and to Preserve Judicial Resources.

**[Suggested Answer: Yes]**

IV. **ARGUMENT**

A. **To Avoid Prejudice to UNUM and Promote the Economic Use of Judicial Resources, the Issues of Defendants' Net Worth and Plaintiff's Claim for Punitive Damages Should be Bifurcated.**

Under Rule 42(b), this Court may order bifurcation of any claims or issues, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." The Court also has broad discretion to control the order in which evidence is presented. (Fed. R. Evid. 611). In short, the Court has "inherent authority to orchestrate the litigation" and may control how evidence is presented. Thompson v. Prudential Property and Casualty Insurance Company, No. 91-4073, 1992 U.S. Dist. Lexis 12627 at *12, (E.D. Pa. August 24, 1992).

Punitive damages claims are well suited to bifurcation because of the potential for prejudice. Indeed, the Third Circuit expressly endorsed this concept in Emerick v. U.S. Suzuki Motor Corp., 750 F.2d 19, 22 (3d Cir. 1984), when it affirmed a trial court's decision to bifurcate the issues of liability and punitive damages in a tort action.

The prejudice that can result to a defendant by the presentation of evidence for punitive damages (such as net worth evidence) has lead some courts

to order entirely separate trials, <u>Doe v. Provident Life and Accident Insurance Company</u>, No. 96-3951, 1997 U.S. Dist. LEXIS 20770 at *29, (E.D. Pa. Dec. 30, 1997), and others to preclude presentation of evidence to support punitive damages until there is a finding of liability, <u>Derstine v. West Rockhill Township, et al.</u>, No. 92-5553, 1993 U.S. Dist. LEXIS 4524 at *1-2, (E.D. Pa. Apr. 9, 1993).

Bifurcation is proper here as well. Preliminarily, it is only in the unlikely event that plaintiff prevails on his bad faith claim that the Court's time should be spent for the presentation of evidence in support of a claim for punitive damages. <u>Carter-Herman et al. v. City of Philadelphia, et al.</u>, No. 95-4030, 1996 U.S. Dist. Lexis 19065 at * 21, (E.D. Pa. Dec. 23, 1996). More importantly, Defendants will be unfairly prejudiced if Plaintiff is allowed to present evidence (such as net worth evidence) before the jury decides liability. <u>Hall v. Babcock & Wilcox Company</u>, 69 F. Supp. 2d 716 (W.D. Pa. 1999)(court denied a motion to bifurcate and subsequently ordered a new trial because jury's view of the merits was tainted by the introduction of evidence on punitive damages prior to a finding of liability).

Here, bifurcation is not only appropriate, but necessary. As in <u>Carter-Herman</u>, the presentation of evidence on punitive damages will prejudice Defendants by "tempting the jury to award excessive compensatory damages against a defendant with deep pockets." 1996 U.S. Dist. LEXIS 19605 at *21. Moreover, any minor inconvenience in the presentation of evidence can be

3

overcome by merely conducting the case in phases. This is, of course, far less inconvenient than the result in Hall, where the court ordered a new trial to cure the prejudice that resulted after a motion for bifurcation was denied.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court to grant their motion to bifurcate the trial.

Dated: October 2, 2002            STEVENS & LEE

By _E. Thomas Henefer_
E. Thomas Henefer
Attorney I.D. No. 55773
Kirk L. Wolgemuth
Attorney I.D. No. 45792
111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania 19603
(610) 478-2000

Attorneys for Defendants UNUM Provident Corporation, Paul Revere Insurance Company, and New York Life Insurance Company

SL1 283632v1/10305.060

## CERTIFICATE OF SERVICE

I, E. THOMAS HENEFER, ESQUIRE, certify that on this date, I served a certified true and correct copy of the foregoing Memorandum of Law upon the following counsel of record, via Federal Express, addressed as follows:

>Richard C. Angino, Esquire
>4503 North Front Street
>Harrisburg, PA 17110-1708

*E. Thomas Henefer*
E. Thomas Henefer

Date: October 2, 2002