


FILED
HARRISBURG, PA

OCT 0 4 2002

MARY E. D'ANDREA, CLERK
Per _____
     Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>    Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE COMPANY<br>    Defendants | JUDGE CONNER<br><br>JURY TRIAL DEMANDED |

## MOTION IN LIMINE

Plaintiff, Vincenzo Mazzamuto, by his attorney, Richard C. Angino, Angino & Rovner, P.C., hereby moves this Court to enter an Order prohibiting all evidence, including live questioning, deposition testimony, cross-examination testimony or documentary exhibits regarding Mr. Mazzamuto's stock trading during his claimed disability.

1. The Complaint alleges that plaintiff is disabled under the terms of his income disability policy, that is, he is unable, because of sickness, disease and anxiety, to perform the regular duties of his "job."

2. Plaintiff's regular "job" at the time of his claimed disability was an owner/operator of a pizza restaurant.

3. Plaintiff's regular "job" required purchasing supplies, supervising employees, greeting customers, taking orders, receiving payment, training new employees and substituting for employees who were late or absent from work, including on occasion cooking, waiting on tables, cleaning up, etc.

4. Much of Mr. Mazzamuto's work required standing for long periods of time.

5. Mr. Mazzamuto has claimed that he is disabled because his deteriorating back condition precludes standing for periods in excess of 15-20 minutes. He also has back pain when sitting for long periods and is limited in lifting.

6. Defendants contend that Mr. Mazzamuto can do his job with accommodations by sitting rather than standing refraining from lifting and alternating standing and sitting, etc.

7. The subject policy's definition of "total disability" and "job" does not require and Mr. Mazzamuto has testified that he cannot do his job by sitting, and "standing" is a major aspect of his job, and his job cannot be done by alternating standing and sitting every 15-20 minutes.

8. Mr. Mazzamuto and his doctor have also claimed that his emotional condition that has resulted from his heart attack coupled with his back condition precludes doing his job.

9. Defendants contend that Mr. Mazzamuto's stock trading and loss of substantial income is relevant as to Mr. Mazzamuto's emotional condition.

10. In July 2000 Mr. Mazzamuto suffered a heart attack and was hospitalized.

11. After his heart attack Mr. Mazzamuto experienced depression and anxiety, which interfere with his concentration and render him irritable.

12. Mr. Mazzamuto is also a long-time sufferer from a spinal stenosis (since 1996) which gives him frequent back pain. He has pain standing, sitting, bending and lifting.

13.  While he has been at home since his heart attack, instead of at work, Mr. Mazzamuto has engaged in significant stock trading.

14.  Stock trading is no part of Mr. Mazzamuto's regular job as an owner/operator of a pizza restaurant.

15.  As a result of his stock trading, Mr. Mazzamuto has lost a substantial amount of money.

16.  Defendants have no medical or scientific support for their theory that trading in stocks and losing substantial monies is relevant as to Mr. Mazzamuto's claimed disability.

17.  Introducing testimony as to Mr. Mazzamuto's stock trading and losses will introduce collateral matters and result in confusion and possible prejudice.

18.  Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

19.  Mr. Mazzamuto's stock trading is not relevant to establish or negate his back pain, anxiety or inability to perform the regular duties of his job as owner/operator of a pizza restaurant.

20.  Rule 402 of the Federal Rules of Evidence provides, "Evidence which is not relevant is not admissible."

21.  In addition, evidence of stock trading, the amounts of money involved, and amounts lost would introduce collateral potentially prejudicial issues.

22.  Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or

by considerations of delay, waste of time or needless presentation of cumulative evidence, Fed. R. Evid. 403; U.S. v. Agnes, 581 F. Supp. 462, 475 (1984).

23. Testimony concerning matters which are collateral to the substantive issues in the case is properly excluded, U.S. v. Rockwell, 781 F.2d 985 (3d Cir. 1986).

WHEREFORE, for all of the foregoing reasons, Plaintiff respectfully requests this Honorable Court to determine that all evidence regarding Mr. Mazzamuto's stock trading is inadmissible in the trial of this matter.

Respectfully submitted,

ANGINO & ROVNER, P.C.

_____
Richard C. Angino, Esquire
I.D. No. 07140
4503 N. Front Street
Harrisburg, PA  17110
(717) 238-6791
Attorney for Plaintiff

Date: 10/4/02

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>   Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE COMPANY<br>   Defendants | JUDGE CONNER<br><br>JURY TRIAL DEMANDED |

CERTIFICATE OF CONCURRENCE/NONCURRENCE

I certify that on the third day of October, 2002, I contacted E. Thomas Henefer, Esquire, Stevens & Lee, 111 North Sixth Street, P. O. Box 679, Reading, PA 19603-0679, counsel for defendants requesting concurrence in this Motion. Mr. Henefer

\_\_\_ Concurred

_X_ Did not concur

\_\_\_ Did not respond

              Respectfully submitted,

              ANGINO & ROVNER, P.C.

              _____
              Richard C. Angino, Esquire
              I.D. No. 07140
              Joan L. Stehulak, Esquire
              I.D. No. 29496
              4503 N. Front Street
              Harrisburg, PA 17110
              (717) 238-6791
              Attorney for Plaintiff

Date: 10/4/02

## CERTIFICATE OF SERVICE

I, Richard C. Angino, Esquire, hereby certify that a true and correct copy of the foregoing Motion in Limine was served by United States first-class mail, postage prepaid, upon the following:

E. Thomas Henefer, Esquire
Stevens & Lee
111 North Sixth Street
P. O. Box 679
Reading, PA  19603-0679
    Counsel for Paul Revere Life Insurance Company and New York Life Insurance Company

_____
Richard C. Angino

Dated: 10/4/02