ORIGINAL

FILED
HARRISBURG, PA

OCT 0 4 2002

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>    Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE COMPANY<br>    Defendants | JUDGE CONNER<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION IN LIMINE**

## I.    PROCEDURAL HISTORY

This civil action at law is brought to recover disability benefits and for insurance bad faith. The Complaint alleges that plaintiff is disabled under the terms of his income disability policy, that is, he is unable, because of sickness, disease and anxiety, to perform the regular duties of his job. Mr. Mazzamuto has been found to be totally disabled by the Social Security Administration and Defendant New York Life as to his life insurance. Defendants, however, have refused to pay, and continue to refuse, disability payments under his policy.

## II. STATEMENT OF FACTS

Plaintiff's regular job is the owner/operator of a pizza restaurant. The detailed facts are stated in Plaintiff's Motion in Limine which are incorporated herein.

## III. ISSUE

Whether evidence of Mr. Mazzamuto's stock trading and losses are relevant to this proceeding for Defendants' bad faith refusal to pay proceeds under a policy for disability income insurance and/or collateral and potentially confusing and prejudicial so as to outweigh any potential relevance.

## IV. ARGUMENT

**A. Evidence of Mr. Mazzamuto's stock trading and losses are not relevant to this proceeding for defendants' bad faith refusal to pay proceeds under a policy for disability income insurance and/or collateral and potentially confusing and prejudicial so as to outweigh any potential relevance.**

Evidence of Mr. Mazzamuto's stock trading and losses therefrom are irrelevant to this proceeding. Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Mr. Mazzamuto's stock trading is not relevant as it cannot assist to establish or negate his back pain, anxiety or inability to perform the regular duties of his job as owner/operator of a pizza restaurant.

Rule 402 of the Federal Rules of Evidence provides, "Evidence which is not relevant is not admissible." Moreover, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of delay, waste of time or needless presentation of cumulative evidence, Fed. R. Evid. 403; <u>U.S. v. Agnes</u>, 581 F. Supp. 462, 475 (1984), affirmed, <u>U. S. v. Agnes</u>, 753 F.2d 293; (3d Cir.) 1985. Testimony concerning matters which are collateral to the

substantive issues in the case is properly excluded, <u>U.S. v. Rockwell</u>, 781 F.2d 985 (3d Cir. 1986).

WHEREFORE, for all of the foregoing reasons, Plaintiff respectfully requests this Honorable Court to determine that all evidence regarding Mr. Mazzamuto's stock trading is inadmissible in the trial of this matter.

                              Respectfully submitted,

                              ANGINO & ROVNER, P.C.

                              Richard C. Angino, Esquire
                              I.D. No. 07140
                              4503 N. Front Street
                              Harrisburg, PA  17110
                              (717) 238-6791
                              Attorney for Plaintiff

Date: 10/4/02

## CERTIFICATE OF SERVICE

I, Richard C. Angino, Esquire, hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE** was served by United States first-class mail, postage prepaid, upon the following:

E. Thomas Henefer, Esquire
Stevens & Lee
111 North Sixth Street
P. O. Box 679
Reading, PA 19603-0679
    Counsel for Defendants

_____
Richard C. Angino

Dated: 10/4/02