(54)
10/8/02

**FILED**
HARRISBURG, PA
OCT 0 7 2002
MARY E. D'ANDREA, CLE[RK]
Per _____
          Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE COMPANY<br>Defendants | JUDGE CONNER<br><br>JURY TRIAL DEMANDED |

### MOTION FOR RECUSAL

NOW COMES Plaintiff, Vincenzo Mazzamuto, by his attorney, Richard C. Angino, Esquire, Angino & Rovner, P.C., pursuant to Local Rule 7.1 and 28 U.S.C. § 455(a), and requests this Honorable Court to recuse and re-assign the matter to Hon. Yvette Kane, and represents as follows:

1.  Richard C. Angino, Esquire, Counsel for Plaintiff, is counsel for and a party in a matter pending in the U.S. District Court for the Middle District of Pennsylvania, i.e., RICHARD C. ANGINO, ALICE K. ANGINO, and KING DRIVE CORP., Plaintiffs, v. J. THOMAS VAN WAGNER, JEFFREY SMITH, RICHARD PEFFER, Individually and as Supervisors of Middle Paxton Township; MIDDLE PAXTON TOWNSHIP; JEFFREY A. ERNICO and METTE,

FILED
HARRISBURG, PA

OCT 0 7 2002

MARY E. D'ANDREA, CLE
Per _____
      Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>    Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION;<br>PAUL REVERE LIFE INSURANCE<br>COMPANY; and NEW YORK LIFE<br>INSURANCE COMPANY<br>    Defendants | JUDGE CONNER<br><br>JURY TRIAL DEMANDED |

**MOTION FOR RECUSAL**

NOW COMES Plaintiff, Vincenzo Mazzamuto, by his attorney, Richard C. Angino, Esquire, Angino & Rovner, P.C., pursuant to Local Rule 7.1 and 28 U.S.C. § 455(a), and requests this Honorable Court to recuse and re-assign the matter to Hon. Yvette Kane, and represents as follows:

    1.    Richard C. Angino, Esquire, Counsel for Plaintiff, is counsel for and a party in a matter pending in the U.S. District Court for the Middle District of Pennsylvania, i.e., RICHARD C. ANGINO, ALICE K. ANGINO, and KING DRIVE CORP., Plaintiffs, v. J. THOMAS VAN WAGNER, JEFFREY SMITH, RICHARD PEFFER, Individually and as Supervisors of Middle Paxton Township; MIDDLE PAXTON TOWNSHIP; JEFFREY A. ERNICO and METTE,

EVANS & WOODSIDE, P.C.; MARY JANE DAVIS, Individually and as Middle Paxton Township Codes Enforcement Officer; and LIGHT-HEIGEL & ASSOCIATES, INC.

2. That action was commenced by Complaint filed January 13, 2000, and is docketed to No. 1:CV-00-0086.

3. Counsel for Plaintiff believes that the Honorable Christopher C. Conner has been a partner or shareholder in the firm of Mette, Evans & Woodside, P.C. during the pendency of that action, and was, therefore, a defendant in that action.

4. 28 U.S.C. § 455(a) provides: "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

5. Constitutional due process requires that every litigant have a fair trial before an impartial judge, Ward v. Village of Monroeville, 409 U.S. 57, 60-62, 93 S.Ct. 80, 84, 34 L.Ed.2d 267 (1972).

6. The question is whether the situation is one that would offer possible temptation to an average judge, Commonwealth Coatings Corp. v. Continental Cas. Co., 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968).

7. The purpose of 28 U.S.C. § 455(a) is to protect the public at large by promoting public confidence in the judicial process as well as the individual litigants, U.S. v. Brinkworth, 68 F.3d 633, 637 (2d Cir.1995); U.S. v. Greenspan, 26 F.3d 1001, 1007 (10th Cir. 1994).

8. Grounds for disqualifying a judge whose partiality is in question must be evaluated objectively, Liteky v. United States, 510 U.S. 540, 548, 114 S.Ct. 1147, 1154, 127 L.Ed.2d 474, 486 (1994) (recusal warranted without requirement that judge be subjectively biased or prejudiced ("what matters is not the reality of bias or prejudice but its appearance."))

9. The standard is whether a reasonable person, with knowledge and understanding of all the relevant facts, would conclude that the judge's impartiality might reasonably be questioned, Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988); U.S. v. Bertoli, 40 F.3d 1384, 1413 (3d Cir. 1994)(judge need not be subjectively biased or prejudiced as long as judge appears to be so); U.S. v. Greenspan, 26 F.3d 1001, 1005 (10th Cir. 1994).

10. Recusal is warranted even if the result is disqualification of a judge who is not actually biased.

11. Plaintiff requests the recusal of the Honorable Christopher C. Conner, and the reinstatement of the Honorable Yvette Kane to preside over trial of this matter.

Respectfully submitted,

ANGINO & ROVNER, P.C.

_____
Richard C. Angino, Esquire
I.D. No. 07140
Joan L. Stehulak, Esquire
I.D. No. 29496
4503 N. Front Street
Harrisburg, PA 17110
(717) 238-6791
Attorneys for Plaintiff

Date: 10/7/02

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>     Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE COMPANY<br>     Defendants | JUDGE CONNER<br><br>JURY TRIAL DEMANDED |

CERTIFICATE OF CONCURRENCE/NONCURRENCE

I certify that on October __, 2002, I contacted E. Thomas Henefer, Esquire, Stevens & Lee, 111 North Sixth Street, P. O. Box 679, Reading, PA 19603-0679, counsel for defendants, to request concurrence in this motion. Mr. Henefer

___    Concurred

___    Did not concur

_X_    Did not respond

                    Respectfully submitted,

                    ANGINO & ROVNER, P.C.

                    _____
                    Richard C. Angino, Esquire
                    I.D. No. 07140
                    Joan L. Stehulak, Esquire
                    I.D. No. 29496
                    4503 N. Front Street
                    Harrisburg, PA 17110
                    (717) 238-6791
                    Attorney for Plaintiff

Date: 10/7/02

## CERTIFICATE OF SERVICE

I, Joan L. Stehulak, Esquire, hereby certify that a true and correct copy of the foregoing Motion for Recusal was served by United States first-class mail, postage prepaid, upon the following:

E. Thomas Henefer, Esquire
Stevens & Lee
111 North Sixth Street
P. O. Box 679
Reading, PA 19603-0679
    Counsel for Paul Revere Life Insurance Company and New York Life Insurance Company

_____
Joan L. Stehulak

Dated: 10/7/02