FILED
HARRISBURG, PA

OCT 0 7 2002

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE COMPANY<br>Defendants | JUDGE CONNER<br><br>JURY TRIAL DEMANDED |

**BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION FOR RECUSAL**

I.  **PROCEDURAL HISTORY.**

This insurance bad faith action was commenced by complaint filed in the U.S. District Court for the Middle District of Pennsylvania on June 26, 2001. It was assigned to the Honorable Yvette Kane. On October 25, 2001, Judge Kane issued a Case Management Order putting the case on the standard case management track, and providing, inter alia, for close of discovery by March 15, 2002, dispositive motions by May 10, 2002, and trial by August 5, 2002. At the request of plaintiff, on February 28, 2002, Judge Kane amended the case management order and provided for, inter alia, close of discovery by June 14, 2002, expert reports by June 28, 2002, dispositive motions by August 10, 2002, motions in limine by October 4, 2002, jury

251619.1\JLS\JLS

selection and trial November 4, 2002. Both plaintiff and defendants have filed motions for summary judgment.

II. **STATEMENT OF FACTS**

By Order of Judge Kane dated September 17, 2002, this matter was reassigned to the Honorable Christopher C. Conner.

Richard C. Angino, Esquire, Counsel for Plaintiff, is counsel for and a party in a matter pending in the U.S. District Court for the Middle District of Pennsylvania, i.e., <u>Richard C. Angino, Alice K. Angino, and King Drive Corp., Plaintiffs, v. J. Thomas Van Wagner, Jeffrey Smith, Richard Peffer, individually and as Supervisors of Middle Paxton Township; Middle Paxton Township; Jeffrey A. Ernico and Mette, Evans & Woodside, P.C.; Mary Jane Davis, individually and as Middle Paxton Township Codes Enforcement Officer; and Light-Heigel & Associates, Inc.</u> That action was commenced by Complaint filed January 13, 2000, and is docketed to No. 1:CV-00-0086.

Counsel for Plaintiff, Vincenzo Mazzamuto, believes that the Honorable Christopher C. Conner has been a partner or shareholder in the firm of Mette, Evans & Woodside, P.C. during the pendency of that action, and was, therefore, a defendant in that action.

III. **ISSUE**

Whether the Honorable Christopher C. Conner should recuse.

IV. **ARGUMENT**

A. **The Honorable Christopher C. Conner should recuse.**

28 U.S.C. § 455(a) provides: "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The purpose of 28 U.S.C. § 455(a) is to protect the public at large by promoting public

251619.1\JLS\JLS

confidence in the judicial process as well as the individual litigants, U.S. v. Brinkworth, 68 F.3d 633, 637 (2d Cir.1995); U.S. v. Greenspan, 26 F.3d 1001, 1007 (10th Cir. 1994).

> Subsection (a) of § 455 'is designed to promote public confidence in the impartiality of the judicial process by saying, in effect, if there is a reasonable factual basis for doubting the judge's impartiality, he should disqualify himself and let another judge preside over the case." H.R. Rep. No. 1453, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.C.C.A.N. 6351, 6355. The legisltaive history indicates that the integrity of the judiciary is the paramount concern of the statute. Section 455(a), therefore, is as much a protection for the citizenry as for the complaining defendant.

U.S. v. Brinkworth, 68 F.3d at 637.

Constitutional due process also requires that every litigant have a fair trial before an impartial judge, Ward v. Village of Monroeville, 409 U.S. 57, 60-62, 93 S.Ct. 80, 84, 34 L.Ed.2d 267 (1972).

The question is whether the situation is one that would offer possible temptation to an average judge, Commonwealth Coatings Corp. v. Continental Cas. Co., 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968). Grounds for disqualifying a judge whose partiality is in question must be evaluated objectively, Liteky v. United States, 510 U.S. 540, 548, 114 S.Ct. 1147, 1154, 127 L.Ed.2d 474, 486 (1994) (recusal warranted without requirement that judge be subjectively biased or prejudiced ("what matters is not the reality of bias or prejudice but its appearance.")). The standard is whether a reasonable person, with knowledge and understanding of all the relevant facts, would conclude that the judge's impartiality might reasonably be questioned, Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988); U.S. v. Bertoli, 40 F.3d 1384, 1413 (3d Cir. 1994) (judge need not be subjectively biased or prejudiced as long as judge appears to be so); U.S. v. Greenspan, 26 F.3d 1001, 1005 (10th Cir. 1994).

Recusal is warranted even if the result is disqualification of a judge who is not actually biased.

Plaintiff is not contending that Judge Conner is actually biased. However, because the Honorable Christopher C. Conner has been a defendant in a civil action for monetary damages prosecuted by attorney for Plaintiff on behalf of, *inter alia*, attorney for Plaintiff, Plaintiff believes that the situation is one which might cause a reasonable appearance of bias. Therefore, Plaintiff requests the recusal of the Honorable Christopher C. Conner, and the reinstatement of the Honorable Yvette Kane to preside over trial of this matter.

> Respectfully submitted,
>
> ANGINO & ROVNER, P.C.
>
> _____
> Richard C. Angino, Esquire
> I.D. No. 07140
> 4503 N. Front Street
> Harrisburg, PA 17110
> (717) 238-6791
> Attorney for Plaintiff

Date: 10/7/02

251619.1\JLS\JLS

## CERTIFICATE OF SERVICE

I, Joan L. Stehulak, Esquire, hereby certify that a true and correct copy of the foregoing Brief in Support of Plaintiff's Motion for Recusal was served by United States first-class mail, postage prepaid, upon the following:

E. Thomas Henefer, Esquire
Stevens & Lee
111 North Sixth Street
P. O. Box 679
Reading, PA 19603-0679
    Counsel for Paul Revere Life Insurance Company and New York Life Insurance Company

                                                                           *Joan L. Stehulak* (signature)
                                                                             Joan L. Stehulak

Dated: 10/7/02