FILED
HARRISBURG, PA
OCT 1 5 2002
MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>    Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE COMPANY<br>    Defendants | JUDGE CONNER<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION IN LIMINE**

Plaintiff, Vincenzo Mazzamuto, by and through his counsel, Richard C. Angino, Angino & Rovner, P.C., hereby opposes Defendants' Motion in Limine and requests the Court to permit admission of evidence of Plaintiff's Social Security disability benefits, the testimony of Dr. Patrick McSharry, the testimony or report of Dr. Schneider, correspondence between counsel, and evidence of the waiver of life insurance premiums by New York Life Insurance Company for the following reasons:

1.      Plaintiff's receipt of Social Security disability benefits is relevant as to Plaintiff's disability and Defendants' bad faith, and any differences in factual records or standards or bases for the finding of total disability by the Social Security Judge can be explained through direct

251809.1\JLS\JLS

and cross-examination at trial. Defendants have been aware of Plaintiff's intent to rely upon the Social Security disability determinations and have had the benefit of full discovery in this regard. Cases referenced by Defendants do not support Defendants' position that such testimony is relevant or otherwise excludable.

2. The deposition testimony of Dr. Patrick McSharry is relevant as to Plaintiff's disability and Defendants' bad faith. Defendants participated in the taking of Dr. McSharry's deposition as parties/defendants in other actions and were aware of his deposition testimony long before Plaintiff's attorneys learned of same. Plaintiff's counsel alerted Defendants' counsel of their intent to use Dr. McSharry's deposition in the pending trial as soon as they learned of his existence. Defendants are not prejudiced by any late disclosure. Dr. McSharry is an important fact witness and not an expert engaged for trial; and, consequently, expert reports are not required.

3. Dr. Schneider was engaged by the Social Security Administration, and Plaintiff's comments to no. 1 above are equally relevant here. In addition, Dr. Schneider is a fact witness, not an expert engaged for the purpose of testifying at trial, and, as such, expert reports are not required.

4. Correspondence between counsel is relevant as to the issue of Defendants' bad faith because it supports Defendants' continuing bad faith refusal to pay Plaintiff's disability benefits.

5. The same arguments presented as to the Social Security Administration's finding of total disability applies plus the fact that New York Life is the insurer of both the life and disability policies and the definition of total disability is stricter in the life policy. Interpretation of insurance contracts is for the Court.

WHEREFORE, Plaintiff requests that Your Court deny Defendants' Motion In limine.

                Respectfully submitted,

                ANGINO & ROVNER, P.C.

                */s/ Joan L. Stehulak*
                Richard C. Angino, Esquire
                I.D. No. 07140
                Joan L. Stehulak, Esquire
                I.D. No. 29496
                4503 N. Front Street
                Harrisburg, PA 17110
                (717) 238-6791
                Attorneys for Plaintiff

Date: 10/15/02

251809.1\JLS\JLS