


ORIGINAL
→ to W

(60)
10-17-02
SC

FILED
HARRISBURG, PA
OCT 1 7 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION;<br>PAUL REVERE LIFE INSURANCE<br>COMPANY; and NEW YORK LIFE<br>INSURANCE COMPANY<br>Defendants | JUDGE CONNER<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S BRIEF IN SUPPORT OF
### PLAINTIFF'S MOTION TO PERMIT SUPPLEMENTAL EXPERT REPORT

Plaintiff, Vincenzo Mazzamuto, by and through counsel, Angino & Rovner, P.C., has filed a Motion to Permit Supplemental Expert Report which requests this Honorable Court to permit Plaintiff's expert, Gordon Rose, to supplement his expert report which was already provided to defense in this proceeding. This brief is offered in support of that Motion.

**I.   BACKGROUND**

This is a civil action alleging bad faith refusal to pay benefits under a disability income insurance policy. The original case management order of this Court was entered on October 25, 2001. Plaintiffs requested and this Honorable Court granted enlargement of time for discovery. By order dated February 25, 2002, expert reports were due on or before June 28, 2002.

## II. STATEMENT OF FACTS

By June 28, 2002, Plaintiff provided Defendants the expert report of Gordon Rose, who opined that Defendants' conduct in handling and refusing to pay Plaintiff's claim for disability income benefits under his policy of insurance constitutes bad faith. One month after the deadline for expert reports, the July 29, 2002 issue of National Underwriter, Life & Health/Financial Services Edition, published an article indicating that on June 28, Patrick Fergal McSharry, a doctor who once worked as a medical director for UnumProvident, one of the Defendants in the instant action, commenced a civil suit accusing UnumProvident Corp. of denying disability claims whether they were valid or not. See, **Exhibit A**. The article also indicates that when Dr. McSharry began writing his reports accurately and without the foregone conclusion to deny the claim, McSharry suffered retaliation.

In the belief that Dr. McSharry may have relevant testimony to offer in the instant action, on August 26, 2002, Plaintiff requested an extension of time to September 30, 2002 to enlist Dr. McSharry as an expert witness in this case and to provide Dr. McSharry's report. No order has been entered on that motion.

Plaintiff has not succeeded in hiring Dr. McSharry as an expert; however, Dr. McSharry gave a consolidated deposition in six cases where his experience reviewing claims for disability benefits at UNUM was explored. That deposition spanned three days, September 4 – 6, 2002, and the transcript exceeds 1,000 pages. Plaintiff's counsel obtained that transcript, and provided it to Plaintiff's expert, Gordon Rose, to review and supplement his earlier, timely, expert report.

Mr. Rose has prepared a supplement, dated October 14, 2002, to his earlier provided, expert report. Plaintiffs have provided a copy of Mr. Rose's report to counsel for Defendants.

### III. ISSUE

Whether the Court should permit the supplementation of Mr. Rose's expert report at this time.

### IV. ARGUMENT

#### A. The Court should permit the supplementation of Plaintiff's expert, Mr. Rose's expert report at this time.

Plaintiff has provided the supplemental expert report at the earliest opportunity. In Elf Atochem North America, Inc. v. U.S., 882 F. Supp. 1497 (E.D. Pa. 1995), the Eastern District denied defendant's motion to exclude plaintiff's rebuttal witness as untimely. The party seeking to secure such a severe sanction must specifically show:

> 1. the prejudice or surprise in fact of the party against whom the excluded witnesses are to testify;
>
> 2. the ability of that party to cure the prejudice;
>
> 3. the extent to which the waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court; and
>
> 4. the party's bad faith or willfulness in failing to comply with the court's order.

Elf Atochem, at 1498. In addition, the significance of the practical importance of the excluded evidence must be taken into consideration. Williams v. Rene, 72 F.3d 1096 (3d Cir. 1995), citing DeMarines v. KLM Royal Dutch Airlines, 580 F.2d 1193 (3d Cir. 1978), Johnson v. H.K. Webster, Inc., 775 F.2d 1, 8 (1st Cir. 1985); and Stich v. United States, 730 F.2d 115, 118 (3d Cir. 1984). Defendant here cannot show prejudice or bad faith.

Supplementation of Plaintiff's expert's report at this time will not prejudice the defense. The trial which had been scheduled to commence November 4, 2002 has been postponed. This postponement affords defendants additional time to evaluate the supplementation.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to permit Plaintiff's expert, Gordon Rose to supplement his expert report.

Respectfully submitted,

ANGINO & ROVNER, P.C.

