ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENZO MAZZAMUTO, | : | |
| Plaintiff | : | Case No. 1:01-CV-1157 |
| v. | : | |
| UNUM PROVIDENT CORPORATION, PAUL REVERE LIFE INSURANCE COMPANY and NEW YORK LIFE INSURANCE COMPANY, | : | JUDGE CONNER |
| Defendants | : | |

FILED
HARRISBURG, PA
OCT 21 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

### DEFENDANTS' ANSWER TO PLAINTIFF'S MOTION IN LIMINE

Defendants UNUMProvident Corporation, The Paul Revere Life Insurance Company and New York Life Insurance Company hereby answer plaintiff's motion in limine as follows:

1. Admitted in part and denied in part. It is admitted that plaintiff alleges that he is disabled in his Complaint. It is denied that plaintiff is disabled, or unable to perform his occupational duties because of sickness, disease and anxiety.

2. Admitted in part and denied in part. It is admitted only that the averments of paragraph 2 of plaintiff's motion contain a description of his occupation. It is denied that the averments of paragraph 2 of plaintiff's motion contain a full and complete description of his occupational duties.

1

3. Admitted in part and denied in part. It is admitted only that the averments of paragraph 3 of plaintiff's motion contain a description of his occupational duties. It is denied that the averments of paragraph 3 of plaintiff's motion contain a full and complete description of his occupational duties.

4. Denied.

5. Denied. Defendants are unable to respond to the allegations in paragraph 5 because plaintiff has continually changed the grounds of his disability.

6. Admitted in part and denied in part. It is admitted only that defendants contend that plaintiff is not disabled from performing his occupational duties. It is denied that the averments of paragraph 6 of plaintiff's motion contain a full and complete description of defendants' position.

7. Denied.

8. Admitted that plaintiff has presently made the allegation that he is disabled as a result of an emotional condition and a back condition. It is denied that the averments of paragraph 8 of plaintiff's motion provide a full and complete description of Dr. Bower's testimony.

9. Admitted in part and denied in part. It is admitted only that defendants contend that plaintiff's stock trading is relevant to this case. It is denied that the averments of paragraph 9 of plaintiff's motion contain a full and complete description of defendants' position. By way of further answer, defendants incorporate herein in its entirety their brief in support of their response to plaintiff's

2

motion which explains in detail why the evidence in question is both relevant and admissible.

10. Admitted.

11. Denied.

12. Admitted in part and denied in part. It is admitted that plaintiff has spinal stenosis and has back pain. The remaining allegations are denied.

13. Admitted in part and denied in part. It is admitted that plaintiff has engaged in significant stock trading since his heart attack. The remaining allegations are denied.

14. Admitted.

15. Admitted.

16. Admitted in part and denied in part. It is admitted that defendants have no scientific support for a theory that trading in stocks and losing substantial money is relevant to plaintiff's claimed disability. However, it is denied that such "scientific support" is required and it is further denied that plaintiff's trading in stocks and losing a substantial amount of money is not relevant to plaintiff's ability to perform similar duties as he performed while operating his business. By way of further answer, defendants incorporate herein in its entirety their brief in support of their response to plaintiff's motion which explains in detail why the evidence in question is both relevant and admissible.

17. Denied.

3

18. Admitted.

19. Denied.

20. Admitted.

21. Denied.

22. Admitted. However, the evidence of plaintiff's stock trading is very probative to his ability to perform the material and substantial duties of his occupation and the probative value is not outweighed by the danger of unfair prejudice.

23. Denied.

WHEREFORE, the defendants respectfully request that plaintiff's motion in limine to exclude the evidence of stock trading be denied.

Respectfully submitted,

Dated: October 21, 2002

STEVENS & LEE

By _____
E. Thomas Henefer
Attorney I.D. No. 55773
Kirk L. Wolgemuth
Attorney I.D. No. 45792
111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania 19603
(610) 478-2000

Attorneys for Defendants

4

## CERTIFICATE OF SERVICE

I, E. THOMAS HENEFER, ESQUIRE, certify that on this date, I served a certified true and correct copy of the foregoing Defendants' Answer To Plaintiff's Motion In Limine upon the following counsel of record, by hand delivery as follows:

>Richard C. Angino, Esquire
>Angino & Rovner, P.C.
>4503 N. Front Street
>Harrisburg, PA  17110

Date:  October 21, 2002