

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO, | CIVIL NO.1:CV-01-1157 |
| Plaintiff | (Judge Conner) |
| v. | |
| UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE COMPANY | FILED<br>HARRISBURG, PA<br>OCT 28 2002<br>MARY E. D'ANDREA, CLERK<br>Per _____<br>Deputy Clerk |
| Defendants | |

# **MEMORANDUM**

Before the court is plaintiff's motion for recusal filed on October 7, 2002 pursuant to 28 U.S.C. § 455(a). The parties have briefed the issues, and the matter is ripe for disposition.

I. **Background**

Plaintiff commenced this insurance bad faith and breach of contract action by filing a complaint in the U. S. District Court for the Middle District of Pennsylvania on June 26, 2001 (Doc. No. 1). Initially, the matter was assigned to the Honorable Yvette Kane, who transferred the case to the undersigned by order dated September 17, 2002 (Doc. No. 46).

The basis for plaintiff's motion for recusal lies in an unrelated action brought by Richard C. Angino, Esquire, *inter alios*, as a party plaintiff, against several defendants, including the law firm of Mette, Evans and Woodside, P.C. ("Mette Evans").[1] The undersigned is a former shareholder in Mette Evans.

On April 4, 2002, the Honorable Judge A.R. Caputo granted summary judgment in favor of the defendants in the Angino lawsuit and dismissed plaintiff's claims without prejudice. The Clerk of Court was ordered to close the case file. Mr. Angino's appeal of this ruling is currently pending before the U.S. Court of Appeals for the Third Circuit.[2]

The gravamen of plaintiff's motion for recusal is that *his attorney's* lawsuit against the undersigned's former law firm creates a scenario in which the undersigned's "impartiality might reasonably be questioned" within the ambit of 28 U.S.C. §455(a).

II. **Discussion**

28 U.S.C. § 455(a) provides: "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The purpose of this statute is to ensure public confidence in the United States judiciary without falsely disputing the integrity of the court. See United States v. Dalfonso, 707 F.2d 757, 761 (3d Cir. 1983); United States v. Brinkworth, 68 F.3d 633, 637 (2d Cir. 1995); United States v. Greenspan, 26 F.3d 1001, 1005-07 (10th Cir. 1994). When a reasonable person, knowing all relevant facts, would

---

[1] This matter is docketed as Angino, et al. v. Van Wagner, et al., No. 3:00-CV-0086 (M.D. Pa.) (hereinafter the "Angino lawsuit").

[2] Docket No. 02-2060 (3d Cir. 2002).

2

doubt a judge's impartiality, grounds for recusal under 28 U.S.C. § 455(a) exist. Liteky v. United States, 510 U.S. 540, 548 (1994); In re The Prudential Insurance Company of America Sales Practices Litigation v. Prudential Insurance Company of America, 148 F.3d 283, 343 (3d Cir. 1998).

"Each Section 455(a) case is extremely fact intensive and fact bound, and must be judged on its unique facts and circumstances more than by comparisons to situations in prior jurisprudence." George N. Pegula Agency, Inc. v. Monumental Life Ins. Co., 1999 U.S. Dist. LEXIS 23196, at *10 (M.D. Pa. 1999) (Vanaskie, J.) (finding that a reasonable person would not find cause to question the impartiality of the judge who represented a party adverse to the plaintiff in a lawsuit years earlier). "The test is how the facts 'appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical and suspicious person'." Id. at 6 (quoting Valley v. Rapides Parish Sch. Bd., 992 F.Supp. 848, 850 (W.D. La. 1998). In considering a motion for recusal pursuant to §455(a), the court "must begin its analysis of the allegations with a presumption against disqualification." Cobell v. Norton, 2002 U.S. Dist. LEXIS 17356, at *13 (D.D.C. 2002). Conclusory allegations that bias or appearance of impropriety may exist are insufficient. 28 U.S.C. §455(a). See Dalfonso, 707 F.2d at 760-61; Greenspan, 26 F.3d at 1007; Bumpus, 385 F.Supp. at 715.

For the following reasons, the court finds that the facts presented by plaintiff in support of the instant motion would not cause a reasonable person to question the court's impartiality.

3

As a threshold matter, the court notes that the appearance[3] of bias is unrelated to the plaintiff in this matter. Rather, the allegations of an appearance of bias relate solely to plaintiff's counsel, Mr. Angino. Other courts have found allegations of bias against a party's attorney - even when supported by concrete evidence - are insufficient to support recusal. See Diversified Numismatics v. City of Orlando, 949 F.2d 382, 385 (11th Cir. 1991) (stating that an appellate court should focus on the appearance of bias toward the party and not counsel and holding that recusal was unnecessary). See also In re Drexel Burnham Lambert, Inc., 861 F.2d 1307, 1315 (2nd Cir. 1988) (reasoning that bias against a lawyer, even if found to exist, does not equate to bias against the lawyer's client and holding recusal unnecessary); Davis v. Board of School Commissioners, 517 F.2d 1044, 1052 (5th Cir. 1975); In re Beard, 811 F.2d 818, 831 (4th Cir. 1987); A. J. by L. B. v. Kierst, 56 F.3d 849, 861-62 (8th Cir. 1995).

Moreover, the facts of record militate against recusal. The undersigned is not a named defendant in the Angino lawsuit. The record is devoid of any facts that the undersigned is or was involved in the Angino lawsuit in any manner other than as a former shareholder in the professional corporation of Mette Evans. The court also notes that there are no facts of record which would suggest that the undersigned has ever faced detrimental financial consequences in an individual capacity as a result of the Angino lawsuit. To the contrary, in light of 15 Pa.C.S.A. §2925(d), the mere shareholder status of the undersigned, without active involvement in the alleged negligence or misconduct, carries no adverse financial consequences.

---

[3] Plaintiff does not contend that the court is actually biased. Plaintiff contends that the instant case is one which might cause a "reasonable appearance of bias" (Doc. 5 at p. 4).

The court sees no objective basis for disqualification. The plaintiff's motion fails to provide sufficient facts to show that a reasonable person would question the court's impartiality. Indeed, the record is devoid of any evidence which would raise the specter of personal bias against the plaintiff. Therefore, the court will deny plaintiff's motion. An appropriate order will follow.

/s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: October 28, 2002