IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENZO MAZZAMUTO, | : | Civil Action No. 1:CV-01-1157 |
| Plaintiff, | : | Judge Connor |
| v. | : | |
| UNUM PROVIDENT CORPORATION, PAUL REVERE LIFE INSURANCE COMPANY, and NEW YORK LIFE INSURANCE COMPANY, | : | |
| Defendants. | : | |

**DEFENDANTS' MOTION FOR PERMISSION TO SUBMIT SUPPLEMENT EXPERT REPORT AND TO USE SUCH REPORT IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The Defendants hereby move this Court for permission to allow Defendants to submit a supplement expert report and to use such report in support of Defendants' Motion for Summary Judgment. In support of this Motion the Defendants allege as follows:

1. On or about October 29, 2002 the Defendants received an Affidavit from Plaintiff's counsel in support of Plaintiff's Motion for Summary Judgment and in response to Defendants' Motion for Summary Judgment. In that Affidavit, Plaintiff's counsel supplied a copy of the day-in-the-life film depicting the activities Mr. Mazzamuto engages in and the alleged activities that he was not able to perform at his prior employment.

2. In the letter that accompanied the video and attached to the Affidavit as Exhibit B, counsel for the Plaintiff suggests that defense counsel should provide a copy of the video to defendant's orthopedic expert and supplied an extra copy of the video for that purpose.

3. Counsel for the Defendant has submitted a copy of the video to its expert witness for his review and comments.

1

4. Attached as Exhibit A is the supplemental expert report prepared by Dr. Robert Steinman.

5. Counsel for the Defendants would like to submit the supplemental expert report and for the Court to consider same in support of Defendants' Motion for Summary Judgment.

6. Counsel for the Plaintiff Richard C. Angino, Esquire has been contacted regarding this Motion and he concurs in this Motion.

WHEREFORE, Defendants request that its Motion be granted and that an Order be issued allowing Defendants to submit a supplemental expert report and to use such report in support of its Motion for Summary Judgment.

STEVENS & LEE

By: *[signature]*

Kirk L. Wolgemuth
Attorney I.D. No. 45792
E. Thomas Henefer
Attorney I.D. No. 55773
111 North Sixth Street
P.O. Box 679
Reading, Pa 19603-0679
610-478-2000

Counsel for the Defendants

## CERTIFICATE OF CONCURRENCE

I, Kirk L. Wolgemuth, Esquire certify pursuant to Local Rule 7.1 that I have spoken with plaintiff's counsel and he concurs in the foregoing motion.

Kirk L. Wolgemuth

Date: December 5, 2002

A

**Robert C. Steinman, M.D.**
1671 Crooked Oak Drive
Lancaster, PA 17601
(717) 581-4821

November 27th, 2002

Kirk L. Wolgemuth, Esq.
Stevens & Lee
25 N. Queen Street, Ste 602
P.O. Box 1594
Lancaster PA 17608-1594

RE: Vincenzio Mazzamuto

Dear Mr. Wolgemuth:

I reviewed the Day in the Life video of Mr. Mazzamuto, which was recorded on October 25th, 2002.
This video depicted various workers and the job duties they were performing at the restaurant owned by Mr. Mazzamuto.

I also observed him walking with the use of a short cane on the right side. His elbow was well extended, and when he leaned on the cane, he dipped his body to the right with every step on the right foot, while the end of the cane was placed close to that foot.

Later on, while walking in from his garage, he held the cane with his right hand, but he put the cane down on the floor when the left leg was taking the body weight. This was opposite to what he had done previously. When he did this, it was a minimal dip, if any, towards the right.

I found a number of the scenes in the video to be very interesting.
I observed Mr. Mazzamuto retrieving snacks from the lowest drawer in a cabinet in the kitchen of his home. He easily bent down to grasp a box while holding the cane with his right hand.
Mr. Mazzamuto also retrieved back support belts which were kept in a bottom drawer of a stack of three. He bent down four times consecutively and placed each belt up on the bed. He also went into the bathroom and picked up something from the floor, bending down quite fast and then arose well, with the cane in the right hand.

Mr. Mazzamuto explained that if he felt good he would occasionally play a game of pool at home with his sons.

RE: Vincenzio Mazzamuto                                                          11-27-02

Further, he descended fourteen steps down to the lowest level of the house. As he did this, he went down one at a time, leading with the right leg each time, and holding his left hand against the surface of the left wall. When he came up the steps, he still had the cane in his right hand while the left hand was on a banister, but this time he came up each step leading with the right leg first.

As a result of my review of this video, I offer the following opinions:

1. Mr. Mazzamuto displayed an exaggerated dipping of the body towards the right every time the right foot is bearing weight, while the left leg is swinging forward. The cane he used was so short that he got little support from it.

2. Mr. Mazzamuto demonstrated going down a long flight of steps one at a time leading with the right leg, which would made it easier for that right leg. However, on the way up, he used the same right leg to lead. This was much more difficult because that one leg was taking on the whole body weight and lifting it high enough so that he could get the left leg up to the next step. This use of his right leg in such a fashion was inconsistent with a problem in that leg.

3. I saw him switch his method of using the cane so that he was actually not supporting the right leg when he walked, but was truly supporting the left. In the kitchen area he walked quite smoothly with hardly any unusual motion of his back.

4. In addition, I observed the front counter position at the restaurant. The combination of sitting and standing is one of choice for most people with back troubles. That combination plus an opportunity to move about is ideal for a person with back troubles.

I believe that he could perform the duties at the front counter, at least for intermittent periods.

5. This gentleman walked with an abnormal gait which was unnecessary and no doubt a habit by this time. On one occasion I observed him walking appropriately.
He stored things in the lowest drawers of cabinets in his home. This of course required him to bend down to retrieve the objects from the drawers. In addition, I did see him walk down the basement steps in correct fashion, but then he came up in the opposite fashion, making the affected right leg do a great deal of the work.

The above issues throw doubts on Mr. Mazzamuto's symptom complex.

2

RE: Vincenzio Mazzamuto                                                                                     11-27-02

6. From a physical standpoint, he certainly could take orders, check on the orders, and do all of the bookwork and other administrative duties in the restaurant office.

He could lift some of the cartons and cans. This might require separating some items from the cartons, and not placing them above shoulder level or below mid thighs.

The above opinions have been rendered within a reasonable degree of medical certainty.

Sincerely yours,

Robert C. Steinman, M.D.

RCS/sjd mazzamuto2

3

## CERTIFICATE OF SERVICE

I, KIRK L. WOLGEMUTH, ESQUIRE, certify that on this date, I served a certified true and correct copy of the foregoing Motion upon the following counsel of record, by depositing the same in the United States mail, postage prepaid, addressed as follows:

        Richard C. Angino, Esquire
        4503 N. Front Street
        Harrisburg, PA 17110-1708

                              Kirk L. Wolgemuth

Date: December _____, 2002

SL1 310589v1/10305.060