IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENZO MAZZAMUTO, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 1:CV-01-1157 |
| | : | |
| v. | : | |
| | : | |
| UNUMPROVIDENT | : | JUDGE CONNER |
| CORPORATION, et al., | : | |
| Defendants | : | |

FILED
HARRISBURG, PA

DEC 0 6 2002

MARY E. D'ANDREA, CLERK
Per _____
   Deputy Clerk

**DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN DISCOVERY,
FILE AN AMENDED COMPLAINT, AND EXTEND DEADLINES**

Defendants UNUMProvident Corporation, Paul Revere Life Insurance Company and New York Life Insurance Company ("Defendants") hereby respond in opposition to plaintiff's motion to reopen discovery, file an amended complaint, and extend deadlines.

Plaintiff's motion should be denied for the reasons set forth in the accompanying memorandum of law which is incorporated herein in its entirety. By way of further answer to the averments contained in plaintiff's motion, Defendants respond as follows:

1. Admitted in part and denied in part. It is admitted only that plaintiff filed a complaint containing the referenced allegations. It is denied that plaintiff is entitled to disability benefits or that defendants acted in bad faith.

2. Admitted.

1

3. Admitted.

4. Admitted.

5. Admitted in part and denied in part. It is admitted only that plaintiff sought to extend the deadline for filing an export report. The remaining averments in paragraph 5 of plaintiff's motion are denied.

6. Admitted.

7. Admitted.

8. Admitted in part and denied in part. It is admitted only that the referenced television tabloid aired the referenced program. It is denied that the referenced program provided an accurate portrayal of UNUMProvident Corporation or its subsidiaries.

9. Admitted in part and denied in part. It is admitted only that the referenced television tabloid aired the referenced program. It is denied that the referenced program provided an accurate portrayal of UNUMProvident Corporation or its subsidiaries.

10. Admitted in part and denied in part. It is admitted only that the referenced television tabloid and media reports attached to plaintiff's motion referred to the decision by a Magistrate Judge, which has been or will be appealed, in the Hangarter case. It is denied that the Hangarter case is in any way relevant to plaintiff's claims here or is a legally or factually accurate or proper decision.

SL1 312413v1/10305.060

11. Admitted in part and denied in part. It is admitted only that the Magistrate Judge in the <u>Hangarter</u> case made the referenced finding. It is denied that the <u>Hangarter</u> case is in any way relevant to plaintiff's claims here or is a legally or factually accurate or proper decision.

12. Admitted in part and denied in part. It is admitted only that two of the defendants in the <u>Hangarter</u> case are defendants here. It is denied that the <u>Hangarter</u> case is in any way relevant to plaintiff's claims here or is a legally or factually accurate or proper decision or that there is any good faith basis for plaintiff's incorrect assertion that the facts and conclusions of law "appear on the surface to be the same."

13. Admitted in part and denied in part. It is admitted only that Pennsylvania has an Unfair Insurance Practices Act which has been found not relevant to the question of whether an insurer acted in bad faith. <u>Dinner v. United Services Automobile Assoc.</u>, No. 01-1299, 2002 U.S. App. LEXIS 3408 (3d Cir. Jan. 24, 2002). The remaining averments in paragraph 13 of plaintiff's motion are denied.

14. Denied.

WHEREFORE, for the reasons set forth above and in the accompanying Memorandum of Law, which is incorporated herein in its entirety, Defendants respectfully request this Court to deny Plaintiff's motion to reopen

3

discovery, file an amended complaint, and extend deadlines.

Dated: December 5, 2002

STEVENS & LEE

By *E. Thomas Henefer*
E. Thomas Henefer
Attorney I.D. No. 55773
Kirk L. Wolgemuth
Attorney I.D. No. 45792
111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania 19603
(610) 478-2000

Attorneys for Defendants UNUM Provident Corporation, Paul Revere Insurance Company, and New York Life Insurance Company

4

## CERTIFICATE OF SERVICE

I, E. THOMAS HENEFER, Esquire, certify that on this date, I served a certified true and correct copy of the foregoing RESPONSE IN OPPOSITION upon the following counsel of record, by first class mail, postage prepaid, addressed as follows:

>Richard C. Angino, Esquire
>4503 North Front Street
>Harrisburg, PA 17110-1708

*E. Thomas Henefer* (signature)
E. Thomas Henefer

Date: December 5, 2002