⑧①
12/9/02

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VINCENZO MAZZAMUTO,        :    CIVIL ACTION
               Plaintiff,        :    NO. 1:CV-01-1157
                             :
        v.        :
                             :
UNUM PROVIDENT        :    JUDGE CONNER
CORPORATION, et al.,        :
               Defendants        :

**FILED**
**HARRISBURG, PA**

DEC 0 6 2002

MARY E. D'ANDREA, CLERK
Per _____
          Deputy Clerk

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
## TO PLAINTIFF'S MOTION TO REOPEN DISCOVERY, FILE AN
## AMENDED COMPLAINT, AND EXTEND DEADLINES

Dated:  December 5, 2002        STEVENS & LEE

                             By _E. Thomas Henefer_____
                               E. Thomas Henefer
                               Attorney I.D. No. 55773
                               111 North Sixth Street
                               P.O. Box 679
                               Reading, Pennsylvania  19603
                               (610) 478-2000

                             Attorneys for Defendants

## I.    INTRODUCTION

Defendants hereby oppose plaintiff's motion to reopen discovery.  Extensive discovery in this case has revealed that plaintiff does not have a viable claim under Third Circuit law because he cannot satisfy his contractual burden of proof to recover either total or partial disability benefits.  Rather than focus on his own claim (which should not survive summary judgment), plaintiff seeks to extend deadlines and dive into a morass of discovery over recent television tabloid reports about UNUMProvident and shift the focus away from his dubious claim.

Moreover, UNUMProvident sharply disputes the tabloids' reports and any injection of their accusations will only lead to additional delays and expense as discovery will be needed to create an accurate factual record.  In sum, plaintiff's approach conflicts with the Rules of Civil Procedure, the Rules of Evidence and common sense.  The Court should not hesitate in rejecting plaintiff's motion.

## II.    PROCEDURAL HISTORY

Plaintiff alleges claims for bad faith, under 42 Pa. C.S.A. § 8371, and breach of contract arising from the denial of his claim for disability benefits.  The deadlines (which were extended once) for both discovery and expert reports expired in <u>June 2002</u>.  Within the deadlines, several experts were identified and reports exchanged.  There was also substantial discovery including numerous depositions.  Both the discovery and expert phases of the case were framed by the allegations of the complaint, which focused on plaintiff's own claim and not on

1

unfounded allegations of a "pattern and practice" of denying claims. Summary judgment motions were filed by both parties, again addressing plaintiff's own claim. Plaintiff raised his pattern and practice allegations for the first time after discovery; after expert reports; and after the summary judgment motions.

## III.  FACTUAL HISTORY

### The Facts On Plaintiff's Own Claim Support Defendants' Position

As outlined in detail in defendants' summary judgment brief, plaintiff claims he is disabled by back and psychological problems. The critical issue is whether he can perform his occupational duties as a restaurant owner. For years he consistently described those duties as sedentary:

- "[E]xecutive, office duties only" (Sum. Judgment Appendix, Exh. B at 330).
- "[M]anage employees, work schedules; book work; deal with food companies; phone; and administration and office duty" (Id. at 42-43).
- "Executive - 50%" and "Office - 50%" (Id. at 549).
- He "occasionally" had to lift or carry five-pound objects (Id. at 539).
- He had to sit for 3.5 total hours (as opposed to at a time), stand for 3.5 hours and walk for 1 hour (Id.).

The undisputed facts do not support plaintiff's claim that he cannot perform his occupational duties. Indeed, even Dr. Bower conceded -- among other things -- that if plaintiff's back was the only problem (as his "expert" Mr. Rose contends), he could perform the occupational duties he described to Paul Revere (i.e., 20% bookkeeping, 20% office duties and 60% supervising employees). (Id., Exh. G at 54-57 and 59).

