● ORIGINAL ●

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
DEC 10 2002
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

VINCENZO MAZZAMUTO,
    Plaintiff,

v.

UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE COMPANY
    Defendants

CIVIL ACTION – LAW

NO. 1:CV-01-1157

JUDGE CONNER

JURY TRIAL DEMANDED

**PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN DISCOVERY,
FILE AN AMENDED COMPLAINT, AND EXTEND DEADLINES**

Both parties have sought the Court's permission to submit supplemental reports. Both requests should be granted.

Plaintiff has sought the Court's permission to submit supplemental expert reports dealing with UNUM/Provident's pattern and practice. Other courts have permitted testimony along these lines. See, Plaintiff's principal brief in this regard. UNUM/Provident's "pattern and practice" is virtually the identical language which appears in the Pennsylvania Unfair Practices Act, 40 P.S. §1171.1, *et seq.*, Act of July 22, 1974, P.L. 589, No. 205. That act provides in relevant part:

(10) Any of the following acts <u>if committed or performed with such frequency as to indicate a business practice</u> shall constitute unfair claim settlement or compromise practices.

* * *

(ii) Failing to acknowledge and act promptly upon written or oral communications with respect to claims arising under insurance policies.

(iii) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.

(iv) Refusing to pay claims without conducting a reasonable investigation based upon all available information.

(v) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed and communicated to the company or its representative.

(vi) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which the company's liability under the policy has become reasonably clear.

* * *

(xii) Delaying the investigation or payment of claims by requiring the insured, claimant or the physician of either to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information.

* * *

(xiv) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

Although this case was commenced with respect to Defendants' treatment of Plaintiff, the Court should permit a "pattern and practice" allegation and proof based upon recently-discovered facts. Plaintiff's expert's supplemental reports are based upon depositions taken in other cases involving UNUM/Provident insureds where UNUM/Provident's attorneys participated in the depositions. As pointed out in Plaintiff's principal brief, excerpts from these depositions and/or Plaintiff's expert's opinions based upon these depositions are relevant evidence both as to the