92
1-14-03
sc

FILED
HARRISBURG, PA

JAN 13 2003

MARY E. D'ANDREA, CLE
Per _____
    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENZO MAZZAMUTO, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 1:CV-01-1157 |
| | : | |
| v. | : | |
| | : | |
| UNUM PROVIDENT | : | JUDGE CONNER |
| CORPORATION, et al., | : | |
| Defendants | : | |

### DEFENDANTS' MOTION REQUESTING
### LEAVE OF COURT TO FILE SUR REPLY BRIEF

Defendants, UNUM Provident Corporation, Paul Revere Life Insurance Company and New York Life Insurance Company ("Defendants") hereby move this Court for permission to file a Sur Reply, attached as Exhibit 1, in opposition to (a) Plaintiff's Motion To Supplement Record and (b) Plaintiff's Motion To Add Additional Authority.

SL1 319271v1/10305.060

This Motion is necessary because Plaintiff's Reply Brief in support of the above-referenced motions is unresponsive to Defendants' Memoranda in response to the motions in violation of Local Rule 7.7 and instead seeks to introduce new arguments and new evidence.

WHEREFORE, for the reasons set forth above and in the accompanying brief, which is incorporated herein in its entirety, Defendants respectfully request the Court to grant their motion for leave to file a sur reply brief.

Dated: January 10, 2003

STEVENS & LEE

By _____
E. Thomas Henefer
Attorney I.D. No. 55773
111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania 19603
(610) 478-2000

Attorneys for Defendants

## CERTIFICATE OF NON-CONCURRENCE

Pursuant to Local Rule 7.1 I, E. Thomas Henefer, certify that opposing counsel does not concur in the foregoing motion.

*E. Thomas Henefer*
E. Thomas Henefer

Date: January 10, 2003

Exh 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENZO MAZZAMUTO, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 1:CV-01-1157 |
| | : | |
| v. | : | |
| | : | |
| UNUM PROVIDENT | : | JUDGE CONNER |
| CORPORATION, et al., | : | |
| Defendants | : | |

**DEFENDANTS' SURREPLY
IN OPPOSITION TO PLAINTIFF'S MOTION TO
SUPPLEMENT RECORD AND IN OPPOSITION TO
PLAINTIFF'S MOTION TO ADD ADDITIONAL AUTHORITY**

Defendants, UNUM Provident Corporation, Paul Revere Life Insurance Company and New York Life Insurance Company ("Defendants") file this Sur Reply in opposition to (a) Plaintiff's Motion To Supplement Record and (b) Plaintiff's Motion To Add Additional Authority.

**I. PROCEDURAL AND FACTUAL HISTORY**

Plaintiff alleges claims for bad faith and breach of contract arising from the denial of his claim for disability benefits. Among the many documents Plaintiff has filed recently is a reply brief on two motions he previously filed (one to supplement the authorities he previously provided on summary judgment, the other to supplement the record).

Although styled as a reply brief, Plaintiff's brief actually attached two new pieces of "information" which are journal articles written by plaintiffs'

1

attorneys in other states regarding litigation against insurance companies. This is not, however, a proper function of a reply brief. And, it is contrary to the requirements of this Court's Local Rule 7.7, which requires reply briefs to address "matters argued in respondent's brief."

Moreover, neither of Plaintiff's exhibits are proper evidence for summary judgment motions. Neither offers evidence of a material fact that would help the Court render a decision on the merits of this case as a matter of law. As a result, Plaintiff's reply brief and both exhibits should be excluded from the Court's consideration.

## II. QUESTION PRESENTED

A. WHETHER PLAINTIFF'S ARTICLES SHOULD BE STRICKEN WHERE THEY WERE INTRODUCED FOR THE FIRST TIME IN A REPLY BRIEF AND ARE NEITHER RELEVANT NOR COMPETENT EVIDENCE FOR SUMMARY JUDGMENT PURPOSES

[Suggested Answer: Yes].

## III. ARGUMENT

At the outset, it is important to recognize that both of the articles Plaintiff submits were written by members of the plaintiff's bar apparently as advertising pieces. They bear zero relationship to this case and are no more helpful than articles from defense journals discussing how to deal with fraudulent claims. In his reply brief, Plaintiff endorses the usefulness of these articles as a evidence of

2

bad faith and in support of his new-found pattern and practice theory. Yet, the assertions Plaintiff highlights from the articles are irrelevant to the facts of this case.

