

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENZO MAZZAMUTO, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 1:CV-01-1157 |
| | : | |
| v. | : | |
| | : | |
| UNUM PROVIDENT | : | JUDGE CONNOR |
| CORPORATION, et al., | : | |
| Defendants | : | |

FILED
HARRISBURG, PA

JAN 1 3 2003

MARY E. D'ANDREA, CL
Per _____ Deputy Clerk

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO FILE SUR REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT RECORD AND IN OPPOSITION TO PLAINTIFF'S MOTION TO ADD ADDITIONAL AUTHORITY

Defendants, UNUM Provident Corporation, Paul Revere Life Insurance Company and New York Life Insurance Company ("Defendants") have moved for permission to file a Sur Reply Brief in opposition to (a) Plaintiff's Motion To Supplement Record and (b) Plaintiff's Motion To Add Additional Authority. This Brief is filed in support of the motion.

### I. PROCEDURAL AND FACTUAL HISTORY

Plaintiff alleges claims for bad faith and breach of contract arising from the denial of his claim for disability benefits. Among the many documents Plaintiff has filed recently is a reply brief on two motions he previously filed (one to supplement the authorities he previously provided on summary judgment, the other to supplement the record).

1

SL1 319271v1/10305.060

Although styled as a reply brief, Plaintiff's brief actually attached two new pieces of "information" which are journal articles written by plaintiffs' attorneys in other states regarding litigation against insurance companies. As outlined below, Defendants seek leave of Court to file a sur reply brief because the articles are not properly introduced as part of a reply brief under the local rules and, more fundamentally, the articles are neither relevant nor competent evidence under Rule 56.

## II. QUESTION PRESENTED

### A. WHETHER DEFENDANTS SHOULD BE PERMITTED TO FILE A SUR REPLY BRIEF WHEN PLAINTIFF INTRODUCED NEW MATERIALS IN A REPLY BRIEF WHICH ARE NEITHER RELEVANT NOR COMPETENT EVIDENCE FOR SUMMARY JUDGMENT PURPOSES

[Suggested Answer: Yes]

## III. ARGUMENT

Local Rule 7.7 requires reply briefs to address "matters argued in respondent's brief." The rule does not envision that reply briefs be used to introduce new materials or arguments not previously addressed in the briefs leaving the opposition with no means to provide arguments on new issues.

Here, Plaintiff has attached two journal articles written by plaintiffs' attorneys on litigating claims against insurance companies. Neither article is relevant to this case. Nor are the articles competent evidence for purposes of Rule

2

56 (it appears that Plaintiff purports to offer the articles in connection with pending cross-motions for summary judgment).

In any event, Defendants should be permitted to have their arguments on the articles, which are outlined in the proposed sur reply brief attached to the motion, heard by the Court. Accordingly, Defendants respectfully request the Court to grant their motion for leave to file a sur-reply brief.

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request the Court to grant their motion for leave to file a sur reply brief.

Dated: January 10, 2003             STEVENS & LEE

By *E. Thomas Hehefer*
E. Thomas Hehefer
Attorney I.D. No. 55773
111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania 19603
(610) 478-2000

Attorneys for Defendants

3

## CERTIFICATE OF SERVICE

I, E THOMAS HENEFER, ESQUIRE, certify that on this date, I served a certified true and correct copy of the foregoing brief upon the following counsel of record, by first class mail, postage prepaid, addressed as follows:

>Richard C. Angino, Esquire
>4503 North Front Street
>Harrisburg, PA 17110-1708

E. Thomas Henefer

Date: January 10, 2003