ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VINCENZO MAZZAMUTO,      :     CIVIL ACTION
            Plaintiff,     :     NO. 1:CV-01-1157
                    :

     v.                 :
                    :

UNUM PROVIDENT        :     JUDGE CONNER
CORPORATION, et al.,      :
            Defendants     :

FILED
HARRISBURG, PA
JAN 1 5 2003
MARY E. D'ANDREA, CLERK
Deputy Clerk

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE AFFIDAVIT OF PLAINTIFF'S COUNSEL RICHARD C. ANGINO

## I.    INTRODUCTION

    Pursuant to Fed. R. Civ. P. 56(e), Defendants, UNUM Provident

Corporation, Paul Revere Life Insurance Company and New York Life Insurance

Company ("Defendants") move to strike the Affidavit of Plaintiff's Counsel,

Richard C. Angino (hereinafter "Angino Affidavit"). The Angino Affidavit is

another in a series of attempts by Plaintiff to introduce extrinsic, irrelevant, and

inaccurate information long after the discovery and expert report deadlines have

passed. As with Plaintiff's earlier efforts, his goal is to shift the focus from his own

case, which should not survive summary judgment because, as extensive discovery

has revealed, Plaintiff cannot satisfy his burden of proof under Third Circuit law.

    Using his counsel's affidavit, Plaintiff attempts to introduce a newspaper

article, which amounts to little more than hearsay within hearsay. The article

1

outlines irrelevant and unreliable anecdotal statements from unrelated cases. The Angino Affidavit and newspaper article are both unreliable and inadmissible and provide no useful information that the Courts of this Circuit consider appropriate for ruling on summary judgment.

## II.    PROCEDURAL HISTORY

Plaintiff alleges claims for bad faith and breach of contract arising from the denial of his claim for disability benefits. The deadlines for both discovery and expert reports expired in June 2002. Timely summary judgment motions were filed by both parties. Now, long after the deadlines have passed, Plaintiff has once again sought to introduce inaccurate, irrelevant, and inadmissible information into the case through an affidavit from his lawyer.

## III.   FACTUAL HISTORY

Plaintiff cannot satisfy his burden of proof, so he continues to divert attention from the merits of his own claim. As detailed in Defendants' summary judgment brief, Plaintiff claims his alleged back and psychological problems render him unable to perform his occupational duties as a restaurant owner.

For years he consistently described those duties as sedentary duties such as "executive, office duties only" and related tasks such as managing employees, preparing work schedules, keeping the books and ordering food supplies. (Sum. Judgment Appendix, Exh. B at 42-43, 330, 539 and 549). The undisputed facts do

2

not support Plaintiff's claim that he cannot perform his occupational duties. Indeed, even Dr. Bower conceded -- among other things -- that if Plaintiff's back was the only problem, he could perform the occupational duties he described to Paul Revere.  (Id., Exh. G at 54-57 and 59).

Also instructive are Plaintiff's non-occupational activities, such as Internet stock trading.  While Plaintiff claims it is too stressful for him to do bookkeeping, pay bills and order supplies, he engaged in close to $6 million in stock trades in 2000 alone.  (Id., Exh. C at 49-51; Exh. I).  He made these investment decisions on his own, followed the market closely, and traded by computer.  (Id. at 49, 53-54). Many stocks were held for as little as a day or two.  (Id. at 49).  And, while Plaintiff claims working at his restaurant is too stressful, he says losing over $375,000 in two years in stock trades did not bother him, or make him either anxious or angry.  (Id. at 54).

Because his case is so weak, Plaintiff has made a series of attempts to shift the focus away from his own claim to irrelevant and inaccurate allegations by third parties unrelated to this case.  These efforts are outlined in greater detail in Defendants' response to Plaintiff's motion to reopen discovery.

Now, Plaintiff attempts more slight-of-hand tactics to continue his strategy of misdirection.  Through the guise of his counsel's sworn statement, Plaintiff

SL1 319526v1/10305.060

offers for the Court's consideration a newspaper article. The Court should reject Plaintiff's efforts for the reasons outlined below.

## IV.  QUESTION PRESENTED

**Whether the Court should strike an affidavit by a party's attorney when the affidavit is not based on personal knowledge and fails to set forth admissible facts.**

[Suggested Answer: Yes]

## V.  ARGUMENT

### A.  IRRELEVANT AND UNRELIABLE INFORMATION DOES NOT SATISFY PLAINTIFF'S BURDEN OF PROOF

In his most recent effort, Plaintiff persists in employing tactics designed to avoid focusing on the relevant facts of his lawsuit  By offering untimely, irrelevant, and unreliable information, Plaintiff hopes to lead the Court away from concentrating on the unavoidable flaw in his case:  he cannot satisfy his burden of proof.

As stated in prior papers, the focal point of this case is Plaintiff's burden of proof for total disability.  In the Third Circuit, Plaintiff must prove that he "<u>cannot perform any</u> of the important duties of his position." <u>Russell v. Paul Revere Life Ins. Co.</u>, 288 F.3d 78, 82 (3d Cir. 2002)(emphasis added). <u>Russell</u> undermines Plaintiff's claim thoroughly because the facts show that he has the ability to perform -- at least -- many of his occupational duties, such as bookkeeping and office duties, but has not returned to work (at a restaurant he owns).

