FILED
HARRISBURG, PA
FEB 1 2 2003
MARY E. D'ANDREA, CLERK
Per _____

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION;<br>PAUL REVERE LIFE INSURANCE<br>COMPANY; and NEW YORK LIFE<br>INSURANCE COMPANY<br>Defendants | JUDGE CONNER<br><br>JURY TRIAL DEMANDED |

### MOTION TO ADD AUTHORITY TO
### SUMMARY JUDGMENT MOTIONS

Plaintiff, Vincenzo Mazzamuto, by and through counsel, Richard C. Angino, Angino & Rovner, P.C., hereby moves this Honorable Court to permit Plaintiff to file additional authority in support of Plaintiff's motion for summary judgment and contra Defendants' Motion for Summary Judgment, and states in support as follows:

1.  In Plaintiff's most recently filed brief, Plaintiff's counsel referenced the denial of a summary judgment motion in the Eastern District Court case of <u>Simon v. Unum Provident Corp.</u>, 2002 U.S. Dist. Lexis 9331 (E.D. Pa. 2002).

2.	Since the filing of Plaintiff's brief on January 27, 2003, Plaintiff's counsel just learned Tuesday, February 4, 2003, that a California jury awarded $31.7 million in damages to an eye surgeon whose phobia left him afraid to operate and his disability payments were cut off by UnumProvident.

3.	The award included $30 million in punitive damages. Chapman v. UnumProvident, No. CV012323 (Marin Co., Calif., Super. Ct.). A copy of the article referencing the case is attached as **Exhibit A.**

4.	Comity permits Your Court to consider Court decisions in other cases.

5.	The article references other Unum cases that have been decided or are pending.

6.	The Court certainly can take judicial notice of civil actions in other jurisdictions.

7.	Unum contends that it is entitled to summary judgment in the instant case in the face of hundreds of similar suits and mounting jury awards of punitive damages.

8.	The instant case is similar to the other cases in that:

   a	Unum utilized in-house personnel to reject Mr. Mazzamuto's claim;

   b.	Unum has attempted to transform its occupation specific policy to one which permits a denial if the insured can perform any rather than all activities required by his occupation;

   c.	Unum has relied upon the general designation of his insured's occupation in his application rather than his actual duties to deny his claim.

9.	Unum has contended:

   a.	that Mr. Mazzamuto's treating physician is incompetent to testify,

   b.	that a fact finder cannot consider a finding of total disability by one of the defendants as to life insurance as relevant in his disability claim against the same insurer

   c. that the fact finder cannot consider as relevant the finding of total disability by the Social Security Administration.

10. Plaintiff's expert has filed several reports, including reports attesting to the fact that Unum in the instant case has utilized the same tactics as it has used in other cases. This makes the other awards and factual predicates relevant.

11. Similar data will be developed from questioning Unum employees at trial.

12. Unum is under a Court Order to cease and desist from continuing the unfair insurance practices which have occurred in this case, **Exhibit A**.

13. The issue of "bad faith" and/or "unfair insurance practices" is a factual issue to be decided by a jury in <u>most</u> cases.

14. In the instant case, the factual history requires that this case go to a jury..

WHEREFORE, Plaintiff respectfully prays this Honorable Court to permit Plaintiff to supplement authority already cited regarding the respective motions for summary judgment.

            Respectfully submitted,

            ANGINO & ROVNER, P.C.

            _____
            Richard C. Angino, Esquire
            I.D. No. 07140
            Joan L. Stehulak, Esquire
            I.D. No. 29496
            4503 N. Front Street
            Harrisburg, PA 17110
            (717) 238-6791
            Attorney for Plaintiff

Date: 2/12/03

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>    Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION;<br>PAUL REVERE LIFE INSURANCE<br>COMPANY; and NEW YORK LIFE<br>INSURANCE COMPANY<br>    Defendants | JUDGE CONNER<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF NONCONCURRENCE

On February 11, 2003, I telephoned the office of Thomas Henefer, Esquire, counsel for Defendants in this matter to discuss the foregoing motion and inquire whether counsel would concur in the motion. As of the time of this filing, Mr. Henefer had not returned the call.

Respectfully submitted,

ANGINO & ROVNER, P.C.

_____
Richard C. Angino, Esquire
I.D. No. 07140
Joan L. Stehulak, Esquire
I.D. No. 29496
4503 N. Front Street
Harrisburg, PA  17110
(717) 238-6791
Attorney for Plaintiff

Date: 2/12/03

256650.1\JLS\JLS

**Shirley Corman**

| | |
|---|---|
| **From:** | Christine Gallagher |
| **Sent:** | Tuesday, February 04, 2003 11:20 AM |
| **To:** | _RCA Group |
| **Cc:** | Richard Angino |
| **Subject:** | Another bad faith verdict against UnumProvident |

Eye Surgeon Wins $31M From Insurer

The doctor lost his ability to operate -- and his insurance benefits

Alan Fisk
The National Law Journal
02-04-2003


Printer-friendly version
Comment on this item
Reprint this article

Related:
Disability Disaster


Search content type
All


Enter keyword

ADVANCED SEARCH


law.com's
PRACTICE
CENTERS
30-Day Free Trial
CLICK HERE


THINK:

A California jury has awarded $31.7 million in damages to an eye surgeon whose phobia left him afraid to operate and whose disability payments were cut off by an insurance company.

