UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>Plaintiff,<br><br>v.<br><br>UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE COMPANY<br>Defendants | CIVIL ACTION – LAW<br><br>NO. 1:CV-01-1157<br><br>JUDGE CONNER<br><br>JURY TRIAL DEMANDED |

**FILED**
**HARRISBURG, PA**
**FEB 1 2 2003**
MARY E. D'ANDREA, CLERK
Per _____

**PLAINTIFF'S BRIEF IN SUPPORT OF
MOTION TO ADD AUTHORITY TO
<u>SUMMARY JUDGMENT MOTIONS</u>**

In Plaintiff's most recently filed brief, Plaintiff's counsel referenced the denial of a summary judgment motion in the Eastern District Court case of <u>Simon v. Unum Provident Corp.</u>, 2002 U.S. Dist. Lexis 9331 (E.D. Pa. 2002). Since the filing of Plaintiff's brief on January 27, 2003, Plaintiff's counsel just learned Tuesday, February 4, 2003, that a California jury awarded $31.7 million in damages to an eye surgeon whose phobia left him afraid to operate and his disability payments were cut off by UnumProvident. The award included $30 million in punitive damages. <u>Chapman v. UnumProvident</u>, No. CV012323 (Marin Co., Calif., Super. Ct.). A copy of the article referencing the case is attached to Plaintiff's Motion as **Exhibit A.**

Comity permits Your Court to consider Court decisions in other cases. The article references other Unum cases that have been decided or are pending. The Court certainly can take judicial notice of civil actions in other jurisdictions.

Unum contends that it is entitled to summary judgment in the instant case in the face of hundreds of similar suits and mounting jury awards of punitive damages. This case is similar to the other cases.

Unum utilized in-house personnel to reject Mr. Mazzamuto's claim. Unum has attempted to transform its occupation specific policy to one which permits a denial if the insured can perform *any* rather than *all* activities required by his occupation. Unum has relied upon the general designation of Mr. Mazzamuto's occupation in his application rather than his actual duties to deny his claim. Unum has contended that Mr. Mazzamuto's treating physician is incompetent to testify, that a fact finder cannot consider a finding of total disability by one of the defendants as to life insurance as relevant in his disability claim against the same insurer and/or consider as relevant the finding of total disability by the Social Security Administration.

Our expert has filed several reports, including reports attesting to the fact that Unum in the instant case has utilized the same tactics as it has used in other cases. This makes the other awards and factual predicates relevant. Similar data can be developed from questioning Unum employees at trial.

Unum is under a Court Order to cease and desist from continuing the unfair insurance practices which have occurred in this case. The issue of "bad faith" and/or "unfair insurance practices" is a factual issue to be decided by a jury in <u>most</u> cases. In the instant case, the factual history requires that this case go to a jury..

                                                Respectfully submitted,

                                                ANGINO & ROVNER, P.C.

                                                Richard C. Angino, Esquire
                                                I.D. No. 07140
                                                Joan L. Stehulak, Esquire
                                                I.D. No. 29496
                                                4503 N. Front Street
                                                Harrisburg, PA  17110
                                                (717) 238-6791
                                                Attorney for Plaintiff

Date: 2/12/03

## CERTIFICATE OF SERVICE

I, Richard C. Angino, Esquire, hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO ADD AUTHORITY TO SUMMARY JUDGMENT MOTIONS** was served by United States first-class mail, postage prepaid, upon the following:

E. Thomas Henefer, Esquire
Stevens & Lee
111 North Sixth Street
P. O. Box 679
Reading, PA 19603-0679
    Counsel for Paul Revere Life Insurance Company and New York Life Insurance Company

Dated 2/12/03

_____
Richard C. Angino