FILED
HARRISBURG, PA

FEB 18 2003

MARY E. D'ANDREA, CLERK
Per_____ Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>    Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE COMPANY<br>    Defendants | JUDGE CONNER<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S BRIEF IN SUPPORT OF
PETITION TO FILE AMENDED COMPLAINT**

I.   **FACTUAL PROCEDURAL BACKGROUND**

Plaintiff filed his Complaint on June 26, 2001. As a result of discovery, Plaintiff's counsel has learned of numerous additional acts of bad faith and unfair insurance practices, including a company-wide practice dealing with occupation specific disability claims that have led to hundreds of cases and a number of jury verdicts as well as a specific order to cease and desist in continuing the type of unfair insurance practices engaged in the instant case.

## II. ISSUE

Is Plaintiff entitled to amend his Complaint to add acts of bad faith which Plaintiff has discovered or which have occurred since the filing of the Complaint?

Suggested answer in the affirmative.

## III. ARGUMENT

Plaintiff's Complaint was filed shortly after Defendants denied Plaintiff's claim. Since the filing of his Complaint, Plaintiff, through discovery, has learned that Defendants have engaged in unfair insurance practices by their procedure and protocol of handling claimants with occupation specific disability claims. Plaintiff, through discovery, has also learned that Defendants' manual suggests independent medical examinations as an appropriate basis for declining claims rather than suspect in-house reviews. Plaintiff has also learned that Defendants' treatment of Plaintiff's claim is similar to Defendants' treatment of other similar types of claims. Plaintiff has learned of other cases and jury verdicts where Defendants have been found guilty of bad faith and/or unfair insurance practices by their systematic treatment of claims such as Plaintiff's and Defendants have been ordered to cease and desist in these unfair insurance practices.

Defendants have persisted in their denial of Plaintiff's claim despite the Social Security Administration with a much more demanding definition of "total disability" finding of total disability, Defendant New York Life with a similar definition of "total disability" acceptance of total disability with respect to Plaintiff's life insurance policy, and after being supplied with Plaintiff's day in the life video. Defendants have never had Plaintiff independently examined, and yet Defendants purport to utilize experts expressing opinions from the review of records and/or viewing Mr. Mazzamuto's day in the life video.

Plaintiff and his counsel did not know and reasonably could not be expected to know all of the acts of bad faith or unfair insurance practices at the time Plaintiff filed his Complaint, and Plaintiff seeks to add the additional facts and legal bases to the original Complaint.

A federal complaint involves notice pleading and serves merely as notice to defendants as to a potential claim. A complaint can be amended at any time even at trial to conform to the facts developed from discovery. In virtually all cases, and certainly in this case, discovery and events that followed the filing of the complaint should specifically be added to the original complaint so there is no question as to plaintiff's factual and legal bases for seeking a judicial award.

Federal procedure is quite liberal in permitting amendment to pleadings. Fed.R.Civ.P. 15 provides that "A party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15. In Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.222 (1962), the Supreme Court of the United States directed that the mandate of Rule 15(a) s to be heeded.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 18383 S.Ct. at 229, 9 L.Ed.2d at 226. Liberality in construing the rule is the rule, Woll v. Valiant Insurance Company, 2001 U.S. Dist LEXIS 24141 (E.D. Pa. 2001). Rule 15(a) requires the relation back of amendments to the date of the original pleading.

Defendants can show no unfair disadvantage because Plaintiff's amendments are based on mutually participated discovery revealed that facts and/or actions that have taken place and/or

decisions made or cases decided against Defendants in which Defendants fully participated since the filing of the original Complaint.

Although the Court has found certain technical deficiencies with some of Plaintiff's filings and the Court has excluded Plaintiff's bad faith expert, the underlying facts and the judicial references themselves are potentially relevant evidence admissible directly or through Defendants' employees to be called at trial.

    Respectfully submitted,

    ANGINO & ROVNER, P.C.

    _____
    Richard C. Angino, Esquire
    I.D. No. 07140
    Joan L. Stehulak, Esquire
    I.D. No. 29496
    4503 N. Front Street
    Harrisburg, PA 17110
    (717) 238-6791
    Attorney for Plaintiff

Date: 2/19/03

## CERTIFICATE OF SERVICE

I, Richard C. Angino, Esquire, hereby certify that a true and correct copy of the foregoing

**PLAINTIFF'S BRIEF IN SUPPORT OF PETITION TO FILE AMENDED COMPLAINT**

was served by United States first-class mail, postage prepaid, upon the following:

E. Thomas Henefer, Esquire
Stevens & Lee
111 North Sixth Street
P. O. Box 679
Reading, PA  19603-0679
    Counsel for Paul Revere Life Insurance Company and New York Life Insurance Company

Dated: 2/19/03

Richard C. Angino