# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENZO MAZZAMUTO,<br>Plaintiff | : | CIVIL ACTION<br>NO. 1:CV-01-1157 |
| | : | |
| vs. | : | JUDGE CONNER |
| | : | |
| UNUM PROVIDENT<br>CORPORATION, et al.,<br>Defendants | :<br>:<br>: | |

FILED
HARRISBURG, PA

MAR 0 3 2003

MARY E. D'ANDREA, CLERK
Per _____

### DEFENDANTS' RESPONSE TO
### PLAINTIFF'S MOTION TO ADD AUTHORITY
### TO SUMMARY JUDGMENT MOTIONS

Defendants hereby respond to plaintiff's Motion to Add Supplemental

Authority to Summary Judgment Motions.  In support of this Response,

Defendants incorporate herein in its entirety the accompanying memorandum of

law which is filed concurrently.

1.   Admitted in part and denied in part.  It is admitted only that

plaintiff has cited the referenced case, long after the briefing for the summary

judgment motions was completed.  It is denied that plaintiff's averments contain a

complete summary of the referenced case or that the referenced case is relevant to

this case.

2.   Admitted in part and denied in part.  It is admitted that the

referenced judgment was entered and is or will be the subject of an appeal.  It is

denied that the referenced case is relevant to this case.

1

SL1 333633v1/10305.060

3. Admitted in part and denied in part. It is admitted that the referenced judgment included an award of punitive damages and that a copy of an article on the case is attached to plaintiff's motion. It is denied that the referenced case is relevant to this case.

4. Denied. The allegations of paragraph 4 of plaintiff's motion are conclusions of law to which no response is required. To the extent that a further response is required, the referenced case is not relevant to this action. E.g., Cantor v. Equitable Life, 1998 U.S. Dist. LEXIS 8435 at * 10-11 (E.D. Pa. 1998)(other lawsuits not relevant to bad faith claims); Kaufman v. Nationwide Mutual Ins. Co., 1997 U.S. Dist. LEXIS 18530 at * 6 (E.D. Pa. 1997)(same); Shellenberger v. Chubb Life, 1996 U.S. Dist. LEXIS 2375 (E.D. Pa. Feb. 22, 1996)(same); North River Ins. Co. v. Greater New York Mutual Ins. Co., 872 F. Supp. 1411 (E.D. Pa. 1995)(same).

5. Admitted in part and denied in part. It is admitted only that the article references certain cases and omits reference to others in which claims decisions have been successfully defended. It is denied that the article contains an accurate or complete summary of other cases against defendants.

6. Denied. The allegations of paragraph 6 of plaintiff's motion are conclusions of law to which no response is required. To the extent that a further response is required, the referenced cases are neither relevant to this action nor properly the subject of "judicial notice" in this action. E.g., Cantor v. Equitable

2

Life, 1998 U.S. Dist. LEXIS 8435 at * 10-11 (E.D. Pa. 1998)(other lawsuits not relevant to bad faith claims); Kaufman v. Nationwide Mutual Ins. Co., 1997 U.S. Dist. LEXIS 18530 at * 6 (E.D. Pa. 1997)(same); Shellenberger v. Chubb Life, 1996 U.S. Dist. LEXIS 2375 (E.D. Pa. Feb. 22, 1996)(same); North River Ins. Co. v. Greater New York Mutual Ins. Co., 872 F. Supp. 1411 (E.D. Pa. 1995)(same).

7.    Admitted in part and denied in part.  It is admitted that defendants should be granted summary judgment.  It is denied that plaintiff has accurately described either defendants' position or the other referenced lawsuits.

8.    Denied.  The averments contained in paragraph 8 of plaintiff's motion, including all subparts, are denied.

9.    Admitted in part and denied in part.  It is admitted that defendants have filed certain motions in limine.  It is denied that the averments contained in paragraph 9 of plaintiff's motion accurately or completely summarize defendants' position on the referenced issues.

10.  Denied.  The averments contained in paragraph 10 of plaintiff's motion are conclusions of law to which no response is required.  By way of further answer,  defendants note that the Court has granted defendants' motion to exclude plaintiff's expert from testifying.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

WHEREFORE, the defendants respectfully request that plaintiff's

Motion to Add Additional Authority to Summary Judgment Motions be denied.

Dated:  March 3, 2003                      STEVENS & LEE

                                           By
                                           E. Thomas Henefer
                                           Attorney I.D. No. 55773
                                           111 North Sixth Street
                                           P.O. Box 679
                                           Reading, Pennsylvania  19603
                                           (610) 478-2000

                                           Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, E. Thomas Henefer, Esquire, certify that on this date, I served a

certified true and correct copy of the foregoing Defendants' Response To Plaintiff's

Motion To Add Additional Authority to Summary Judgment Motions upon the

following counsel of record, by depositing the same in the United States mail,

postage prepaid, addressed as follows:

> Richard C. Angino, Esquire
> 4503 North Front Street
> Harrisburg, PA  17110

Date: March 3, 2003