ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENZO MAZZAMUTO, Plaintiff, | : : : | CIVIL ACTION NO. 1:CV-01-1157 |
| v. | : : | |
| UNUM PROVIDENT CORPORATION, et al., Defendants | : : : : | JUDGE CONNER |

FILED
HARRISBURG, PA
MAR 0 3 2003
MARY E. D'ANDREA, CLERK
Per _____

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO ADD AUTHORITY TO SUMMARY JUDGMENT MOTIONS

Dated: March 3, 2003

STEVENS & LEE

By _____
E. Thomas Henefer
Attorney I.D. No. 55773
111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania 19603
(610) 478-2000

Attorneys for Defendants

SL1 333587v1/10305.060

I. **PROCEDURAL HISTORY**

Plaintiff alleges claims for bad faith, under 42 Pa. C.S.A. § 8371, and breach of contract arising from the denial of his claim for disability benefits. The deadline for summary judgment motions has passed and all of the briefing allowed by the Local Rules has been completed.

Several months after the parties completed extensive summary judgment briefs, plaintiff filed a motion to add additional authorities to his summary judgment papers. In its February 7, 2003 Opinion and Order, the Court denied this motion finding that plaintiff had not complied with the Local Rules' requirements for briefs in connection with motions. However, the Court offered the following assurance to both parties:

> The Court reassures counsel that it will examine all relevant legal authority during disposition of the summary judgment motions.

Mazzamuto v. UNUMProvident Corporation, et al., No. 1:01-CV-1157, slip op. at n. 7, (Md. Pa., Feb. 7, 2003).

After plaintiff's first motion to add authority was denied, plaintiff filed a second motion to add authority, this time to address an adverse result received by certain defendants here in an entirely unrelated lawsuit in California. In light of the Court's note in its February 7, 2003 Opinion, Defendants understand that the Court will consider relevant authorities in connection with the summary judgment

motions. Defendants therefore oppose plaintiff's latest motion to add authority because the new "authority" plaintiff offers is not relevant to this action.

## II. FACTUAL HISTORY

### The Facts On Plaintiff's Own Claim Support Defendants' Position

As outlined in detail in defendants' summary judgment brief, plaintiff claims he is disabled by back and psychological problems. The critical issue is whether he can perform his occupational duties as a restaurant owner. For years he consistently described those duties as sedentary:

- "[E]xecutive, office duties only" (Sum. Judgment Appendix, Exh. B at 330).
- "[M]anage employees, work schedules; book work; deal with food companies; phone; and administration and office duty" (Id. at 42-43).
- "Executive - 50%" and "Office - 50%" (Id. at 549).
- He "occasionally" had to lift or carry five-pound objects (Id. at 539).
- He had to sit for 3.5 total hours (as opposed to at a time), stand for 3.5 hours and walk for 1 hour (Id.).

The undisputed facts do not support plaintiff's claim that he cannot perform his occupational duties. Indeed, even Dr. Bower conceded -- among other things -- that if plaintiff's back was the only problem (as his "expert" Mr. Rose contends), he could perform the occupational duties he described to Paul Revere (i.e., 20% bookkeeping, 20% office duties and 60% supervising employees). (Id., Exh. G at 54-57 and 59).

Also instructive are plaintiff's non-occupational activities, such as Internet stock trading (which plaintiff has predictably tried to exclude from evidence),

which prove that he can perform his occupational duties. While plaintiff claims it is too stressful for him to do bookkeeping, pay bills and order supplies, he engaged in close to $6 million in stock trades in 2000 alone. (Id., Exh. C at 49-51; Exh. I). Plaintiff made these investment decisions on his own, followed the market closely and made his trades by computer. (Id. at 49, 53-54). Many stocks were held for as little as a day or two. (Id. at 49). And, while plaintiff claims working at his restaurant is too stressful, he says losing over $375,000 in two years in stock trades did not bother him, or make him either anxious or angry. (Id. at 54).

### Plaintiff's Latest Effort To Shift The Focus Away From His Claim

Plaintiff has tried several times to shift the focus away from his own dubious claim. This is the latest effort in which plaintiff now wants to address other cases by other claimants. None of the cases, including the latest from California, have anything to do with this case; nor do they establish any significant point of law concerning disability insurance policies. Rather, plaintiff's goal in raising these cases appears to be, at best, to distract this Court's attention from the shortcomings of his own case or, at worst, to suggest that defendants are bad companies in an effort to bias this Court's view of this case. As explained below, the Court should reject plaintiff's effort to interject irrelevant case law here.

