# ORIGINAL

FILED
HARRISBURG, PA

MAR 0 7 2003

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION;<br>PAUL REVERE LIFE INSURANCE<br>COMPANY; and NEW YORK LIFE<br>INSURANCE COMPANY<br>Defendants | JUDGE CONNER<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE
TO PLAINTIFF'S MOTION TO ADD AUTHORITY TO
SUMMARY JUDGMENT MOTIONS**

Virtually all courts, including state and federal appellate courts permit the adding of authority that was not in existence or otherwise readily available to counsel at the time of briefing and/or oral argument. See, e.g., Federal Rule of Appellate Procedure 28 (j) which provides in part: "If pertinent and significant authorities come to a party's attention after the party's brief has been filed—or after oral argument but before decision—a party may promptly advise the circuit clerk by letter, with a copy to all other parties, setting forth the citations. . . ." See also, Thomas v. Vaughn, 2003 U.S. App. LEXIS 3271 (3rd Cir. 2003); Kolesar v. Navistar Int'l Transp. Corp, 815 F. Supp. 818 (M.D.Pa. 1992). See also, e.g., D.Del. R. 3.1E which provides for additional briefs with approval fo the court, except that a party may call to the

court's attention and briefly discuss pertinent cases decided after a party's final brief is filed or after oral argument. See also Pa. R.A.P. 2501 permitting supplementation of authority after argument with leave of court, and requiring counsel to advise the court when authority relied upon is materially affected, Pa. R.A.P. 2501; Darlington, McKeon, Shuckers Brown, Pennsylvania Appellate Practice, 2d Edition, Chapter 25, generally. § 2501:8 advises, "Counsel should file an application to file a supplemental brief if counsel desires to present an argument concerning the change in status of authorities relied upon in the brief of a party . . . An application to file a supplemental brief is also the proper vehicle by which a party may be able to bring to the attention of an appellate court recent developments in other jurisdictions . . . ." Commonwealth v. Cotto, 562 Pa. 32; 753 A.2d 217 (2000).

Respectfully submitted,

ANGINO & ROVNER, P.C.

Richard C. Angino, Esquire
I.D. No. 07140
Joan L. Stehulak, Esquire
I.D. No. 29496
4503 N. Front Street
Harrisburg, PA 17110
(717) 238-6791
Attorney for Plaintiff

Date: 3/7/03

257665.1\RCA\SC                         2

## CERTIFICATE OF SERVICE

I, Richard C. Angino, Esquire, hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ADD AUTHORITY TO SUMMARY JUDGMENT MOTIONS** was served by United States first-class mail, postage prepaid, upon the following:

E. Thomas Henefer, Esquire
Stevens & Lee
111 North Sixth Street
P. O. Box 679
Reading, PA 19603-0679
    Counsel for Paul Revere Life Insurance Company and New York Life Insurance Company

Dated: 3/7/03

Richard C. Angino