IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENZO MAZZAMUTO, | : | CIVIL ACTION |
| Plaintiff | : | NO. 1:CV-01-1157 |
| | : | |
| vs. | : | JUDGE CONNER |
| | : | |
| UNUM PROVIDENT | : | |
| CORPORATION, et al., | : | |
| Defendants | : | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendants hereby respond to plaintiff's motion for reconsideration. In support of this Response, Defendants incorporate herein in its entirety the accompanying memorandum of law which is filed concurrently.

1. Admitted.

2. Admitted in part and denied in part. It is admitted that the referenced C.V. outlines Rose's alleged educational background. As to the accuracy of the alleged representations, defendants are without knowledge or information sufficient to form a belief as to the truth of said averments.

3. Admitted in part and denied in part. It is admitted that the referenced C.V. outlines Rose's alleged employment history. As to the accuracy of the alleged representations, and what plaintiff means by "highly credentialed," defendants are without knowledge or information sufficient to form a belief as to the truth of said averments.

1

4. Admitted in part and denied in part. It is admitted that the referenced C.V. outlines Rose's alleged licensed status. As to the accuracy of the alleged representations, defendants are without knowledge or information sufficient to form a belief as to the truth of said averments.

5. Admitted in part and denied in part. It is admitted that the averments of paragraph 5 of plaintiff's motion summarizes some of the contentions contained in the referenced report. It is denied that the report, or the allegations of plaintiff's motion provide a proper basis for Rose's proposed testimony or for reconsideration of the Court's order excluding Rose's testimony. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 5 of plaintiff's motion.

6. Admitted in part and denied in part. It is admitted that the averments of paragraph 6 of plaintiff's motion summarizes some of the contentions contained in the referenced report. It is denied that the report, or the allegations of plaintiff's motion, provide a proper basis for Rose's proposed testimony or for reconsideration of the Court's order excluding Rose's testimony. It is denied that Rose's proposed opinion is accurate or otherwise legally correct, or that Rose is competent to provide the proposed opinions. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 6 of plaintiff's motion.

2

7. Admitted in part and denied in part. It is admitted that the averments of paragraph 7 of plaintiff's motion summarizes some of the contentions contained in the referenced reports. It is denied that the reports, or the allegations of plaintiff's motion, provide a proper basis for Rose's proposed testimony or for reconsideration of the Court's order excluding Rose's testimony. It is denied that Rose's proposed opinion is accurate or otherwise legally correct, or that Rose is competent to provide the proposed opinions.

8. Admitted in part and denied in part. It is admitted that the averments of paragraph 8 of plaintiff's motion summarizes some of the contentions contained in the referenced reports. It is denied that the reports, or the allegations of plaintiff's motion, provide a proper basis for Rose's proposed testimony or for reconsideration of the Court's order excluding Rose's testimony. It is denied that Rose's proposed opinion is accurate or otherwise legally correct, or that Rose is competent to provide the proposed opinions.

9. Admitted in part and denied in part. It is admitted that the averments of paragraph 9 of plaintiff's motion summarizes some of the contentions contained in the referenced reports. It is denied that the reports, or the allegations of plaintiff's motion, provide a proper basis for Rose's proposed testimony or for reconsideration of the Court's order excluding Rose's testimony. It is denied that Rose's proposed opinion is accurate or otherwise legally correct, or that Rose is competent to provide the proposed opinions. Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining averments in paragraph 9 of plaintiff's motion.

10. Admitted in part and denied in part. It is admitted that the averments of paragraph 10 of plaintiff's motion summarizes some of the contentions contained in the referenced reports. It is denied that the reports, or the allegations of plaintiff's motion, provide a proper basis for Rose's proposed testimony or for reconsideration of the Court's order excluding Rose's testimony. It is denied that Rose's proposed opinion is accurate or otherwise legally correct, or that Rose is competent to provide the proposed opinions.

11. Admitted in part and denied in part. It is admitted that the averments of paragraph 11 of plaintiff's motion summarizes some of the contentions contained in the referenced reports. It is denied that the reports, or the allegations of plaintiff's motion, provide a proper basis for Rose's proposed testimony or for reconsideration of the Court's order excluding Rose's testimony. It is denied that Rose's proposed opinion is accurate or otherwise legally correct, or that Rose is competent to provide the proposed opinions. It is denied that UNUMProvident engages in "unfair insurance practices."

12. Admitted.

13. Admitted.

14. Admitted in part and denied in part. It is admitted only that plaintiff has purported to summarize defendants' brief and supporting legal

authorities. It is denied that plaintiff has adequately or completely summarized either.

15. Admitted in part and denied in part. It is admitted only that plaintiff made certain arguments, which he is repeating for his motion for reconsideration. It is denied that Dattilo and Bergman are distinguishable. It is also denied that plaintiff's arguments have any validity or otherwise provide a proper basis for Rose's proposed testimony or for reconsideration of the Court's order excluding Rose's testimony.

