IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENZO MAZZAMUTO, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 1:CV-01-1157 |
| | : | |
| v. | : | |
| | : | |
| UNUM PROVIDENT | : | JUDGE CONNER |
| CORPORATION, et al., | : | |
| Defendants | : | |

FILED
HARRISBURG, PA

MAR 13 2003

MARY E. D'ANDREA, CLE
Per _____ Deputy Clerk

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION TO FOR RECONSIDERATION**

**I.  INTRODUCTION**

Defendants UNUM Provident Corporation, Paul Revere Insurance Company and New York Life Insurance Company ("Defendants"), hereby oppose Plaintiff's motion for reconsideration. Plaintiff's motion should be denied because Plaintiff fails to offer newly discovered evidence requiring the Court's review and fails to demonstrate a manifest error of law. Instead, the Court properly granted Defendants' motion in limine to exclude the proposed expert testimony of Gordon Rose because it would not assist the trier of fact, and the danger of unfair prejudice substantially outweighs the probative value.

**II.  PROCEDURAL HISTORY**

Plaintiff alleges claims for bad faith and breach of contract arising from the denial of his claim for disability benefits. On August 9, 2002, Defendants filed a motion in limine to preclude the expert testimony of Gordon K. Rose. Plaintiff filed his response in opposition on August 26, 2002. In addition, Plaintiff filed

1

other documents from Rose in support of his motion for partial summary judgment. On February 7, 2003, after consideration of the parties' submissions, the Court issued an order granting Defendants' motion in limine to exclude the testimony of Rose.

Now, despite the Court's detailed opinion explaining the basis for its ruling, Plaintiff filed a motion for reconsideration contesting the Court's judgment and reasoning.

### III. COUNTER STATEMENT OF THE FACTS

In ruling on the Defendant's motion in limine, the Court found that the exclusion of the proffered expert testimony was proper. In a detailed opinion, the Court explained how and why it exercised its discretion. Mazzamuto v. UNUM Provident Corp., No. 1:CV-01-1157 (M.D. Pa. February 7, 2003) (hereinafter "Opinion"). The Court found that (1) the subject matter relating to Plaintiff's bad faith claim was uncomplicated and does not require scientific, technical, or specialized knowledge; (2) Rose's reports are conclusory and would not assist the factfinder; and (3) Rose's testimony was properly excluded under Rule 403.

Although he seeks reconsideration, Plaintiff fails to provide newly discovered evidence requiring the Court's reconsideration. He also fails to identify a manifest error of law. Instead, Plaintiff merely rehashes the same information which the Court already considered.

SL1 334692v1/10305.060

## IV. COUNTER STATEMENT OF THE QUESTION PRESENTED

### A. Should the Court deny Plaintiff's motion for reconsideration where there is no newly discovered evidence and no manifest error of law?

[Suggested Answer: Yes.]

## V. ARGUMENT

There are very few accepted reasons for reconsideration, and none are present here. A motion for reconsideration should be granted only to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Courts in the Third Circuit apply a stringent standard for determining whether to grant a motion for reconsideration. Petruzzi's, Inc. v. Darling Delaware Co., Inc., 983 F.Supp. 595, 611 (M.D. Pa. 1997). Reconsideration is an "extraordinary remedy" and should be denied "when the motion is merely a re-styling or rehash of issues previously presented." GFL Advantage Fund, Ltd. v. Colkitt, 2000 U.S. Dist. LEXIS 21747, *4 (M.D. Pa. July 17, 2000).

The court should not consider "new evidence or a new legal theory which could have been presented on the original motion. Id. at *5. "Mere disagreement with the court is a ground for appeal, not a motion for reconsideration." Id.

Here, Plaintiff fails to (1) present new evidence not previously available, or (2) to demonstrate a need to correct a clear error of law or prevent a manifest

3

injustice. Instead, Plaintiff rehashes Rose's so-called expert reports and disagrees with the Court's discretionary decision to exclude Rose's testimony.

A.  **PLAINTIFF FAILS TO PRESENT NEWLY DISCOVERED EVIDENCE NOT PREVIOUSLY AVAILABLE**

Plaintiff may not resubmit and rely upon evidence available before the Court's ruling, and the Court may properly disregard any such evidence. Harsco, 779 F.2d at 909; Plaisted v. Geisinger Medical Center, 210 F.R.D. 539, 542 (M.D. Pa. 2002) (court is justified in refusing to consider evidence that could have been submitted with the original motion). Here, Plaintiff does little more that recite page and line from Rose's letters and reports, all of which were available long before the Court's February 6, 2003 Order.

