**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **VINCENZO MAZZAMUTO,** : | **CASE NO. 1:01-CV-1157** |
| Plaintiff : | |
| : | **(Judge Conner)** |
| v. : | |
| : | |
| **UNUM PROVIDENT CORPORATION;** : | |
| **PAUL REVERE LIFE INSURANCE** : | |
| **COMPANY; NEW YORK LIFE** : | |
| **INSURANCE COMPANY,** : | |
| : | |
| Defendants : | |

**M E M O R A N D U M**

Presently before the court are defendants' motion for summary judgment (Doc. 16); plaintiff's motion for partial summary judgment (Doc. 23); and plaintiff's motion to add authority to summary judgment motions (Doc. 102). The parties have briefed the issues, and the matter is ripe for disposition.

**I.      Factual Background**

This case arises from defendants' (Unum Provident Corporation ("Unum"), Paul Revere Life Insurance Company ("Paul Revere"), and New York Life Insurance Company ("New York Life")) denial of disability insurance benefits to plaintiff Vincenzo Mazzamuto ("Mazzamuto").[1]  In 1993, New York Life issued a disability insurance policy (hereinafter "the policy") to Mazzamuto.  (Doc. 20, ¶ 15, & Doc. 35, ¶ 15).  Plaintiff owned and managed a small pizza restaurant.  Id. at ¶ 6.

---

[1] Defendants assert that, pursuant to a reinsurance agreement, Paul Revere is responsible for administering and paying claims under the Policy.

Mazzamuto has suffered from back problems for several years. Id. at ¶ 18.[2] He suffered a heart attack in July 2000, during which time he reinjured his back. Id. at ¶¶ 28-29. Mazzamuto feared another heart attack, and he began experiencing severe anxiety which allegedly impacted his ability to manage the restaurant. Id. at ¶¶ 39-40. Mazzamuto and his wife telephoned Paul Revere on two occasions in September 2000 to inform them of his desire to claim disability benefits under the Policy. Id. at ¶ 30. However, the date on which Paul Revere received Mazzamuto's written claim forms remains in dispute.

Mazzamuto's policy application and written claim for benefits stated his occupation as restaurant owner / president. Id. at ¶¶ 16, 34. Plaintiff described his occupational duties as executive and managerial. Id. at ¶¶ 33-34. Mazzamuto was responsible for bookkeeping, supervising employees, operating a cash register, and filling in for any employee who was absent from the restaurant on a given day. Id. at ¶ 35. He stated that he was required to stand for 3.5 hours per day. Id. at ¶ 37. These forms stated that plaintiff worked forty hours in a typical week; however, Mazzamuto claims that this number is inaccurate. (Doc. 22, Ex. B at p. 550-51 & Ex. C). In an occupational form dated January 18, 2001, plaintiff informed Paul Revere that his job required him to stand during most of the day, and occasionally lift heavy objects. (Doc. 20, ¶¶ 36, 48 & Doc. 35, ¶¶ 36, 48).

---

[2]As a result of his back condition, plaintiff received disability benefits under the Policy for the period covering July 2, 1996 through October 23, 1996. Id. at ¶ 27.

Dr. Douglas Bower, plaintiff's treating physician, informed defendants that plaintiff's back pain and psychological problems rendered him totally disabled.[3] Id. at ¶¶ 43-44. Defendants arranged for Dr. John Clarke to conduct an independent medical examination of plaintiff. Id. at ¶ 61. Dr. Clarke concluded that plaintiff was not disabled as defined by the Policy. Id. at ¶¶ 61-63. On April 20, 2001, Paul Revere denied Mazzamuto's claim for disability benefits. Id. at ¶ 64. Defendants denied plaintiff's request for reconsideration of the denial of benefits on May 23, 2001. Id. at ¶ 68.

Plaintiff filed the instant complaint on June 26, 2001. (Doc. 1). He asserted claims for breach of contract and insurance bad faith pursuant to 42 Pa. C.S.A. § 8371. Id. On July 25, 2002, the United States Social Security Administration awarded Mazzamuto disability benefits. (Doc. 20, ¶ 106 & Doc. 35, ¶ 106).

**II.      Legal Standard**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). See also Saldana v. Kmart Corp.,260 F.3d 228, 231-32 (3d Cir. 2001). A material fact is defined as one that will affect the outcome of the case under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party." Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa.

---

[3]In an order dated February 7, 2003, this court ruled that Dr. Bower was qualified to offer expert testimony about plaintiff's medical condition. (Doc. 101).

1992) (citing White v. Westinghouse Electric Company, 862 F.2d 56, 59 (3d Cir. 1988)); Saldana, 260 F.3d at 232.

