IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENZO MAZZAMUTO, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 1:CV-01-1157 |
| | : | |
| v. | : | |
| | : | |
| UNUM PROVIDENT CORPORATION, | : | JUDGE CONNER |
| et al., | : | |
| Defendants | : | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE UNTIMELY IDENTIFIED WITNESSES

### INTRODUCTION

Defendants UNUMProvident Corporation, Paul Revere Insurance Company and New York Life Insurance Company ("Defendants") file this memorandum of law in support of their motion in limine to exclude testimony from <u>nine</u> untimely identified witnesses.[1] As explained below, Defendant's motion should be granted because (1) Plaintiff failed to identify the individuals in his initial disclosure; and (2) discovery is closed and Defendants would be prejudiced by this testimony.

### PROCEDURAL HISTORY

Plaintiff alleges claims for bad faith, under 42 Pa. C.S.A. § 8371, and breach of contract arising from the denial of his claim for disability benefits based on back and psychiatric conditions. Defendants UNUMProvident Corporation ("UNUMProvident"), The Paul Revere Life Insurance Company ("Paul Revere") and New York Life Insurance Company ("NYL") have moved for summary judgment and plaintiff has filed a motion for partial summary judgment.

---

[1] The witnesses are: Antonio Mazzamuto, Francesco Mazzamuto, Angelo Mazzamuto, Antonia Tripoli, Pam Hagerich, Vincenzo Randazzo, James Marshall, Salvatore Ferrigno, and Ted Kosenske, M.D.

Discovery is closed and the deadline for expert reports was June 28, 2002. On September 13, 2002, Plaintiff sent a witness list to Defendants that identified <u>seven</u> people not disclosed in his initial disclosures made on or about October 29, 2001. The September list included Plaintiff's three children and four apparent friends and/or co-workers. In addition, on January 22, 2003 and January 27, 2003 the Plaintiff identified two additional witnesses (S. Ferrigno and Dr. Kosenske) who were not identified in Plaintiff's Rule 26 disclosures. Defendants file this memorandum of law in support of their motion in limine because the designations are untimely, discovery is closed and Defendants will be prejudiced by the late disclosure of eight lay witnesses and one medical expert witness.

## FACTUAL HISTORY

This case involves breach of contract and bad faith claims by a restaurant owner arising out of his claim for disability benefits under a long-term disability policy issued by New York Life. A detailed description of the facts is contained in the brief in support of Defendants' motion for summary judgment which is incorporated herein in its entirety.

Plaintiff sent his initial disclosures to Defendants on or about October 29, 2001. Rule 26(a)(1) requires a party to provide an opposing party with the name of any individual likely to have discoverable information that the party may use to support his claims. Plaintiff identified numerous individuals in his initial disclosure. However, after discovery closed in June 2002, Plaintiff identified seven additional individuals as witnesses on September 13, 2002. Plaintiff also identified Salvatore Ferrigno and Dr. Ted Kosenske in January 2003 as additional witnesses. Defendants' Motion in Limine must be granted because the individuals were untimely identified and discovery is closed.

As explained below, Defendants were entitled to make strategic decisions about discovery and pretrial preparation based on Plaintiff's Rule 26 disclosures. Plaintiff now seeks to

2

profit from his incomplete Rule 26 disclosure by identifying numerous witnesses -- at least one of whom is a proposed expert witness -- shortly before trial and long after the discovery deadline.

## QUESTIONS PRESENTED

Whether Defendants' motion should be granted where the late designation of witnesses will be unduly prejudicial and discovery is closed.

[Suggested Answer: Yes].

## ARGUMENT

### 1. The Court Has Discretion To Grant Defendants' Motion in Limine and Should Enforce the Existing Deadline For Disclosure of Witnesses.

The Court has discretion to grant Defendants' Motion in Limine to exclude the untimely designated individuals as witnesses. Newman v. GHS Osteopathic, Inc., et al., 60 F.3d 153, 156 (3d Cir. 1995). Among the factors to be considered is the prejudice or surprise to the opposing party, ability to cure the prejudice, likelihood of disruption, and the party's bad faith or unwillingness to comply. Newman, Id. (citing Bronk v. Ineichen, 54 F.3d 425, 433 (7th Cir. 1995)).

Here, there is no question that the late identification of the witnesses would be prejudicial. Discovery closed in June 2002 and Defendants will not have the opportunity to depose the nine individuals recently identified. At this point, Defendants cannot cure the prejudice because discovery is closed. Similarly, Plaintiff has no justification for his failure to timely designate these witnesses in the initial disclosure.

