UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>    Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE COMPANY<br>    Defendants | JUDGE CONNER<br><br>JURY TRIAL DEMANDED |

**REPLY BRIEF WITH RESPECT TO PLAINTIFF'S MOTION
FOR RECONSIDERATION RE; PLAINTIFF'S BAD FAITH EXPERT**

**I.   INTRODUCTION**

Contrary to Defendants' assertion, Your Court's February 7, 2003, Memorandum Opinion states as the applicable law and basis for the exclusion of Mr. Rose's testimony:

> In order to assist the factfinder in resolving factual disputes present in the case, <u>the subject matter</u> of proposed expert testimony <u>must fall outside the jury's understanding</u>.  See <u>Hamilton</u>, 133 F.Supp.2d at 374-75; <u>Bergman</u>, 742 A.2d at 1105.  Defendants contend that the average jury can <u>comprehend</u> bad faith insurance law <u>without the aid of an expert witness</u>.  They further argue that Mr. Rose's testimony consists <u>solely of impermissible legal conclusions</u>.

Memorandum Opinion, p. 8, emphasis supplied.

Your Memorandum Opinion goes on to say:

> <u>Numerous courts</u> have excluded expert testimony in insurance bad faith actions….

>    Examination of Mr. Rose's expert report persuades the court that exclusion of this evidence is proper (Doc. 33, Ex. B). Much of the report consists of <u>mere recitation of the facts</u> of the case or the <u>reports of other witnesses</u>, which plaintiff <u>can present</u> to the factfinder <u>without the aid of an expert witness</u>. *Id.* In addition, this report was <u>largely conclusory</u> (citing authority).

Memorandum Opinion, p. 9, emphasis supplied.

>    The <u>uncomplicated</u> subject matter of the present action, <u>combined with the conclusory nature</u> of Mr. Rose's report, leads the court to believe that the proffered expert testimony will provide <u>little probative value</u>. Juries <u>often afford great weight</u> to expert testimony, regardless of the quality of the evidence. This <u>tendency could result in considerable prejudice to defendants</u>. <u>Because</u> Mr. Rose's proposed testimony is of <u>little probative value</u>, and <u>because the potential prejudice to defendant substantially outweighs its probative value</u>, the court will exclude Mr. Rose's testimony.

Memorandum Opinion, p. 10, emphasis supplied.

Plaintiff contends that the Court's conclusions of law and fact are erroneous because (1) Fed.R.Evid. 702 does not require that the subject matter "must fall outside the jury's understanding but need only assist the trier of fact to understand;" (2) Your Court does not state that Mr. Rose's proffered testimony will not assist the trier of fact; (3) the average juror's ability to understand is irrelevant and is not part of Fed.R.Evid. 702; (4) Your Memorandum fails to consider the need of an expert for <u>each</u> side to explain the law and/or practice and procedure of insurance companies; (5) Your Honorable Court is not an expert on insurance law, practice, and procedure; (6) defense counsel will have available insurance experts to testify as to their version; (7) Rule 702 permits expert testimony as to the facts and case law permits an expert to summarize the facts and reports and reference documents upon which the expert would normally rely; (8) Fed.R.Evid. 704 permits testimony as to ultimate issues; (9) Mr. Rose's report is not "largely conclusory;" (10) the subject of insurance law and practice is not uncomplicated, and again Rule 702 does not require that the specialized knowledge be complicated; and (11) case law does not support the Court's conclusion based upon prejudice.

Since the filing of Plaintiff's Motion for Reconsideration, Your Court has dismissed Plaintiff's bad faith claim.  See, Memorandum Opinion, pp. 6-8 and Order dated March 17, 2003.  **Exhibit A**.  The exclusive basis for Your Court's Opinion dismissing Plaintiff's bad faith claim is the "inconsistencies and conflicting medical opinions."  Memorandum Opinion, p. 8.  Your Court also has not ruled on Plaintiff's Motion to Amend which seeks to assert a claim based upon company-wide unlawful insurance practices.

Nowhere in Your Court's March 17, 2003, Memorandum Opinion do you even mention Plaintiff's claim for bad faith based upon UNUMProvident's company-wide, well-known and well-publicized unfair insurance practices associated with disability-specific policies which unfair insurance practices have been alleged in Plaintiff's proposed Amended Complaint, as well as emphasized in Plaintiff's expert reports.  If Your Court, upon reconsideration, concludes that You are in error in excluding Mr. Rose as an expert and if you agree that Plaintiff should be permitted to amend his Complaint to assert a claim of bad faith based upon a company-wide unfair insurance practices, it would seem that the only logical conclusion would be to reconsider and withdraw Your March 17, 2003, Order granting Defendants' Motion for Summary Judgment on Plaintiff's bad faith claim.  Plaintiff is filing a Motion for Reconsideration of Your Court's decision with respect to Plaintiff's bad faith claim simultaneously with this Reply Brief.

