UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>  Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE COMPANY<br>  Defendants | JUDGE CONNER<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S MEMORANDUM AND OPINION DATED MARCH 17, 2003 GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S BAD FAITH CLAIM**

Plaintiff, by his counsel Richard C. Angino, requests Your Honorable Court to reconsider and reverse Your grant of Defendants' Motion for Summary Judgment as to Plaintiffs' bad faith claim for the following reasons:

1.  Throughout the country, courts and jurors have found Defendant UNUMProvident guilty of unfair insurance practices with respect to occupation specific disability policies. UNUM has been ordered to cease and desist with its unfair insurance practices. 60 Minutes and other news media programs and articles have focused upon the horror stories of UNUM's unfair insurance practices and yet Your Court has held that there is no issue

of bad faith to submit to a jury with respect to UNUMProvident's unfair insurance practices with respect to Mr. Mazzamuto.

2. Plaintiff has filed a Motion and Brief requesting Your Honorable Court's permission to file an Amended Complaint adding facts and legal bases to support his bad faith claim, which have occurred since the filing of the original Complaint.

3. Among factual averments and bad faith practices sought to be included in Plaintiff's Amended Complaint are Defendants' actions in dealing with occupation specific disability claims that have already been found by other courts and juries to constitute unlawful insurance practices.

4. Defendant UNUMProvident has been ordered to cease and desist in continuing with its unlawful insurance practices.

5. Plaintiff alleges in his Motion to Amend that UNUMProvident has been guilty of the same type of unlawful insurance practices in the instant case as it has already been found guilty and ordered to cease and desist.

6. Your Court's March 17, 2003, Memorandum Opinion (**Exhibit A**) granting Defendants' Motion for Summary Judgment is based exclusively upon "inconsistencies and conflicting medical opinions" without any reference whatsoever to Defendants' company-wide occupation specific unlawful insurance practices.

7. Plaintiff has filed expert reports in support of his bad faith claim with respect to the company-wide occupation specific disability policy practices that have been found to be unfair insurance practices.

8.  In addition to Plaintiff's Motion to Amend Complaint, there is still pending before Your Honorable Court Plaintiff's Motion for Reconsideration as to the Court's grant of Defendant's Motion in Limine to Exclude Plaintiff's Bad Faith Expert.

9.  Your Court's Opinion relies exclusively on "inconsistencies and conflicting medical opinions" but erroneously states as a basis for Your decision that Dr. Clarke conducted an independent medical examination and concluded that Plaintiff "was not disabled as defined by the policy." Memorandum Opinion, p. 3, referencing ¶¶ 61-63.

10. Dr. John Clarke did <u>not</u> conduct an independent medical examination of Plaintiff.

11. Dr. Clarke <u>was and is</u> an employee of UNUMProvident.

12. Dr. Clarke <u>never saw or examined</u> Mr. Mazzamuto.

13. Dr. Clarke was part of <u>the internal review process</u> that has been found to be an unfair insurance practice by numerous other courts.

14. Dr. Clarke <u>did not refute Plaintiff's treating doctors</u> with respect to Mr. Mazzamuto's total disability from his back condition and/or emotional symptoms. As a point of fact, Dr. Clarke merely stated that Mr. Mazzamuto was not disabled <u>as to his heart condition</u>. Dr. Clarke's report is attached as **Exhibit B**.

15. No doctor ever saw Mr. Mazzamuto or conducted an independent medical examination which is the sine quo non for denying a substantial disability claim.

16. The instant case involves more than "inconsistencies and conflicting medical opinions."

17. Plaintiff has been determined to be totally disabled by Defendant New York Life which issued Plaintiff's life and disability policies and has found Mr. Mazzamuto to be totally

disabled as to Mr. Mazzamuto's life insurance policy and yet New York Life and the other Defendants inconsistently contend that Mr. Mazzamuto is not totally disabled as to his disability policy.

18. The Social Security Administration, with much more stringent requirements, has found that Mr. Mazzamuto is totally disabled.

19. Your Court cites <u>Simon v. UnumProvident Corp.</u>, 2002 U.S. Dist. LEXIS 9331, 2002 WL 1060831 (E.D. Pa. 2002) to support Your grant of Defendants' Motion for Summary Judgment whereas the Eastern District in <u>Simon</u> involving the same defendant and same issue under circumstances where UNUM did have an independent medical examination still held that the issue of bad faith must be submitted to the jury and, therefore, denied UNUMProvident's Motion for Summary Judgment as to UNUM's alleged unfair insurance practices.

20. The facts in the instant case are significantly stronger than <u>Simon</u> with respect to Plaintiff's bad faith claim, and yet Your decision is the opposition of the Easter District's and yet you cite <u>Simon</u>.

21. The Third Circuit cases of <u>Klinger v. State Farm Mut. Auto. Ins. Co.</u>, 115 F.3d 230 (3d Cir. 1997) and <u>Polselli v. Nationwide Mut. Fire Ins. Co.</u>, 23 F.3d 747 (3d Cir. 1994) involved cases where the issue of bad faith was submitted to a jury.

22. None of the cases relied upon by Your Court support Your grant of summary judgment on the bad faith issue.

WHEREFORE, Plaintiff, by his counsel Richard C. Angino, requests the Court to reconsider and reverse its grant of Defendants' Motion for Summary Judgment on Plaintiff's bad faith claim.

                                            Respectfully submitted,

                                            ANGINO & ROVNER, P.C.

                                            _____s/ Richard C. Angino_____  
                                            Richard C. Angino, Esquire  
                                            I.D. No. PA07140  
                                            Joan L. Stehulak, Esquire  
                                            I.D. No. PA29496  
                                            4503 N. Front Street  
                                            Harrisburg, PA  17110  
                                            (717) 238-6791  
                                            Attorney for Plaintiff

Date: March 19, 2003

## CERTIFICATE OF SERVICE

I, Richard C. Angino, Esquire, hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S MEMORANDUM AND OPINION DATED MARCH 17, 2003 GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S BAD FAITH CLAIM** was served by United States first-class mail, postage prepaid, upon the following:

E. Thomas Henefer, Esquire
Stevens & Lee
111 North Sixth Street
P. O. Box 679
Reading, PA  19603-0679
    Counsel for Paul Revere Life Insurance Company and New York Life Insurance Company


                                              s/ Richard C. Angino

Dated:  March 19, 2003