UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>    Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE COMPANY<br>    Defendants | JUDGE CONNER<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS
MOTION FOR RECONSIDERATION OF THE COURT'S
MEMORANDUM AND OPINION DATED MARCH 17, 2003
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFF'S BAD FAITH CLAIM**

**I.**   **FACTUAL AND PROCEDURAL HISTORY**

From the parties' numerous filings, Your Honorable Court is well aware of the factual and procedural history that led to Plaintiff's Motion for Reconsideration. Your March 17, 2003, Memorandum Opinion recites the factual background. Your Court's factual history referenced Dr. John Clarke as an individual who conducted an independent medical examination of Plaintiff. Dr. John Clarke did <u>not</u> conduct an independent medical examination of Plaintiff. Dr. Clarke was and is an employee of UNUMProvident. Dr. Clarke never saw or examined Mr. Mazzamuto. Dr. Clarke was part of the internal review process that has been found to be an

unfair insurance practice by numerous other courts. As a point of fact, Dr. Clarke merely stated that Mr. Mazzamuto was not disabled <u>as to his heart condition</u>. Dr. Clarke did not in his report express any opinion whatsoever as to Mr. Mazzamuto's total disability from his back or emotional conditions. <u>See</u>, Dr. Clarke's report which has been attached to Plaintiff's Motion for Reconsideration. As a point of fact, Defendants never engaged any doctor to conduct an independent medical examination of Mr. Mazzamuto. An independent medical examination is the sine qua not to deny any substantial disability claim as noted in Defendants' practice manual

**II.     ISSUE**

Should Your Court not grant Plaintiff's Motion for Reconsideration under the factual circumstances wherein Your Court's factual background erroneously stated that Dr. Clarke conducted an independent medical examination and concluded that Plaintiff was not disabled as defined by the policy when in reality Dr. Clarke was an employee of UNUMProvident, never saw Mr. Mazzamuto, and expressed no opinion whatsoever as to Mr. Mazzamuto's total disability as a result of his back or emotional conditions and/or where Your Court has failed to consider the issue of Defendants' bad faith as a result of its company-wide unfair insurance practices?

**III.    ARGUMENT**

Plaintiff's counsel has already submitted a Brief and a Reply Brief with respect to Plaintiff's Motion for Reconsideration as to Your Court's grant of Defendants' Motion in Limine to exclude Mr. Rose as an expert. The argument and the cases referenced in those briefs are appropriate to this issue. So are the argument and cases referenced in Plaintiff's Motion to Amend Complaint and Brief in Support of same. Plaintiff's counsel references and incorporates the argument and case authority in those Briefs in Support of Plaintiff's Motion for Reconsideration in the instant matter.

Your Memorandum Opinion is both factually and legally erroneous in dismissing Plaintiff's bad faith claim. The cases referenced are factually and/or legally inappropriate. As a point of fact, the issue of bad faith was submitted to a jury or the bad faith issue was preserved

for a factfinder's review or the legal issue was totally different from the issue in this case. <u>Keefe v. Prudential Property and Casualty Ins. Co.</u>, 203 F.3d 218 (3d Cir. 2000) deals with the failure to offer the undisputed amount as possible bad faith. <u>Woody v. State Farm Fire and Casualty Co.</u>, 965 F.Supp. 691 (E.D. Pa. 1997) finds a 6-year statute of limitations to be the law.

<u>Simon v. UnumProvident Corp.</u>, 2002 U.S. Dist. LEXIS 9331, 2002 WL 1060831 (E.D. Pa. 2002) referenced by Your Court is directly on point and involves the same defendant and same issues, but the Eastern District decision holds that the issue of bad faith must be submitted to the jury <u>even when Unum has an independent medical examination</u>. Your Court's reference of <u>Simon</u> as authority to grant summary judgment as to bad faith is not comprehensible.

<u>Klinger v. State Farm Mut. Auto. Ins. Co.</u>, 115 F.3d 230 (3d Cir. 1997) and <u>Polselli v. Nationwide Mut. Fire Ins. Co.</u>, 23 F.3d 747 (3d Cir. 1994) involved cases where the issue of bad faith was submitted to a jury and <u>Krisa v. Equitable Life Assurance Society</u>, 113 F.Supp.2d 694, 703 (M.D. Pa. 2000) reserved an issue of bad faith for jury review.

### IV. CONCLUSION

Your Court's Memorandum Opinion granting summary judgment as to bad faith is factually and legally erroneous. Your Court should grant Plaintiff's Motion for Reconsideration and reinstate Plaintiff's claim for bad faith.

Respectfully submitted,

ANGINO & ROVNER, P.C.

s/ Richard C. Angino
Richard C. Angino, Esquire
I.D. No. PA07140
Joan L. Stehulak, Esquire
I.D. No. PA29496
4503 N. Front Street
Harrisburg, PA  17110
(717) 238-6791
Attorney for Plaintiff

Date: March 19, 2003

**CERTIFICATE OF SERVICE**

I, Richard C. Angino, Esquire, hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION FOR RECONSIDERATION OF THE COURT'S MEMORANDUM AND OPINION DATED MARCH 17, 2003 GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S BAD FAITH CLAIM** was served by United States first-class mail, postage prepaid, upon the following:

E. Thomas Henefer, Esquire
Stevens & Lee
111 North Sixth Street
P. O. Box 679
Reading, PA  19603-0679
    Counsel for Paul Revere Life Insurance Company and New York Life Insurance Company

                                            s/ Richard C. Angino

Dated:  March 19, 2003