ORIGINAL

> to CD

FILED
HARRISBURG

APR 0 7 2003

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>    Plaintiff | :   CIVIL ACTION<br>:   NO. 1:CV-01-1157<br>: |
| vs. | :   JUDGE CONNER<br>: |
| UNUM PROVIDENT<br>CORPORATION, et al.,<br>    Defendants | :<br>:<br>: |

## DEFENDANTS' RESPONSE TO
## PLAINTIFF'S MOTION FOR RECONSIDERATION
## OF THE COURT'S SUMMARY JUDGMENT ORDER

Defendants hereby respond to plaintiff's motion for reconsideration. In support of this Response, Defendants incorporate herein in its entirety the accompanying memorandum of law which is filed concurrently.

1.   Admitted in part and denied in part.  It is admitted only that the Court issued an Order and an Opinion on March 17, 2003, attached as Exhibit A to Plaintiff's Motion for Reconsideration. The Court's Order and Opinion is a writing which speaks for itself.  It is further admitted than UNUM has defended against

SL1 341217v1/10305.060

lawsuits in other jurisdictions, most of which it has won, and has been the subject of news programs and articles, the allegations of which have been denied. The remaining allegations of paragraph 1 of Plaintiff's Motion are denied.

2.   Admitted in part and denied in part. It is admitted only that Plaintiff has filed a Motion and Brief requesting permission to amend his Complaint. The remaining allegations of paragraph 2 of Plaintiff's Motion are denied.

3.   Admitted in part and denied in part. It is admitted only that Plaintiff seeks to include additional allegations in an amended complaint that deal with disability claims other than those which Plaintiff seeks to assert in this case. The remaining allegations of paragraph 3 of Plaintiff's Motion are denied.

4.   Admitted in part and denied in part. It is admitted only the Plaintiff has received adverse judgments in other jurisdictions in other courts in other matters. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that refers to orders to cease and desist in continuing unlawful insurance practices as no specific claims are referenced.

5.   Admitted in part and denied in part. It is admitted only that Plaintiff's makes allegations regarding defendant's liability and about other lawsuits in his Motion to Amend his Complaint. UNUM denies that these allegations are accurate or relevant to circumstances of this case.

6.   Denied.

2

7.   Admitted in part and denied in part.  It is admitted only that Plaintiff filed numerous documents purporting to be the expert reports of Gordon Rose.  It is denied that those documents meet the requirements necessary to be admitted as expert reports.

8.   Admitted.

9.   Admitted in part and denied in part.  It is admitted only that the Court stated that Dr. Clarke conducted an "independent medical examination" on page 3 of its memorandum.  It is denied that the allegations of paragraph 9 accurately or completely summarize the Court's findings as stated in the opinion which speaks for itself.  By way of further answer, on page 7 of the Court's Opinion, the Court states that Defendant reviewed medical records, spoke with the Plaintiff, visited his place of employment, and conducted an "independent medical investigation."  The Court further stated that Defendant conducted an adequate "investigation" into Plaintiff's disability claim.  Therefore, the Opinion, when read in it is entirety, reflects the Court's understanding that Dr. Clarke's review of Plaintiff's medical records contributed to the overall medical investigation.

10.  Admitted.

11.  Admitted in part and denied in part.  It is admitted only that Dr. Clarke is and was a consultant for UNUM on a part-time basis.  To the extent that Plaintiff's allegations of paragraph 11 refer to Dr. Clarke as an employee, they are denied.

12. Admitted.

13. Admitted in part and denied in part.  It is admitted that Dr. Clarke in his role as consultant for UNUM participated in an internal review process.  It is denied that the averments of paragraph 13 accurately or completely summarize the role of Dr. Clarke in conducting the independent medical investigation into the Plaintiff's claims.  The remaining allegations of paragraph 13 are denied.

14. Denied.

15. Admitted in part and denied in part.  It is admitted only that UNUM did not conduct an independent medical examination of Plaintiff.  The remaining allegations of paragraph 15 of Plaintiff's Motion are denied.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of Plaintiff's Motion, as the allegations are too vague to frame a proper response.

17. Admitted in part and denied in part.  It is admitted only that New York Life waived Plaintiff's life insurance premiums under the terms of a separate life insurance policy and that Paul Revere determined that the Plaintiff was not totally disabled under the terms of the long term disability policy.  All contrary allegations of paragraph 17 of Plaintiff's Motion are denied.

18. Admitted in part and denied in part.  It is admitted only that the Social Security Administration ("SSA") granted Plaintiff disability benefits

4

according to the SSA guidelines.  The remaining allegations in paragraph 18 of Plaintiff's Motion are denied.

19. Admitted in part and denied in part.  It is admitted only that the Court cited the <u>Simon v. UNUMProvident Corp.</u>, No. 99-6638, 2002 U.S. Dist. LEXIS 9331 (E.D. Pa. May 29, 2002), for the legal proposition that Plaintiff must present sufficient evidence that would enable a reasonable jury to find bad faith by clear and convincing evidence.  Defendant denies that the allegations of paragraph 19 accurately or completely summarize the Court's holding in the <u>Simon</u> case or that Plaintiff has submitted sufficient evidence to avoid summary judgment here.

20. Denied.

21. Admitted in part and denied in part.  It is admitted only that the plaintiffs in <u>Klinger v. Prudential Property and Casualty Ins. Co.</u>, 115 F.3d 230 (3d Cir. 1997), and <u>Polselli v. Nationwide Mut. Fire Ins. Co.</u>, 23 F.3d 747 (3d Cir. 1994), were able to marshal sufficient evidence for the Court to find that a reasonable juror could find in their favor.  It is denied that this case is factually analogous to either <u>Klinger</u> or <u>Polselli</u> or that Plaintiff has marshaled sufficient evidence to avoid summary judgment.

22. Denied.

WHEREFORE, Defendants respectfully request that plaintiff's Motion for Reconsideration be denied.

Dated:  April **4**, 2003

STEVENS & LEE

By E. Thomas Kienefer

E. Thomas Kienefer
Attorney I.D. No. 55773
111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania  19603
(610) 478-2000

Attorneys for Defendants

SL1 341217v1/10305.060

## <u>CERTIFICATE OF SERVICE</u>

I, E. Thomas Henefer, Esquire, certify that on this date, I served a

certified true and correct copy of the foregoing Defendants' Response To Plaintiff's

Motion for Reconsideration upon the following counsel of record, by depositing

the same in the United States mail, postage prepaid, addressed as follows:

Richard C. Angino, Esquire
4503 North Front Street
Harrisburg, PA  17110

Date: April **4**, 2003