> ɔ-ɓ ひ

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENZO MAZZAMUTO, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 1:CV-01-1157 |
| | : | |
| v. | : | |
| | : | |
| UNUM PROVIDENT CORPORATION, | : | JUDGE CONNOR |
| et al., | : | |
| Defendants | : | |

FILED
HARRISBURG

APR 0 8 2003

MARY E. D'ANDREA, C
P
DEPUTY CLERK

### DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR
### MOTION IN LIMINE TO EXCLUDE UNTIMELY IDENTIFIED WITNESSES

## I.   INTRODUCTION

On March 14, 2003, Defendants UNUM Provident Corporation, Paul Revere

Insurance Company and New York Life Insurance Company ("Defendants") filed a Motion and

Memorandum of Law in support of a Motion in Limine to exclude testimony from nine untimely

identified witnesses.  Defendants argued that their Motion should be granted because Plaintiff

failed to identify the individuals in his initial disclosures, discovery is closed and Defendants

would be prejudiced by the untimely disclosure of this testimony.

Plaintiff sent his initial disclosures on or about October 29, 2001 which identified

numerous individuals (other than the nine witnesses at issue here).  Naturally, Plaintiff's initial

disclosures were instrumental in how Defendants approached discovery including, most

importantly, strategic decisions about what depositions to conduct.  This is not surprising given

that the Rule 26 disclosures constituted Plaintiff's representation of those people Plaintiff

believed were "likely to have discoverable information that the [Plaintiff] may use to support

[his] claim ..." Fed. R.Civ. P. 26(a)(1)(A).

However, after discovery closed in June 2002, the Plaintiff identified seven additional witnesses on September 13, 2002. In addition, the Plaintiff also identified two additional witnesses, one of them a potential expert witness, in January 2003.

There is no question that the late identification of the nine witnesses will be prejudicial. Discovery closed in June 2002 and Defendants will not have the opportunity to depose the nine individuals. In effect, allowing plaintiff to present these nine witnesses at trial would likely result in one to two days of trial testimony for which no direct discovery has been taken. This would be prejudicial by any measure. Similarly, Plaintiff has not provided a reasonable justification for his failure to timely designate these witnesses in the initial disclosures or at a time prior to the close of discovery.

In response to Defendants' arguments, Plaintiff filed a Response and Brief in Opposition to Defendants' Motion in Limine. Although Plaintiff's Brief in Opposition contains numerous representations regarding the status of Plaintiff's disability, he only raises two points with respect to Defendants' Motion in Limine. First, Plaintiff argues that pursuant to Rule 26(a)(3), his witness list is due on April 7, 2003. In addition, Plaintiff argues that Defendants were aware that Dr. Kosenske was treating the Plaintiff since 1996 and therefore Defendants cannot argue that they will be prejudiced by the late identification of Dr. Kosenske and the other witnesses. These arguments will be addressed below.

## II.   ARGUMENT

Plaintiff's argument that his witness list is not due until April 7, 2003 completely ignores the purpose of Rule 26(a)(3) of the Federal Rules of Civil Procedure. That Rule provides, in pertinent part, the following:

> **(3) Pretrial Disclosures**. In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to other parties and promptly file with the court the following information regarding the evidence that it may present at trial other than solely for

2

> impeachment: (A) the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises; ... .
>
> <u>Unless otherwise directed by the Court</u>, these disclosures must be made at least 30 days before trial.

Fed. R. Civ. P. Rule 26(a)(3). Thus, Rule 26(a)(3) addresses a very different disclosure issue than the one being raised here. That is, while Rule 26(a)(3) requires disclosure of trial witnesses, it is "in addition to" the discovery disclosures which are designed to allow an opposing party to prepare for trial during the discovery phase of the case.

Indeed, this case is a perfect example of why the <u>initial</u> disclosures are critical. Here, the Court has ordered the parties to file their witness lists (required as part of the pretrial memorandum under the Local Rules) on April 16, 2003. [See January 23, 2003 Scheduling Order].[1] Thus, under Plaintiff's apparent view of the Rules, a party could conceal the existence of a witness until two weeks before trial (and long after the discovery period had closed) leaving the opposing party with no means of properly preparing for their testimony. Such an approach would thoroughly undermine the purpose and effectiveness of the initial disclosure provisions of Rule 26.

Here, Plaintiff did not include nine individuals (one of whom is a proposed expert) in his initial disclosures. Had Plaintiff included them in his initial disclosures, Defendants could have conducted relevant discovery to determine the substance of their knowledge and their potential use at trial. To identify these individuals now is prejudicial because Defendants do not have the ability to depose them to obtain whatever information they have and to prepare properly for trial. To suggest that the required disclosures were not due until Plaintiff had to disclose his actual witness list for trial is absurd.

3

Secondly, Plaintiff argues that Dr. Kosenske and the other nine individuals should be allowed to testify despite the untimely disclosure because Defendants had access to Dr. Kosenske's records and were aware of the other individuals before the discovery deadline lapsed. To be clear, Dr. Kosenske is a physician who saw Plaintiff on a very sporadic basis and provided epidural injections. He was not Plaintiff's primary physician and one could readily understand why Plaintiff would not intend to rely on him for trial testimony -- and therefore not identify him in the Rule 26 disclosures. In fact, it is now abundantly clear that Dr. Kosenske has been identified solely because Defendants have thoroughly discredited the testimony and opinions of Plaintiff's loan medical expert, Dr. Bower.

Thus, although Defendants were aware that Dr. Kosenske was a treating physician and may have been aware, remotely, of the identity of some of the other witnesses, Defendants justifiably relied on Plaintiff's representation in his Rule 26 disclosures of those individuals who were "likely to have discoverable information that the [Plaintiff] may use to support [his] claim …" Fed. R.Civ. P. 26(a)(1)(A). In short, Defendants justifiably concluded that discovery from Dr. Kosenske and the other eight individuals was not needed. After all, if Plaintiff (who has the best understanding of how these nine witnesses could impact the case) did not think they were significant enough to identify in his initial disclosures, why would Defendants take an additional nine depositions. Conversely, had Plaintiff properly identified these individuals, proper discovery could have been conducted and Defendants could prepare appropriately for trial.

---

[1]  It is unclear why Plaintiff believes the disclosures are due on April 7, 2003 given the Court's January 23, 2003 Scheduling Order.

For the foregoing reasons and the arguments raised in Defendants' original Memorandum, Defendants request that this Court grant Defendants' Motion in Limine and prohibit the testimony of the untimely identified witnesses.

Dated:  April 7, 2003

STEVENS & LEE

By: _____

E. Thomas Henefer
Attorney I.D. No. 55773
Kirk L. Wolgemuth
Attorney I.D. No. 45792
111 North Sixth Street
P.O. Box 679
Reading, PA  19603-0679
610-478-2000

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, E. THOMAS HENEFER, ESQUIRE, certify that on this date, I served a

certified true and correct copy of the foregoing Defendant's Reply Memorandum in Support of

its Motion in Limine to Exclude Untimely Identified Witnesses upon the following counsel of

record, by depositing the same in the United States mail, postage prepaid, addressed as follows:

Richard C. Angino, Esquire
4503 N. Front Street
Harrisburg, PA  17110-1708

E. Thomas Henefer

Date:  April 7, 2003