UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>    Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION;<br>PAUL REVERE LIFE INSURANCE<br>COMPANY; and NEW YORK LIFE<br>INSURANCE COMPANY<br>    Defendants | JUDGE CONNER<br><br>JURY TRIAL DEMANDED |

**FILED**
HARRISBURG, PA
MAR 3 1 2003
MARY E. D'ANDREA, CLERK
Per _____

### PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANTS'
### MOTION IN LIMINE TO EXCLUDE NINE WITNESSES

Plaintiff, Vincenzo Mazzamuto, by and through counsel, Angino & Rovner, P.C. hereby responds to Defendants' Motion in Limine to exclude the testimony of Plaintiff's witnesses. Defendants filed a Motion in Limine to preclude all witnesses except for those identified by Plaintiff in his Initial Disclosures.

## I.   COUNTER PROCEDURAL HISTORY

The Rule 26 disclosures were served in October 2001. Plaintiff identified himself, his wife, Theresa A. Sindelar and Gloria E. Phelps, New York Life claim representatives, Melissa Mulry, the UNUM claim representative, Dr. Bower and his lawyer Peter Russo. In March 2002, Defendants provided documents in response to Plaintiff's discovery requests. Those documents

revealed that Ted Kosenske, M.D. had been treating Plaintiff for back pain since Plaintiff's 1996 claim for disability, which was ultimately paid by Defendants. Defendants' discovery responses also revealed that Defendants' agent, Salvatore Ferrigno, supported Plaintiff's 1996 request for disability. Plaintiff also learned that various UNUM individuals were involved in the processing of and denial of Mr. Mazzamuto's claim. Plaintiff took the depositions of John W. Fogarty, John Clarke, M.D. and Melissa Mulry.

In accordance with Judge Kane's Order of February 28, 2002, Plaintiff, through counsel, provided Plaintiff's trial list of witnesses pursuant to Rule 26(a)(3) of Federal Rules of Civil Procedure to Defendants' counsel on September 13, 2002. Plaintiff supplemented that list on September 24, 2002, to add Therese Sindelar of New York Life, who had originally been named in the Initial Disclosures. On January 22, 2003, Plaintiff added Salvatore Ferrigno, the New York Life Agent who sold the policy, and on January 27, 2003, added Ted Kosenske, M.D., a treating physician at the Carlisle Hospital Pain Management Clinic.

On January 23, 2003, this Honorable Court ORDERED the pre-trial schedule revised so that trial is scheduled for the May 2003 term, with jury selection commencing on Monday, May 5, 2003. Pursuant to Rule 26(a)(3), Plaintiff's witness list is due approximately April 7, 2003. Defendants filed their Motion in Limine on or about March 17, 2003.

## II.     COUNTERSTATEMENT OF THE FACTS

Plaintiff Vincenzo Mazzamuto is disabled and unable to perform the duties of his regular job as the owner, operator, manager of a pizza restaurant. Everybody who knows Mr. Mazzamuto, including family, vendors to the restaurant, customers and treating physicians, knows that he is disabled. He has been disabled since July of 2000.

Prior to his disability, Mr. Mazzamuto led a very public life as the owner and manager of the restaurant serving Italian food in Carlisle, PA. The restaurant seats 78 patrons, Mr. Mazzamuto deposition, p. 7, l. 12 (**Exhibit D** to Plaintiff's Response) and sells food to take out, Mrs. Mazzamuto, deposition, p. 8, l. 19-24 (**Exhibit E** to Plaintiff's Response) serving approximately 200-500 patrons in a day, Mr. Mazzamuto deposition, p. 29, l. 18-25, **Exhibit D** to Plaintiff's Response. The person who is in charge of the restaurant spends most of his or her time at the counter, Mrs. Mazzamuto's deposition, p. 15 – 16 (**Exhibit E** to Plaintiff's Response). Mr. Mazzamuto worked at the cash register and took care of the clientele, Mr. Mazzamuto deposition p. 8, ll. 6-7, 13-17 (**Exhibit D** to Plaintiff's Response). He has eight or nine employees, including his children, *Ibid*, also Mr. Mazzamuto deposition p. 11, ll. 17-19 (**Exhibit D** to Plaintiff's Response). Plaintiff produced payroll registers at Defendants' request, Mr. Mazzamuto deposition, p. 12, ll. 1-13 (**Exhibit D** to Plaintiff's Response). Mr. Mazzamuto also dealt with delivery people, Mr. Mazzamuto deposition, p. 20, ll. 15-23 (**Exhibit D** to Plaintiff's Response).

