UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>    Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE COMPANY<br>    Defendants | JUDGE KANE<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S POINTS FOR CHARGE

AND NOW comes the Plaintiff, pursuant to Middle District Local Rule 51.1, and submits the enclosed Points for Charge.

        Respectfully submitted,

        ANGINO & ROVNER, P.C.

        _____s/ Richard C. Angino_____
        Richard C. Angino, Esquire
        I.D. No. PA07140
        Joan L. Stehulak, Esquire
        I.D. No. PA29496
        4503 N. Front Street
        Harrisburg, PA  17110
        (717) 238-6791
        Attorney for Plaintiff

Date:  April 16, 2003

**Plaintiff's Point for Charge No. 1**

  A contract is a legally enforceable agreement between two or more competent parties who have each promised to do, or refrain from doing, some lawful act. An insurance policy is a contract and must be interpreted in accordance with its terms and conditions. If there is any uncertainty as to the meaning of any terms or conditions, the terms and conditions should be construed against the insurance company who drafted the policy and liberally in favor of the insured, the plaintiff in this case. <u>Lititz Mutual Insurance Co. v. Steely</u>, 567 Pa. 98; 785 A.2d 975(2001), rearg. denied, 2002 Pa. LEXIS 210 (Pa. Jan. 25, 2002); <u>Standard Venetian Blind Co. v. American Empire Ins. Co.</u>, 503 Pa. 300, 469 A.2d 563 (Pa. 1983).

\_\_\_\_\_ Affirmed       \_\_\_\_\_ Denied

**Plaintiff's Point for Charge No. 2**

Mr. Mazzamuto's disability insurance policy is a contract and in that contract "total disability" and "regular job" are defined as:

**Total Disability**   From the start of a total disability until 2 years after the Income Starting Date, total disability means that the Insured <u>can not do the substantial and material duties of his or her regular job</u>.

After 2 years from the Income Starting Date, if a new period of disability does not apply, total disability will then mean that the Insured can not do <u>the substantial and material duties of his or her regular job and is not working at any other gainful job</u>.

**Regular Job**   The occupation, or occupations if more than one, in which the Insured is engaged when a disability starts.  (emphasis supplied)

_____   Affirmed              _____   Denied

**<u>Plaintiff's Point for Charge No. 3</u>**

The principal factual issues that you will have to decide are:

(1) what was Mr. Mazzamuto's "regular job" in July of 2000 when he had his heart attack?

(2) what were the substantial and material duties of his regular job?

(3) Was Mr. Mazzamuto able to do the substantial and material duties of his regular job after his heart attack in July 2000?

It is not disputed that Mr. Mazzamuto, although initially disabled as a result of a heart attack, recovered from the heart attack, but Plaintiff contends that he was thereafter disabled as a result of a debilitating back condition and anxiety from his heart attack.

You have heard Mr. Mazzamuto and others testify that in July of 2000, Mr. Mazzamuto was an owner/operator of a pizza restaurant in Carlisle. Mr. Mazzamuto and others describe Mr. Mazzamuto's responsibilities as ordering supplies, cooking, making pizza, welcoming customers and waiting on customers at the counter, taking food orders and seating customers, replacing employees who don't come to work, operating the cash register, paying bills, taking care of the shrubs, clearing away snow and helping to unload deliveries. Mr. Mazzamuto and others have also testified that most of his duties require standing for long periods of time and some bending and lifting. Dr. Bower, Mr. Mazzamuto's regular doctor, testified that Mr. Mazzamuto's back pain prevents him from sitting or standing for extended periods of time, from bending and lifting, and from concentrating. Dr. Bower also testified that Mr. Mazzamuto's anxiety makes him moody and impatient with employees. There has also been evidence that Mr. Mazzamuto has been determined to be totally disabled by New York Life and the Social Security Administration.

It is your duty to determine whether or not Mr. Mazzamuto is totally disabled under the terms of Mr. Mazzamuto's disability income policy.

\_\_\_\_\_  Affirmed                                   \_\_\_\_  Denied

**<u>Plaintiff's Point for Charge No. 4</u>**

In civil cases such as this one, the plaintiff has the burden of proving those contentions which entitle him to relief.

Here the plaintiff has the burden to prove by a fair preponderance of the evidence that there was a contract for disability income insurance, the terms of the disability contract, and the breach by Defendants of the contract. The evidence establishes a contention by a fair preponderance of the evidence if you are persuaded that it is more probably accurate and true than not.

To put it another way, think, if you will, of an ordinary balance scale, with a pan on each side. Onto one side of the scale, place all of the evidence favorable to the plaintiff; onto the other, place all of the evidence favorable to the defendant. If, after considering the comparable weight of the evidence, you feel that the scales tip, ever so slightly or to the slightest degree, in favor of the plaintiff, your verdict on the existence of the contract must be for the plaintiff. If the scales tip in favor of the defendant, or are equally balanced, your verdict must be for the defendant.

