ORIGINAL

→ to W

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VINCENZO MAZZAMUTO,  :
            Plaintiff  :  CIVIL ACTION
                 :
        v.  :
                 :  No. 1:01-CV-1157
UNUM PROVIDENT CORPORATION,  :
PAUL REVERE LIFE INSURANCE  :
COMPANY and NEW YORK LIFE  :  JUDGE CONNER
INSURANCE COMPANY,  :
            Defendants  :

**FILED**
**HARRISBURG, PA**

APR 1 6 2003

MARY E. D'ANDREA, CLERK
Per _____
        Deputy Clerk

### DEFENDANTS' PROPOSED JURY INSTRUCTIONS

     Defendants, UNUMProvident Corporation, The Paul Revere Life Insurance

Company and New York Life Insurance Company hereby submit their proposed jury

instructions.  Defendants reserve the right to supplement these jury instructions.  Among other

things, the parties have filed motions in limine and plaintiff has filed two motions for

reconsideration.  Additional or revised instructions may be required depending on how the Court

rules on those motions

Dated:  April 15, 2003          STEVENS & LEE

                        By _E. Thomas Henefer_
                        E. Thomas Henefer
                        Attorney I.D. No. 55773
                        Kirk L. Wolgemuth
                        Attorney I.D. No. 45792
                        111 North Sixth Street
                        P.O. Box 679
                        Reading, Pennsylvania  19603
                        (610) 478-2223

                  Attorneys for Defendants

**Defendants' Proposed Jury Instruction**

## 1. CORPORATE DEFENDANT'S RIGHT TO FAIR TRIAL

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, and other organizations stand equal before the law, and are to be treated as equals.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.[1]

GRANTED         _____

DENIED          _____

MODIFIED        _____

WITHDRAWN       _____

---

[1]    Federal Jury Practice, § 103.12.

**Defendants' Proposed Jury Instruction**

## 2. PROVINCE OF COURT AND JURY

Now that you have heard the evidence it becomes my duty to give you instructions as to the law applicable to this case.

It is your duty to follow the law as I shall state it to you, and to apply that law to the facts as you find those facts from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. You should also not be concerned with the wisdom of any rule of law.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion may be. It is not my function to determine the facts, that responsibility is yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.[2]

It is your duty to determine the facts, the evidence and reasonable inferences arising from this evidence. In so doing, you may not speculate and you may not base your verdict on a mere guess or conjecture. If you find that you are unable to reach a decision without

---

[2]     Devitt, Blackmar, § 71.01 (4th ed. 1987).

guessing or speculating, then your verdict must be in favor of the defendant and against the

plaintiff.

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

3

**Defendants' Proposed Jury Instruction**

### 3. EVIDENCE IN CASE AND STATEMENTS OF COUNSEL

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation as evidence and regard that fact as proved.

The Court may take judicial notice of certain facts or events. When the Court declares it will take judicial notice of some fact or event, the jury must, unless otherwise instructed, accept the Court's declaration as evidence, and regard as proved the fact or event which has been judicially noticed.

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.[3]

GRANTED        _____

DENIED         _____

MODIFIED       _____

WITHDRAWN      _____

---

[3]        Devitt, Blackmar, § 71.08.

**Defendants' Proposed Jury Instruction**

4. CREDIBILITY OF WITNESSES

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand. Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

5

You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.[4]

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

---

[4]       Devitt, Blackmar, § 73.01.

**Defendants' Proposed Jury Instruction**

## 5.  OBJECTIVE MEDICAL EVIDENCE REQUIRED

Subjective complaints are easy to make, but almost impossible to refute.  As such,

it is your duty to assess whether plaintiff's complaints are supported by adequate medical

evidence.  Plaintiff's subjective complaints alone do not entitle him to disability benefits unless

supported by objective medical evidence.  Subjective complaints are those that are reported as

perceived by plaintiff, but are not directly caused by any identifiable external stimuli.  Objective

medical evidence is that which exists independent of plaintiff's mind and is observable or

verifiable by scientific methods.[5]

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

---

[5]     Yeager v. Reliance Standard Life Ins. Co., 88 F.3d 376, 382 (6th Cir. 1996) (stating that subjective complaints are easy to make, but almost impossible to refute); Hudacek v. Sullivan, 746 F. Supp. 868,  872 (W.D. Wis. 1990) (ALJ in Social Security cases can reject subjective complaints not supported by adequate medical evidence), citing Abrogast v. Bower, 860 F.2d 1400, 1404-05 (7th Cir. 1988).

