2-4-01

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENZO MAZZAMUTO, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 1:CV-01-1157 |
| | : | |
| v. | : | |
| | : | |
| UNUM PROVIDENT | : | JUDGE CONNER |
| CORPORATION, et al., | : | |
| Defendants | : | |

**FILED**
HARRISBURG, PA

APR 1 7 2003

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## DEFENDANTS' MEMORANDUM OF LAW IN
## SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF
## IN OPPOSITION TO PLAINTIFF'S MOTIONS
## FOR LEAVE TO AMEND THE COMPLAINT AND FOR
## RECONSIDERATION OF SUMMARY JUDGMENT ORDER

## I.    INTRODUCTION

Plaintiff has recently filed motions seeking leave to amend the complaint

and reconsideration of the Court's summary judgment decision.  Both of Plaintiff's

motions relate, in large measure, to his efforts to shift the focus of the case from

where it belongs (i.e., on the "merits" of Plaintiff's claim) to a broad attack on

Defendants' corporate culture focusing on spurious allegations about how

Defendants have handled other claims.  Plaintiff uses these allegations to support

his claim for punitive damages under the Pennsylvania bad faith statute.

On April 7, 2003, after the briefing was completed on Plaintiff's motions, the

United States Supreme Court rendered its decision in State Farm Mutual

Automobile Ins. Co. v. Campbell, 538 U.S. ____, 2003 U.S. LEXIS 2713, (2003).

1

In <u>Campbell</u>, the Court addressed the limited scope of evidence that may be considered in assessing punitive damages. Accordingly, Defendants respectfully request leave to file a supplemental brief addressing the <u>Campbell</u> decision.

## II.  PROCEDURAL AND FACTUAL HISTORY

Plaintiff alleges claims for bad faith and breach of contract arising from the denial of his claim for disability benefits. The Court granted summary judgment dismissing Plaintiff's bad faith claim. Plaintiff seeks reconsideration of this decision and has also sought leave to amend the complaint. As noted in connection with previous motions, much of Plaintiff's argument is based on irrelevant and inaccurate allegations by third parties unrelated to this case (such as disgruntled former employees and television tabloids) concerning Defendants' alleged improper business practices.

## III.  QUESTION PRESENTED

**Whether a supplemental brief should be allowed to address the Supreme Court's recent decision in <u>Campbell</u>.**

[Suggested Answer: Yes]

## IV.  ARGUMENT

Plaintiff's proposed amended complaint would shift the focus of the case from where it belongs (<u>i.e.</u>, on the "merits" of Plaintiff's claim) to a factually inaccurate attack on Defendants' alleged business practices. The centerpiece of this effort is to focus on spurious allegations by third parties about how Defendants

2

have handled other claims.  Most of Plaintiff's argument in support of his motion for reconsideration of the Court's summary judgment ruling focuses on the very same allegations.

As Defendants have noted previously, Plaintiff's approach conflicts with the relevant case law under the Pennsylvania bad faith statute.  For example, numerous courts have held that evidence concerning other lawsuits is not relevant -- even for discovery purposes -- to support "pattern and practice" allegations in the bad faith context.  E.g., Cantor v. Equitable Life, 1998 U.S. Dist. LEXIS 8435 at * 10-11 (E.D. Pa. 1998).  This focused approach is further supported by the recent decision from the Eastern District of Pennsylvania in Mann v. UNUM Life Ins. Co. of America, No. 02-1346, slip op., (E.D. Pa. Mar. 19, 2003), which excluded evidence of unrelated claims and irrelevant deposition testimony from other lawsuits.  [A copy of the Mann decision is attached].

Against this backdrop, the Supreme Court's decision in Campbell, although not a Pennsylvania bad faith case, is relevant to this action.  In fact, Campbell supports the focused approach taken in cases like Mann and Cantor and, conversely, undermines Plaintiff's approach here.

Campbell addressed the due process concerns raised by excessive punitive damages awards.  Noting its "concerns over the imprecise manner in which punitive damages systems are administered," 2003 U.S. LEXIS 2713 at *18, the

3

Court held that a large punitive damages award against State Farm was unconstitutional.

