UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>    Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE COMPANY<br>    Defendants | JUDGE CONNER<br><br>JURY TRIAL DEMANDED |

**MOTION FOR RECONSIDERATION OF THE COURT'S DECISION PRECLUDING EXPERT TESTIMONY OF GORDON K. ROSE, DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT, AND GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIM FOR BAD FAITH DAMAGES**

1. Plaintiff's counsel took the deposition of Plaintiff's treating physician Dr. Bower on March 3, 2003, for use at trial. Copy of deposition attached as **Exhibit A**.

2. Defense counsel took discovery depositions of various family members of Plaintiff, as well as two neighbors on June 19, 2003, specifically Antonino Mazzamuto, Francesco Mazzamuto, Angelo Mazzamuto, Pam Hagerich, and James Marshall. Copies of deposition transcripts will be provided when transcribed.

3. From the depositions taken, it is undisputed that Mr. Mazzamuto cannot perform the duties required at a pizza restaurant and spends most of his time sitting at home and using a cane to get around.

4. Your Honorable Court denied Defendants' Motions in Limine and consequently evidence will be permitted at trial as to the Social Security Administration's July 25, 2002, finding of total disability under its stringent guidelines (**Exhibit B**) and Defendant New York Life's finding of total disability on June 14, 2002, as to Mr. Mazzamuto's life insurance policy retroactive to July 22, 2000.  **Exhibit C**.

5. Defense counsel has scheduled the deposition of Administrative Law Judge Edward T. Morris on July 3, 2003, who determined that Mr. Mazzamuto was and is totally disabled under the stringent Social Security Administration guidelines.

6. Plaintiff's counsel has scheduled the deposition of Dr. Schneider who determined that Mr. Mazzamuto was and is totally disabled under the stringent Social Security Administration guidelines.

7. The deposition of Salvatore Ferrigno who sold Mr. Mazzamuto his New York life and disability policies is to be scheduled, but it is anticipated that he will testify that Mr. Mazzamuto is known to him and he is aware that Mr. Mazzamuto cannot do the work required at his pizza restaurant.

8. The deposition of Therese Sindelar who was the claims individual handling Mr. Mazzamuto's claim of total disability as to his life policy and who agreed that Mr. Mazzamuto was totally disabled as to his New York life policy is to be deposed.

9. It is to be stressed that no physician has ever examined Mr. Mazzamuto on behalf of Defendants.

10. On June 19, 2003, Gordon K. Rose faxed an article that appeared in "the Insurance Forum," June 2003 edition. Copy attached as **Exhibit D**. A copy of ATLA collection of litigation data pertaining to UNUM Provident is attached as **Exhibit E**.

11. As of June 20, 2003, Defendants UNUM Provident and New York Life continue to contend that Mr. Mazzamuto is not disabled from operating his pizza restaurant.

12. Defendants take the position that Mr. Mazzamuto can perform some duties, such as order supplies or schedule employees even if he can't perform his other duties.

13. Your Honorable Court's decisions precluding expert testimony by Mr. Rose, denying Plaintiff's Motion to Amend Complaint to add events and claims which have occurred since the filing of the Complaint on June 26, 2001, and granting Defendants' Motion to Dismiss Plaintiff's bad faith claim clearly now are erroneous decisions.

14. Because the trial date has been extended based upon the Court's trial schedule to August 12, 2003, discovery has been extended and continues through July of 2003.

15. Your Court's decision as to UNUM Provident's and New York Life's decision to deny coverage was based upon their denial letter of April 20, 2001, copy attached as **Exhibit F**, and not the circumstances that exist as of June 20, 2003.

16. Your Court's prior decisions do not have current factual and legal support either as to substance or procedure since discovery continues and will continue to the eve of trial.

17. There is certainly a jury issue as of June 20, 2003, as to whether Defendants are guilty of bad faith by still denying Plaintiff's claim for disability benefits after all they have learned since their denial letter of April 20, 2001.

18. Plaintiff is willing to go to trial at the scheduled date of August 12, 2003, as to Plaintiff's bad faith claim so long as the Court grants Plaintiff's Motion to Amend Complaint to

add events up to and including June 20, 2003, and permits Gordon K. Rose to testify along the lines of submitted material up to and including June 19, 2003.

19. There have been many courts already throughout the country and even in the Eastern District that have permitted bad faith actions to proceed against UNUM Provident based upon exactly the same claims made by Mr. Mazzamuto and as a point of fact, Your Honorable Court may be the only one or one of a very few who have granted UNUM Provident's Motion for Dismissal of a bad faith claim and/or claim for unfair insurance practices under the existing circumstances of June 20, 2003.

20. Your Court's dismissal of the bad faith claim on the basis that Defendants in-house doctor found from a record review that Mr. Mazzamuto was not disabled from his heart attack without addressing his back and emotional condition is arbitrary and capricious.

21. A dismissal based upon an orthopedic and psychiatric review of records in June of 2002 is similarly arbitrary and capricious. Reports attached as **Exhibits G and H.**

22. Your Honorable Court can reconsider at any time prior decisions and should in the interest of justice reconsider Your prior decisions and grant Plaintiff's Motion as to amendment of the Complaint, use of Mr. Rose as an expert based upon supplied reports and affidavits and permitting the case to go to trial as to the bad faith claim.

23. A reversal will not delay trial.

24. Plaintiff will probably be successful in his insurance claim.

25. Denying Plaintiff's Motion for Reconsideration and denying Plaintiff an opportunity to pursue his bad faith claim will result in an appeal to the Third Circuit as to Your Honorable Court's decisions pertaining to complaint amendment, denial of expert testimony, and

dismissal of the bad faith claim which will probably result in reversal, a second trial, second jury, and waste valuable trial court, appellate court, attorneys, and clients time and expense

WHEREFORE, Plaintiff by his attorney, Richard C. Angino, requests Your Honorable Court to Grant its Motion to Reconsider and reverse the prior decisions as to an amended complaint, expert testimony by Mr. Rose, use of affidavit material, and reinstatement of the bad faith claim.

                                              Respectfully submitted,

                                              ANGINO & ROVNER, P.C.

                                                 s/ Richard C. Angino
                                            Richard C. Angino, Esquire
                                            I.D. No. PA07140
                                            Joan L. Stehulak, Esquire
                                            I.D. No. PA29496
                                            4503 N. Front Street
                                            Harrisburg, PA  17110
                                            (717) 238-6791
                                            Attorney for Plaintiff

Date:  June 24, 2003

## **CERTIFICATE OF SERVICE**

I, Richard C. Angino, Esquire, hereby certify that a true and correct copy of the foregoing **MOTION FOR RECONSIDERATION OF THE COURT'S DECISION PRECLUDING EXPERT TESTIMONY OF GORDON K. ROSE, DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT, AND GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIM FOR BAD FAITH DAMAGES** was served by United States first-class mail, postage prepaid, upon the following:

E. Thomas Henefer, Esquire
Stevens & Lee
111 North Sixth Street
P. O. Box 679
Reading, PA  19603-0679
    Counsel for Paul Revere Life Insurance Company and New York Life Insurance Company


                                                     s/Richard C. Angino
                                                     Richard C. Angino

Dated:  June 24, 2003