**Robert C. Steinman, M.D.**
1671 Crooked Oak Drive
Lancaster, PA 17601
(717) 581-4821

June 27, 2002

Kirk L. Wolgemuth, Esquire
P.O. Box 1594
Lancaster, PA 17608-1594

Re:   Vincenzio Mazzamuto vs. UNUM Life Insurance Company of America

Dear Mr. Wolgemuth:

At your request I have reviewed medical records about this gentleman that started in 1996. In addition, I reviewed a transcript of the deposition of Dr. Bower from April 16, 2002. Specifically, I reviewed the records from Dr. Ted Kosenske, a pain specialist, medical records from Masland Associates, records from Dr. Laurence Goldstein, Mitchell Sader, Ph.D., Stanley Schneider, EDD, Harrisburg Hospital, Alexander Spring Rehab, Inc., Dr. Daniel Gelb and the Carlisle Hospital. There were other medical records in addition. There were several reports of imaging studies, x-ray's and MR scans of his low back. There also was an electro-diagnostic report (EMG).

A brief summary of these records would include the fact that he was having low back pain in 1996. He was out of work because of back problems from March 1996 until October 1996. Apparently, he fell on ice in January and hurt his back and then had several other falls. He continued intermittently after that to complain about his back. He was attended by Dr. Bower, his family internist since 1996, who treated him for problems with his back as well as other medical conditions. He had difficulty with his urinary tract with urgency and frequency of urination. He also suffered with gastroesophageal reflux disorder (GERD). He also is suffering from obesity. Dr. Bower is also treating him for depression and anxiety.

Plain x-rays of the low back in June 1996 showed sacralization of the fifth lumbar vertebra with bilateral pseudo-arthrosis at the lumbosacral junction and disc space narrowing at L4-5. At that time, the MR scan showed some central spinal stenosis principally at the L3-4 level. A second MR scan of the low back was done in October 2001. Again there was focal

Exhibit G

Kirk L. Wolgemuth, Esquire
June 26, 2002
Page 2

spinal stenosis at L3-4 with some mild bulging of intervertible discs and a congenitally narrowed neural canal. There was some disc degeneration and bulging at L3-4 and L4-5 without focal disc protrusion.

In mid 2000, he suffered a myocardial infarction and was treated successfully with single vessel angioplasty. He did very well after that. Because of some burning sensations in the anterior right thigh, an EMG test was done on March 28, 2001. Dr. Jurgensen reported that there was no evidence of motor nerve root damage. After the heart attack he did have successful cardiac rehabilitation. Nevertheless, he never returned full-time, on a sustained basis, to his regular duties at his restaurant.

After studying these records, I would make the following diagnoses:

1. Chronic low back pain with evidence of some spinal stenosis on the imaging studies.

2. Obesity.

3. Chronic urinary tract problems with frequency and some urgency.

4. Chronic indigestion, evidently gastroesophageal reflux disorder.

5. Status post myocardial infarction which occurred in mid-2000 with an excellent recovery including no limitations on his general activities.

6. History of treatment by Dr. Bower for anxiety and depression.

I am not going to offer any opinions about his cardiac or psychological/psychiatric conditions. With respect to his spinal stenosis, that diagnosis does not necessarily require surgery. Many people are treated conservatively. Based on my review of the medical records, including the diagnostic reports and the testimony of Dr. Bower, I do have an opinion about his ability to return to work at his restaurant.

