UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>    Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE COMPANY<br>    Defendants | JUDGE CONNER<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION FOR RECONSIDERATION OF THE COURT'S DECISION
PRECLUDING EXPERT TESTIMONY OF GORDON K. ROSE, DENYING
PLAINTIFF'S MOTION TO AMEND COMPLAINT, AND GRANTING
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIM FOR
BAD FAITH DAMAGES**

**I.   PROCEDURAL HISTORY.**

This civil action claims damages for breach of contract and bad faith for Defendants' failure to pay proceeds of a disability income policy. Plaintiff has requested reconsideration of this Honorable Court's decisions precluding Plaintiff from presenting expert testimony of Gordon K. Rose, denying Plaintiff's motion to amend his Complaint, and granting Defendants' motion to dismiss Plaintiff's claim for bad faith damages.

Trial in this case has recently been scheduled for August 2003. In preparation for the August 2003 trial, the discovery deadline has been extended through July 2003. As noted in the motion at Paragraphs 2-7, additional depositions are being taken.

The Complaint in this case was filed on June 26, 2001. Plaintiff has requested leave to amend the complaint to add events and claims which have occurred since the Complaint was filed. Earlier in these proceedings, Plaintiff requested leave to amend the Complaint for activities which have occurred since the time of filing the Complaint. Plaintiff also requested this Honorable Court to reconsider its earlier decision not to permit Plaintiff's expert Gordon Rose to testify as an expert witness regarding Defendants' claims handling practices in these proceedings.

## II. STATEMENT OF FACTS

As of <u>June 20, 2003</u>, Defendants UNUM Provident and New York Life continue to contend that Mr. Mazzamuto is not disabled from operating his pizza restaurant.

## III. STATEMENT OF QUESTIONS INVOLVED

Whether the Court should reconsider its earlier orders and permit Plaintiff's expert Gordon Rose to testify as an expert in the trial of this matter, permit Plaintiff to amend his complaint and remove the partial summary judgment for Defendants and permit Plaintiff to go forward at trial on Plaintiff's bad faith claim.

Answer: Yes

## IV. ARGUMENT

The court may modify its order at any time until termination of the suit by entry of a final judgment, Rule 56(d) of the Federal Rules of Civil Procedure, especially where denial of relief would result in a manifest injustice, see also Rule 60 of the Federal Rules of Civil Procedure; Vol. 27A, Lawyers Edition, Federal Procedure, § 62:756 (1996).

Rule 15(a) of the Federal Rules of Civil Procedure permits motions to amend a complaint at any time and requires that leave should be freely given when justice so requires. Rule 15(b) permits amendments of pleadings to <u>conform to the evidence</u> at any time, even at trial <u>or after judgment</u>. Rule 15(d) permits supplemental pleadings for events that have occurred <u>since the last pleading</u>, and 15(c) relates all pleadings back to the original pleading.

Courts should construe the Federal Rules of Civil Procedure to <u>work substantial justice in all cases</u>. <u>U.S. v. One Ford Corp.</u>, 26 F.Supp. 598 (M.D. Pa., 1939). The Federal Rules are to be liberally construed. <u>Pierkowskie v. New York Life</u>, 147 F.2d 928 (3rd Cir. 1944).

Your Honorable Court's decisions precluding expert testimony by Mr. Rose, denying Plaintiff's Motion to Amend Complaint to add events and claims which have occurred since the filing of the Complaint on <u>June 26, 2001</u>, and granting Defendants' Motion dismissing Plaintiff's bad faith claim clearly now are erroneous decisions. Because the trial date has been extended based upon the Court's trial schedule to August 12, 2003, discovery has been extended and continues through July of 2003. The Court's decision as to UNUM Provident's and New York Life's decision to deny coverage was based upon their denial letter of April 20, 2001 copy attached as **Exhibit F** to the Motion, and <u>not</u> the circumstances that exist as of June 20, 2003. Your Court's prior decisions do not have current factual and legal support. There is certainly a jury issue as of June 20, 2003, as to whether Defendants are guilty of bad faith by <u>still</u> denying Plaintiff's claim for disability benefits after all they have learned since their denial letter of April 20, 2001.

