UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>    Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE COMPANY<br>    Defendants | JUDGE CONNER<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY BRIEF RE RECONSIDERATION OF
THE COURT'S DECISION PRECLUDING EXPERT TESTIMONY
OF GORDON K. ROSE, DENYING PLAINTIFF'S MOTION TO
AMEND COMPLAINT, AND GRANTING DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S CLAIM FOR BAD FAITH DAMAGES**

Defendants attach to their Memorandum of Law the Third Circuit's Opinion in W.V. Realty Inc., et al. v. Northern Insurance Company of New York, 2003 U.S. App. LEXIS 13182 filed June 27, 2003.  Plaintiff has also filed W.V. Realty Inc. as a supplemental to Plaintiff's Motion.  W.V. Realty requires the reconsideration and reversal requested by Plaintiff.

W.V. Realty references the Pennsylvania Superior Court's Opinion in O'Donnell v. Allstate Co., 1999 Pa. Super. 161, 734 A.2d 901, 906 (Pa. Super. 1999):  "We refuse to hold that an insurer's duty to act in good faith ends upon the initiation of suit by the insured."  The Third Circuit states that:  "Discovery abuses" cannot constitute "bad faith:"

> On the other hand, those cases in which courts have permitted bad faith claims to go forward based on conduct which occurred after the insured filed suit all involve something, beyond a discovery violation, suggesting that the conduct was intended to evade the insurer's obligation under the insured's contract.

2003 U.S. App. LEXIS 13182, p. 7, citing cases, emphasis supplied.

Although the Third Circuit granted a new trial in W.V. Realty Inc., it did not grant a judgment as a matter of law, which is what Your Court has done in this case. It required a retrial of the bad faith case based upon an alleged post complaint bases, in the amended complaint permitted the use of an expert as to the bad faith allegations, and permitted reference to other cases as to non-discovery issues. W.V. Realty Inc. permits reference to Northern's claims division property manual. Although the Third Circuit in W.V. Realty Inc. refused to permit the submission of punitive damages to the jury, it stated that punitive damages must be submitted to a jury where there is evidence of outrageous conduct and stated that both intent and reckless indifference constitutes such a mental state. 2003 App. LEXIS 13182 at page 9.

In the instant case, we know that Mr. Mazzamuto's treating doctor submitted a lengthy report (**Exhibit A**) and followed up with monthly reports, *e.g.*, **Exhibit B**, another report on April 16, 2002 (**Exhibit C**) all stating that Mr. Mazzamuto was totally disabled because of his back and emotional conditions. Dr. Bower was also deposed on two occasions and provided extensive testimony as to Mr. Mazzamuto's total disability as a result of his back and emotional problems. Also see, Dr. Gelb's orthopedic summary (**Exhibit D**) and Dr. Schneider's psychological report (**Exhibit E**) and the Social Security decision (**Exhibit F**). There are also numerous records from Dr. Kasenske who treated Mr. Mazzamuto for his back condition from 1996 to the present. Dr. Schneider and Dr. Kasenske were recently deposed by defense counsel.

We know that UNUM Provident did an in-house investigation utilizing its in-house paid employee physician who submitted a report that Mr. Mazzamuto was not disabled because of his heart attack and heart condition  UNUM Provident never requested an independent medical examination even though the UNUM Provident manual suggested same in denying claims. Mr.

Mazzamuto's claim for disability benefits was denied on the sole basis of the in-house review by an in-house doctor finding that Mr. Mazzamuto was not disabled as a result of his heart attack but failing to discuss in any way Mr. Mazzamuto's possible disability with respect to his back and emotional condition.

Even after the complaint was filed in the instant case, Defendants still did not seek or request an independent medical examination of Mr. Mazzamuto. Instead, at the discovery deadline, Defendants submitted expert reports by physicians who never saw Mr. Mazzamuto, but rather reviewed certain selected documents submitted by UNUM Provident. One of the experts candidly commented that he could not express an opinion without seeing Mr. Mazzamuto. A copy of the two expert reports are attached as **Exhibits G and H** to this Brief.

Obviously, Defendants' expert reports followed the filing of the complaint in this case. Defendants' taking of the deposition of Dr. Bower also followed the filing of the complaint in the instant case. The finding of total disability by the Social Security Administration followed the filing of the complaint in this case, as did the finding of total disability by Defendant New York Life as to Mr. Mazzamuto's life insurance policy. Mr. Mazzamuto's deteriorating condition followed the filing of the complaint. The taking of Dr. Bower's deposition for use at trial, the taking of deposition of treating physician Dr. Kasenske, the expression of an opinion by Dr. Kasenske of total disability of Mr. Mazzamuto, the deposition testimony of relatives, friends, and neighbors as to Mr. Mazzamuto's total disability and minimal daily activities, the deposition of Dr. Schneider with respect to Mr. Mazzamuto's emotional condition, all of these followed the filing of the complaint.

In addition to all of the above, following the filing of Plaintiff's complaint, it has become universally known that UNUM Provident has engaged in a course of practice with hundreds, if

not thousands, of other individuals similar to its course and practice with regard to Mr. Mazzamuto.  That course of practice involves utilizing in-house individuals such as the doctor used in this case to deny a claim.  These individuals are rewarded for denying claims.  Specific bases for denying claims similar to the bases in <u>Mazzamuto</u> have been used in other cases.  There are depositions, affidavits, and judicial opinions in numerous cases and decisions by courts and insurance commissioners finding UNUM Provident's actions to be unfair insurance practices and bad faith and, as a point of fact, UNUM has been ordered to cease and desist utilizing these practices which orders apply to the instant case.

The claim of bad faith and unfair insurance practices does not involve alleged discovery violations.  The Third Circuit in <u>W.V. Realty Inc.</u> requires trial courts to permit amended complaints, use of experts, and the submission of bad faith unfair insurance practices to juries for events which occur subsequent to the filing of a complaint that do not involve discovery issues.  The Third Circuit's decision in <u>W.V. Realty Inc.</u> is new, provides a broad statement of bad faith in Pennsylvania, and the Third Circuit and must be followed by Your Honorable Court.

        Respectfully submitted,

        ANGINO & ROVNER, P.C.

        <u>     s/ Richard C. Angino          </u>
        Richard C. Angino, Esquire
        I.D. No. PA07140
        Joan L. Stehulak, Esquire
        I.D. No. PA29496
        4503 N. Front Street
        Harrisburg, PA  17110
        (717) 238-6791
        Attorney for Plaintiff

Date:  7/14/03

## CERTIFICATE OF SERVICE

I, Richard C. Angino, Esquire, hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S REPLY BRIEF RE RECONSIDERATION OF THE COURT'S DECISION PRECLUDING EXPERT TESTIMONY OF GORDON K. ROSE, DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT, AND GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIM FOR BAD FAITH DAMAGES** was served by United States first-class mail, postage prepaid, upon the following:

E. Thomas Henefer, Esquire
Stevens & Lee
111 North Sixth Street
P. O. Box 679
Reading, PA  19603-0679
    Counsel for Paul Revere Life Insurance Company and New York Life Insurance Company

                                                   s/Richard C. Angino
                                                    Richard C. Angino

Dated:  7/14/03