ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENZO MAZZAMUTO,<br>Plaintiff, | : <br> : <br> : | CIVIL ACTION<br>NO. 1:CV-01-1157 |
| v. | : <br> : | |
| UNUMPROVIDENT<br>CORPORATION, et al.,<br>Defendants | : <br> : <br> : | JUDGE CONNER |

**FILED**
HARRISBURG, PA

JUL 1 4 2003

MARY E. D'ANDREA, CLERK
Per _____

## EXHIBITS TO DEFENDANTS' MEMORANDUM OF LAW IN
## SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF
## THE COURT'S DECISION TO ADMIT EVIDENCE OF THE SOCIAL
## SECURITY ADMINISTRATION'S DETERMINATION OF
## DISABILITY OR, IN THE ALTERNATIVE, CONSOLIDATION
## AND EXPEDITED REVIEW OF DEFENDANTS' RELATED ACTION
## AGAINST THE SOCIAL SECURITY ADMINISTRATION

Dated: July 14, 2003

STEVENS & LEE

By E. Thomas Henefer
E. Thomas Henefer
Attorney I.D. No. 55773
Kirk L. Wolgemuth
Attorney I.D. No. 45792
111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania  19603
(610) 478-2000

Attorneys for Defendants UNUM Provident
Corporation, Paul Revere Insurance Company,
and New York Life Insurance Company

1

SL1 363936v1/10305.060

A

(Rev. 11/91)

# UNITED STATES DISTRICT COURT

MIDDLE                District of                PENNSYLVANIA

## SUBPOENA IN A CIVIL CASE

VINCENZO MAZZAMUTO

v.

Case Number: 1:CV-01-1157

UNUMPROVIDENT CORPORATION, et al.

TO:  The Honorable Edward T. Morriss, ALJ

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| Place of Testimony | Courtroom |
|---|---|
|  | Date and Time |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| Place of Deposition | Date and Time |
|---|---|
| Stevens & Lee, 4750 Lindle Road, Harrisburg, PA  17111 | July 3, 2003 at 1:00 p.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all documents that relate or refer to Vincenzo Mazzamuto

| Place | Date and Time |
|---|---|
| Stevens & Lee, 4750 Lindle Road, Harrisburg, PA  17111 | July 3, 2003 at 1:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| Premises | Date and Time |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if Attorney for Plaintiff or Defendant) | Date |
|---|---|
| (Atty. for Defendant) |  |

Issuing Officer's Name, Address and Phone Number

Kirk L. Wolgemuth, Esq., Stevens & Lee, 111 North 6th St., P.O. Box 679, Reading, PA  19603 (610)478-2240

Case 1:01-cv-01157-CCC Document 164 Filed 07/14/2003 Page 1 of 20

O 88 (Rev. 1/94) Subpoena in a Civil Case

*Subpoena US Dist 1:CV-01-1157*

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | 6/10/03 10:05AM | | Office of Hearings & Appeals Security Administration 2nd St, Harrisburg, PA |

SERVED ON (PRINT NAME)

*Personally Served: Edward T. Morriss, ALJ*

MANNER OF SERVICE

*Personally Accepted*

SERVED BY (PRINT NAME)

*Jennifer R Crow*

TITLE

*Process Server*

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on *12 July 2003*
DATE

SIGNATURE OF SERVER

*69 S Cameron St*

ADDRESS OF SERVER

*Harrisburg Pa 17108*

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



# SOCIAL SECURITY
### Office of the General Counsel
### Office of General Law
June 26, 2003

**Via Facsimile and First Class Mail**

E. Thomas Henefer
Stevens & Lee, P.C.
111 North Sixth Street
P.O. Box 679
Reading, PA 19603-0679

   **Re:** Your Application for Testimony by Social Security Administration (SSA)
      Administrative Law Judge in a Federal Court Civil Action – *Mazzamuto v.*
      *UNUM Provident Corp., et al.*, No. 01-1157 (M.D. Pa.)

Dear Mr. Henefer:

You filed an application requesting the testimony of Administrative Law Judge (ALJ) Edward T.
Morriss in the above-referenced case. Consistent with the Agency's regulations at 20 C.F.R. part
403 governing requests for testimony by employees and the production of records and
information in legal proceedings, this letter constitutes the final decision on your application.
Based on the request submitted, I have determined that it would not be in the interest of the
Agency to permit the requested testimony in this matter.

