*note to cr*

# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| VINCENZO MAZZAMUTO, | : | CIVIL ACTION | |
| Plaintiff, | : | NO. 1:CV-01-1157 | **FILED** |
| | : | | HARRISBURG, PA |
| v. | : | | |
| | : | | JUL 1 4 2003 |
| UNUMPROVIDENT | : | JUDGE CONNER | MARY E. D'ANDREA, CLERK |
| CORPORATION, et al., | : | | Per _____ |
| Defendants | : | | Deputy Clerk |

## DEFENDANTS' MOTION IN LIMINE ADDRESSING EX PARTE COMMUNICATIONS BY PLAINTIFF'S COUNSEL IN APPARENT VIOLATION OF RULES OF PROFESSIONAL CONDUCT

Defendants UNUMProvident Corporation, Paul Revere Life Insurance Company and New York Life Insurance Company ("Defendants") hereby move in limine to exclude the evidence of the waiver of life insurance premiums by New York Life from trial.

Plaintiff's counsel Richard C. Angino has apparently violated Pennsylvania Rule of Professional Conduct 4.2 when he engaged in *ex parte* communications after the commencement of this lawsuit with representatives of Defendant New York Life Insurance Company, a represented party, to demand --

1

under threat of a bad faith claim -- the continuation of the waiver of premium under a life insurance policy issued by New York Life which is separate and distinct from the disability policy at issue in this case.

While Defendants believe that the waiver of premium under the life insurance policy is wholly irrelevant, <u>Plaintiff's</u> position is that the waiver is relevant, and the Court has agreed. Accordingly, given Plaintiff's position on relevance, Plaintiff's counsel should have obtained the consent of New York Life's counsel of record before communicating directly with New York Life. Such consent was not requested and, in any event, would not have been provided.

Plaintiff's counsel further violated the Court's discovery order by demanding the production of documents from a party (again, while threatening a bad faith claim) well after the close of discovery. For these reasons and those set forth in Defendants' Memorandum of Law in Support of this motion, which is incorporated herein in its entirety, Defendants' motion should be granted.

SL1 363517v1/10305.060

WHEREFORE, for the reasons set forth above and in the

accompanying Memorandum of Law, Defendants respectfully request this Court to

grant their motion in limine.

Dated:  July 14, 2003

STEVENS & LEE

By E. Thomas Henefer

E. Thomas Henefer
Attorney I.D. No. 55773
Kirk L. Wolgemuth
Attorney I.D. No. 45792
111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania  19603
(610) 478-2000

Attorneys for Defendants UNUM Provident
Corporation, Paul Revere Insurance Company,
and New York Life Insurance Company

SL1 363517v1/10305.060

# CERTIFICATE OF SERVICE

I, E. Thomas Henefer, Esquire, certify that on this date, I served a

certified true and correct copy of the foregoing Motion upon the following counsel

of record, by hand delivery to the following address:

Richard C. Angino, Esquire
4503 North Front Street
Harrisburg, PA 17110-1708

E. Thomas Henefer

Date: July 14, 2003

## CERTIFICATE OF NON-CONCURRENCE

I, E. Thomas Henefer, Esquire certify pursuant to Local Rule 7.1 that

Plaintiff's counsel does not concur in the foregoing motion.

E. Thomas Henefer

Dated: July 14, 2003