*Nono to u*

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| VINCENZO MAZZAMUTO, | : | CIVIL ACTION | **FILED** |
| Plaintiff, | : | NO. 1:CV-01-1157 | HARRISBURG, PA |
| | : | | |
| v. | : | | JUL 1 4 2003 |
| | : | | |
| UNUMPROVIDENT | : | JUDGE CONNER | _____ EA, CLER |
| CORPORATION, et al., | : | | Per _____ |
| Defendants | : | | |

## EXHIBITS TO DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION IN LIMINE ADDRESSING EX PARTE COMMUNICATIONS BY PLAINTIFF'S COUNSEL IN APPARENT <u>VIOLATION OF RULES OF PROFESSIONAL CONDUCT</u>

Dated: July 14, 2003

STEVENS & LEE

By E. Thomas Henefer

E. Thomas Henefer
Attorney I.D. No. 55773
Kirk L. Wolgemuth
Attorney I.D. No. 45792
111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania 19603
(610) 478-2000

Attorneys for Defendants UNUM Provident
Corporation, Paul Revere Insurance Company,
and New York Life Insurance Company





New York Life  Insurance Company
New York Life Insurance and Annuity Corporation
(A Delaware Corporation)
NYLIFE Insurance Company of Arizona
(Not licensed in Every State)
PO Box 6916 Cleveland OH 44101, (800) 695-9873
*The Company You Keep*

June 14, 2002

Vincenzo Mazzamuto
501 Limestone Rd
Carlisle PA  17013

Policy:  44 904 932
Claim:  368 799

Dear Mr. Mazzamuto:

I am writing in reference to the above claim for Waiver of Premium Disability benefits on the above policy. Thank you again for your patience while we reviewed this life claim.

The Waiver of Premium Benefit provision of your policy contract states, in part, that total disability means that because of disease or bodily injury, you cannot do any of the essential acts and duties of your job or any other job for which you are suited based on schooling, training or experience.  If you are able to do some, but not all of these acts and duties, disability is not total.

However, the Company has taken a more liberalized view of total disability as it pertains to an insured's occupation.  This liberalization allows us to waive premiums for up to two years after the onset of the disability based on your being totally disabled from performing the material duties of your occupation as a restaurateur. This is an administrative exception and does not affect the terms of your contract.

Therefore, I am pleased to inform you that we will waive the premiums on the above policy from July 22, 2000, the first date we have evidence of your total and continuous disability (under the liberalized terms stated above), to the premium due August 4, 2002.

A check for a refund of the August 2000 and 2001 Annual premiums has been sent under separate cover.

Mr. Mazzamuto, I wish you continued success in your future endeavors.  Please let me know if you have any questions.

Sincerely,

Therese A. Sindelar   Ext 8724                    cc:  Salvatore Ferrigno V44

# ANGINO & ROVNER, P.C.

B

4503 NORTH FRONT STREET
HARRISBURG, PA 17110-1708

717/238-6791
FAX 717/238-5610

WWW.ANGINO-ROVNER.COM
E-MAIL:   RCA@ANGINO-ROVNER.COM

RICHARD C. ANGINO          MICHAEL E. KOSIK
NEIL J. ROVNER          RICHARD A. SADLOCK
JOSEPH M. MELILLO          JOSEPH M. DORIA
TERRY S. HYMAN          JAMES DECINTI
DAVID L. LUTZ          JOAN L. STEHULAK

June 24, 2002

Ms. Therese A. Sindelar
New York Life Insurance Company
P. O. Box 6916
Cleveland, OH  44101

> Re:   Vincenzo Mazzamuto
> Policy No.: 44 904 932
> Claim No.:  368 799

Dear Ms. Sindelar:

I represent Mr. Mazzamuto with respect to a bad faith disability insurance claim.  Mr. Mazzamuto supplied me with a copy of your letter of June 14, 2002.  Enclosed is a self-explanatory letter from our expert.  I would appreciate receiving a letter from you clarifying New York's intentions as of August 2002.  I would also request that interest be paid based on the delayed refund.  Thank you.

