**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VINCENZO MAZZAMUTO,** | : | **CASE NO. 1:01-CV-1157** |
| Plaintiff | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; NEW YORK LIFE INSURANCE COMPANY,** | : | |
| Defendants | : | |

**M E M O R A N D U M**

Before the court are the following motions: plaintiff's motion for reconsideration (Doc. 151); plaintiff's supplemental motion for reconsideration of decision precluding expert testimony (Doc. 153); plaintiff's second motion to supplement motion for reconsideration (Doc. 154); plaintiff's third motion to supplement motion for reconsideration (Doc. 156); plaintiff's fourth motion to supplement motion for reconsideration (Doc. 159); and plaintiff's fifth motion to supplement motion for reconsideration (Doc. 160). The parties have fully briefed the issues, and the motions are ripe for disposition.

**I.      Factual Background**

This case arises from defendants UNUM Provident Corporation, Paul Revere Life Insurance Company, and New York Life Insurance Company's denial of plaintiff, Vincenzo Mazzamuto's ("Mazzamuto") claim for long term disability benefits based on back and psychiatric conditions. Plaintiff filed the instant complaint on June 26, 2001. (Doc. 1). In his complaint, Mazzamuto alleges common

law breach of contract and statutory bad faith pursuant to 42 Pa. C.S.A. § 8371. (Doc. 1).

In an order dated February 7, 2003, the court excluded the testimony of Mr. Gordon Rose ("Rose"), plaintiff's proposed insurance bad faith expert. (Doc. 100). In an order dated March 17, 2003, the court granted defendants' motion for summary judgment on plaintiff's bad faith claim. (Doc. 117). Plaintiff moved the court for reconsideration of this decision, however the court denied this request on May 6, 2003. (Doc. 146). On this same date, the court denied plaintiff's motion to amend his complaint to include allegations of "pattern and practice" insurance bad faith on the part of defendants. Id. Mazzamuto has again moved the court for reconsideration of its decisions to exclude Rose's testimony, grant summary judgment on the bad faith claim, and deny leave to amend the complaint. (Doc. 151).

**II.      Discussion**

**A.      Legal Standard**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A court should grant a motion for reconsideration only "if the moving party establishes one of three grounds: (1) there is newly available evidence; (2) an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or prevent manifest injustice." General Instrument Corp. of Delaware v. Nu-Tek Electronics & Mfg. Inc., 3 F.Supp.2d 602, 606 (E.D.Pa. 1998) (citations omitted). "A motion for reconsideration is not properly grounded on a request that the Court simply rethink a decision it has already made." Douris v. Schweiker, 229 F.Supp.2d 391, 408 (E.D.Pa. 2002) (quoting Glendon Energy

Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa. 1993).  Motions for reconsideration are generally disfavored.  Collins v. D.R. Horton, Inc., 252 F.Supp.2d 936, 938 (D. Ariz. 2003).

> **B.  Plaintiff's Motion for Reconsideration of the Court's Entry of Summary Judgment on Plaintiff's Bad Faith Claim**

The court entered summary judgment on plaintiff's bad faith claim because plaintiff failed to demonstrate, by clear and convincing evidence, that a jury could find bad faith in the denial of its claim.  (Doc. 117).  See also Klinger v. State Farm Mutual Automobile Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997); Polselli v. Nationwide Mutual Fire Ins. Co., 23 F.3d 747, 750 (3d Cir. 1994); Simon v. Unum Provident Corp., 2002 WL 1060831 at * 6 (E.D.Pa. 2002).  In order to survive summary judgment, Mazzamuto must convince the court that the average reasonable jury could hold that defendants did not have a reasonable basis for their denial of benefits.  See 42 Pa. C.S.A. § 8371; Keefe v. Prudential Property and Casualty Ins. Co., 203 F.3d 218, 225 (3d Cir. 2000); Terletsky v. Prudential Property and Casualty Ins. Co., 649 A.2d 680, 688 (Pa. Super. 1994) (quoting BLACK'S LAW DICTIONARY, 139 (6th ed. 1990)).