_____
Richard C. Angino, Esquire
I.D. No. 07140
Joan L. Stehulak, Esquire
I.D. No. 29496
4503 N. Front Street
Harrisburg, PA  17110
(717) 238-6791
Attorney for Plaintiff

Date: 10/17/02

Case 1:01-cv-01157-CCC   Document 60   Filed 10/17/2002   Page 5 of 6

NATIONAL UNDERWRITER
Life & Health/Financial Services Edition

July 29, 2002

## REGULATION

# Public Criticism Of COLI Sales Spurs Regulators To Revamp Guidelines

By **Jim Connolly**

Public criticism over the sale of corporate-owned life insurance has regulators reexamining how the product is regulated.

As a starting point, a 10-year old guideline (Model 602 of NAIC model laws) developed by the National Association of Insurance Commissioners. Kansas City, Mo., will be reexamined and possibly revamped.

However, regulators who are part of the NAIC's COLI working group, have left open the possibility of developing a whole new model law that states can adopt to enforce how the product is sold and disclosed.

The working group's chairman, North Dakota Commissioner Jim Poolman, says the issue of affirmative consent, or an employee giving the employer the OK to purchase COLI on the employee's life, should be a top priority.

According to the NAIC, fewer than half of the states require the affirmative consent of an employee. Fifteen states do require it and five states have an opt-out provision in which an employee must say it is not all right for a company to purchase COLI in order to prevent the firm from buying a life insurance contract on his life.

Other findings, according to the NAIC, are that most states require an insurable interest at the time coverage becomes effective; and laws in half of the states allow coverage to be maintained on non-management and retired employees.

> Regulators say employee consent is important to COLI sales

The issue of affirmative consent being required for a Voluntary Employees' Beneficiary Association Trust contract which is being used as an irrevocable component of a 501c3 trust was raised by the industry, but regulators responded that even with the issue of irrevocability, at the very least, some sort of notification would seem appropriate.

Notice and consent should be part of the process, which is a stand that the National Association of Insurance and Financial Advisors has taken, according to Bill Anderson, vice president and associate general counsel with NAIFA, Falls Church, Va.

The "surprise factor" that occurs when a spouse finds out that a policy has been taken out on a deceased husband or wife, underscores the need for notification and consent, says John Pouliot, a regulator with the Ohio insurance department.

---

## LITIGATION

# Doctor's Suit Asserts UnumProvident Had Policy Of Denying Claims

By **Marcella De Simone**

UnumProvident Corp. is accused in a lawsuit of denying disability claims whether they were valid or not.

The suit, filed June 28, was brought by Patrick Fergal McSharry, a doctor who once worked as a medical director for UnumProvident in Chattanooga, Tenn. He claims the company employed doctors "to provide language and conclusions supporting denial of claims."

The suit also claims that when he began writing his reports "accurately and without the foregone conclusion to deny the claim...(McSharry) began to suffer retaliation," including "verbal and written write-ups and warnings. He was subjected to constant criticism and ostracism."

The suit, which claims McSharry spoke with other medical personnel about "the illegality of (Unum's) practices," says McSharry was fired in January for "disruptive behavior."

Tom White, UnumProvident vice president, corporate relations, says the company "will definitely fight (the lawsuit); our company embraces very high ethical and professional standards, we deny all allegations against wrongdoing and will rigorously defend ourselves."

He says McSharry had been hired in 1999 as a consultant and worked as a medical director from Nov. 1, 2000 to Jan. 8, 2002 when he was fired "for performance."

"I think it's important to note that at no time did his duties include making determination to benefits," White says. "His duty was to review medical records and answer questions about medical records, but not to decide whether a claim was valid."

McSharry is seeking back wages, reinstatement to his former position, compensation for mental suffering, humiliation and embarrassment, punitive damages and costs of attorney fees.

McSharry's lawyer Anita Hardeman of Burnette, Dobson & Hardeman, Chattanooga, Tenn., did not respond to requests for comment. Her assistant says UnumProvident has 30 days from the time the lawsuit was filed to respond. It has not yet done so.

---

For high-quality article reprints (minimum of 100), including e-prints, contact Reprint Management Services at 717-399-1900 Ext. 166, or email nuco@reprintbuyer.com.

## CERTIFICATE OF SERVICE

I, Joan L. Stehulak, Esquire, hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO PERMIT SUPPLEMENTAL EXPERT REPORT** was served by United States first-class mail, postage prepaid, upon the following:

E. Thomas Henefer, Esquire
Stevens & Lee
111 North Sixth Street
P. O. Box 679
Reading, PA  19603-0679
    Counsel for Paul Revere Life Insurance Company and New York Life Insurance Company

_____
Joan L. Stehulak

Dated: 10/17/02