Also instructive are plaintiff's non-occupational activities, such as Internet stock trading (which plaintiff has predictably tried to exclude from evidence), which prove that he can perform his occupational duties. While plaintiff claims it is too stressful for him to do bookkeeping, pay bills and order supplies, he engaged in close to $6 million in stock trades in 2000 alone. (Id., Exh. C at 49-51; Exh. I). Plaintiff made these investment decisions on his own, followed the market closely and made his trades by computer. (Id. at 49, 53-54). Many stocks were held for as little as a day or two. (Id. at 49). And, while plaintiff claims working at his restaurant is too stressful, he says losing over $375,000 in two years in stock trades did not bother him, or make him either anxious or angry. (Id. at 54).

**Plaintiff's Effort To Use McSharry To Shift The Focus Away From His Claim**

Plaintiff has made a series of attempts to shift the focus away from his own dubious claim to irrelevant and inaccurate allegations by third parties unrelated to this case. First, as detailed in prior motions, plaintiff attempted to designate as an expert (well after the expert report deadline had passed) a former UNUMProvident employee, Dr. McSharry, who claims in his wrongful discharge lawsuit that UNUMProvident pressured in-house doctors to support claim denials.

Although he filed a motion, plaintiff never obtained an "expert" report from McSharry. Instead, he designated McSharry's deposition transcript as an exhibit (addressed in defendants' motion in limine). McSharry is also a "witnesses" identified in the tabloid reports and someone plaintiff presumably seeks to depose.

3

[See Plaintiff's Motion, ¶14]. He is also an excellent example of how such third

parties have no relevant information about this case:

- McSharry has no knowledge of the medical personnel who reviewed plaintiff's claim in the Worcester, Massachusetts facility, which McSharry never visited in his 13 months with UNUMProvident.

- He admitted a complete lack of any factual knowledge regarding any case he did not review, which would include Mazzamuto's claim.

- McSharry at least implicitly concedes there was no uniform practice to deny claims even in the Chattanooga General Medical impairment unit where he worked. McSharry himself did not deny all claims that came to him for review, nor did he assert that other doctors did so; instead, he gave his opinion (at best, speculation) that some doctors would change their opinions while others would not.

- McSharry further acknowledged that the Appeals Unit made fair and valid assessments of claims.

- McSharry even disagreed with claims representatives who wanted to pay claims that he believed were not supported by the record.

McSharry's accusations provide no proper basis for discovery in this case.

He exemplifies why deposing people with no knowledge of plaintiff's claim is a

waste of time (his deposition alone spanned 3 days) and should not be allowed.

## Plaintiff's Effort To Rely On Facts Of Other Cases

Plaintiff also seeks to reopen discovery to address an unrelated opinion (by a

Magistrate Judge in California) in Hangarter v. The Paul Revere Life Insurance

Co., No. C99-5286 JL, 2002 U.S. Dist. LEXIS 21780, (N.D. Cal. Nov. 13, 2002).

Plaintiff's reliance on Hangarter as a pretext to reopen discovery should be rejected

because Hangarter has been (or will be) appealed; therefore, the Magistrate Judge's

opinion is not the final word on that case (much less anything else).

SL1 311884v1/10305.060

Moreover, an investigation into <u>Hangarter</u> will lead to a mini-trial here over that case, once again diverting the Court's attention from the merits (or lack of merits) of plaintiff's claim. Among other things:

- The plaintiff there was a chiropractor who was paid $337,508.15 in benefits before Paul Revere concluded that she was not disabled.

- After her own physician cleared her to return to work in 1998, she replaced him with a chiropractor (and personal friend) who, with no change in diagnosis or symptoms, declared her disabled.

- An IME found she had no impairment to preclude her from working.

- Several of her former employees testified that she had actually worked during periods of time when she claimed to be disabled.

- The Court relied extensively on an expert witness who has been found unqualified to testify about disability claims handling by other courts. [<u>See</u> Exhibit A, <u>Baker v. Provident Life & Accident Ins. Co.</u>, Slip. Op., October 31, 2002 (Ruling No. 2), Superior Court of California].