### A. Evidence Of "Other Claims" Is Irrelevant.

One example is the suggestion by one of the authors that bad faith claims are proven by looking at other claims. But courts in Pennsylvania have long recognized that evidence of other claims is not relevant to bad faith claims under Pennsylvania law. E.g., Cantor v. Equitable Life, 1998 U.S. Dist. LEXIS 8435 at * 10-11 (E.D. Pa. 1998); Kaufman v. Nationwide Mutual Ins. Co., 1997 U.S. Dist. LEXIS 18530 at * 6 (E.D. Pa. 1997); Shellenberger v. Chubb Life, 1996 U.S. Dist. LEXIS 2375 (E.D. Pa. Feb. 22, 1996); North River Ins. Co. v. Greater New York Mutual Ins. Co., 872 F. Supp. 1411 (E.D. Pa. 1995). Disability disputes are determined by the applicable policy language, the applicable case law, and the facts which are unique to each claim.

Neither article contains facts relevant to Plaintiff's claim. For example, the article included as Exhibit A discusses various methods available to practicing attorneys for creating a bad faith claim. It recommends the use of "other similar claims" as evidence of a pattern and practice of bad faith. As stated, however, the facts and circumstance of other claims are irrelevant to Mazzamuto's

3

claim and contrary Pennsylvania law. For theses reasons, the Court should strike Plaintiff's reply brief and exclude both exhibits.

### B. Plaintiff Raises Arguments On Issues Not Before The Court.

The articles are not only incorrect under Pennsylvania law but are also factually irrelevant in that they deal with scenarios having nothing to do with this case.

#### 1. No allegations of "misrepresentation on the application."

Contrary to Plaintiff's allegation, Defendants have never pursued a rescission action on Plaintiff's policy. Nor have they pursued rescission as a defense here. Yet, Plaintiff offers Exhibit B and its discourse on policy rescission for "misrepresentation on the application," as evidence of bad faith. Simply put, reasons an insurer may have for rescinding a policy are irrelevant to this case, because Defendants are not seeking rescission.[1]

Plaintiff's disability claim was denied because the medical and occupational information submitted for review did not prove he was entitled to benefits under the policy. Plaintiff's reply brief and proffered exhibits are irrelevant for assessing the merits of this case and should be excluded from the record.

---

[1] Ironically, Plaintiff's pattern and practices arguments have been directed towards Paul Revere and UNUMProvident Corporation rather than New York Life ("NYL"). However, the only party to even consider rescission was NYL, which considered the issue in 1996 but did not pursue it. Paul Revere has never raised a rescission defense.

4

### 2. No attempt to redefine Plaintiff's occupation

Plaintiff also offers Exhibits A and B as evidence that insurers sometimes try to redefine a claimant's occupation as a means to deny coverage. In Plaintiff's case, however, his occupational requirements have been well documented. Defendants have not changed their assessment of Plaintiff's own occupational requirements -- as he repeatedly described them for Defendants in his application and many claim forms.

On the contrary, Plaintiff, through a letter from his counsel in Spring of 2001, sought to redefine his occupation as one that requires him to do "anything and everything," including manual tasks such as cleaning (many of which he subsequently disclaimed in his deposition). Thus, Plaintiff's reply brief and accompanying Exhibits are unhelpful and irrelevant for assessing Defendant's conduct and should be stricken from the record.

## IV. CONCLUSION

For the reasons set forth above, the Court should disregard Plaintiff's reply brief to Defendants' memorandum of law in opposition to Plaintiff's motion to supplement record and in opposition to Plaintiff's motion to add additional authority and exclude Plaintiff's additional authority.

Dated: January __, 2003                    STEVENS & LEE

                                           By _____
                                               E. Thomas Henefer
                                               Attorney I.D. No. 55773
                                               111 North Sixth Street
                                               P.O. Box 679
                                               Reading, Pennsylvania 19603
                                               (610) 478-2000

                                           Attorneys for Defendants

6

SL1 317829v1/10305.060

## CERTIFICATE OF SERVICE

I, E THOMAS HENEFER, ESQUIRE, certify that on this date, I served a certified true and correct copy of the foregoing Motion Requesting Leave of Court to File Sur Reply upon the following counsel of record, by first class mail, postage prepaid, addressed as follows:

> Richard C. Angino, Esquire
> 4503 North Front Street
> Harrisburg, PA 17110-1708

E. Thomas Henefer

Date: January 10, 2003