4

Under <u>Russell</u>, Plaintiff is entitled to neither total nor partial disability benefits. <u>Id.</u> at 82 ("As for benefits on partial disability, they are not payable unless the insured is working."). An affidavit by Plaintiff's counsel, made without personal knowledge and relying on hearsay cannot cure this fatal flaw in Plaintiff's case, for summary judgment or otherwise. Therefore, even if admissible under Rule 56, the Angino Affidavit creates no genuine issue of material fact and does not undermine Defendants' summary judgment motion.

## B.  THE ANGINO AFFIDAVIT DOES NOT COMPLY WITH THE REQUIREMENTS OF RULE 56

Affidavits submitted in support of a motion for summary judgment must comply with the requirements of Rule 56(e), which provides in pertinent part that affidavits, (1) shall be made on personal knowledge, (2) shall set forth such facts as would be admissible in evidence, and (3) shall show affirmatively that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e). The Court must strike affidavits failing to comply with any one of the elements of the Rule's three-part test. <u>Turiano v. Schnars</u>, 904 F.Supp 400, 407 (M.D. Pa. 1995) (granting motion to strike).

### 1.  The Angino Affidavit is not based on personal knowledge.

In paragraph two of the Angino Affidavit, Plaintiff's counsel quotes four excerpts from the newspaper article he offered for entry into the record. The quotes relate to an alleged confidential company memo and the employment and

5

compensation of a corporate officer. Nevertheless, Plaintiff's counsel has no

personal knowledge of these documents and events and, therefore, fails to satisfy

the first prong of Rule 56(e). <u>Staples v. Hill</u>, No. 3:97-CV-00580, 1999 U.S. Dist.

LEXIS 21659, at *32 (M.D. Pa. August 20, 1999) (stiking portions of affidavit not

based on personal knowledge). Here, the Angino Affidavit relies entirely on

hearsay and his affidavit should be stricken in its entirety.

### 2. The Angino Affidavit is not based on facts admissible in evidence.

The article attached to the Angino Affidavit is allegedly based on

information from "other cases." [Angino Affidavit, ¶ 3.] In addition to being

inadmissible hearsay, "evidence" of other claims is not relevant to bad faith claims

under Pennsylvania law. <u>E.g.</u>, <u>Cantor v. Equitable Life</u>, 1998 U.S. Dist. LEXIS

8435 at * 10-11 (E.D. Pa. 1998); <u>Kaufman v. Nationwide Mutual Ins. Co.</u>, 1997

U.S. Dist. LEXIS 18530 at * 6 (E.D. Pa. 1997); <u>Shellenberger v. Chubb Life</u>, 1996

U.S. Dist. LEXIS 2375 (E.D. Pa. Feb. 22, 1996); <u>North River Ins. Co. v. Greater</u>

<u>New York Mutual Ins. Co.</u>, 872 F. Supp. 1411 (E.D. Pa. 1995). Disability disputes

are determined by the applicable policy language, the applicable case law, and the

facts which are unique to each claim.

Neither the Angino Affidavit, nor the newspaper article contain facts

relevant to Plaintiff's claim. For example, the article speaks of an unidentified

"federal lawsuit filed last month in New York." Yet, there is nothing in the article

6

or the Angino Affidavit to indicate that Mazzamuto's claims have any connection to this other case.

Further, the affidavit seeks to introduce inadmissible hearsay. <u>Wright, Sr. v. Montgomery County</u>, No. 96-4597, 2002 U.S. Dist LEXIS 9442 at * 4, (E.D. Pa. May 20, 2002) (citations omitted) (excluding offer of news account as inadmissible hearsay). Newspaper articles, unsupported by corroborating evidence, will normally "lack the 'circumstantial guarantees of trustworthiness'" required for admission under the Rule 807 residual exception to hearsay. <u>Id.</u> There are no means to assess the trustworthiness of the author or the author's sources. Instead, Plaintiff merely indicates that his designated expert will testify about similar matters. [Angino Affidavit, ¶ 3]. As a result, Plaintiff's unsupported newspaper article "will present a blank face that gives little clue as to the reliability" of the declarant. <u>Id.</u>

The Angino Affidavit is not based on admissible facts because it is irrelevant and comprised of inadmissible hearsay upon hearsay. For these reasons, the Court should strike the Angino Affidavit and exclude the exhibit.

## VI.  CONCLUSION

For the reasons set forth above, the Court should strike the Affidavit of

Plaintiff's Counsel and exclude the accompanying newspaper article.

Dated:  January 10, 2003          STEVENS & LEE

By _____
E. Thomas Henefer
Attorney I.D. No. 55773
111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania  19603
(610) 478-2000

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I, E THOMAS HENEFER, ESQUIRE, certify that on this date, I served a certified true and correct copy of the foregoing Memorandum of Law upon the following counsel of record, by first class mail, postage prepaid, addressed as follows:

Richard C. Angino, Esquire
4503 North Front Street
Harrisburg, PA  17110-1708

E. Thomas Henefer

Date:  January 10, 2003

9