The recent award, including $30 million in punitive damages, came after a three-month trial in which UnumProvident Corp. of Chattanooga, Tenn., was accused of bad faith and breach of contract by Dr. Randall Chapman. *Chapman v. UnumProvident*, No. CV012323, (Marin Co., Calif., Super. Ct.).

UnumProvident, the nation's biggest disability insurer, has lost similar suits and is facing hundreds of others brought by policyholders who allege they were denied benefits so the company could increase its profits.

"The verdict sends a clear and

2/4/2003

concise message that UnumProvident's quest to bolster its bottom line at the expense of its insureds will not be tolerated," said Chapman's attorney, Arnold R. Levinson of San Francisco's Pillsbury & Levinson.

UnumProvident's attorney, Horace Green of San Francisco's Barger & Wolen, did not return calls seeking comment. A statement released by the company notes that it will "aggressively challenge this judgment. The company will be filing for post-trial relief and, if necessary, to the California Court of Appeal.

"While understanding that physicians can disagree on the level of impairment for any patient, there is no disagreement that Dr. Chapman declined to follow the advice rendered by his treating physicians designed to get him back to work," the company statement said. "The company strongly disagrees that the evidence supported a finding that our handling of Dr. Chapman's claim was unreasonable, fraudulent or malicious."

According to Levinson, after decades of performing eye surgery, Chapman, an ophthalmologist, started having panic and anxiety attacks when it came time to operate. Levinson said there was no specific cause, but rather cumulative stress that left Chapman with shaky hands.

A psychiatrist told Chapman he should stop doing surgery. Chapman did so, and filed a long-term disability claim with UnumProvident under policies he

2/4/2003

had had for some 20 years. UnumProvident paid Chapman $11,600 monthly for three months, then cut off his benefits in September 2000 after a review of the case by the company's own doctors. Chapman sued in 2001.

Levinson said the review of his client's claim "zipped through the UnumProvident claims department in one day, right before the end of the the company's third quarter. We showed evidence that the claims people were under pressure to deny claims to meet quarterly profit goals. They denied the practice, but we had documents showing they were ordering claims killed."

Levinson also brought in witnesses who worked for UnumProvident, including company executives, who testified that documents were destroyed and that "if there were not enough terminations, claims people would have to find more."

UnumProvident's statement asserted that '[t]wo doctors on our staff and two nurse disability caseworkers ... reached the conclusion that Dr. Chapman's reported limitations were unsupported" and that he had improved enough to return to work.

In November, U.S. District Court Judge James Larson in San Francisco issued an injunction ordering UnumProvident to "obey the law" and enjoined it from "future bad-faith violations" of its practices on evaluating claims and benefits. UnumProvident denied any wrongdoing.

2/4/2003

The injunction was at least in part the result of a number of lawsuits won against UnumProvident by San Francisco lawyers Ray Bourhis and Alice Wolfson, of the firm of Bourhis & Wolfson.

It was also hit with a $36.7 million bad-faith verdict by a federal jury in Tampa, Fla., in June 2001. The award was all for punitive damages, said Frank Winkles of the Winkles Law Firm in Tampa.

Paul Revere Life Insurance Co., which is a part of UnumProvident, settled the benefits claim, but the plaintiff still sought damages. The company has appealed the punitives award. *Tedesco v. Paul Revere Life*, No. 8:99CV2552-T-27MAP.



about law.com    terms and conditions    your privacy    site map    ©2003 ALM Prop

*The contents of this E-mail message is attorney privileged and highly confidential, directed only to the above named person. Therefore, distribution, utilization or copying of this information by anyone other than the designated recipient is strictly prohibited.*

*If you have erroneously received this communication, please notify us immediately at (717) 238-6791, and return the original message to us by E-mail. Thank you.*

2/4/2003

## CERTIFICATE OF SERVICE

I, Richard C. Angino, Esquire, hereby certify that a true and correct copy of the foregoing **MOTION TO ADD AUTHORITY TO SUMMARY JUDGMENT MOTIONS** was served by United States first-class mail, postage prepaid, upon the following:

E. Thomas Henefer, Esquire
Stevens & Lee
111 North Sixth Street
P. O. Box 679
Reading, PA  19603-0679
    Counsel for Paul Revere Life Insurance Company and New York Life Insurance Company

                                                  Richard C. Angino

Dated: 2/12/03