3

## III. ARGUMENT

### A. UNTIMELY AND IRRELEVANT AUTHORITY SHOULD NOT BE USED TO SHIFT THE FOCUS FROM THE SHORTCOMINGS OF PLAINTIFF'S CASE

Plaintiff wants to distract the Court from the facts of this case because he cannot satisfy his burden of proof for "total" disability benefits of proving that he "cannot perform any of the important duties of his position." Russell v. Paul Revere Life Ins. Co., 288 F.3d 78, 82 (3d Cir. 2002)(emphasis added). Russell undermines plaintiff's claim thoroughly because the facts show that he has the ability to perform -- at least -- many of his occupational duties (such as bookkeeping and office duties) but has not returned to work. Thus, under Russell, plaintiff is entitled to neither total nor partial disability benefits. Id. at 82 ("As for benefits on partial disability, they are not payable unless the insured is working.").

Plaintiff has tried several strategies to deal with Russell such as ignoring it altogether and subsequently claiming it is irrelevant because it is an ERISA case. But, as defendants noted, the applicable part of Russell is not the ERISA arbitrary and capricious standard of review but the holding which involves plaintiff's contractual burden of proof and contract interpretation.[1] In fact, Russell is in accord with Pennsylvania law on the issue of what constitutes a total versus partial disability. E.g., Ditommasso v. Union Central Life Ins. Co., 1991 U.S. Dist.

---

[1] Russell v. Paul Revere Life Ins. Co., 148 F. Supp. 2d 392, 404-05 (D. Del. 2001) (finding that "the policy language places upon the employee the initial burden to demonstrate that he or she can not perform any of the important duties of his position") aff'd, 288 F.3d 78 (3d Cir. 2002); see also Gallagher v. Reliance Standard Life Ins. Co., 305 F.3d 264 (4th Cir. 2002); McOsker v. Paul Revere Life Ins. Co., 279 F.3d 586, 588 (8th Cir. 2002); Yahiro v. Northwestern Mutual Life Ins. Co., 168 F. Supp. 2d 511, 517-518 (D. Md. 2001).

4

LEXIS 17079 at *8-9 (E.D. Pa. Nov. 25, 1991), aff'd, 972 F. 2d 1330 (3d Cir. 1992); Bundy v. National Safety Life Ins. Co., 503 A.2d 417, 423 (Pa. Super. 1985)("'Total Disability' does not mean helplessness or complete disability, but it includes more than that which is partial.").

Plaintiff's most recent strategy is to focus on cases by other claimants which have nothing to do with his case. As explained below, irrelevant case law will not help plaintiff satisfy his burden of proof.

### B. PLAINTIFF'S NEW "AUTHORITY" IS IRRELEVANT

Disability disputes are determined by the applicable policy language, the applicable case law and the facts which are unique to each claim. Because the law is ascertainable, and the policy provisions often do not vary significantly from case to case, the key issues are usually factual. Indeed, the factual issues can involve issues such as the plaintiff's medical condition and records; the plaintiff's prior occupation; the plaintiff's education, training or experience; steps an insurer took to investigate a particular claim; and conversations between the insurer's representatives and the insured or others. Simply put, from a factual perspective, no two disability claims are the same.

Accordingly, unless a particular case contains a legal holding germane to the case before the court, or has some particular factual analogies (i.e., how have courts construed a plaintiff's burden of proof in other cases involving illnesses of the same nature as the plaintiff's in the present case), cases about other disability

claims can have very little relevance to the dispute before the Court. For example, while plaintiff has, after briefing on the summary judgment motions was complete, cited eleven cases in which a court ruled against one or more of the defendants here, defendants can just as easily cite numerous recent cases in which courts have ruled in defendants' favor (or in favor of other UNUMProvident companies).[2]

Simply because defendants can cite cases where they have prevailed, does not mean that they should prevail here. Rather, they should prevail here because, as outlined above, plaintiff cannot satisfy his burden of proof under the policy and applicable law. Similarly, just because plaintiff compiled a list of decisions where a ruling adverse to the defendants was made does not mean he should prevail here, especially when he cannot satisfy his burden of proof.