16. Admitted in part and denied in part. It is admitted only that plaintiff made certain arguments referenced in paragraph 16 of the motion. It is denied that the referenced arguments have any validity or otherwise provide a proper basis for Rose's proposed testimony or for reconsideration of the Court's order excluding Rose's testimony.

17. Admitted in part and denied in part. It is admitted only that plaintiff made certain arguments referenced in paragraph 17 of the motion. It is denied that the referenced arguments have any validity or otherwise provide a proper basis for Rose's proposed testimony or for reconsideration of the Court's order excluding Rose's testimony. It is further denied that Simon is "similar" or that Krisa supports plaintiff's position in that, among other things, Krisa is at odds with plaintiff's position and the legal opinion Rose planned to provide the jury.

18. Admitted in part and denied in part. It is admitted only that plaintiff made certain arguments referenced in paragraph 18 of the motion. It is denied that the referenced arguments have any validity or otherwise provide a proper basis for Rose's proposed testimony or for reconsideration of the Court's order excluding Rose's testimony. It is further denied that the referenced cases support plaintiff's position that reconsideration is appropriate here.

19. Admitted in part and denied in part. It is admitted only that there have been cases where experts have been permitted, <u>in the trial court's discretion</u>, to testify just as there have been bad faith cases where, <u>in the trial court's discretion</u>, experts have been excluded. It is denied that plaintiff's arguments have any validity or otherwise provide a proper basis for Rose's proposed testimony or for reconsideration of the Court's order excluding Rose's testimony. It is further denied that the referenced cases support plaintiff's position that reconsideration is appropriate here.

20. Admitted in part and denied in part. It is admitted only that there have been cases where experts have been permitted, <u>in the trial court's discretion</u>, to testify just as there have been bad faith cases where, <u>in the trial court's discretion</u>, experts have been excluded. It is denied that plaintiff's have any validity or otherwise provide a proper basis for Rose's proposed testimony or for reconsideration of the Court's order excluding Rose's testimony. It is further

6

denied that the referenced cases support plaintiff's position that reconsideration is appropriate here.

21. Admitted.

22. Admitted in part and denied in part. It is admitted only that plaintiff purports to summarize part of the Court's opinion. It is denied that plaintiff's motion accurately or completely summarizes the Court's opinion.

23. Admitted in part and denied in part. It is admitted only that plaintiff purports to summarize part of the Court's opinion. It is denied that plaintiff's motion accurately or completely summarizes the Court's opinion.

24. Admitted in part and denied in part. It is admitted only that plaintiff purports to summarize part of the Court's opinion. It is denied that plaintiff's motion accurately or completely summarizes the Court's opinion.

25. Admitted in part and denied in part. It is admitted only that plaintiff purports to summarize part of the Court's opinion. It is denied that plaintiff's motion accurately or completely summarizes the Court's opinion.

26. Admitted in part and denied in part. It is admitted only that plaintiff purports to summarize part of the Court's opinion. It is denied that plaintiff's motion accurately or completely summarizes the Court's opinion. It is denied that plaintiff's criticism of the Court's opinion has any validity or otherwise provides a proper basis for Rose's proposed testimony or for reconsideration of the

SL1 336223v1/10305.060

Court's order excluding Rose's testimony. It is further denied that the referenced cases support plaintiff's position that reconsideration is appropriate here.

27. Denied.

28. Denied.

29. Denied. As to the accuracy of the representations concerning Rose's alleged background and qualifications, defendants are without knowledge or information sufficient to form a belief as to the truth of said averments. It is denied that plaintiff's arguments have any validity or otherwise provide a proper basis for Rose's proposed testimony or for reconsideration of the Court's order excluding Rose's testimony.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

WHEREFORE, the defendants respectfully request that plaintiff's

Motion for Reconsideration be denied.

Dated: March 12, 2003    STEVENS & LEE

By _____
E. Thomas Henefer
Attorney I.D. No. 55773
111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania 19603
(610) 478-2000

Attorneys for Defendants

9

## CERTIFICATE OF SERVICE

I, E. Thomas Henefer, Esquire, certify that on this date, I served a certified true and correct copy of the foregoing Defendants' Response To Plaintiff's Motion for Reconsideration upon the following counsel of record, by depositing the same in the United States mail, postage prepaid, addressed as follows:

>Richard C. Angino, Esquire
>4503 North Front Street
>Harrisburg, PA 17110

*E. Thomas Henefer* (signature)

Date: March 12, 2003

SL1 336223v1/10305.060

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENZO MAZZAMUTO, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 1:CV-01-1157 |
| | : | |
| v. | : | |
| | : | |
| UNUM PROVIDENT | : | JUDGE CONNER |
| CORPORATION, et al., | : | |
| Defendants | : | |

**ORDER**

AND NOW, this ___ day of _____, 2003, upon consideration of plaintiff's motion for reconsideration and defendant's response thereto, IT IS HEREBY ORDERED that plaintiff's motion is DENIED.

BY THE COURT:

_____
J.