In fact, Plaintiff's Brief in Support of his Motion for Reconsideration devotes fully five its fifteen pages to what amounts to little more than a series of rhetorical questions about previously existing information. Plaintiff's uninspired questions add nothing new for the Court to consider. For example:

> Who other than Mr. Rose is to testify as to the importance of Dr. Bower's statement "At the present time he is not able to do the work required in running his restaurant because he cannot stand for prolonged periods of time, has difficulty bending, and is restricted from heavy lifting. It is unlikely that he will be able to return to work in the foreseeable future."

4

[Plaintiff's Brief in Support, p. 7.] Obviously, Rose would do little more than repeat what Dr. Bower said, apparently with a pseudo-professorial addition that Dr. Bower's statement is "important."

In any event, each and every question Plaintiff raises relates to information available <u>before</u> the Court issued its Order of February 6, 2003. As the Court clearly noted in its opinion, an "[e]xamination of Mr. Rose's expert report persuades the court that exclusion of this evidence is proper." [Opinion, p. 9.] Thus the Court has already considered the "evidence" Plaintiff offers in his Motion for Reconsideration when the Court noted that "much of [Rose's] report consists of mere recitation of the facts of the case or the reports of other witnesses . . . ." [Opinion, p. 9.] The Court properly chose to exclude such unnecessary expert testimony because this type of information can be presented to the factfinder "without the aid of an expert witness." [Opinion, p. 9.]

### B. THERE WAS NO MANIFEST ERROR OF LAW

Whether to admit or exclude expert testimony in bad faith insurance actions lies within the discretion of the trial court. See, e.g., <u>Dinner v. United Services automobile Assoc. Casualty Ins. Co.</u>, 2002 U.S. App. LEXIS 3408, *9-11 (3d. Cir. Feb. 27, 2002). Yet Plaintiff argues that the Court abused its discretion, and its "legal privilege," because the trial judge should have "access to the facts which the trial judge does not have in the instant case." [Plaintiff's Brief in Support, p. 15.]

5

In truth, the facts are straightforward, the law is clear, and the Court's judgment was correct.

### 1. Plaintiff's Objectives for Rose's Testimony.

Factually, the true reasons why Plaintiff wants Rose to testify are now clear from his brief. First, Plaintiff wants Rose to render legal conclusions on bad faith and the meaning of the policy. On the legal issue of bad faith, Plaintiff inquires "[w]ho other than Mr. Rose is to testify that this is good or bad faith practice?" [Plaintiff's Brief in Support, p. 7.] On the legal issue of what the policy means, Rose would interpret the policy's definition of disability. [Id., p. 9.] Rose would testify that Plaintiff's "claim should have been approved as early as November, 2000 . . . ." [Id., p. 8.] Rose would even like to testify as to the legal significance of the Social Security Administrations review of Plaintiff's claim. [Id., p. 9.]

Second, Plaintiff wants Rose to testify about insurance practices and how claims are handled, purportedly to provide a yardstick for the jury to measure Defendants' conduct. For example, Plaintiff declares that Rose would testify for "potentially an entire day" about a laundry list practices including, what constitutes a "timely response," the "appropriateness or inappropriateness of in-house reviews," the "duty" to "investigate a claim," and what is a "proper investigation." [Plaintiff's Brief in Support, p. 6.] Despite Plaintiff's rhetoric, his objectives are improper.

6

## 2. Experts May Not Testify to Legal Conclusions or Usurp the Judge and Jury.

The Court may properly exclude expert testimony that constitutes a legal conclusion. <u>Ciba-Geigy Corp. v. Crompton & Knowles Corp.</u>, 1991 U.S. Dist. LEXIS 18369, *6 (E.D. PA. Dec. 30, 1991). Further, conclusory expert testimony which "merely tells the jury what result to reach," is prohibited. <u>White v. SMI of Pattison Avenue, L.P.</u>, 1998 U.S. Dist. LEXIS 13027, *23 (E.D. Pa. Aug. 11, 1998). Conclusions and opinions about "whether specific conduct conforms to particular legal requirements" are beyond the allowable scope of expert testimony. <u>Rich v. Bailey</u>, 1996 U.S. Dist. LEXIS 19437, *17 (E.D. Pa. Dec. 23, 1996).

"[A]n expert is prohibited from offering his opinion as to the legal obligations of parties under a contract." <u>Green Machine Corp. v. Zurich American Ins. Group</u>, 2001 U.S. Dist. LEXIS 13378, *17 (E.D. Pa. Aug. 24, 2001). Also, the Court must make certain that an "expert does not usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." <u>Earle M. Jorgenson Co. v. T. I. United States Ltd.</u>, 1992 U.S. Dist. LEXIS 16812, *6-7 (E.D. Pa. Nov. 3, 1992).