When deciding a motion for summary judgment, the court does not weigh the evidence for the truth of the matter, but simply determines "whether there is a genuine issue for trial." Schnall v. Amboy Nat. Bank, 279 F.3d 205, 209 (3d Cir. 2002) (citing Anderson, 477 U.S. at 249). An issue of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

"Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in the complaint; instead, it must 'go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, and designate specified facts showing that there is a genuine issue for trial.'" Schiazza v. Zoning Hearing Bd., Fairview Twp., York County, Pennsylvania, 168 F.Supp.2d 361, 365 (M.D. Pa. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). See also Saldana, 260 F.3d at 232. Summary judgment should be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322-23.

The same standard applies when the court is considering cross-motions for summary judgment. However, "the court must construe the motions independently, viewing the evidence presented by each moving party in the light most favorable to the non-movant." Schiazza, 168 F. Supp.2d at 365.

**III.     Discussion**

    **A.     Plaintiff's Motion to Add Additional Authority to Summary Judgment Motions**

Plaintiff submitted a motion to add additional authority in support of his motion for partial summary judgment, and in opposition to defendants' motion for summary judgment. (Doc. 102). The addition consists of case law involving the present defendants, and a newspaper article about said case. Id. at Ex. A. The court assures both parties that it has examined all relevant legal authority. For the record, the court will grant plaintiff's motion to add additional authority in support of the summary judgment motions.

    **B.     Defendants' Motion for Summary Judgment on All Claims Against Defendants New York Life and Unum**

Defendant has moved this court to enter summary judgment on behalf of defendants New York Life and Unum. (Doc. 17). They argue that neither entity acted as insurers under the policy. Id. Allegedly, Paul Revere made the determination to deny Mr. Mazzamuto's claim. Id. Based upon the court's review of the record, the court finds that there are material issues of fact concerning New York Life and Unum's role in the insurance contract and in the decision to deny benefits. Therefore, the court will deny defendants' motion for summary judgment on all claims against New York Life and Unum. At trial, the factfinder must determine what role, if any, defendants New York Life and Unum played in the decision to deny disability benefits to plaintiff.

### C.  Defendants' Motion for Summary Judgment on the Bad Faith Claim

Mazzamuto has filed suit against defendants under 42 Pa. C.S.A. §8371, which penalizes insurance companies who act in bad faith toward an insured by awarding interest, punitive damages, court costs, and attorney's fees to injured plaintiff-insureds.  See 42 Pa. C.S.A. §8371.  Under Pennsylvania law, "bad faith" is defined as any frivolous or unfounded refusal to pay proceeds of an insurance policy. Keefe v. Prudential Property and Casualty Ins. Co., 203 F.3d 218, 225 (3d Cir. 2000); Woody v. State Farm Fire and Casualty Co., 965 F. Supp. 691, 693 (E.D. Pa. 1997); Terletsky v. Prudential Property and Casualty Ins. Co., 649 A.2d 680, 688 (Pa. Super. 1994) (quoting BLACK'S LAW DICTIONARY, 139 (6th ed. 1990)).

In order to recover under the Pennsylvania bad faith statute, Mazzamuto must prove that defendants; (1) did not have a reasonable basis for denying benefits under the policy, and (2) knew or recklessly disregarded the lack of reasonable basis in denying the claim.  See 42 Pa. C.S.A. § 8371; Keefe, 203 F.3d at 225; Klinger v. State Farm Mutual Automobile Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997).  Plaintiff must prove both elements by clear and convincing evidence.  Klinger, 115 F.3d at 233; Polselli v. Nationwide Mutual Fire Ins. Co., 23 F.3d 747, 750 (3d Cir. 1994).  In order to defeat a motion for summary judgment, plaintiff must present sufficient evidence that would enable a reasonable jury to find bad faith under this stringent standard.  See Simon v. Unum Provident Corp., 2002 WL 1060831 at * 6 (E.D.Pa. 2002); Krisa v. Equitable Life Assurance Society, 113 F.Supp.2d 694, 703 (M.D.Pa. 2000).

The court finds that defendants have successfully demonstrated a reasonable basis for the denial of Mazzamuto's disability claim; hence, plaintiff

cannot meet his burden. Discrepancies abound in the record. The record contains inconsistencies regarding the necessity for plaintiff to stand while performing his employment duties, the role of plaintiff's psychiatric problems in his alleged disability, and the hours per week worked by Mazzamuto. (Doc. 20 & Doc. 35). Defendants' medical experts, Drs. Hostetter, Clarke, and Steinman opine that plaintiff is not disabled under the terms of the policy. Id. at ¶¶ 62, 63, 113, & 115. These evidentiary contradictions could reasonably create doubt in defendants as to the veracity of plaintiff's claim for disability benefits.