Indeed, in at least one instance, Dr. Kosenske, the late disclosure appears to be a direct response to discovery which revealed serious flaws in plaintiff's case. Specifically, discovery revealed that Plaintiff's only designated witness on orthopedic issues, Dr. Bower, is a seriously flawed witness. Among other things, Dr. Bower has conceded that (a) he is not an

3

expert in back problems and (b) that if Plaintiff's back were his only alleged problem, he could perform many, if not all, of the occupational duties as he described them to Paul Revere.

Now, after discovery has demonstrated that Dr. Bower is not a witness who can fully support Plaintiff's claim, and over six months after the discovery deadline has closed, plaintiff has designated another physician, Dr. Kosenske, who provided Plaintiff with several epidural injections. Thus, Plaintiff seeks to use a new medical expert, who has not provided an expert report, without any prior notice that Dr. Kosenske would be relied upon as a trial witness.

Plaintiff will allege that Dr. Kosenske should be allowed to testify despite the untimely disclosure because Paul Revere had access to the records from the epidural injections before the discovery deadline lapsed. While it is true that the records were available, such an argument ignores Plaintiff's election not to designate Dr. Kosenske as a likely witness under Rule 26. Thus, even though Dr. Kosenske was a treating physician (at least on a periodic basis), Plaintiff's Rule 26 disclosures represented to Defendants that Dr. Kosenske was _not_ an "individual likely to have discoverable information that the [Plaintiff] may use to support [his] claims...." Fed. R. Civ. P. 26(a)(1)(A).

Under these circumstances, Defendants justifiably concluded that further discovery from Dr. Kosenske (such as a deposition), and further pretrial preparation (such as expert analysis of Dr. Kosenske's testimony), was not needed. As for the other witnesses, they were all disclosed as potential witnesses after the discovery deadline closed preventing discovery from them or, for that matter, about them (for example, by asking Plaintiff what knowledge he thought the witnesses had). In short, Plaintiff's late disclosure of the witnesses leaves Defendants in the position of having prepared for one trial and being faced with the prospect of having to actually conduct a very different trial. Plaintiff should not be allowed to benefit from his Rule 26 omission in this fashion.

Indeed, the Rules confirm that Plaintiff is not allowed to profit from his Rule 26 omissions. Rule 37(c)(1) of the Federal Rules of Civil Procedure provides, in part, the following:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), ...is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

Rule 37 is written in mandatory terms and "is designed to provide a strong inducement for disclosure of Rule 26(a) material." Newman v. GHS Osteopathic, Inc., Id. at 60 F.3d 156 (citing from Harlow v. Eli Lilly & Co., 1995 U.S. Dist. LEXIS 7162, *7 (N.D. Ill. May 25, 1995). See also, United States of America v. Compaction Systems Corp., et al., 2000 U.S. Dist. LEXIS 14362, *4-6 (D.N.J. July 11, 2000) (Affidavit submitted as part of motion for summary judgment excluded because Rule 37(c) will not permit the disclosure of such information when a party, without substantial justification, fails to disclose the information required by Rule 26(a)); United States of America v. 68.9 4 Acres of Land et al., 918 F.2d 389, 396 (3d Cir. 1990) (As a sanction for failure to obey a pre-trial order, the federal rules authorize courts to prohibit the admission of evidence offered by the disobedient party); Hagans v. Henry Weber Aircraft Distributors, Inc., 852 F.2d 60, 64 (3d Cir. 1988) (Plaintiff prohibited from using a substitute expert where Plaintiff was noncompliant with several discovery requests and a court order). Indeed, the Rule is mandatory precisely to prevent the kind of tactics Plaintiff is attempting here.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court to grant

5

Defendants' motion in limine and prohibit the testimony of the late identified witnesses.

Dated: March 14, 2003              STEVENS & LEE

                                   By _____
                                   E. Thomas Henefer
                                   Attorney I.D. No. 55773
                                   Kirk L. Wolgemuth
                                   Attorney I.D. No. 45792
                                   111 North Sixth Street
                                   P.O. Box 679
                                   Reading, Pennsylvania 19603
                                   (610) 478-2000

                                   Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, E. Thomas Henefer, Esquire, certify that on this date, I served a certified true and correct copy of the foregoing Motion and Memorandum of Law upon the following counsel of record, by depositing the same in the United States mail, postage prepaid, addressed as follows:

Richard C. Angino, Esquire
4503 North Front Street
Harrisburg, PA 17110-1708

E. Thomas Henefer

Date: March 14, 2003