### III.  COUNTERSTATEMENT OF THE FACTS

27A Fed Proc L.Ed §62:756, under the chapter heading "J. RECONSIDERATION AND APPEAL," provides an extensive discussion of the subject matter of reconsideration with respect to the grant of summary judgment.  Section H, §62:740, p. 505, *et seq.* and I. SUMMARY ADJUDICATION OF FEWER THAN ALL ISSUES, §62:751, *et seq.,* p. 518, *et seq.*

Section 62:756 discusses generally "Motion for reconsideration:"

>Since the 1946 amendment which added FRCP 59(e), the wording of this provision is broad enough to include what are in substance motions for reconsideration of orders finally disposing of actions before trial, including orders for summary judgment under FRCP 56. However, where the court's original determination was in the nature of a partial order under FRCP 56(d), rather than a true summary judgment disposing of the case, it is error for the court to treat a motion to reconsider its finding as an FRCP 59(e) motion to alter or amend judgment, and to refuse to consider it because it was not filed within the strict time limits of FRCP 59(e), rather than dealing with it under FRCP 56(d), which allows the court to modify its order at any time until termination of the suit by the entry of a final judgment.

27A Fed Proc L.Ed §62:756, p. 524.

>Section 62:757 "Reconsideration of denial of summary judgment" states:

>>Denial of a motion for summary judgment is an interlocutory order which the trial court is free to reconsider and reverse <u>for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of substantive law</u>, and regardless of whether the motion is renewed.

pp. 525, 526, emphasis supplied.

Plaintiff does not propose to provide newly discovered evidence but is requesting Your Honorable Court to reconsider its conclusions and the legal bases referenced for those conclusions. <u>See</u>, particular language from Your Opinion, which has been referenced in Plaintiff's Reply Brief under I. Introduction and in Plaintiff's detailed discussion in Plaintiff's original Brief

IV. **COUNTERSTATEMENT OF THE QUESTION PRESENTED**

>Should the Court grant Plaintiff's Motion for Reconsideration where the Court was in error in the conclusions it reached and the law upon which it based its decision?

V. **ARGUMENT**

Plaintiff directs Your Court's attention to Fed Proc L.Ed §62:757 referenced above.

Defendants referenced cases support Plaintiff's position. The Third Circuit opinion in <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985) states:

> … The purpose of a motion for reconsideration is to correct manifest errors of law <u>or fact</u> or to present newly discovered evidence.

<u>Id</u>, emphasis added. This language is specifically cited in Defendants' cited cases of <u>Petruzzi's, Inc. v. Darling Delaware Co., Inc.</u>, 983 F.Supp 595 (M.D. Pa. 1997) and <u>GFL. Advantage Fund, Ltd. v. Colkitt</u>, 2000 U.S. Dist. LEXIS 21747 (July 17, 2000). <u>Petruzzi's</u> and <u>GFL</u> reference <u>Dodge v. Susquehanna Univ.</u>, 796 F.Supp. 829, 830 (M.D. Pa. 1992) (noting three possible grounds upon which a motion for reconsideration might be granted including: … (3) need to correct a clear error of law or prevent injustice." <u>Petruzzi's</u> notes as an appropriate basis for reconsideration: "Where the court has patently misunderstood a party…" <u>Petruzzi's</u>, 983 F.Supp. at 611.

    A.    <u>**There Was A Manifest Error Of Law**</u>

Your Court erroneously stated as a prerequisite that "the subject matter of proposed expert testimony must fall outside the jury's understanding." Memorandum Opinion, p. 8. Fed.R.Evid. 702, and the cases interpreting Rule 702 do not condition 702 upon the "proposed expert testimony … fall[ing] outside the jury's understanding."

Your Court also erroneously stated that: "Numerous courts have excluded testimony in insurance bad faith actions" whereas only three cases have been cited by Your Court and by defense counsel. <u>Dinner v. United Servs. Auto. Ass'n Cas. Ins. Co.</u>, 29 Fed. Appx. 823; 2002 U.S. App. LEXIS 3408 (3d Cir. February 27, 2002), <u>Datillo v. State Farm Ins. Co.</u>, 1997 U.S. Dist. LEXIS 16188 (E.D. Pa. October 17, 1997, and <u>Bergman v. United Servs. Auto. Ass'n.</u>, 742 A.2d 1101 (Pa. Super. 1999). Plaintiff's counsel clearly distinguished those three cases in its original Brief. On the other hand, defense counsel unsuccessfully attempts to distinguish 18 cases specifically cited by Plaintiff's counsel. None of the three cases referenced by Your Court or the 18 cases cited by Plaintiff would support Your Court's decision to totally exclude an

expert on the legal and factual bases relied upon. Your Court's Opinion goes further in excluding an expert than any recorded opinion dealing with experts in an area of the law, bad faith or otherwise.

Defense counsel's reference to various cases under "2. Experts May Not Testify to Legal Conclusions nor Usurp the Judge and Jury" (p. 7, *et seq.*) does not adequately state the law. Fed.R.Evid. 702. Testimony by Experts states:

> If scientific, technical, or other specialized knowledge <u>will assist the trier of fact</u> to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) <u>the testimony is based upon sufficient facts or data</u>, (2) the testimony is the <u>product of reliable principles and methods</u>, and (3) the witness has <u>applied the principles and methods reliably to the facts of the case</u>. (emphasis supplied)

Fed.R.Evid. 704. Opinion on <u>Ultimate Issue</u> states:

> (a)    Except as provided in subdivision (b), testimony in the form of an opinion or inference otherwise admissible is <u>not</u> objectionable <u>because it embraces an ultimate issue to be decided by the trier of fact</u>. (emphasis supplied)

The Court is invited to review the factual context of the cases referenced by defense counsel under subheading 2. It is apparent that <u>none</u> of these cases support Your Court's decision to exclude Mr. Rose <u>entirely</u> from the case on the basis that <u>everything</u> he says is in his report and/or <u>everything</u> he would state at trial would constitute <u>legal conclusions that would usurp the judge and jury functions and/or would unjustifiably prejudice Defendants</u>.

Your Court clearly erred and/or misunderstood the facts when it reached the conclusion that "Much of the report consists of mere recitation of the facts of the case or the reports of other witnesses, which plaintiff can present to the factfinder without the aid of an expert witness." <u>Id</u>. "In addition, this report was largely conclusory." p. 9.

> The uncomplicated subject matter of the present action, combined with the conclusory nature of Mr. Rose's report, leads the court to believe that the

> proffered expert testimony will provide little probative value. Juries often afford great weight to expert testimony, regardless of the quality of the evidence. This tendency could result in considerable prejudice to defendants. Because Mr. Rose's proposed testimony is of little probative value, and because the potential prejudice to defendants substantially outweighs its probative value, the court will exclude Mr. Rose's testimony.

Fed.R.Evid. 702-704 and the case law interpreting same do not support the Court's excluding an expert for the reasons the Court has given.

Plaintiff's counsel has been practicing civil litigation law for 38 years and asserts that, if the Court is correct with respect to the law and the conclusions of fact that the Court reached as to Mr. Rose, then expert testimony would be excluded in <u>virtually all cases</u> through motions in limine. The truth of the matter is that it is very rare indeed for any judge in any court and particularly a judge in the federal court under Rules 702-704 to exclude an expert from testifying as to <u>any and all</u> subjects within his or her expertise where the issues in the case involve scientific, technical, or other specialized knowledge. To presume that the jury in this case will be knowledgeable as to the law of insurance, the practice of insurance, and the day-to-day activity that occurs in handling insurance claims is ingenuous to say the least.

        Respectfully submitted,

        ANGINO & ROVNER, P.C.

           s/ Richard C. Angino
        Richard C. Angino, Esquire
        I.D. No. PA07140
        Joan L. Stehulak, Esquire
        I.D. No. PA29496
        4503 N. Front Street
        Harrisburg, PA  17110
        (717) 238-6791
        Attorneys for Plaintiff

Date:  March 19, 2003

## **CERTIFICATE OF SERVICE**

I, Richard C. Angino, Esquire, hereby certify that a true and correct copy of the foregoing **REPLY BRIEF WITH RESPECT TO PLAINTIFF'S MOTION FOR RECONSIDERATION RE: PLAINTIFF'S BAD FAITH EXPERT** was served by United States first-class mail, postage prepaid, upon the following:

E. Thomas Henefer, Esquire
Stevens & Lee
111 North Sixth Street
P. O. Box 679
Reading, PA  19603-0679
    Counsel for Paul Revere Life Insurance Company and New York Life Insurance Company


                                        s/ Richard C. Angino

Dated:  March 19, 2003