## III.    <u>COUNTERSTATEMENT OF THE QUESTIONS INVOLVED</u>

Should Plaintiff be permitted to call witnesses at trial where Defendants filed Interrogatories or Requests for Production seeking the names of potential witnesses, Plaintiff followed the rules with respect to Initial Disclosures and supplied witness lists, many of the witnesses were known to Defendants, and Defendants have had over six months to endeavor to conduct any additional discovery deemed necessary by Defendants and only objected on the eve of trial?

Suggested answer: Yes.

## IV.    <u>ARGUMENT</u>

Rule 26 (a)(1)(A) of the Federal Rules of Civil Procedure requires a party, without awaiting a discovery request, to provide to other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the

disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information." Intent to use rather than mere relevance is now the standard for initial disclosures. Moore's Federal Rules Pamphlet, 2002, § 26.4[2], p. 308.

> The 2000 amendments to Rule 26(a)(1) have changed the scope of these required initial disclosures. Under the amended rule, subdivisions (A) and (B) of the rule have been narrowed to require disclosure of those witnesses and documents that the disclosing party 'may use to support its claims or defenses' – rather than 'relevant to disputed facts alleged with particularity in the pleadings' under the pre-2000 version of the rule—so that intent to use rather than mere relevance is now the standard for initial disclosures. . . . Rule 26(a)(3) requires each party to designate those factual witnesses who will be called at the trial . . .

Everybody in Carlisle knows Mr. Mazzamuto, Mr. Mazzamuto deposition, p. 98, l. 22-25 (**Exhibit D** to Plaintiff's Response ). Everybody who knows Mr. Mazzamuto knows that he is disabled. The class includes: all of Mr. Mazzamuto's relatives, wherever domiciled, all of Mr. Mazzamuto's neighbors, all of Mr. Mazzamuto's health care takers, all of the patrons of Mr. Mazzamuto's restaurant, and all of the vendors who supply goods or services to his restaurant. All of those persons have been in a position to observe how the heart attack and ride to the hospital in July 2000 affected him. Rule 26 does not require a party to divulge every person with relevant information.

Interrogatories, requests for production, and depositions are standard discovery tools to identify potential witnesses who may have relevant information and/or witnesses discovered or selected after the Initial Rule 26 Disclosures. Mrs. Mazzamuto identified her sons, Antonio, Angelo, Francesco and Luigi, Mrs. Mazzamuto deposition p. 6, l. 8 (**Exhibit E** to Plaintiff's Response). Plaintiff's sons work at the restaurant, and as noted supra, Defendants were provided a list of employees. Defendants conducted a personal observation of the restaurant operation, **Exhibit K** to Plaintiff's Response. Counsel for Plaintiff encouraged Defense counsel to have a

personal view of the restaurant layout and operation, Mrs. Mazzamuto deposition p. 9, l. 10-18, **Exhibit E** to Plaintiff's Response.

Some of the witnesses in the list, Ted Kosenske, M.D,[1] a physician at a pain clinic who treated Plaintiff for his back pain, and Salvatore Ferrigno, the New York Life agent who sold the disability insurance policy which is the subject of this proceeding, were revealed to Plaintiff's attorney in the discovery materials which Defendants provided in response to Plaintiffs' request for production. See, **Exhibits H and J** to Plaintiff's Response. Indeed, Dr. Kosenske has been treating Plaintiff since his original back injury in 1996, for which Mr. Mazzamuto ultimately received disability income under the same policy of insurance. Mr. Ferrigno supported Mr. Mazzamuto's claim for disability insurance in 1996. See, **Exhibit J** to Plaintiff's Response.

Dr. Kosenske was revealed to Defendants in connection with Mr. Mazzamuto's <u>1996</u> claim for disability and in Mr. Mazzamuto's deposition, See, Mr. Mazzamuto's deposition, p. 36, ll. 14-19, **Exhibit D** to Plaintiff's Response:

> Q.   Are you still treating with the same doctor that you've been treating with for the back problem?
>
> A.   For the shots always the same guy.
>
> Q.   Dr. Kazinski?
>
> A.   Dr. Kazinski.

Defendants are well aware of Dr. Kosenske and his knowledge of Mr. Mazzamuto, as Dr. Kosenske's records are part of Defendants' file and were provided by Defendants to Plaintiff in discovery. See, **Exhibit H** to Plaintiff's Response. Defendants have been aware of Dr. Kosenske for over six years.

Mr. Ferrigno is also well known to Defendants. Indeed, Mr. Ferrigno advised New York Life that Plaintiff was genuinely disabled when Plaintiff made his earlier claim for disability in 1996, a fact made known to Plaintiff by Defendants' discovery responses in this case. Defendants are well aware of the existence of Mr. Ferrigno. See **Exhibit J** to Plaintiff's Response.

According to the Court's January 2003 scheduling Order, Plaintiff's trial witness list is due approximately April 7, 2003. Plaintiff provided its trial witness list months in advance of the deadline. **Exhibit G** to Plaintiff's Response. Since counsel for Plaintiff provided its witness list to Defendants, Defendants attempted no further discovery. Defendants have had six months to endeavor to conduct additional discovery regarding the testimony of persons whose identities have been known to Defendants, some since 1996.

In Newman v. GHS Osteopathic, Inc., et al., 60 F.3d 153 (3d Cir. 1995), which Defendants cite, the court noted that in ruling on a motion to call a witness not previously identified the district court should consider prejudice or surprise to opposing party, ability of party to cure prejudice, likelihood of disruption, and moving party's bad faith. The imposition of sanctions is a matter within the discretion of the trial court. Referencing the Advisory Committee Notes to the 1993 amendments, the Third Circuit further noted the need to avoid unduly harsh penalties in situations involving the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties. Certainly Dr. Kosenske and Agent Ferrigno were known to Defendants at the institution of this legal proceeding.

---

[1]    Dr. Kosenske's identity and knowledge of Plaintiff were revealed in discovery in this case. The decision to call Dr. Kosenske in no way reflects upon Dr. Bower's value as a witness qualified to give an expert opinion at trial as to Plaintiff's medical condition and disability.

Defendants made a personal observation of Plaintiff. The family members, neighbor, and employee identified as witnesses were all available for identification by Defendants and depositions if desired by Defendants, both before and after the provision of the witness list in September 2002. Fully six months have passed since Plaintiff provided this list to Defendants. If Defendants felt a need to depose witnesses that Defendants previously overlooked, Defendants had plenty of time to request same.

Accepting Defendants' argument would prohibit a party from ever calling any witness whose identity and information was learned in discovery. It would also eliminate interrogatories and requests for production as tools to identify witnesses. This is a preposterous result.

V.    **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests this Honorable Court to DENY Defendants' Motion to preclude testimony of nine of Plaintiff's witnesses.

Respectfully submitted,

ANGINO & ROVNER, P.C.


_____s/Richard C. Angino_____
Richard C. Angino, Esquire
I.D. No. PA07140
Joan L. Stehulak, Esquire
I.D. No. PA29496
4503 N. Front Street
Harrisburg, PA 17110
(717) 238-6791
Attorney for Plaintiff

Date: March 31, 2003

## CERTIFICATE OF SERVICE

I, Richard C. Angino, Esquire, hereby certify that a true and correct copy of the foregoing

Plaintiff's Brief in Response to Defendants' Motion in Limine to Exclude Nine Witnesses was

served by United States first-class mail, postage prepaid, upon the following:

E. Thomas Henefer, Esquire
Stevens & Lee
111 North Sixth Street
P. O. Box 679
Reading, PA 19603-0679
     Counsel for Paul Revere Life Insurance Company and New York Life Insurance
     Company

                    s/Richard C. Angino

Dated: March 31, 2003