Plaintiffs also contend that Defendants are guilty of bad faith with respect to their handling of Plaintiff's claim.

The Plaintiff has the burden to prove bad faith by proof that is clear and convincing. <u>Terletsky v. Prudential Property and Casualty Insurance Company, 437 Pa. Super. 108, 649 A.2d 680 (1994)</u>. Proof that is clear and convincing is more than proof which amounts to a preponderance of the evidence. Clearly convincing evidence indicates that the thing to be proved is highly probable or reasonably certain, BLACKS' Law Dictionary, Seventh Edition, p. 577 (1999). Absolute certainty is not required, <u>Rasner v. Prudential Insurance Co. of America,</u>

140 Pa. Super. 124, 13 A.2d 118 (1939), neither is proof beyond a reasonable doubt.  <u>Vlases v. Montgomery Ward & Co.</u>, 377 F.2d 846, 851-852 (1967).

Bad faith on the part of an insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent.  For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty of good faith and fair dealing through some motive of self-interest or ill will.  Mere negligence or bad judgment is not bad faith.  <u>Terletsky v. Prudential Property and Casualty Insurance Company, 437 Pa. Super. 108, 649 A.2d 680 (1994)</u>.

\_\_\_\_\_ Affirmed            \_\_\_\_ Denied

**Plaintiff's Point for Charge No. 5**

Under Pennsylvania law, an insurer has an obligation to exercise good faith in its handling of a claim with its insured.  An insurer, such as Defendants, can be held liable if it does not exercise good faith in its handling of a claim with its insured.  Cowden v. Aetna Casualty and Surety, 389 Pa. 459, 468, 134 A.2d 223, 227 (1957).


\_\_\_\_    Affirmed                    \_\_\_\_    Denied

## Plaintiff's Point for Charge No. 6

There is a fiduciary duty between the insurer, Defendants, and the insured, Mr. Mazzamuto. Defendants must "accord the interest of its insured Mr. Mazzamuto the same faithful consideration it gives its own interest." Polselli v. Nationwide Mut. Fire Ins. Co., 23 F.3d 747, 752 (3d Cir. 1994), quoting, Cowden v. Aetna Casualty. and Surety Co., 389 Pa. 459, 134 A.2d 223, 228 (1957). Thus, Defendants must act with the "utmost good faith" towards its insured. Fedas v. Insurance Company of Pa., 300 Pa. 555, 558, 151 A. 285, 286 (1930); Romano v. Nationwide Mut. Fire Ins. Co., 435 Pa. Super. 545, 646 A.2d 1228, 1231 (1994); see, also, Dercoli v. Pennsylvania National Mut. Ins. Co., 520 Pa. 471, 554 A.2d 906 (1989); Cowden v. Aetna Casualty and Surety Co., 389 Pa. 459, 134 A.2d 223 (1957). See also, Bracciale v. Nationwide, 1993 U.S. Dist. LEXIS 11606 (E.D. Pa. 1993).


\_\_\_\_\_  Affirmed              \_\_\_\_\_  Denied

**<u>Plaintiff's Point for Charge No. 7</u>**

  Implicit in the duty of good faith and fair dealing is the insurer's obligation to be fair and honest with its insured and to give equal consideration to the insured's interests.

Appleman, *Insurance Law and Practice*, §8878 (2002 Cum. Supp. at 35). Further,

  The duty of good faith and fair dealing that an insurer owes an insured obligates the insurer to refrain from (1) engaging in unfounded refusal to pay policy proceeds, (2) causing unfounded delay in making payment, (3) deceiving the insured, and (4) exercising any unfair advantage to pressure an insured into settlement of the insured's claim.

Appleman, *Insurance Law and Practice*, §8878 (2002 Cum. Supp., at 35).

\_\_\_\_ Affirmed       \_\_\_\_ Denied

**Plaintiff's Point for Charge No. 8**

The Pennsylvania Unfair Insurance Practices Act, 40 Pa.C.S.A. §1171.1 *et seq.* and Regulations define unfair methods of competition and unfair or deceptive acts or practices in the insurance business and provide guidance in defining bad faith. See, MacFarland v. United States Fidelity and Guarantee Co., 818 F.Supp. 108, 110 (E.D. Pa. 1993); Coyne v. Allstate Insurance Co., 771 F.Supp. 673, 678 (E.D. Pa. 1991); and Romano v. Nationwide Mut. Fire Ins. Co., 435 Pa. Super. 545, 646 A.2d 1228-1332 (1994). The following insurance practices are prohibited:

 (i) Misrepresenting pertinent facts or policy or contract provisions relating to coverages at issue.

 (ii) Failing to acknowledge and/or fail to act promptly upon written or oral communications with respect to claims arising under insurance policies.

 (iii) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.

 (iv) Refusing to pay claims without conducting a reasonable investigation based upon all available information.

\* \* \*

 (vi) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which the company's liability under the policy has become reasonably clear.

 (vii) Compelling persons to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts due and ultimately recovered in actions brought by such persons.

\* \* \*

 (xii) Delaying the investigation or payment of claims by requiring the insurer, claimant or the physician of either to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information.

\* \* \*

> (xiv) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim …

40 P.S. §1171.5.

The Pennsylvania Insurance Department publishes minimum standard regulations to control the insurance companies selling insurance coverage in Pennsylvania. The regulations provide:

> **§ 146.5. Failure to acknowledge pertinent communications.**
>
> (a) Every insurer, upon receiving notification of a claim, shall, within 10 working days, acknowledge the receipt of the notice unless payment is made within the period of time. If an acknowledgment is made by means other than writing, an appropriate notation of the acknowledgment shall be made in the claim file of the insurer and dated. Notification given to an agent of an insurer shall be notification to the insurer, dating from the time the insurer receives notice.
>
> * * *
>
> **§ 146.6. Standards for prompt investigation of claims.**
>
> Every insurer shall complete investigation of a claim within 30 days after notification of claim, unless the investigation cannot reasonably be completed within the time. If the investigation cannot be completed within 30 days, and every 45 days thereafter, the insurer shall provide the claimant with a reasonable written explanation for the delay and state when a decision on the claim may be expected.
>
> **§ 146.7. Standards for prompt, fair and equitable settlements applicable to insurers.**
>
> (a) Acceptance or denial of a claim shall comply with the following:
>
> > (1) Within 15 working days after receipt by the insurer of properly executed proofs of loss, the first-party claimant shall be advised of the acceptance or denial of the claim by the insurer. An insurer may not deny a claim on the grounds of a specific policy provision, condition or exclusion unless reference to the provision, condition or exclusion is included in the denial. The denial shall be given to the claimant in writing and the claim file of the insurer shall contain a copy of the denial.
>
> * * *

  (b) If a claim is denied for reasons other than those described in subsection (a) and is made by any other means than writing, an appropriate notation shall be made in the claim file of the insurer.

  (c) The following provisions govern acceptance or denial of a claim where additional time is needed to make a determination:

    (1) If the insurer needs more time to determine whether a first-party claim should be accepted or denied, it shall so notify the first-party claimant within 15 working days after receipt of the proofs of loss giving the reasons more time is needed. If the investigation remains incomplete, the insurer shall, 30 days from the date of the initial notification and every 45 days thereafter, send to the claimant a letter setting forth the reasons additional time is needed for investigation and state when a decision on the claim may be expected.

If you find that Defendants intentionally or recklessly disregarded any of the prohibited provisions of the insurance law and/or regulations, you may find it liable for failing to fulfill its duty of good faith to Mr. Mazzamuto.

\_\_\_\_\_  Affirmed      \_\_\_\_\_  Denied

## Plaintiff's Point for Charge No. 9

While "mere negligence on the part of the insurer is insufficient to constitute bad faith, recklessness can support a finding of bad faith." <u>Polselli v. Nationwide Mut. Fire Ins. Co.</u>, 23 F.3d 747, 751 (3d Cir. 1994). "An insured, such as Mr. Mazzamuto, need not show <u>both</u> ill-will and recklessness. Rather, the degree of recklessness required to succeed on such a claim in effect can rise to the level of 'improper purpose'." <u>Klinger v. State Farm</u>, 895 F. Supp. 709 (M.D. Pa. 1995); and <u>Klinger v. State Farm Mut. Auto. Ins. Co.</u>, 115 F.3d 230 (3d Cir. 1997).


_____ Affirmed                    _____ Denied

**Plaintiff's Point for Charge No. 10**

If you determine that Defendants acted in bad faith, then you may award Mr. Mazzamuto punitive damages.  The purpose of punitive damages is to punish Defendants for their outrageous conduct and to deter them and others from like conduct in the future.  <u>Kirkbride v. Lisbon Contractors, Inc.</u>, 521 Pa. 97, 555 A.2d 800, 803 (1989).



\_\_\_\_   Affirmed              \_\_\_\_   Denied

**Plaintiff's Point for Charge No. 11**

If you decide that Mr. Mazzamuto is entitled to an award of punitive damages, the amount of such damages must be fixed by you. In doing so, you may consider any or all of the following factors:

1. The character of Defendants' conduct;

2. The nature and extent of the harm to Mr. Mazzamuto caused by Defendants and Defendants' trouble and expense in seeking to protect their interests in legal proceedings and in the suit; and

3. The wealth of Defendants insofar as it is relevant in fixing an amount which will punish them, and deter them and others from like conduct in the future.

The amount of punitive damages awarded must not be the result of passion or prejudice against Defendants. The sole purpose of punitive damages is to punish Defendants' outrageous or reckless conduct, and to deter Defendants and others from the commission of like acts. <u>Kirkbride v. Lisbon Contractors, Inc.</u>, 521 Pa. 97, 555 A.2d 800 (1989); Restatement (Second) of Torts §908 (1979).


_____  Affirmed                    _____  Denied