**Defendants' Proposed Jury Instruction**

6. <u>EXPERT TESTIMONY</u>

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you. [6]

GRANTED        _____

DENIED         _____

MODIFIED       _____

WITHDRAWN      _____

---

[6]        Modern Federal Jury Instructions-Civil 76-9

8

**Defendants' Proposed Jury Instruction**

## 7. OPINIONS NOT CONCLUSIVE

The fact that a physician states an opinion that the plaintiff is disabled does not conclusively establish that the plaintiff is disabled for purposes of recovering benefits under the Policy at issue, especially where the physician's opinion is not supported by appropriate clinical findings. Whether Plaintiff is disabled is an issue for you, the jury, to decide from the evidence presented to you. As with any other witness, it is for you to decide the weight to be assigned to such an opinion.[7]

GRANTED        _____

DENIED         _____

MODIFIED       _____

WITHDRAWN      _____

---

[7] Orvosh v. Program of Group Life Ins. for Salaried Employees of Volkswagen of America, Inc., 222 F.3d 123, 130-31 (3d Cir. 2000); Abnathya v. Hoffman-LaRoche, Inc., 2 F.3d 40 (3d Cir. 1993) (plan administrator's reliance on independent medical evaluations rather than reports of insured's attending physician was not unreasonable).

SL1 343961v1/10305.060

**Defendants' Proposed Jury Instruction**

## 8.  BIAS OF TREATING PHYSICIANS

A treating physician may be biased because of his long-standing or personal relationship with a patient and may hastily conclude that the patient is disabled.[8]  If you find that such a long-standing or personal relationship exists between the plaintiff and his treating physicians, you may properly ascribe lesser weight to such an opinion.

GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____

---

[8]      DeFrancesco v. Bowen, 867 F.2d 1040, 1043 (7th Cir. 1989) (noting "well-known propensity of personal physicians to go the extra step in helping their patients obtain benefits"); Cullota v. Bowen, 662 F. Supp. 1161, 1170 n.26 (N.D. Ill. 1987), citing Stephens v. Heckler, 766 F.2d 284, 289 (7th Cir. 1985)(acknowledging "obvious point that a treating physician may be biased because of his longstanding relationship with a patient and may find disability too quickly."); Cummins v. Schweiker, 670 F.2d 81, 84 (7th Cir. 1982) (personal physician might lean over backwards to support patient's application for disability benefits); Pysher v. Heckler, 640 F. Supp. 837, 840 (E.D. Pa 1986) (same); Ettinger v. Heckler, No. 84-2470, 1985 U.S. Dist. LEXIS 12159, at *10 (E.D. Pa. December 5, 1985)(same); Wynia, Cummins, Van Geest and Wilson, Physician Manipulation of Reimbursement Rules for Patients, AMA Vol. 283, No. 14 (April 12, 2000) (reporting that 40% of physicians surveyed admitted rendering opinions for the purpose of obtaining medical benefits for their patients by "exaggerating the severity of the illness, changing billing diagnoses or reporting signs or symptoms the patient did not have.").

SL1 343961v1/10305.060

**Defendants' Proposed Jury Instruction**

## 9.  <u>BURDEN OF PROOF – CONTRACT CLAIM</u>

To prevail in this case, the Plaintiff must meet his burden of proof to establish that

he was disabled within the meaning of the Policy and to prove that Defendants breached their

obligation to pay benefits.  If the proof should fail to establish any essential element of plaintiff's

claim by a preponderance of the evidence, the jury should find for the defendant as to that

claim.[9]

The Policy defines total disability as "[f]rom the start of a total disability until 2

years after the Income Starting Date, total disability means that the Insured cannot do the

substantial and material duties of his or her regular job."  To satisfy this burden, Plaintiff must

prove by a preponderance of the evidence that he cannot perform any of the substantial and

material duties of his regular job as that term is defined in the Policy.  If you find that the

Plaintiff is capable of performing some of his duties but did not return to work on a part time

basis, then no benefits are payable and you must find in favor of Defendants.[10]


GRANTED          _____

DENIED           _____

MODIFIED         _____

WITHDRAWN        _____


---

[9]      Federal Jury Practice, § 104.01.

[10]      <u>Russell v. Paul Revere Ins. Co.</u>, 148 F.Supp. 2d 392. 404-405 (D. Del. 2001) <u>aff'd.</u>, 288 F.3d 78(3d Cir. 2002); <u>Doe v. Provident Life & Accident Co.</u>, 1997 US Dist. Lexis 5462, *4 (E.D. Pa. April 23, 1997).

SL1 343961v1/10305.060

**Defendants' Proposed Jury Instruction**

### 10.  POLICY DEFINITION OF JOB

In determining whether Plaintiff has met his burden of proving that he cannot perform any of the substantial and material duties of his job, you must also consider the policy definition of the term "job", which is defined as the "occupation, or occupations if more than one, which the Insured is engaged when a disability starts."  "Occupation" is viewed as it is generally performed and is not limited to the specific requirements of the insured's actual position for a particular employer at a particular location.[11]

GRANTED            _____

DENIED             _____

MODIFIED           _____

WITHDRAWN          _____

---

[11]    Dawes v. Union Life Ins. Co., 851 F.Supp. 118, 122 (S.D.N.Y. 1994); Breznek v. Union Mutual Ins. Co., 1988 U.S. Dist. Lexis 6591 (E.D. Pa. June 22, 1988), aff'd, 865 F. 2d 249 (3d. Cir. 1988).

SL1 343961v1/10305.060

**Defendants' Proposed Jury Instruction**

11.  <u>MATTERS EXTRINSIC TO THE DECISION UNDER THE DISABILITY POLICY</u>

**[Defendants have moved in limine to preclude the evidence addressed by this proposed instruction.  If the Motion is granted, this proposed instruction should be deemed withdrawn].**

Although Plaintiff received Social Security Disability benefits in this case from the Social Security Administration, that fact is not germane to determining whether Plaintiff is disabled as defined in the Policy.  An award of Social Security Disability benefits is not relevant to the issue of disability in this case because the legal standards are different and the factual records upon which the decision was made is different.  Accordingly, the fact that Plaintiff received such an award should play no role whatsoever in your determination of the issue of disability benefits in this case.[12]

Although NYL waived the insurance premiums the Plaintiff had to pay under a separate life insurance policy, a waiver of life insurance premiums based upon disability under a life insurance policy does not prevent an insurer from denying benefits on a separate disability policy.[13]

GRANTED       _____

DENIED        _____

MODIFIED      _____

WITHDRAWN     _____

---

[12]     <u>Doyle v. Paul Revere Ins. Co.</u>, 144 F.3d 181, 188 n.4 (1st Cir. 1998); <u>Cox v. Mid-America Dairymen, Inc.</u>, 965 F.2d 569 (8th Cir. 1992); <u>Scarinci v. Ciccia</u>, 880 F.Supp. 359, 365 (E.D. Pa. 1995).

[13]     <u>Bucks v. Reliance Standard Life Ins. Co.</u>, 2000 U.S. App. LEXIS 11456, at *11 (6th Cir. May 12, 2000); <u>Gonyea v. John Hancock Life Ins. Co.</u>, 812 F.Supp. 445, 449-450 (D. Vt. 1993).

SL1 343961v1/10305.060

**Defendants' Proposed Jury Instruction**

## 12. PURPOSE OF AWARDING DAMAGES

Damages are a means of compensation for an injury for which the law allows compensation. The purpose of damages is not to make parties in lawsuits wealthy.[14] Furthermore, you need not consider the issue of damages unless and until you find the Defendants liable. If you find the Defendants liable to pay benefits under the policy, in calculating damages, you may only consider those benefits that would have accrued in the past. You may not consider, and must not include in your calculations, what benefits, if any might accrue to the plaintiff in the future.[15] Furthermore, if you find the Defendants liable, you may only consider what damages arise from the express terms of the contract. You may not consider any other harm Plaintiff may have incurred not covered by the express terms of the contract.[16]

GRANTED         _____

DENIED          _____

MODIFIED        _____

WITHDRAWN       _____

---

[14]     Frankel v. United States, 321 F. Supp. 1331 (E.D. Pa.), aff'd, 466 F.2d 1226 (1970).

[15]     Doe v. Provident Life and Acc. Ins. Co., 936 F. Supp. 302, 307 (E.D. Pa. 1996); Solkolosky v. Occidental Ins. Co., 481 F. Supp. 36, 38 (W.D. Pa. 1979); Summers v. Prudential Ins. Co. of America, 179 A. 78, 79 (Pa. 1935).

[16]     Closterman, v. Liberty Mutual Ins. Co., No. 93-4458, 1994 U.S. Dist. LEXIS 15444, at *3-4 (E.D. Pa October 31, 1994)(holding that Pennsylvania law does not permit an insured to recover consequential damages arising from a claim for failure to pay a loss); Liberty Fish Co. v. Home Indem. Co., 1990 U.S. Dist. LEXIS 7334, at *5-7 (E.D. Pa. June 13, 1990); Giovannitti v. Nationwide Ins. Co., 690 F. Supp. 1439, 1443 (W.D. Pa 1998)(same) rev'd on other grounds 891 F.2d 280 (3d Cir. 1989); cf. Polito v. Continental Casualty Co., 689 F.2d 457, 461 (3d Cir. 1982) (applying New Jersey law, denying consequential damages, and reasoning that recovery is limited to amounts owed under the insurance contract plus interest).

## CERTIFICATE OF SERVICE

I, E. THOMAS HENEFER, ESQUIRE, certify that on this date, I served a certified true and correct copy of the foregoing Proposed Jury Instructions upon the following counsel of record, by federal express:

Richard C. Angino, Esquire
Angino & Rovner, P.C.
4503 N. Front Street
Harrisburg, PA  17110

Date: 4|15|03