The Campbell Court addressed several flaws in the lower court's analysis of the punitive damages issue. For example, the Court addressed the ratios of punitive damages (compared to compensatory damages) that will violate a defendant's rights to due process. The Court stressed that punitive damages must be "both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered." 2003 U.S. LEXIS 2713 at *32. The Court further held that "[w]hen compensatory damages are substantial, then a lesser ratio, perhaps only equal to compensatory damages, can reach the outermost limit of the due process guarantee." Id.

But before turning its attention to the improper ratio, the Court held that the lower courts deprived State Farm of its due process rights by allowing evidence unrelated to the harm suffered by the plaintiff as part of the punitive damages analysis. For example, the Court limited the scope of evidence that may be considered in awarding punitive damages by, among other things, holding that a state may not impose punitive damages "to punish a defendant for unlawful acts committed outside the State's jurisdiction." Id. at *25. The Court further noted that there must be a nexus between the acts which harmed the plaintiff and the acts which form the basis of the punitive damages award: "A defendant should be

4

punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business." Id. at *27.

Further, the Campbell Court echoed the holdings of cases like Cantor, which have held that evidence of other claims is not relevant under the Pennsylvania bad faith statute:

> Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis....

2003 U.S. LEXIS 2713 at * 27. The Campbell Court also noted a very practical problem with allowing the consideration of such evidence: "Punishment on these bases creates the possibility of multiple punitive damages awards for the same conduct...." Id. at 27-28.

Significantly, the allegations made against State Farm in the Campbell case were similar to the unfounded accusations Plaintiff raises against the Defendants here. As the Supreme Court noted, the plaintiff's argument in Campbell focused on allegations that State Farm had implemented a national scheme to increase its profitability by "capping payouts on claims company wide." 2003 U.S. LEXIS 2713 at * 22 (citation omitted). The Supreme Court held that the lower courts had erred (and violated State Farm's constitutional right to due process) by allowing the case to be "used as a platform to expose, and punish, the perceived deficiencies of

5

State Farm's operations throughout the country" rather than limiting the scope of the case to the harm caused to the plaintiff. Id.

The Campbell Court further held that allegations of State Farm's alleged national practices should not have been considered because they related primarily to "first party" automobile insurance claims and the plaintiff's claims in Campbell arose from a "third party" claim. Yet, as Justice Ginsburg's dissent makes clear, there was evidence from which the trial court found that the alleged national practices applied to the specific type of third party claim at issue and had directly harmed the plaintiff. Thus, when the dissent is taken into consideration, the conclusion that Campbell mandates an approach focused on the plaintiff's specific harm becomes all the more apparent.

In short, Campbell stands for the clear proposition that the focus of a punitive damage award must be on the harm caused to the plaintiff and not on allegations about other cases. In this way, Campbell buttresses a long line of Pennsylvania cases (like Mann and Cantor) which similarly focused the bad faith analysis on the specific facts of the specific plaintiff's claim.

Campbell therefore supports Defendants' position that the Court should deny Plaintiff's motion for reconsideration and his motion for leave to amend his complaint. For this reason, Defendants respectfully submit that the Court should consider supplemental briefing on Campbell.

6

## V.  CONCLUSION

For the reasons set forth above, Defendants respectfully request the Court to

grant their motion for leave to file a supplemental brief addressing the <u>Campbell</u>

case.

Dated:  April 16, 2003          STEVENS & LEE

By _E. Thomas Henefer_ _____
        E. Thomas Henefer
        Attorney I.D. No. 55773
        111 North Sixth Street
        P.O. Box 679
        Reading, Pennsylvania  19603
        (610) 478-2000

        **Attorneys for Defendants**

## <u>CERTIFICATE OF SERVICE</u>

I, E THOMAS HENEFER, ESQUIRE, certify that on this date, I

served a certified true and correct copy of the foregoing Memorandum of Law

upon the following counsel of record, by first class mail, postage prepaid,

addressed as follows:

> Richard C. Angino, Esquire
> 4503 North Front Street
> Harrisburg, PA  17110-1708

E. Thomas Henefer

Date:  April 16, 2003

8

SL1 345145v1/10305.060