Kirk L. Wolgemuth, Esquire
June 26, 2002
Page 3

I am convinced that his back condition does not prevent him from working there. As a matter of fact, he could have returned to his full-time duties after recovering from his heart attack in mid-2000. The restrictions offered by Dr. Bower should not have kept him from performing his duties. Dr. Bower stated that he could handle up to 20 pounds. He is easily capable of that and more. I agree with the limitations by Dr. Goldstein in his June 18, 2001 report, except that I believe that Mr. Mazzamuto should be allowed to vary periods of sitting, standing and moving about. The counter at which he would stand, at four to possibly five feet is excellent for Mr. Mazzamuto because he can lean on the counter with his forearms and relieve back discomfort while standing. He could also place a barstool with a back support behind the counter so he could alternate sitting and standing. As a physiatrist, I have recommended the use of a chair numerous times to assist patients with back conditions to return to work. The suggestion that he needs to change positions intermittently is not a disqualifier. This is actually ideal for a person with back pain. As the restaurant owner, he can do these things pretty much at will.

Mr. Mazzamuto may have aggravated his back condition in July 2000 when he claims the ambulance ride jarred his back. This is obviously noting to compare with the reported falls that he suffered in 1996. If the ride aggravated his back, he should have recovered from this in a short period of time.

The above opinions have been offered within a reasonable degree of medical certainty. Thank you for sending this file for review.

Very truly yours,

Robert T. Steinman, M.D.



**Hershey Psychiatric Associates**

928 East Chocolate Avenue

Hershey, Pennsylvania 17033-1215

(717) 533-4797

Fax: (717) 533-1574

June 28, 2002

Kirk L. Wolgemuth, Esq.
Stevens & Lee
POB 679
Reading PA 19603-0679
Fax #610/988-0810

Re: Vincenzo Mazzamuto

Dear Mr. Wolgemuth:

I have had the opportunity to review all of the medical records you had forwarded to me concerning Mr. Mazzamuto, along with the transcription of the testimony given by Douglas Bower, M.D. on April 16, 2002.

Based on reviewing all of this information, it is quite unclear whether Mr. Mazzamuto is psychiatrically disabled from functioning in his responsibilities as a restaurant owner.

For me to give a more definitive opinion about whether he is disabled, it would be necessary for me to see him in person, to conduct a full mental status evaluation.

I cannot conclude in any definitive way whether Mr. Mazzamuto is psychiatrically disabled from the medical records and the deposition testimony of Dr. Bower. He recognizes he is not a psychiatrist and has not done a thorough mental status evaluation on Mr. Mazzamuto. He indicated that Mr. Mazzamuto should have been under the care of a psychiatrist, but he felt it was practically impossible for such a consultation to be arranged. Dr. Bower has not indicated that he carried out formal mental status examinations when he saw Mr. Mazzamuto.

I also had read the records from Mitchell Sadar, Ph.D. He had prepared questionnaires for Social Security Disability determination. His document is internally inconsistent, indicating limitations ranging from mild to moderate. He also was not clear in completing this form as to what his basis was for indicating Mr. Mazzamuto as having basically a psychiatric impairment. He indicated his primary complaints were medical and physical rather than psychiatric.

Abram M. Hostetler, M.D., F.A.C.P., F.A.P.A.    Barbara G. Kuhlengel, M.D., F.A.P.A.
Kathleen L. Huth, Office Manager

Exhibit H

Re: Vincenzo Mazzamuto
Page: 2

I did not find that Dr. Sadar had carried out any formal psychological testing, to determine the extent of Mr. Mazzamuto's having personality factors which may have been contributing to his anxiety level.

I also reviewed the report prepared by Stanley E. Schneider, Ed.D., who had evaluated Mr. Mazzamuto on July 13, 2001. Dr. Schneider is a psychologist who went through a clinical interview with Mr. Mazzamuto, which did also include a mental status evaluation. Dr. Schneider concluded Mr. Mazzamuto has a Generalized Anxiety Disorder with Depressive Features. However, in his narrative describing the interview he did not establish and support a finding of psychiatric impairment and disability.

Therefore, as noted above, it would be necessary to have Mr. Mazzamuto seen in person by a psychiatrist in order to determine his degree of psychiatric impairment.

Very truly yours,

Abram M. Hostetter, M.D.

AMH/kh
AMH33/mazzamuto