UNUM's claims mishandling practices are systemic, <u>see</u>, **Exhibit D** to the Motion, a June 2003 article from **the INSURANCE FORUM** indicating that the Georgia insurance commissioner imposed a $5,000 per day fine on UNUM for unfairly denying, rejecting, and

canceling claims for disability benefits. UNUM's practices are so pervasive that lawyers all over the country are obtaining deposition and trial testimony from current and former UNUM employees and consultants, including physicians, executives, and claims adjusters regarding UNUM's unfair claims handling practices. Mr. Rose should be permitted to testify to enable the jury to understand insurance claims handling processes.

Plaintiff will probably be successful in his insurance claim.

Plaintiff can show that Defendants ignored evidence that Plaintiff is totally disabled and unable to perform the duties of his regular job, and Defendants are not entitled to summary judgment in this case as to the bad faith claim. There have been many courts already throughout the country and even in the Eastern District that have permitted bad faith actions to proceed against UNUM Provident based upon exactly the same claims made by Mr. Mazzamuto and as a point of fact, Your Honorable Court may be the only one or one of a very few who have granted UNUM Provident's Motion for Dismissal of a bad faith claim and/or claim for unfair insurance practices under the existing circumstances of June 20, 2003. See, Simon v. UNUMProvident Corp., 2002 U.S. Dist LEXIS 9331 (2002).

Plaintiff is willing to go to trial at the scheduled date of August 12, 2003, as to Plaintiff's bad faith claim so long as the Court grants Plaintiff's Motion to Amend Complaint to add events up to and including June 20, 2003, and permits Gordon K. Rose to testify along the lines of submitted material up to and including June 19, 2003.

Your Honorable Court can reconsider at any time prior decisions and should in the interest of justice reconsider Your prior decisions and grant Plaintiff's Motion as to amendment of the Complaint, use of Mr. Rose as an expert based upon supplied reports and affidavits and permitting the case to go to trial as to the bad faith claim. Denying Plaintiff's Motion for

Reconsideration and denying Plaintiff an opportunity to pursue his bad faith claim will result in an appeal to the Third Circuit as to Your Honorable Court's decisions pertaining to complaint amendment, denial of expert testimony, and dismissal of the bad faith claim would necessitate a probable reversal, a second trial, second jury, and waste valuable trial court, appellate court, attorneys, and clients time and expense

WHEREFORE, Plaintiff by his attorney, Richard C. Angino, requests Your Honorable Court to Grant its Motion to Reconsider and reverse the prior decisions as to an amended complaint, expert testimony by Mr. Rose, use of affidavit material, and reinstatement of the bad faith claim.

Respectfully submitted,

ANGINO & ROVNER, P.C.

    s/Richard C. Angino    
Richard C. Angino, Esquire
I.D. No. PA07140
Joan L. Stehulak, Esquire
I.D. No. PA29496
4503 N. Front Street
Harrisburg, PA 17110
(717) 238-6791
Attorney for Plaintiff

Date: June 24, 2003

## CERTIFICATE OF SERVICE

I, Richard C. Angino, Esquire, hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S DECISION PRECLUDING EXPERT TESTIMONY OF GORDON K. ROSE, DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT, AND GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIM FOR BAD FAITH DAMAGES** was served by United States first-class mail, postage prepaid, upon the following:

E. Thomas Henefer, Esquire
Stevens & Lee
111 North Sixth Street
P. O. Box 679
Reading, PA  19603-0679
    Counsel for Paul Revere Life Insurance Company and New York Life Insurance Company

                                            s/Richard C. Angino
                                              Richard C. Angino

Dated:  June 24, 2003