SSA's regulations provide that an Agency employee may only appear and testify concerning any
function of SSA or any information or record created or acquired by SSA as a result of the
discharge of its official duties in a legal proceeding to which the Agency is not a party only with
the prior authorization of the Commissioner, or her designee. *See* 20 C.F.R. § 403.100. Similar
regulations governing federal employee testimony have consistently been upheld as legitimate.
*See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951); *Smith v. Cromer*, 159 F.3d 875
(4th Cir. 1998); *Swett v. Schenk*, 792 F.2d 1447 (9th Cir. 1986).

As a threshold matter, we note that the application was not filed in a timely manner. Under
SSA's regulations, a request must be submitted at least 30 days in advance of the date that you
need the testimony. 20 C.F.R. § 403.120(b). According to the regulations, if the request for
testimony is submitted fewer than 30 days before the date of testimony, you must provide a
detailed explanation as to why the application was not filed in a timely manner and why it is in
SSA's interest to review the untimely application. 20 C.F.R. § 403.120(b)(1), (2).

In this case, you did not provide any explanation as to why the application was not filed in a
timely manner. Your application indicated that you served the original subpoena on ALJ
Morriss on June 10, 2003. Thus, there was time within the court-imposed discovery deadline of

SOCIAL SECURITY ADMINISTRATION  BALTIMORE MD 21235-0001

July 16, 2003, in which to comply with the requirement to file an application in a timely manner. In your application, you noted that you were unaware of the regulatory requirements for obtaining testimony of an SSA employee. Not having actual knowledge of the regulations is not a valid excuse for failure to comply with the timeliness requirements. SSA's regulations were published in the *Federal Register* in January 2001, are published in the Code of Federal Regulations, and are also available on SSA's website www.socialsecurity.gov. In addition, I have not found that your application has articulated an interest that justifies waiving the requirement that an application be filed 30 days in advance of the date testimony is sought. *See* 20 C.F.R. § 403.120(b)(2). As explained more fully below, providing testimony in this matter is not in SSA's interests. As a result, I have found that waiver of the timeliness requirement would not be appropriate under the circumstances of this request.

Under our regulations, we may consider several factors in determining whether to authorize testimony in cases in which SSA is not a party. Those factors include, but are not limited to, considering whether the proposed testimony would risk violating a law or compromising a Government privilege, the burden on SSA, and the interests served by allowing the testimony. *See* 20 C.F.R. § 403.130. Based on your written request, the criteria for employee testimony are not met in this case.

In this matter, we have determined that allowing the testimony would risk violating a federal law. 20 C.F.R. § 403.130(a). The requested testimony would put confidential and sensitive Agency information at risk because it seeks information contained in Mr. Mazzamuto's disability insurance benefits (DIB) claims folder. Under the Agency's regulations, SSA employees will not disclose information in any legal proceeding except as permitted by SSA's disclosure regulations at 20 C.F.R. pts. 401 and 402. 20 C.F.R. § 430.105(a). Much of the information sought in testimony in this matter is protected by the Privacy Act, 5 U.S.C. § 552a, and the confidentiality provisions of the Social Security Act, 42 U.S.C. § 1306. Under those statutes, we cannot disclose the information in this matter without Mr. Mazzamuto's written consent. 20 C.F.R. § 401.100; *see also* 5 U.S.C. § 552a(b). To date, Mr. Mazzamuto has not given his written consent for the release of the information contained in his DIB records. Thus, without Mr. Mazzamuto's consent, allowing ALJ Morris to testify would involve the risk of violating a law and would put confidential information at risk.

In addition, providing the requested testimony would unduly burden SSA. 20 C.F.R. § 403.130(b). Permitting the requested testimony would divert ALJ Morriss from his primary responsibility of hearing SSA cases and issuing decisions. Allowing ALJ Morris to testify would cause SSA to cancel all of ALJ Morris's disability hearings for at least one full day. Canceling hearings could result in a backlog of cases for the Agency and in significant inconvenience to our customers. Diverting an ALJ from his normal duties would significantly interfere with SSA's ability to timely process current cases, with no counterbalancing benefit to SSA. Under these circumstances, providing testimony would unduly burden for private purposes the resources of the United States. 20 C.F.R. § 403.130(b)(1).

In addition, the information sought through testimony is available in a less burdensome form or from another source. Much of the specific information you seek is readily available from other sources. The criteria used for DIB entitlement is a matter of public record, and can be found

3

under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-433, and the Act's implementing regulations at 20 C.F.R. pt. 404 (2002). Moreover, with proper written consent of Mr. Mazzamuto for the release of his records, the Agency can provide Provident with a certified copy of ALJ Morris' decision along with Mr. Mazzamuto's medical records. *See* 20 C.F.R. § 401.100 (consent requirements); 20 C.F.R. § 403.155 (certification procedures); *see also* 42 U.S.C. § 904(d). Accordingly, the information sought from ALJ Morriss through testimony is available in a less burdensome form.

Moreover, we have considered the interests that would be served by providing testimony in this case and have found that it would not serve SSA's interests. 20 C.F.R. § 403.130(c). Your application did not state how it would be in SSA's interests to permit testimony. Your application did state that you possess information "which may have impacted the decision on SSDI benefits." Although SSA has a significant interest in program stewardship, SSA applies different legal standards in evaluating disability claims than are applied to other types of disability litigation. The outcome of this litigation, therefore, has no bearing on the decision reached by SSA's ALJ. While SSA has no interest in interfering with the court's resolution of this case, SSA has no interest in the outcome or resolution of this matter. Instead, this is a private lawsuit between private parties, and permitting the testimony would provide no benefit to SSA. In fact, providing testimony in a matter such as this would be inconsistent with SSA's strict policy of impartiality among private litigants. 20 C.F.R. § 403.130(c)(2). Moreover, no other government agency is a party to the case and the testimony is not necessary to prevent fraud or a miscarriage of justice. 20 C.F.R. § 403.130(c)(3)-(5). As noted above, providing testimony in this matter would also interfere with SSA's ability to serve the public in a timely manner and to perform its responsibilities under the Social Security Act. Thus, SSA's interests would not be advanced by participating in this matter.

Thank you for your cooperation in this matter. If you have any questions, please contact Jonathan R. Cantor of my staff at (410) 966-4206 or Amy E. Nalence in our regional office at (215) 597-1889.

Sincerely,

Michael G. Gallagher
Associate General Counsel
    for General Law



RECEIVED
JUL  3 2003
STEVENS & LEE

C

JS44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE SEPARATE INSTRUCTION SHEET)

**I. (a) PLAINTIFFS**

UNUMPROVIDENT CORPORATION
PAUL REVERE INS. CO.
NEW YORK LIFE INS. CO.

**DEFENDANTS**

SOCIAL SECURITY ADMINISTRATION

(b) County of Residence of First Listed Plaintiff   CUMBERLAND (MAINE)
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorneys (Firm Name, Address, and Telephone Number)

E. THOMAS HENEFER, ESQUIRE
STEVENS & LEE, P.C.
111 NORTH SIXTH STREET, P.O. BOX 679
READING, PA 19603
(610) 478-2034

Attorneys (If Known)

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      (U.S. Government Not a Party)

☒ 2  U.S. Government
      Defendant

☐ 4  Diversity
      (Indicate Citizenship of Parties
      in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**
(Refer to Instruction sheet)

Please insert Nature of Suit Code ____890____

Please insert Description   ADMINISTRATIVE PROCEDURE ACT  5 U.S.C. SECTIONS 701-706.

**V. ORIGIN**                                    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated
     or
     Reopened

☐ 5 Transferred from
     another district
     (specify)

☐ 6 Multidistrict
     Litigation

☐ 7 Appeal to
     District
     Judge from
     Magistrate
     Judgment

**VI. CAUSE OF ACTION**   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
                           Do not cite jurisdictional statutes unless diversity.)

5 U.S.C. SECTIONS 701-706 – JUDICIAL REVIEW OF ADVERSE AGENCY ACTION

**VII. REQUESTED IN**   ☐ CHECK IF THIS IS A CLASS ACTION    DEMAND $ _____   CHECK YES only if demanded in complaint
**COMPLAINT:**              UNDER F.R.C.P. 23                              JURY DEMAND:  ☐ Yes  ☒ No

**VIII. RELATED CASE(S)**   (See instructions):  JUDGE  CONNOR          DOCKET NUMBER   1:CV-01-1157
**IF ANY**

DATE
7/14/03

SIGNATURE OF ATTORNEY OF RECORD   E. THOMAS HENEFER

*E. Thomas Henefer* (signature)

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

(Rev. 3/6/03 USDC-PAMD)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNUMPROVIDENT | : | CIVIL ACTION |
| CORPORATION, PAUL REVERE | : | NO. |
| LIFE INSURANCE COMPANY and | : | |
| NEW YORK LIFE INSURANCE | : | |
| COMPANY | : | |
|       Plaintiff, | : | |
| | : | |
|   v. | : | |
| | : | |
| SOCIAL SECURITY | : | |
| ADMINISTRATION | : | |
|       Defendants | : | |

## COMPLAINT

Plaintiffs UNUMProvident Corporation, Paul Revere Life Insurance

Company, and New York Life Insurance Company (collectively "Plaintiffs"), by

and through their counsel, Stevens & Lee, file this Complaint pursuant to the

Administrative Procedures Act, 5 U.S.C. §§ 701-706 and as follows:

### Parties

1.  Plaintiff UNUMProvident Corporation ("UNUM") is incorporated

in the state of Delaware with its principal place of business in Chattanooga,

Tennessee.

2.   Plaintiff Paul Revere Life Insurance Company ("Paul Revere") is incorporated in the Commonwealth of Massachusetts with its principal place of business in Worcester, Massachusetts.

3.   Plaintiff New York Life Insurance Company ("NYL") is incorporated in the state of New York with its principal place of business in New York, New York.

4.   Defendant Social Security Administration ("SSA") is an executive agency of the United States federal government with its headquarters at 6401 Security Blvd., Baltimore, MD 21235 and its local office within this District at 555 Walnut St., Harrisburg, PA 17101.

### Jurisdiction and Venue

5.   Plaintiffs bring this action pursuant to 5 U.S.C. §§ 701-706, seeking judicial review of an adverse agency action.

6.   Jurisdiction exists under 28 U.S.C. §1346 because there are no monetary damages being sought, and the claims asserted herein are founded upon the regulations of an executive department of the United States.

7.   There is no single judicial district in which all Plaintiffs reside, therefore Plaintiffs waive the protections afforded them under 28 U.S.C. § 1402 and assent to venue in the Federal District Court for the Middle District of Pennsylvania where the related civil matter of Mazzamuto v. UNUMProvident

2

<u>Corp., et al.</u>, No. 1:CV-01-1157 (hereinafter "Mazzamuto action") is currently pending.

## Facts

8.   On June 26, 2001, Vincenzo Mazzamuto filed a civil action in this Court against the above named Plaintiffs in a separate matter as noted in paragraph 7 of this Complaint.

9.   Mazzamuto's claim for breach of contract arises from Paul Revere's April 20, 2001 denial of his claim for long term disability ("LTD") benefits under a private policy of insurance.

10.  After the close of discovery, Mazzamuto's counsel produced a July 25, 2002 Social Security Decision awarding Mazzamuto Social Security Disability Income ("SSDI") benefits.

11.  In October of 2002, defendants in the Mazzamuto action (the same parties listed as Plaintiffs in this action) filed a motion in limine to exclude evidence of the untimely and irrelevant SSDI proceedings.

12.  In May of 2003, the Court ruled that the evidence of Mazzamuto's SSDI claim while not controlling, was nevertheless relevant and would be admitted.

13.  On or about June 6, 2003, counsel for Plaintiffs served a subpoena on Administrative Law Judge ("ALJ") Edward T. Morriss to appear and testify at the taking of a deposition in the Mazzamuto action.

3

14. On or about June 17, 2003, counsel for Plaintiffs received a message from the Office of the Regional Chief Judge informing Plaintiffs of certain SSA procedures that must be followed to obtain the testimony of an SSA employee.

15. On or about June 20, 2003, Assistant Regional Counsel for the SSA responded to the subpoena by letter indicating that no employee of the SSA will appear or testify without the approval, in advance, of the Commissioner of Social Security, or his delegate.

16. On or about June 19, 2003, counsel for Plaintiffs complied with the SSA's requirements as outlined in 20 C.F.R. § 403.120 by sending a letter via facsimile formally applying to the Commissioner of Social Security for permission to have ALJ appear and give testimony at a deposition.

17. On or about June 25, 2003, Mazzamuto provided his written consent to the release of information relating to his award of SSDI benefits including through the testimony of ALJ Morriss.

18. On or about June 26, 2003, the SSA's Office of the General Counsel ("SSA General Counsel") responded to UNUM's June 19, 2003 application and denied Plaintiffs' application as not being in the interest of the SSA.

19. In the June 26, 2003 letter, the SSA General Counsel cited four grounds for denying UNUM's application: (1) the application was untimely, (2)

4

permitting ALJ Morriss to testify would risk violating the Privacy Act and the confidentiality provisions of the Social Security Act, (3) undue burden on the SSA, and (4) ALJ Moriss's testimony would not serve the interests of the SSA.

20. The SSA's June 26, 2003 letter was a final decision on Plaintiffs' application. Thus, UNUM has exhausted its administrative remedies.

## Count I – Judicial Review of an Agency Action Pursuant to 5 U.S.C. § 702

21. Plaintiffs incorporate herein in their entirety paragraphs 1 through 20 of this complaint as if set forth in their entirety herein.

22. Plaintiffs complied with the SSA regulation, 20 C.F.R. § 403.120, governing requests for testimony from SSA employees.

23. Commissioner of Social Security, through his delegate, arbitrarily and capriciously refused to permit ALJ Morriss to appear and provide testimony in a response to an application made pursuant to SSA regulation, 20 C.F.R. § 403.120.

24. Commissioner of Social Security, through his delegate, abused his discretion when he refused to permit ALJ Morriss to appear and provide testimony.

SL1 364959v1/10305.060

WHEREFORE, Plaintiffs request the Court issue judgment in their favor and hold unlawful and set aside the Commissioner's decision and compel compliance with the Court's June 6, 2003 subpoena by requiring ALJ Morriss's appearance and testimony at a deposition.

Dated: July 1⁴, 2003

STEVENS & LEE

By E. Thomas Henefer

E. Thomas Henefer
Attorney I.D. No. 55773
Kirk L. Wolgemuth
Attorney I.D. No. 45792
111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania 19603
(610) 478-2000

Attorneys for Defendants UNUM Provident Corporation, Paul Revere Insurance Company, and New York Life Insurance Company

6

# CERTIFICATE OF SERVICE

I, Dean R. Batson, Esquire, certify that on this date, I served a certified true and correct courtesy copy of the foregoing Complaint upon the following counsel of record, by Federal Express overnight delivery to the following address:

Social Security Administration
Office of the Regional Chief Counsel
Office of the General Counsel
Attn: Amy Nalence, Esquire
P.O. Box 41777, 6th Floor
Philadelphia, Pa  19101

Thomas A. Marino, United States Attorney
Suite 220, Federal Building
228 Walnut Street,
Harrisburg, Pa  17108

U.S. Department of Justice
Office of the Attorney General
950 Pennsylvania Avenue, NW
Washington, DC  20530-0001

Formal service of process in accordance with Fed. R. Civ. P. 4 shall follow

_____
Dean R. Batson

Date:  July 14, 2003

Case 1:01-cv-01157-CCC   Document 164   Filed 07/14/2003   Page 15 of 20

# SOCIAL SECURITY ADMINISTRATION
## Office of Hearings and Appeals

## DECISION

**IN THE CASE OF**                                **CLAIM FOR**

VINCENZO MAZZAMUTO                          Period of Disability and
(Claimant)                                               Disability Insurance Benefits


(Wage Earner)                                        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
                                                              (Social Security Number)

## INTRODUCTION

On April 24, 2001, the claimant protectively filed an application for disability insurance benefits. The claim was denied initially, and a Request for Hearing was timely filed on October 1, 2001. Because there is sufficient evidence to establish disability based upon the evidence in the record, an oral hearing was not held. The claimant alleges disability beginning July 22, 2000 due to stenosis of the spine, a heart attack, and stress (Ex. 1E). Trudy H. McGraw, an attorney, represents the claimant in this matter.

The general issue is whether the claimant is entitled to a period of disability and disability insurance benefits under Sections 216(i) and 223 of the Social Security Act. The specific issue is whether he is under a disability, which is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.

With respect to the claim for disability insurance benefits, there is an additional issue pertaining to insured status. A review of the claimant's earnings record reveals that he has earned sufficient quarters of coverage to remain insured at least through the date of this decision.

After careful consideration of the entire record, I conclude that a fully favorable decision on behalf of the claimant is appropriate at step five of the sequential evaluation process.

## EVALUATION OF THE EVIDENCE

The claimant is a 47-year-old individual with a limited seventh grade education and past relevant work as a restaurant owner. He has not engaged in substantial gainful activity at any time since the alleged onset date.

The claimant has the following medically determinable severe impairments: degenerative disc disease and coronary artery disease. The medical evidence of record establishes that the claimant has a significant history of low back pain since at least 1996. The medical records reveal that the claimant experiences severe low back pain, which has been chronic and unrelenting despite numerous aggressive interventions. Treatment records show that the claimant has been on multiple medications, that he has received physical therapy, that he has received treatment from a pain clinic, and has received numerous local epidural steroid injections, all of which have only minimally attenuated his symptoms. In addition to debilitating back pain, the evidence also establishes that the claimant suffered a myocardial infarction and required cardiac catheterization on July 24, 2000. Although the evidence establishes that the claimant's coronary condition is relatively stable, he continues to experience debilitating back pain. An August 4, 2000 medical report indicates that the claimant was experiencing worsening back pain with radiculopathy into the posterior aspect of both thighs. On March 12, 2001, the claimant was still complaining of back pain going down his right buttock and down into his leg as well as anterior right thigh burning. It was noted that walking and sitting for any length of time seem to aggravate this condition. Upon examination, there was tenderness to palpation in the lumbosacral spine. A lumbar spine MRI performed on October 17, 2001 revealed degenerative desiccation and diffuse degenerative bulge of the L3-4 and L4-5 intervertebral discs. The neural canal was significantly narrowed at L3-4 consistent with focal spinal stenosis. A December 19, 2001 treatment note indicates that the claimant has difficulty sleeping because of the pain. Daniel E. Gelb, M.D. indicated in an orthopedic evaluation report of January 4, 2002 that the claimant continues to have primary back pain with significant symptoms in the legs, which occur either with prolonged standing or sitting. Dr. Gelb concluded that the claimant is a candidate for lumbar decompression. Douglas J. Bower, M.D. indicated in a report of January 31, 2002 that the claimant's most significant problem is his low back discomfort. Dr. Bower indicated that the claimant has ongoing discomfort, both with sitting and standing and that he is unable to lift. Dr. Bower concluded that the claimant was incapable of working (Exs. 1F-6F and 12F-15F).

The claimant stated in the record that he experiences bad back pain with pinching, trembling, and a burning sensation in his legs. He reported that sitting and standing for any length of time aggravate his pain and noted that he must rest between activities. The claimant reported that pain disturbs his sleep regularly and that pain interferes with his ability to concentrate. He indicated that medications cause constipation as a side effect.

The allegations of the claimant are credible based on the medical evidence and the criteria of 20 CFR 404.1529 and SSR 96-7p.

The claimant does not have an impairment that meets or equals the criteria of any listed impairment. A determination must therefore be made of whether he retains the residual functional capacity to perform the requirements of his past relevant work or can adjust to other work.

Case 1:01-cv-01157-CCC  Document 164  Filed 07/14/2003  Page 17 of 20

I realize that the claimant also has a severe anxiety disorder. However, since a fully favorable decision is appropriate based on physical impairments alone, functional limitations attributable to the claimant's mental impairment have not been assessed.

The evidence of record supports a finding that the claimant retains the residual functional capacity to lift or carry and push or pull 2-3 pounds occasionally and no weight frequently, stand or walk 1 hour per 8-hour workday and sit 4 hours per 8-hour workday with a sit/stand option. Additionally, he is only able to engage in bending, stooping, kneeling, climbing, crawling, or crouching on an occasional basis. Based on these limitations, the claimant retains the residual functional capacity for significantly less than the full range of sedentary work.

I have given significant weight to the above-mentioned opinion dated April 16, 2002, of Dr. Bower finding the claimant unable to work (Ex. 15F), as it is supported by the clinical findings contained in the record as well as the degree of treatment required. As for the opinion dated June 18, 2001 of the State Agency medical consultant finding that the claimant retained the capacity to perform light work activity (Ex. 8F), it has been given limited weight as it is inconsistent with the other substantial evidence, some of which was unavailable for review by the State Agency consultant.

In his former work as a restaurant owner, the claimant was required to perform skilled light exertional level work activity. Because the claimant is limited to significantly less than the full range of sedentary work, he is precluded from the performance of his past relevant work.

As the claimant has demonstrated that he lacks the residual functional capacity to perform the requirements of any past relevant work, the burden shifts to the Social Security Administration to show that there are other jobs that the claimant can perform. This determination is made in conjunction with the Medical-Vocational Guidelines of Appendix 2 of Subpart P of the Regulations (20 CFR Part 404). Appendix 2 contains a series of rules that direct a conclusion of either "disabled" or "not disabled" depending upon the claimant's age, education, work experience, and residual functional capacity.

Born May 25, 1955, the claimant was 44 years old on July 22, 2000. For the purpose of this decision, he is considered to be a younger individual. He has a limited education and has a skilled work background. However, considering the nature and extent of the claimant's functional limitations, it is reasonable to conclude that there are no occupations to which the claimant's acquired work skills could transfer.

The claimant's capacity for the full range of sedentary work is reduced by additional limitations that narrow the range of work he can perform. Considering these limitations within the guidelines of Social Security Ruling 96-9p, there are no occupations with jobs existing in significant numbers in the national economy which the claimant could perform. A finding of "disabled" may therefore be reached within the framework of Medical-Vocational Rule 201.25.

Case 1-01-cv-01157-CCC  Document 164  Filed 07/14/2003  Page 18 of 20

VINCENZO MAZZAMUTO (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)                        Page 4 of 5

In accordance with a finding that the claimant has been under a disability beginning July 22, 2000, he is entitled to disability insurance benefits on the basis of his application protectively filed on April 24, 2001.

## FINDINGS

After careful consideration of the entire record, I make the following findings:

1.  The claimant has not engaged in substantial gainful activity since July 22, 2000.

2.  The medical evidence establishes that the claimant has the following severe impairments: degenerative disc disease and coronary artery disease.

3.  The claimant has no impairment that meets or equals the criteria of any impairment listed in Appendix 1, Subpart P, Regulations No. 4.

4.  The claimant's assertions concerning his ability to work are credible.

5.  The claimant retains the residual functional capacity to lift or carry and push or pull 2-3 pounds occasionally and no weight frequently, stand or walk 1 hour per 8-hour workday and sit 4 hours per 8-hour workday with a sit/stand option. Additionally, he is only able to engage in bending, stooping, kneeling, climbing, crawling, or crouching on an occasional basis. Based on these limitations, the claimant retains the residual functional capacity for significantly less than the full range of sedentary work.

6.  The claimant is unable to perform the requirements of his past relevant work.

7.  The claimant's residual functional capacity for the full range of sedentary work is reduced by additional limitations.

8.  On July 22, 2000, the claimant was a younger individual.

9.  The claimant has a limited education.

10. The claimant has a skilled work background. However, considering the nature and extent of the claimant's functional limitations, it is reasonable to conclude that there are no occupations to which the claimant's acquired work skills could transfer.

11. Considering the claimant's additional limitations, he cannot make an adjustment to any work that exists in significant numbers in the national economy; a finding of disabled is therefore reached within the framework of Medical-Vocational Rule 201.25.

12. The claimant has been under a disability, as defined in the Social Security Act, since July 22, 2000 (20 CFR §404.1520(f)).

Case 1:01-cv-01157-CCC  Document 164   Filed 07/14/2003  Page 19 of 20

VINCENZO MAZZAMUTO (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)                          Page 5 of 5

## DECISION

It is my decision that, based on the application protectively filed on April 24, 2001, the claimant is entitled to a period of disability commencing July 22, 2000, and to disability insurance benefits under Sections 216(i) and 223, respectively, of the Social Security Act.


_____
EDWARD T. MORRISS
Administrative Law Judge


_____ JUL 2 5 2002 _____
Date

## CERTIFICATE OF SERVICE

I, E. Thomas Henefer, Esquire, certify that on this date, I served a

certified true and correct copy of the foregoing Exhibits upon the following

counsel of record, by hand delivery to the following address:

Richard C. Angino, Esquire
4503 North Front Street
Harrisburg, PA 17110-1708

and by first class mail to:

Social Security Administration
Office of the Regional Chief Counsel
Office of the General Counsel
Attn: Amy Nalence, Esquire
P.O. Box 41777, 6th Floor
Philadelphia, Pa 19101

E. Thomas Henefer

Date: July 14, 2003

2