Very truly yours,

/S/

Richard C. Angino

RCA/sc
Enclosure

247578.1\RCA\SC



New York Life  Insurance Company
New York Life Insurance and Annuity Corporation
(A Delaware Corporation)
NYLIFE Insurance Company of Arizona
(Not licensed in Every State)
PO Box 6916 Cleveland OH 44101, (800) 695-9873
   *The Company You Keep*

July 24, 2002

Angino & Rovner PC
Attn:  Richard C Angino
4503 N Front St
Harrisburg PA  17110-1708

Insured:  Vincenzo Mazzamuto
Policy:  44 904 932
Claim:  368 799

Dear Mr. Angino:

I am pleased to respond to your inquiry of June 24, 2002 regarding the above claim.

As you know we have approved a claim for waiver of premium disability benefits under the Company's more liberalized view of total disability as it pertains to Mr. Mazzamuto's occupation as a restaurateur.  This is an administrative exception and does not affect the terms of the contract.

We refunded premiums based on this exception at the time the claim was reviewed and approved.  The August 4, 2000 and August 4, 2001 premiums were waived based on an onset date of July 22, 2000.  Once the claim was reviewed and approved, there was no delay in issuing the refund.  The policy does not provide for payment of interest on waived premiums.

Enclosed is a copy of the Disability Waiver of Premium Rider contained in this policy.  If Mr. Mazzamuto is totally disabled as defined in this rider, that is, he cannot work in any capacity, please let me know and we will be glad to reconsider a claim after August 4, 2002, the next premium due date after the last waived premium.

Also, Mr. Angino, if any records you have do not agree with ours or you have additional questions, please let me know.

Sincerely,

Therese A. Sindelar
Ext 8724

# ANGINO & ROVNER, P.C.

4503 NORTH FRONT STREET
HARRISBURG, PA 17110-1708

717/238-6791
FAX 717/238-5610

WWW.ANGINO-ROVNER.COM
E-MAIL: RCA@ANGINO-ROVNER.COM

RICHARD C. ANGINO    MICHAEL E. KOSIK
NEIL J. ROVNER    RICHARD A. SADLOCK
JOSEPH M. MELILLO    JOSEPH M. DORIA
TERRY S. HYMAN    JAMES DeCINTI
DAVID L. LUTZ    JOAN L. STEHULAK

July 29, 2002

Ms. Therese A. Sindelar
New York Life Insurance Company
P. O. Box 6916
Cleveland, OH 44101

> Re:    Vincenzo Mazzamuto
>       Policy No.: 44 904 932
>       Claim No.: 368 799

Dear Ms. Sindelar:

     I wrote to you on June 24, 2002, copy of letter enclosed. I asked you to clarify New York Life's intentions as of August 2002.

     Today, I received your response as to interest but no response as to my question concerning August premium. The Mazzamuto's received a bill for the august premium which I have told her to pay "under protest". I am requesting a response from you as to your position with respect to waiver within the next seven days.

Very truly yours,

*Richard C. Angino (sc)*

Richard C. Angino

RCA/sc
Enclosure
cc:    Mr. and Mrs. Mazzamuto

248882.1\RCA\SC

# ANGINO & ROVNER, P.C.

4503 NORTH FRONT STREET
HARRISBURG, PA 17110-1708

717/238-6791
FAX 717/238-5610

WWW.ANGINO-ROVNER.COM
E-MAIL:   RCA@ANGINO-ROVNER.COM

RICHARD C. ANGINO
NEIL J. ROVNER
JOSEPH M. MELILLO
TERRY S. HYMAN
DAVID L. LUTZ

MICHAEL E. KOSIK
RICHARD A. SADLOCK
JOSEPH M. DORIA
JAMES DeCINTI
JOAN L. STEHULAK

August 1, 2002

Ms. Therese A. Sindelar
New York Life Insurance Company
P. O. Box 6916
Cleveland, OH  44101

> Re:   Vincenzo Mazzamuto
>        Policy No.:  44 904 932
>        Claim No.:  368 799

Dear Ms. Sindelar:

In response to your letter of July 24, 2002, enclosed is a copy of Mr. Mazzamuto's treating physician's letter dated November 3, 2000, and addressed to New York Life.  Also enclosed is a copy of Dr. Bower's deposition.  Finally, enclosed is a copy of Dr. Schneider's report, who examined Mr. Mazzamuto's records for social security purposes.  It is my understanding that Mr. Mazzamuto has been determined to be disabled under the extremely strict social security guidelines.  Finally, I am enclosing two reports from our expert in a bad faith action brought against UNUM for denying Mr. Mazzamuto's disability benefits.

In light of the November 3, 2000, date of Mr. Mazzamuto's family physician's letter to you, interest is due, in my opinion, from December 3, 2000.  In light of the enclosures, you will, in my opinion, be guilty of bad faith by requiring the premium payment request for August 4, 2002.  Payment of the August 4, 2002, premium notice has been made under protest.

Very truly yours,

Richard C. Angino

RCA/sc
Enclosures
cc:    Mr. and Mrs. Mazzamuto

249074.1\RCA\SC





NEW YORK LIFE INSURANCE COMPANY
NEW YORK LIFE INSURANCE COMPANY AND ANNUITY CORPORATION
(A DELAWARE CORPORATION)
NYLIFE INSURANCE COMPANY OF ARIZONA
(Not licensed in Every State)
PO BOX 6916, CLEVELAND OH  44101, (800) 695-9873
*The Company You Keep*

August 15, 2002


Vincenzo Mazzamuto
501 Limestone Rd
Carlisle PA  17013


Policy:  44 904 932
Claim:  368 799

Dear Mr.Mazzamuto:

Thank you for sending us the information we requested.  I am pleased to advise you that we have re-approved your claim for Waiver of Premium Disability Benefits beyond August 3, 2002.

A check for the refund of the August 2002 Annual premium has been sent under separate cover.  All future premiums will be waived while you are totally disabled, as defined in your policy.

Please let us know if you return to work or if your total disability ends.  If you have any questions regarding this claim, please let me know.


Sincerely,


Therese A. Sindelar
Ext 8724


cc: Salvatore Ferrigno V44
    Richard C Angino

# ANGINO & ROVNER, P.C.   G

4503 NORTH FRONT STREET
HARRISBURG, PA 17110-1708

717/238-6791
FAX 717/238-5610

WWW.ANGINO-ROVNER.COM
E-MAIL:   RCA@ANGINO-ROVNER.COM

RICHARD C. ANGINO          MICHAEL E. KOSIK
NEIL J. ROVNER            RICHARD A. SADLOCK
JOSEPH M. MELILLO          JOSEPH M. DORIA
TERRY S. HYMAN            JAMES DECINTI
DAVID L. LUTZ             JOAN L. STEHULAK

NEW YORK LIFE INS. CO.
AND ANNUITY CORP.

2002 SEP 16  A 8: 06

1 CLEVELAND SVC CTR-L       September 11, 2002

Ms. Therese A. Sindelar
New York Life Insurance Company
P. O. Box 6916
Cleveland, OH  44101

      Re:   Vincenzo Mazzamuto
           Policy No.: 44 904 932
           Claim No.: 368 799

Dear Ms. Sindelar:

     It has come to our attention that your insured has made a claim for total disability both as to his disability policy H3 236 167 and life insurance policy 44 904 932.  Please supply us with your entire claim file as to both of these policies.

     We have a record that Mr. Mazzamuto's family doctor wrote to New York Life as early as November 1, 2000, with respect to his disability claim and filed with New York Life an application for disability benefits.  These early filings certainly put New York Life on notice as to Mr. Mazzamuto's claim of total disability with respect to his life policy.

     If New York Life is willing to pay interest from January 1, 2001, with respect to the life policy in the next two weeks and promptly supply us with the claim files as to H3 236 167 and 44 904 932, I will recommend that my client not proceed with any type of "bad faith" action against New York Life with respect to the life insurance policy no. 44 904 932.  As to H3 236 167, that case is scheduled to go to trial in November.  Time is, therefore, of the essence.

     Very truly yours,

     Richard C. Angino

RCA/sc

250680.1\RCA\SC

## CERTIFICATE OF SERVICE

I, E. Thomas Henefer, Esquire, certify that on this date, I served a certified true and correct copy of the foregoing Exhibits upon the following counsel of record, by hand delivery to the following address:

> Richard C. Angino, Esquire
> 4503 North Front Street
> Harrisburg, PA  17110-1708

E. Thomas Henefer

Date:  July 14, 2003