In the instant motion for reconsideration, plaintiff argues that events transpiring after defendants originally denied plaintiff's claim for benefits render their continued denial bad faith.  (Doc. 152).  In support, Mazzamuto points to the depositions of his children, neighbor, and former employee.  Id.  The court has examined this evidence, and concludes that it does not warrant reconsideration of its decision to enter summary judgment on the bad faith claim.  These witnesses indicate that Mazzamuto appears disabled, however, the record inconsistencies

referenced in the court's previous order remain.[1]  While the newly submitted depositions may support plaintiff's breach of contract claim, no reasonable factfinder could find that defendants lacked a reasonable basis for their denial of plaintiff's disability benefits.  See 42 Pa. C.S.A. § 8371; Keefe, 203 F.3d at 225; Terletsky, 649 A.2d at 688 (quoting BLACK'S LAW DICTIONARY, 139 (6th ed. 1990)).

Plaintiff also submits a series of news articles and depositions from other bad faith lawsuits involving the defendants.  (Docs. 152-157).  The United States Court of Appeals for the Third Circuit recently held that evidence of other bad faith lawsuits against an insurer is inadmissible in a particular bad faith action because potential prejudice outweighs the evidence's probative value.  W.V. Realty Inc.; New Montage Manor, Inc. v. Northern Ins. Co. of New York, 2003 WL 21480598 at * 7 (3d Cir. 2003).  See also FED. R. EVID. 403.  Plaintiff has frequently drawn the court's attention to other bad faith lawsuits against defendants, and the existence of these suits certainly does not constitute "newly discovered evidence" justifying reconsideration.  The court will deny plaintiff's motion for reconsideration of the court's entry of summary judgment on the bad faith claim.

### C. Plaintiff's Motion for Reconsideration of the Court's Order Excluding the Testimony of Mr. Gordon Rose

In an Order dated February 7, 2003, the court excluded plaintiff's proposed bad faith expert witness, Mr. Gordon Rose because expert testimony was not necessary to assist the jury in determining whether defendants engaged in bad faith in this matter.  (Doc. 100).  The court reiterated this argument in its order denying plaintiff's first motion for reconsideration of this decision.  (Doc. 146).

---

[1] These discrepancies include plaintiff's functional physical and mental limitations, the level of physical exertion required to perform his job, and the number of hours he must work per week.

**4**

Plaintiff has produced no new evidence nor cited intervening law supporting reconsideration of this decision.  In addition, the court has entered summary judgment on the bad faith count in defendants' favor, rendering Mr. Rose's testimony irrelevant to the instant breach of contract action.  Hence, the court will deny plaintiff's second motion for reconsideration of the court's order precluding Mr. Rose's testimony.

### D.  Plaintiff's Motion for Reconsideration of the Court's Order Denying Plaintiff's Petition to Amend the Complaint

In an Order dated May 6, 2003, the court denied Mazzamuto's petition to amend his complaint because he unduly delayed seeking the amendment and defendants would suffer considerable prejudice if the court granted his request.  (Doc. 146).  Plaintiff seeks leave to add allegations of "pattern and practice" bad faith to his complaint.  (Doc. 152).

Mazzamuto's request is unduly delayed and would result in substantial prejudice to defendants.  Federal Rule of Civil Procedure 15 provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires."  FED. R. CIV. P. 15(a).  The Third Circuit has held that a trial court should refuse leave to amend where (a) there has been undue delay in seeking the proposed amendment, (b) the opposing party would be prejudiced, or (c) the proposed amendment would be futile.  Cureton v. National Collegiate Athletic Assoc., 252 F.3d 267, 273 (3d Cir. 2001).

Trial in the matter is scheduled for August 2003.  Defendants would suffer substantial prejudice from any amendment of the complaint at this late juncture.  See id.  Defendants are preparing to try a breach of contract action.  Should this breach of contract action transform into an attack on defendants'

business practices, defendants would be forced to alter their trial strategy materially within a few weeks of trial.  Therefore, the court will deny plaintiff's motion for reconsideration of the court's denial of leave to amend the complaint.

        An appropriate order will issue.

                                         S/ Christopher C. Conner
                                        CHRISTOPHER C. CONNER
                                        United States District Judge

Dated:       July 15, 2003