Should the Court be distracted from plaintiff's claim by irrelevant facts about a Magistrate's opinion (under appeal) in an unrelated case? Conversely, should UNUMProvident be allowed to introduce judicial decisions affirming claims denials to prove that the decision here was correct? The answer to both questions is, of course, no. Contrary to plaintiff's position, there is no support in the rules or applicable case law for opening this case to such irrelevant information.

### Plaintiff's Effort To Use Media Reports
### To Distract From The Shortcomings Of His Claim

The television tabloids on which plaintiff relies are also irrelevant and unreliable. Both reports followed the same approach of trying to color the entire company by focusing on one or two claim decisions, coupled with allegations by a

handful of former employees (or alleged former employees) of improper claims practices. In fact, Sixty Minutes grossly mischaracterized the individual claims to which it referred. And Dateline relied on "witnesses" in shadows whose voices were scrambled; there is no way to tell whether these so-called "witnesses" are UNUMProvident employees, Dateline employees or third parties. There is, of course no worse form of hearsay than from an unidentified witness with a muffled voice. There is no conceivable evidentiary foundation for such ratings-driven theatrics, much less any meaningful opportunity to cross-examine.

Notably absent from both tabloids was any meaningful discussion of the facts regarding UNUMProvident companies' claims handling:

- UNUMProvident companies paid over $3.6 billion in claims in 2001.
- UNUMProvident companies paid over $9 billion in claims since merger of companies in 1999.
- UNUMProvident companies handled over 400,000 new claims in 2001 and paid 90% of the new claims.
- Of the 10% of new claims denied, roughly half of the claimants were no longer claiming disability when payments would have begun and less than 2% of the new claims were denied because the claimant was found to not be disabled.
- Less than four-tenths of 1% of all claims filed lawsuits.
- For cases in litigation, courts ruled in UNUMProvident's favor more than 75% of the time.

Plaintiff's motion squarely presents the following question: Should this case be about plaintiff's claim or should discovery be reopened to allow a lengthy (and costly) debate about corporate culture and claims of other insureds of

6

UNUMProvident companies?  The Court should not hesitate to deny plaintiff's motion.

## IV.  ARGUMENT

### A.  DISCOVERY SHOULD NOT BE REOPENED TO SHIFT THE FOCUS FROM THE SHORTCOMINGS OF PLAINTIFF'S CASE

It is easy to see why plaintiff wants to distract the Court from the facts of this case:  he cannot satisfy his burden of proof.  Third Circuit law, as described in Russell v. Paul Revere Life Ins. Co., 288 F.3d 78 (3d Cir. 2002), confirms that plaintiff's burden of proof for total disability benefits is not to prove that he cannot perform "some" of his occupational duties; instead, plaintiff has the burden of proving that he "cannot perform any of the important duties of his position." 288 F.3d at 82 (emphasis added).  Russell also confirms that residual disability benefits are not payable if plaintiff does not return to work: "As for benefits on partial disability, they are not payable unless the insured is working." Id.

Russell undermines plaintiff's claim thoroughly.  Again, the undisputed facts prove that plaintiff can perform most (if not all) of his alleged occupational duties (such as bookkeeping and office duties).

Plaintiff has tried a number of strategies to deal with Russell.  First, he tried to ignore Russell altogether.  Then he argued that Russell is irrelevant because it is an ERISA case.  But, as defendants noted, the applicable part of Russell is not the ERISA arbitrary and capricious standard of review but the holding which involves plaintiff's contractual burden of proof and contract interpretation.  Russell v. Paul

7

Revere Life Ins. Co., 148 F. Supp. 2d 392, 404-05 (D. Del. 2001) (finding that "the policy language places upon the employee the initial burden to demonstrate that he or she can not perform any of the important duties of his position") aff'd, 288 F.3d 78 (3d Cir. 2002). Courts in other Circuits have applied the same rules of contract interpretation, McOsker v. Paul Revere Life Ins. Co., 279 F.3d 586, 588 (8th Cir. 2002), even when the policy in question was not subject to ERISA, Yahiro v. Northwestern Mutual Life Ins. Co., 168 F. Supp. 2d 511, 517-518 (D. Md. 2001); See also, Gallagher v. Reliance Standard Life Ins. Co., 305 F.3d 264 (4th Cir. 2002)(September 2002 decision applying standard analogous to Russell).[1]

In short, it is easy to see why plaintiff would want to change the topic from his burden of proof to a tabloid-style attack on UNUMProvident. But the fact that plaintiff cannot satisfy his burden of proof is no reason to allow an extension of the discovery deadline to pursue irrelevant (and inaccurate) information.

## B. THE STANDARDS TO REOPEN DISCOVERY ARE NOT MET

### 1. Standards for Reopening Discovery

Plaintiff's approach suggests he can reopen discovery in a cavalier fashion to pursue a new strategy (i.e., pattern and practice) after discovery is closed, expert reports are exchanged and summary judgment motions filed. But Rule 16 scheduling orders "are at the heart of case management," and if they can be

---

[1] The recently-decided Gallagher also undermines plaintiff's position that his award of SSDI benefits is somehow binding here. Unlike the standard for private disability policies, SSDI benefits can be awarded where a plaintiff has part-time work capacity but does not return to work. 305 F.3d at 275.

disregarded by non-compliance, "their utility will be severely impaired." <u>Koplove</u>

<u>v. Ford Motor Co.</u>, 795 F.2d 15, 18 (3d Cir. 1986).  Under Rule 16(b), a court may

modify a Scheduling Order only upon a showing of good cause.  To establish good

cause, the moving party must demonstrate that a more diligent pursuit of discovery

was impossible.  <u>McElyea v. Navistar Int'l Trans. Corp.</u>, 788 F. Supp. 1366, 1371

(E.D. Pa. 1991)(rejecting an extension of discovery deadline to pursue a new

theory of liability which would result in further delays).

 Further, it is a threshold requirement of Rule 26(b) that plaintiff demonstrate

that the information sought is relevant to his claims.  Fed. R. Civ. P. 26(b).  And

the Court has discretion to limit discovery where "the burden or expense of the

proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2)(iii); <u>see</u>

<u>Clarke v. Mellon Bank, N.A.</u>, No. 92-CV-4823, 1993 U.S. Dist. LEXIS 6680, at *

18, 23 (E.D. Pa. May 11, 1993)(denying untimely discovery requests which are

"either a last minute effort to obtain information available … prior to the discovery

deadline, or are irrelevant").

 Discovery provisions are also subject to the Rule 1 principle that they be

"construed to secure just, speedy, and inexpensive determination of every action."

Fed. R. Civ. P. 1; <u>Allegheny Ludlum Corp. v. Nippon Steel Corp.</u>, No. 89-5940,

1991 U.S. Dist. LEXIS 2254, at * 4 (E.D. Pa. February 25, 1991).  Where justice

requires "the district courts should not neglect their power under Rule 26(c) to

9

restrict discovery." Id. at * 6 (denying motion to take expert depositions after the deadline).

### 2.  The Information Plaintiff Seeks To Pursue Is Irrelevant

The 2000 amendments to the Rules of Civil Procedure significantly limited the scope of discovery.  First, Rule 26(b)(1) no longer broadly defines "relevancy" with reference to the "subject matter involved in the pending action" as it was in the prior version of the rule.  Now, to be discoverable, information must be "relevant to the claims or defense of any party... ."  Second, under Rule 26(b)(1) inadmissible information reasonably calculated to lead to the discovery of admissible evidence must first be "relevant information" to be discoverable.  The 2000 Advisory Committee Notes underscore this point.

Thus, the information plaintiff seeks would be discoverable only if it was relevant to the parties' claims or defenses.  And even before the amendments to Rule 26, many courts held that discovery on other claims to support "pattern and practice" allegations is not permissible.  E.g., Cantor v. Equitable Life, 1998 U.S. Dist. LEXIS 8435 at * 10-11 (E.D. Pa. 1998); Kaufman v. Nationwide Mutual Ins. Co., 1997 U.S. Dist. LEXIS 18530 at * 6 (E.D. Pa. 1997); Shellenberger v. Chubb Life, 1996 U.S. Dist. LEXIS 2375 (E.D. Pa. Feb. 22, 1996).

For example, in North River Ins. Co. v. Greater New York Mutual Ins. Co., 872 F. Supp. 1411 (E.D. Pa. 1995), the court held information on other "bad faith" cases was neither relevant nor reasonably calculated to lead to discovery of

10

admissible evidence on whether the insurer had acted in bad faith in the lawsuit at issue. The court held: "any discovery of this material would properly be characterized as a fishing expedition, causing needless expense and burden to all concerned." Id. at 1412.

These same considerations underscore why plaintiff's motion should be denied. Again, the relevant issue here is whether plaintiff is disabled under the policy and Russell. What happened in other cases is simply not relevant and should not be discoverable, let alone used as grounds to reopen discovery.

This is true as well of plaintiff's attempt to use the Magistrate Judge's finding of a violation of California insurance laws in Hangarter. Setting aside the fact of the appeal in Hangarter, this case involves Pennsylvania law. More importantly, the Third Circuit in Dinner v. United Services Automobile Assoc., No. 01-1299, 2002 U.S. App. LEXIS 3408 (3d Cir. Jan. 24, 2002), held that, among other things, that most of the acts prohibited by the UIPA and UCSP, including provisions addressing "the timing of investigations and payment of claims," are irrelevant to the issue of bad faith. Id. at *9-11.

### 3. Extending the discovery deadline would violate Rule 1.

Plaintiff's motion conflicts with the fundamental principles of Rule 1 of the Federal Rules of Civil Procedure: The rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." See Fidelity Deposit Co. v. McCulloch, 168 F.R.D. 516, 526 (E.D. Pa. 1996).

Here, plaintiff's proposed foray into irrelevant information will violate the mandate of Rule 1. For example, the third-party and tabloid allegations plaintiff raises are wrong and will be disputed by defendants. As outlined above, the facts about UNUMProvident companies' claims payment practices refute any pattern and practice of wrongfully denying claims.

Moreover, much of the information is wrong on its face such as Exhibit I to plaintiff's motion, a print out from an Internet site that inaccurately proclaims that companies such as MetLife and John Hancock are UNUMProvident subsidiaries. Other information (such as Exhibit D to plaintiff's motion) appears to be marketing materials from members of the plaintiffs' bar. Indeed, there is no doubt the plaintiffs' bar is behind much of the recent focus on UNUMProvident. For example, McSharry conceded he had met for approximately 10 hours with a group of plaintiffs' lawyers before his deposition testimony.

Defendants would be entitled to rebut every allegation rendered by someone like McSharry. Notably, this would involve cross-examination about specific claims the witness believes were improperly denied as well as other issues going to credibility and bias. McSharry's deposition alone spanned three days. This may also involve testimony by other former employees who would dispute McSharry's allegations about the UNUMProvident companies' claim handling practices.

Similarly, if plaintiff is allowed discovery on Hangarter, defendants intend to present their side of that case. They also will introduce evidence about the

12

majority of the lawsuits in which their claims handling decisions have been affirmed by courts.

The same issues will arise if plaintiff is allowed to pursue reports by the television tabloids which offered a decidedly distorted view of UNUMProvident. Again, they ignored key facts like (a) UNUMProvident companies pay the overwhelming majority of claims they receive; (b) they pay out billions every year in claims; and (c) less than four-tenths of 1% of all claims end up in litigation.

If the Court grants plaintiff's motion, all of this irrelevant information will be pursued in discovery at a great cost and presented to the Court along with the only thing the Court should be considering (i.e., can plaintiff meet his burden of proof under <u>Russell</u>). Such a result undermines the objectives of Rule 1.

### 4. Plaintiff's Proposed Discovery Would Be Properly Rejected Under Rule 26

Even before the December 2000 amendments, discovery was never without limits. Under Rule 26(b)(2), discovery can be denied where the burden or expense of the proposed discovery outweighs its likely benefit. Rule 26(c) authorizes protective orders to prevent annoyance, oppression or undue burden or expense.

These principles apply with full force here. First, the proposed discovery does not deal with relevant information; indeed, it has nothing to do with plaintiff's claim. By contrast, the burden and expense of the discovery will be substantial as defendants will not allow plaintiff to treat the proposed discovery as a one-way street; rather, defendants will vigorously defend this unfounded attack and build a

13

record of their own through discovery if needed. Indeed, if discovery were still open, plaintiff's latest effort would properly be rejected under Rule 26(c) to prevent annoyance, oppression or undue burden or expense under Rule 26.

Finally, even if relevant, the discovery would neither be admissible nor lead to admissible evidence. The allegations constitute inadmissible hearsay under Federal Rule of Evidence 802, made by people who lack personal knowledge under Rule 602. And their inaccurate allegations amount to nothing more than "character evidence" which is inadmissible under Rule 404(b). See J & R Ice Cream Corp. v. California Smoothie Licensing Corp., 31 F.3d 1259, 1268-69 (3d Cir. 1994). Further, even if admissible, the allegations would be properly excluded under Rule 403 due to their prejudicial impact. For these reasons, discovery into the allegations cannot lead to discovery of admissible evidence.

## V. CONCLUSION

For the reasons set forth above, the Court should deny plaintiff's motion to reopen discovery.

Dated: December 5, 2002            STEVENS & LEE

                                   By _____
                                   E. Thomas Henefer
                                   Attorney I.D. No. 55773
                                   111 North Sixth Street
                                   P.O. Box 679
                                   Reading, Pennsylvania 19603
                                   (610) 478-2000

                                   Attorneys for Defendants

14

*A*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | DEPT. 31 |
|---|---|---|
| MTR: 10/31/02 | | |
| HONORABLE ANDRIA K. RICHEY          JUDGE | S. WONG | DEPUTY CLERK |
| HONORABLE                          JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| #10 | | |
| S. ALEXANDER, CA       Deputy Sheriff | NONE | Reporter |

| 1:00 pm | BC259396 | Plaintiff Counsel | |
|---|---|---|---|
| | ROBERT K. BAKER | | NO APPEARANCES |
| | VS. | Defendant | |
| | PROVIDENT LIFE & ACCIDENT INS. | Counsel | |
| | CO., ET AL 10/2/1 Fed. Ct. rem | | |
| | vacated per 12/5/01 order | | |

**NATURE OF PROCEEDINGS:**

**RULING ON SUBMITTED MATTER;**

The Court having taken the matter under submission
on October 25, 2002 rules as follows:

    1.  The motion of David Sheffner for summary
judgment is granted.  The Court finds that plaintiff
has submitted no evidence which creates a triable
issue of material fact supporting the allegations
pled against Dr. Sheffner.  The evidence submitted
suggests at best a professional dispute among the
psychiatric and psychological professionals in this
case, but does not support or give rise to
reasonable inferences that Sheffner intended to
defraud Mr. Baker, or disrupt his "contract" with
the insurers.  Sheffner objects to plaintiff's
expert declarations as being without foundation to
assess whether Sheffner's exam was within the
standard of care, and this objection is sustained;
in addition, to the extent these experts opine that
Sheffner was biased those opinions are without
foundation.  The evidence proffered by plaintiff
does not demonstrate triable issues as to the
fairness or reasonableness of Sheffner's exam.  The
Court overrules plaintiff's objections to the
Declaration of Sheffner, and as to plaintiff's
objections to the new evidence, notes that the Court
does not rely on the Braff declaration. The Court
notes however that the Braff declaration responds to

Page   1 of   5      DEPT. 31

MINUTES ENTERED
10/31/02
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 10/31/02 | | | DEPT. 31 |
|---|---|---|---|
| HONORABLE ANDRIA K. RICHEY | JUDGE | S. WONG | DEPUTY CLERK |
| HONORABLE #10 | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| S. ALEXANDER, CA | Deputy Sheriff | NONE | Reporter |

| 1:00 pm | BC255396 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | ROBERT K. BAKER VS. | Defendant Counsel | |
| | PROVIDENT LIFE & ACCIDENT INS. CO., ET AL 10/2/1 Fed. Ct. rem vacated per 12/5/01 order | | |

**NATURE OF PROCEEDINGS:**

the argument proffered by plaintiff, so it can not
be said plaintiff had no opportunity to address the
issue of standard of care. In any event, for
purposes of this ruling the Court will sustain
plaintiff's objection to the Braff declaration,
since the Court finds that plaintiff did not proffer
admissible evidence to create a triable issue of
material fact in any event. As to the objection to
Sheffner's argument regarding Civil Code section 47,
the Court does not find that objection to be well-
taken. Since the Court can grant summary judgment
based on grounds not asserted in the papers, the
Court can certainly consider a legal argument raised
in a reply, especially since the Court allowed oral
argument and the plaintiff had an opportunity to
respond. No request was made to the Court to allow
for any additional briefing on this issue. Moving
party is ordered to prepare an order citing to
undisputed facts and evidence as required by CCP
437c, and also to prepare a judgment.

    2.  The motion of Provident Life for summary
adjudication and of Genex for summary judgment are
granted. The objections of Provident to the
Declaration of Caliri are generally sustained to the
extent Caliri attempts to offer the opinions stated
in paragraph 11. His declaration does not
demonstrate that he has expertise in disability
claims handling, or that he can opine that Baker's
claim was handled in accordance with the procedures
he addresses. As to the individual objections, the

                    Page    2 of  5    DEPT. 31

MINUTES ENTERED
10/31/02
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 10/31/02 | | | DEPT. 31 |
|---|---|---|---|
| HONORABLE ANDRIA K. RICHEY | JUDGE | S. WONG | DEPUTY CLERK |
| HONORABLE #10 | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| S. ALEXANDER, CA | Deputy Sheriff | NONE | Reporter |

| 1:00 pm | BC255396 | Plaintiff Counsel | |
|---|---|---|---|
| | ROBERT K. BAKER VS. | | NO APPEARANCES |
| | PROVIDENT LIFE & ACCIDENT INS. CO., ET AL  10/2/1 Fed. Ct. rem vacated per 12/5/01 order | Defendant Counsel | |

NATURE OF PROCEEDINGS:

Court sustains all but the objection to page 10, lines 20-23, which is overruled.  The Court overrules plaintiff's objections to the Declaration of Satz; sustains those posed to the Declaration of Jeffrey Johnson except as to paragraph 29, lines 4-6, which is overruled, and as to paragraphs 4-31, which are overruled.  The Court sustains plaintiff's objection to paragraph 6 of the Weinman declaration, and also sustains the objection to the supplemental Weinman declaration, although the Court is not convinced the deposition excerpts are truly new evidence.  But the Court does not rely on it in any event.
      The Court finds that the statement of undisputed facts submitted by Provident and Genex is essentially undisputed.  Plaintiff does not submit admissible evidence to counter the statement. Again, plaintiff's evidence does demonstrate that there are triable issues of material fact as to coverage, and certainly shows that there is a real dispute among the professionals in this case, but does not create triable issues on the tort claims asserted here.  The "genuine dispute" doctrine clearly applies here.  Baker does not submit admissible evidence demonstrating his allegations that Sheffner or Sbordone were dishonestly chosen, or that their conclusions were pre-disposed. His arguments and inferences to the contrary, and his interpretations of various documents, do not create triable issues--nor does the Court find the

Page  3 of  5    DEPT. 31

MINUTES ENTERED
10/31/02
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 10/31/02 | | DEPT. 31 |
| HONORABLE ANDRIA K. RICHEY | JUDGE | S. WONG   DEPUTY CLERK |
| HONORABLE #10 | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| S. ALEXANDER, CA | Deputy Sheriff NONE | Reporter |

1:00 pm  BC255396

ROBERT K. BAKER
VS.

PROVIDENT LIFE & ACCIDENT INS.
CO., ET AL  10/2/1 Fed. Ct. rem
vacated per 12/5/01 order

Plaintiff
Counsel

Defendant
Counsel

NO APPEARANCES

## NATURE OF PROCEEDINGS:

inferences he draws to be reasonable on the record
before it.
      Moving party to prepare an order citing to
undisputed facts and evidence as required by CCP
437c, and also to prepare a judgment with respect to
Genex.
      3.   The motion of Robert Sbordone for summary
judgment is granted.  The Court overrules the
objections of plaintiff to the Declaration of Reade.
Again, the declarations submitted by plaintiff in
opposition are, with the exception of that of Dr.
Lechuga, properly objected to on foundational
grounds, and those objections are sustained.  As to
the Declaration of Dr. Lechuga, it does not support
plaintiff's claims, or otherwise create issues of
material fact which must be tried as to the tort
theories herein alleged. Differences in opinion and
methodology are not material to the resolution of
these issues, and Lechuga does not assert that
Sbordone's exam was unfair, fraudulent or dishonest.
      Moving party to prepare an order citing to
undisputed facts and evidence as required by CCP
437c, and also to prepare a judgment.
      All orders must be prepared and submitted per
CRC 391.

Clerk to give notice.

A copy of this minute order is sent via fax mail to:

Page  4 of 5    DEPT. 31

MINUTES ENTERED
10/31/02
COUNTY CLERK

10-31-02  11:28am  From-GALTON & HELM /L.A.                    213-629-0037      T-646  P.06/06  F-755

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 10/31/02                                                                    DEPT. 31

HONORABLE ANDRIA K. RICHEY           JUDGE  S. WONG            DEPUTY CLERK

HONORABLE                            JUDGE PRO TEM            ELECTRONIC RECORDING MONITOR
#10

       S. ALEXANDER, CA        Deputy Sheriff  NONE                    Reporter

1:00 pm BC255396                        Plaintiff
                                        Counsel
     ROBERT K. BAKER                                     NO APPEARANCES
     VS.
                                        Defendant
     PROVIDENT LIFE & ACCIDENT INS.     Counsel
     CO., ET AL  10/2/1 Fed. Ct. rem
      vacated per 12/5/01 order

NATURE OF PROCEEDINGS:

Timothy Morris
GIANELLI & MORRIS
(213) 620-1599

David J. Weinman
GALTON & HELM, LLP
(213) 629-0337

Richard Reade, Jr.
KAMEL & MAXWELL
(310) 857-1330

James J. Kjar
REBACK MCANDREWS & KJAR, LLP
(310) 297-9800


                    Page  5 of  5   DEPT. 31        MINUTES ENTERED
                                                    10/31/02
                                                    COUNTY CLERK


                                                              TOTAL P.05

### CERTIFICATE OF SERVICE

I, E THOMAS HENEFER, ESQUIRE, certify that on this date, I

served a certified true and correct copy of the foregoing Memorandum of Law

upon the following counsel of record, by first class mail, postage prepaid,

addressed as follows:

> Richard C. Angino, Esquire
> 4503 North Front Street
> Harrisburg, PA  17110-1708

E. Thomas Henefer

Date:  December 5, 2002