Moreover, the cases plaintiff cites -- in both his first motion and the most recent motion to add authority -- have no relevance to this case. For example, the

---

[2] A simple LEXIS search for recent cases, which are by no means exclusive, reveals the following recent cases (attached hereto as exhibit A): Russell v. Paul Revere Life Ins. Co., 288 F.3d 78 (3d Cir. 2002)(affirming entry of summary judgment for Paul Revere); Pappas v. UNUM Life Ins. Co. of America, 2000 U.S. Dist. LEXIS 11308 (E.D. Pa. Aug. 10. 2000), aff'd, 261 F.3d 492 (3d Cir. 2001), cert. denied, 534 U.S. 1129 (2002)(affirming dismissal of bad faith and other state law claims under Rule 50); Brandi v. Good Lad Co. LTD Plan and Paul Revere Life Ins. Co., 1999 U.S. App. LEXIS 11974 (2d Cir. 1999)(affirming entry of summary judgment for Paul Revere); Sell v. UNUM Life Ins. Co. of America, 2002 U.S. Dist. LEXIS 22472 (E.D. Pa. Nov. 19, 2002)(granting summary judgment to UNUM Life Ins. Co. of America); Maniatty v. UNUMProvident Corp., 218 F. Supp. 2d 500 (S.D. N.Y. 2002)(granting summary judgment to UNUM Life Ins. Co. of America); Hevener v. Paul Revere Life Ins. Co., 2002 U.S. App. LEXIS 15893 (E.D. Pa. Aug. 26, 2002)(entering summary judgment for Paul Revere); Walker v. LTD Plan of Sponsor Tri-Valley Growers and UNUM Life Ins. Co., 2002 U.S. Dist. LEXIS 5035 (N.D. Cal. Mar. 25, 2002)(entering summary judgment for UNUM Life); Cardiner v. Provident Life and Acc. Ins. Co., 158 F. Supp. 2d 1088 (C.D. Cal. 2001)(dismissing bad faith claim under Rule 56); Hyatt v. UNUM Life Ins. Co. of America, 2001 U.S. Dist. LEXIS 10366 (D. Del. July 11, 2001)(granting summary judgment to UNUM Life Ins. Co. of America); Alford v. DCH Foundation Group and UNUM Life Ins. Co., 144 F. Supp. 2d 1183 (C.D. Cal. 2001)(entering summary judgment for UNUM Life); Reinersten v. Reid Psychological Systems and Paul Revere Life Ins. Co., 127 F. Supp. 2d 1021 (N.D. Ill. 2001)(applying de novo review under ERISA and entering summary judgment for Paul Revere); Redden v. UNUM Life Ins. Co., 2000 U.S. Dist. LEXIS 996 (D. Del. Jan. 18, 2000)(entering summary judgment for UNUM Life); Cini v. Paul Revere Life Ins. Co., 50 F. Supp. 2d 419 (E.D. Pa. 1999)(entering summary judgment for Paul Revere).

vast majority of the cases turned on factual issues which were unique to the case, either because the Court disagreed with how the defendants evaluated the facts of a particular claim (such as James, Stender, Dishman and Lain),[3] or found that factual issues were in dispute so summary judgment could not be granted (such as Simon, Cerni, Walker and Brosnan).[4]

Other cases are not even summary judgment cases or rulings on the merits of a claim. For example, in Cake, the Court considered the defendant's motion to dismiss under Rule 12(b)(6) (which was granted in part). In Soll, the Court considered a series of evidentiary issues on motions in limine and did not pass on whether the denial of benefits was appropriate.

Plaintiff apparently cites one of the cases (Brennan) because the Court denied a motion to exclude testimony of Dr. Feist, a former Provident employee whose deposition transcripts plaintiff has sought to introduce in another motion. But other courts have disagreed and found Dr. Feist's testimony irrelevant or insufficient to raise a genuine issue of material fact under Rule 56. Hyatt v. UNUM Life Ins. Co. of America, No. 00-613-JJF, 2001 U.S. Dist. LEXIS 10366, at *14 n.7 (D. Del. July 11, 2001); Yumukoglu v. Provident Life and Acc. Ins. Co., 131 F. Supp. 2d 1215, 1227 (D. N.M. 2001).

---

[3] James involved claim decisions dating back to 1993.
[4] In Walker, defendant's summary judgment motion was granted in part and denied in part. In Cerni, the Court found disputed issues of fact based on, among other things, the plaintiff's conduct and credibility.

Finally, in his latest submission, plaintiff cites to a California case, <u>Chapman v. UNUMProvident</u>, in which punitive damages were awarded. The judgment in <u>Chapman</u> will be the subject of post-trial motions and/or an appeal.

There is nothing in the news article plaintiff provided the Court which suggests that there is any factual similarity or important legal holding on bad faith that would make the <u>Chapman</u> case relevant to this case. In fact, the judgment in <u>Chapman</u> was rendered by a jury split 9-3 over the issues. Moreover, the underlying facts of the case bear little resemblance to this case.

Instead, that case involved a physician who claimed to be disabled from performing surgery by a phobia which allegedly caused tremors in his hands. Dr. Chapman was unable to identify any doctor or nurse who assisted him in the operating room who ever observed hand tremors. Nor had he reported his alleged hand tremors to the hospital credentialing committee. Further, he had a history of failing to fully pursue medical treatment recommended by his own physicians. The claim went through a number of phases during which certain benefits were paid before the final denial of benefits following the claim investigation.

This brief summary of course does no more than hint at the many facts that are germane to the <u>Chapman</u> case that have absolutely nothing to do with the claim by Mr. Mazzamuto who, as noted above, cannot satisfy his burden of proof under Third Circuit law. All of this underscores the danger inherent in making

assumptions about another case (with a decidedly aberrant result) and grafting those assumptions onto this case.

Moreover, plaintiff's effort to use one decision to tarnish the defendants for purposes of this case predictably ignores the facts regarding UNUMProvident companies' claims handling:

- UNUMProvident companies paid over $3.6 billion in claims in 2001.
- UNUMProvident companies paid over $9 billion in claims since merger of companies in 1999.
- UNUMProvident companies handled over 400,000 new claims in 2001 and <u>paid 90% of the new claims</u>.
- Of the 10% of new claims denied, roughly half of the claimants were no longer claiming disability when payments would have begun and less than 2% of the new claims were denied because the claimant was found to not be disabled.
- <u>Less than four-tenths of 1% of all claims filed lawsuits</u>.
- For cases in litigation, courts ruled in UNUMProvident's favor more than 75% of the time.

These facts demonstrate that defendants have valid procedures in place for handling claims. Indeed, the fact that the defense verdicts occur in the majority of cases that go to judgment validates the accuracy of the claims process and the appropriateness of the decision making. Thus, plaintiff essentially asks the Court to render a judgment about this case based on an aberrant result by a split jury in a completely unrelated case in California.

Not surprisingly, federal courts in Pennsylvania have long rejected the notion that other lawsuits are relevant -- even for discovery purposes -- in bad faith

9

actions. E.g., Cantor v. Equitable Life, 1998 U.S. Dist. LEXIS 8435 at * 10-11 (E.D. Pa. 1998); Kaufman v. Nationwide Mutual Ins. Co., 1997 U.S. Dist. LEXIS 18530 at * 6 (E.D. Pa. 1997); Shellenberger v. Chubb Life, 1996 U.S. Dist. LEXIS 2375 (E.D. Pa. Feb. 22, 1996); North River Ins. Co. v. Greater New York Mutual Ins. Co., 872 F. Supp. 1411 (E.D. Pa. 1995). This Court should reach the same conclusion here.

In short, plaintiff's motion shows little more than the fact that with insurance companies the size of the UNUMProvident companies, there will be lawsuits (even though the percentage of claims ending up in litigation is very small) which will sometimes result in judgments for insureds and other times for the insurer. This conclusion is unremarkable and the Court should deny plaintiff's motion and not allow him to cloud the issues in the case with irrelevant and untimely authority.

## IV. CONCLUSION

For the reasons set forth above, the Court should deny plaintiff's motion to add additional authority.

Dated: March 3, 2003        STEVENS & LEE

By *[signature]*
E. Thomas Hennefer
Attorney I.D. No. 55773
111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania 19603
(610) 478-2000

Attorneys for Defendants

# CERTIFICATE OF SERVICE

I, E THOMAS HENEFER, ESQUIRE, certify that on this date, I served a certified true and correct copy of the foregoing Memorandum of Law upon the following counsel of record, by first class mail, postage prepaid, addressed as follows:

>Richard C. Angino, Esquire
>4503 North Front Street
>Harrisburg, PA  17110-1708

E. Thomas Henefer

Date:  March 3, 2003