As shown above, Plaintiff wants Rose to tell the jury whether Defendants' claims review was a "good or bad faith practice," and what the policy means and

7

how Defendants were allegedly obligated to pay benefits. Yet, such legal conclusions are beyond the scope of permissible expert testimony.[1]

### 3. The Court's Application of Precedent Was Not a Manifest Error of Law.

Next, Plaintiff argues that the Court misapplied precedent and therefore erred in excluding Rose's testimony. Specifically, Plaintiff incorrectly argues that the Court's application of Dattilo v. State Farm Ins. Co., 1997 U.S. Dist. LEXIS 16188, (E.D. Pa. Oct. 17, 1997), and Bergman v. United Svc. Automobile Assoc., 742 A.2d 1101 (Pa. Super. 1999), does not support exclusion. [Plaintiff's Brief in Support, p. 11.] In fact, both cases undermine Plaintiff's objectives.

First, both cases hold that the issue of bad faith is a "legal concept of general application which does not require that scientific, technical or specialized knowledge be presented to assist the trier of fact." Dattilo, 1997 U.S. Dist. LEXIS 16188, *12; Bergman, 742 A.2d at 1107. Thus, both courts found that because the bad faith question was not beyond the understanding of the factfinder, expert testimony was unnecessary. Id.; Bergman, 742 A.2d at 1108. Further, although neither decision relied on this rationale, because Dattilo and Bergman both found bad faith to be a legal concept, both cases support the conclusion that allowing

---

[1] His conclusions are also wrong. For example, Rose would testify that Paul Revere had an immediate legal obligation to begin paying benefits upon receipt of Dr. Bower's November 2000 letter. Yet the cases confirm that Paul Revere had a right to conduct its own investigation, including Krisa v. The Equitable Life Assurance Society, 113 F. Supp. 2d 694 (M.D. Pa. 2000), a case Plaintiff cites for other purposes while ignoring this holding. Thus, Plaintiff not only wants Rose to usurp the Court's role in instructing the jury, but also wants Rose to provide legally incorrect instructions.

8

Rose to render an opinion on bad faith would violate the rule that the Court, not an expert, charges the jury and the expert, therefore, cannot render legal opinions.

Finally, both cases squarely undermine Plaintiff's argument that Rose's testimony is required to provide a yardstick by which to measure Defendants' practices. Id.; Bergman, 742 A.2d at 1104-1105. In fact, in Bergman the Superior Court affirmed the trial court's decision to exclude such evidence:

> Specifically, Appellant contends that the trial judge could not properly determine whether there had been a reasonable basis for the action and inaction of Appellant's insurer, USAA, without a yard stick in the form of his expert's testimony, against which to measure the insurer's conduct. . . . We disagree.

742 A.2d at 1104-05.

Then, citing Dattilo, the Bergman court further explained its rationale for why the trial court could properly exclude expert testimony on industry standards and practices:

> [A]lthough the expert "qualified as a person experienced in claims handling and adjusting on behalf of insurers, [Dattilo was] not a malpractice case in which the insurer's conduct would be judged by the standards of the insurance industry.

742 A.2d at 1107.

From the discussion above, it is clear that despite Plaintiff's intention, Rose cannot testify about legal conclusions. E.g., Green Machine, 2001 U.S. Dist. LEXIS 13378, *17. It is equally clear that it is within the Court's discretion to

9

exclude expert testimony where it is not necessary to explain insurance practices. E.g., Dattilo, 1997 U.S. Dist. LEXIS 16188, *12. Indeed, in Bergman, the appellate court affirmed the trial court's discretionary decision. (Dattilo was affirmed on appeal, albeit without a published opinion.) Plaintiff's disagreement with the Court's exercise of discretion is not a proper ground for a motion for reconsideration.

### 4. Plaintiff's Citation to Caselaw Is Not Evidence of a Manifest Error of Law.

Plaintiff claims "[t]here are literally dozens of cases" which support his position that Rose should be admitted. Nevertheless, for most of the cases cited, Plaintiff fails to provide any contextual explanation beyond a bald citation. Aside from the fact not one case cited constitutes new intervening law warranting reconsideration by the Court, none offers evidence of any error by this Court.

Moreover, ten of the eighteen cases cited by Plaintiff do not involve a challenge to the admissibility of experts, do not discuss the standard of admissibility of an expert, and do not implicate a court's discretion for admitting or excluding a party's expert.[2] Furthermore, none of the cases provide any support for

---

[2] See Klinger v. State Farm Mutual Automobile Ins. Co., 115 F.3d 230 (3d Cir. 1997); Greater NewYork Mutual ins. Co. v. The North River Ins. Co., 85 F.3d 1088 (3d Cir. 1996); General Star Nat. Ins. Co. v. Liberty Mut. Ins. Co., 960 F.2d 377 (3d Cir. 1992); McNally, Jr. v. Nationwide Ins. Co., 815 F.2d 254 (3d Cir. 1987); Kilmer v. The Connecticut Indemnity Co., 189 F. Supp. 2d 237 (M.D. Pa. 2002); Krisa v. The Equitable Life Assurance Society, 113 F. Supp. 2d 694 (M.D. Pa. 2000); Williams v. Hartford Casualty Ins. Co., 83 F. Supp. 2d 567 (E.D. Pa. 2000); Greco v. The Paul Revere Life Ins. Co., No. 97-6317, 1999 U.S. Dist. LEXIS 110 (E.D. Pa. Jan 12, 1999); O'Donnell v. Allstate Ins. Co., 723 A.2d 901 (Pa. Super. 1999); Hollock v. Erie Ins. Exchange, 54 Pa. D&C.4th 449 (Luzerne 2002).

SL1 334692v1/10305.060

Plaintiff's contention that the Court erred in exercising its discretion to exclude Rose's testimony. Therefore, none support Plaintiff's Motion for Reconsideration.

The remaining cases cited by Plaintiff involve a court's exercise of discretion on questions of expert testimony, but each deals with facts and circumstances applicable only to the particular case.[3] Many of these cases did not involve pretrial challenges to the admissibility of an expert, and none provides any rationale for finding error in this Court's decision to exclude Rose's testimony. Plaintiff provides no accompanying explanation for how any of these cases establish that the Court erred in excluding Rose. In the absence of a "manifest error of law," there are no grounds for a motion for reconsideration.

Merely citing to caselaw where the court exercised discretion in ways unrelated to expert testimony does not suggest the Court's discretion in this case was a manifest error of law. For the same reason, Plaintiff's citation to cases based on other procedural issues such as summary judgment and motions for new trial, does not mean that this Court erred. Absent from Plaintiff's rhetorical discussion is

---

[3] See Kosierowski v. Allstate Ins. Co., 51 F. Supp. 2d 583 (E.D. Pa. 1999) (granting defendant summary judgment and finding plaintiff's expert report insufficient); Syracuse Exploration Co. v. Northbrook Property & Casualty Ins. Co., No. 1:97-1405 (M.D. Pa. Sep. 28, 1999) (unreported opinion), (denying motion for new trial and finding no error to admit expert) aff'd, 216 F.3d 1077 (3d Cir. 2000); Wood v. Allstate Ins. Co., No. 96-4574, 1997 U.S. Dist. LEXIS 14663 (E.D. Pa. Sep. 19, 1997) (denying motion for new trial; no pretrial challenge to expert's testimony; no error in allowing testimony); Kraeger v. Nationwide Mutual Ins. Co., No. 95-7550, 1997 U.S. Dict. LEXIS 2726 (E.D. Pa. Mar. 7, 1997) (denying motion to exclude expert based on lack of qualifications); Thompson v. Prudential Property and Casualty Ins. Co., No. 91-4073, 1992 U.S. Dist. LEXIS 12627 (E.D. Pa. Aug. 24, 1992) (exercising discretion and denying motion to exclude expert but reserving opportunity to review again prior to trial); Bonenberger v. Nationwide Mut. Ins. Co., 791 A.2d 378 (Pa. Super. 2002) (finding no abuse of discretion in admitting expert); Birth Center v. The St. Paul Companies,

11

the obvious conclusion that different outcomes, by different courts applying different facts, is to be expected; indeed it is the hallmark of discretion.

### 5. The Court's Application of Rule 702 Was Not a Manifest Error of Law.

Plaintiff also argues that the Court somehow misapplied Fed. R. Evid. 702 and its requirement that Rose's "specialized knowledge" must "assist the trier of fact to understand the evidence . . . ." [Plaintiff's Brief in Support, p. 3.] Plaintiff argues that it was error for the Court to rely upon Middle District precedent for its interpretation about what testimony will assist the trier of fact. See Hamilton v. Emerson Electric Co., 133 F. Supp. 2d 360, 374-75 (M.D. Pa. 2001).

Instead, Plaintiff claims that the Court should have relied upon his counsel's interpretation of a legal treatise and an American Law Report Annotation covering evidentiary rules. [Plaintiff's Brief p. pp. 3-4.] Nevertheless, secondary sources have no binding precedential weight and certainly do not supersede the opinion of a federal district court judge from this district. The Court's application of federal court precedent was not a manifest error of law and does not support Plaintiff's motion for reconsideration.

---

Inc., 727 A.2d 1144 (Pa. Super. 1999) (finding admission of testimony of bad faith within court's discretion, but finding evidence not offered as expert testimony).

12

### 6. The Court's Discretionary Exclusion of Rose's Flawed Testimony Was Not a Manifest Error of Law.

Rose's testimony is not relevant and not needed in this case. Plaintiff argues that rather than exclude "any and all" of Rose's testimony, that the Court should instead allow Rose to testify "subject to objections at trial." Yet, once again Plaintiff ignores the fact that Rose's reports, aside from being unhelpful, irrelevant, and conclusory, are riddled with misstatement and inaccuracy.

Although Plaintiff discusses in detail the documents that Mr. Rose reviewed in preparing his opinion, he ignores the aspects of his testimony that are factually inaccurate and properly excluded. For example, Rose claims that Paul Revere's denial of benefits in conjunction with Plaintiff being awarded Social Security Disability income benefits was evidence of bad faith. However, because Plaintiff was awarded Social Security benefits on July 25, 2002, Rose could not have known of this award when he drafted his earlier reports. Other of Rose's glaring errors include his mistaken belief that Plaintiff was not claiming his disability was due to mental illness and therefore UNUM's hiring of an expert in Psychiatry was evidence of bad faith.

Rose's testimony is, at best, nothing more than subjective speculation unsupported by any scientific or specialized knowledge. <u>Dattilo</u>, 1997 U.S. Dist. LEXIS 16188, *12-13. More likely, Rose's testimony is the type of sloppy, unreliable, and conclusory testimony that is properly excluded. The Court may

13

properly exclude an expert who bases his "opinion on facts that are indisputably wrong." Guillory v. Domtar Indus. Inc., 95 F.3d 1320, 1331 (5th Cir. 1996). See also JMJ Enterprises, Inc. v. Via Veneto Italian Ice, Inc., 1998 U.S.Dist. LEXIS 5098, *14 (E.D. Pa. April 14, 1998), aff'd, 178 F.3d 1279 (3d. Cir. 1999).

### 7. The Court's Discretionary Exclusion of Rose's Testimony Under Rule 403 Was Not a Manifest Error of Law.

In addition, Rule 403 is properly applied to prohibit testimony of a witness who acts as an advocate and not an objective observer. JMJ Enterprises, 1998 U.S.Dist. LEXIS 5098, *27. As stated in Defendants' brief in support of its motion in limine, Rose developed his testimony and his conclusions for the purpose of advocating for Plaintiff and not for the purpose of rendering expert opinion.

For example, in his June 21, 2002 report, Rose reviews the decision of New York Life to waive Plaintiff's life insurance premiums. In the process, Rose betrays his not-so-latent intent to advocate: "I believe this letter must be challenged because this August they might say, 'We told you we were only waiving premiums to Aug. 2002". [Plaintiff's Motion for Reconsideration, Exh. C.] This is the type of argumentative statement to be expected of Plaintiff's counsel and not a witness retained to provide an objective expert opinion at trial.

Such biased testimony, wholly unhelpful to the factfinder's mission of resolving substantive factual disputes, is unworthy of the label expert testimony. Worse yet, as the Court noted, such testimony can be unfairly prejudicial because

14

the jurors may give too much weight to the so-called "expert" whose opinion has little, if any probative value. Plaintiff's motion for reconsideration brings no new evidence to light which would indicate otherwise.

If a jury can understand the issues before it without the need for an explanation of highly sophisticated insurance concepts or practices, such an expert is not necessary. The jury can easily conclude whether, as Plaintiff alleges, the Defendants engaged in dilatory practices or procedures. The issues in this case involve general insurance concepts and practices, which the jury can easily comprehend and evaluate.

## VI. CONCLUSION

For the reasons set forth above, the Court should deny Plaintiff's motion for reconsideration.

Dated: March *12*, 2003          STEVENS & LEE

By *E. Thomas Henefer*
E. Thomas Henefer
Attorney I.D. No. 55773
111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania 19603
(610) 478-2000

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, E THOMAS HENEFER, ESQUIRE, certify that on this date, I served a certified true and correct copy of the foregoing Memorandum of Law upon the following counsel of record, by first class mail, postage prepaid, addressed as follows:

>Richard C. Angino, Esquire
>4503 North Front Street
>Harrisburg, PA 17110-1708

*E. Thomas Henefer*

Date: March 12, 2003