Defendant conducted an adequate investigation into Mazzamuto's disability claim. Paul Revere reviewed medical records, spoke with plaintiff, visited his place of employment, and conducted an independent medical investigation. The law does not require an insurance company to blindly accept a claimant's assertions; it is entitled to conduct an independent investigation and rely on the results. See Krisa, 113 F.Supp.2d at 704-05; Cantor v. The Equitable Life Assurance Society of the United States, 1999 WL 219786 at * 3-4 (E.D.Pa. 1999); Seidman v. Minnesota Mutual Life Ins. Co., 40 F.Supp.2d 590, 594 (E.D.Pa. 1997). In the present case, defendants' investigation revealed inconsistencies that create a reasonable basis for denial of disability benefits. See id.

Plaintiff argues that defendants' alleged violations of the Unfair Insurance Practices Act ("UIPA") and the Unfair Claims Settlement Practices ("USCP") regulations constitute evidence of bad faith. (Doc. 34). While defendants' investigation progressed slowly, examination of the record cannot reveal the cause of the delay. The Third Circuit has held that UIPA and USCP violations do not automatically constitute bad faith and, indeed, such violations may be irrelevant to a

bad faith inquiry.  See Dinner v. United Svcs. Automobile Assoc. Casualty Ins. Co., 29 Fed. Appx. 823, 827 (3d Cir. 2002)[4].

The aforementioned inconsistencies and conflicting medical opinions may cause a reasonable jury to conclude that defendants' decision to deny Mazzamuto's disability claim was incorrect.  However, an erroneous decision to refuse benefits does not equal bad faith.  Krisa, 113 F.Supp.2d at 703.  "Mere negligence or bad judgment is not bad faith."  Keefe, 203 F.3d at 225 (quoting Terletsky, 649 A.2d at 688).  Because defendants have put forth sufficient evidence demonstrating a reasonable basis for the denial of plaintiff's claim for disability benefits, the court will grant defendants' motion for summary judgment on the bad faith claim.

### D.   Cross-Motions for Summary Judgment on the Breach of Contract Claim

Defendant has moved for summary judgment on the breach of contract component of the complaint.  (Doc. 16).  Plaintiff's motion for partial summary judgment also requests disposition of this claim.  (Doc. 23).  Mazzamuto argues that defendants breached the disability insurance contract by failing to pay benefits despite his disability.  Id.  Defendants assert that plaintiff does not qualify for benefits under the policy at issue.  (Doc. 16).

According to the policy, an insured is totally disabled if he or she "cannot do the substantial and material duties of his or her regular job."  (Doc. 21, Ex. A at p. 699).  The policy defines "regular job" as "the occupation, or occupations

---

[4]While this case was not selected for publication, the court notes that unpublished Third Circuit opinions constitute "extremely persuasive" authority. See Landau v. Reliance Standard Life Ins. Co., 1999 U.S. Dist. LEXIS 279 at * 10 n. 2 (E.D.Pa. 1999).

if more than one, in which the Insured is engaged when a disability starts."  Id.  A significant factual dispute exists regarding whether plaintiff's back and psychological conditions render him "disabled" according to the above policy definitions.

In the court's opinion, this issue is not appropriate for disposition on summary judgment.  The status of Mazzamuto's medical condition can only be resolved by weighing the evidence, and the credibility of witnesses is a crucial issue.  When deciding a motion for summary judgment, it is not the court's duty to weigh the evidence, but to determine whether the non-moving party has established sufficient evidence for a reasonable jury to return a verdict in its favor.  In this case, both parties have established sufficient evidence for a reasonable jury to return a verdict in its favor.  Therefore, the court will deny defendants' motion for summary judgment on the breach of contract claim and plaintiff's motion for partial summary judgment.  These claims must be presented to a jury.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      March 17, 2003

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VINCENZO MAZZAMUTO,** | : | **CASE NO. 1:01-CV-1157** |
| Plaintiff | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; NEW YORK LIFE INSURANCE COMPANY,** | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 17th day of March, 2003, upon consideration of defendants' motion for summary judgment (Doc. 16), plaintiff's motion for partial summary judgment (Doc. 23), and plaintiff's motion to add additional authority to summary judgment motions (Doc. 102), it is hereby ORDERED that:

1. Plaintiff's motion to add additional authority to summary judgment motions is GRANTED.

2. Defendants' motion for summary judgment on all claims against defendants New York Life Insurance Company and Unum Provident Corporation is DENIED.

3. Defendants' motion for summary judgment on the bad faith claim is GRANTED.

4. Defendants' motion for summary judgment on the breach of contract claim is DENIED.

5. Plaintiff's motion for partial summary judgment is DENIED.

6. The clerk of court is directed to defer entry of judgment until completion of the case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge