# ORIGINAL *none -to CN*



FILED

JUL 1 5 2003

PER *C.48*
HARRISBURG, PA.        DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>Plaintiff | : CIVIL ACTION<br>: NO. 1:CV-01-1157<br>: |
| vs. | : JUDGE CONNER<br>: |
| UNUM PROVIDENT<br>CORPORATION, et al.,<br>Defendants | :<br>:<br>: |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S DECISION PRECLUDING EXPERT TESTIMONY OF GORDON K. ROSE, DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT, AND GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIM FOR BAD FAITH DAMAGES

Defendants hereby respond to Plaintiff's Motion for Reconsideration.

In support of this Response, Defendants incorporate herein in its entirety the

accompanying memorandum of law which is filed concurrently.

1. Admitted.

2. Admitted.

3. Denied.

1

4.  Admitted in part and denied in part.  It is admitted only that Defendants' motion in limine with regard to their request for the exclusion of the Social Security Administration's award of disability benefits was denied.  The remaining averments of Paragraph 4 of Plaintiff's motions are conclusions of law to which no response is required.  To the extent a response is required, said averments are denied.

5.  Admitted in part and denied in part.  It is admitted only that Defendants scheduled the deposition of Administrative Law Judge ("ALJ") Edward T. Morris.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 5 of Plaintiff's motion and they are therefore denied.  By way of further answer, as of the date of this response, Defendants have not taken the deposition of ALJ Morris because the Social Security Administration has refused to produce him to testify.

6.  Admitted in part and denied in part.  It is admitted only that Plaintiff scheduled the deposition of Dr. Schneider.  The remaining averments of paragraph 6 of Plaintiff's motion are denied.

7.  Admitted in part and denied in part.  It is admitted only that the parties are in the process of scheduling the referenced deposition.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 7 of Plaintiff's motion.

2

8. Admitted in part and denied in part. It is admitted only that the parties are in the process of scheduling the referenced deposition. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 8 of Plaintiff's motion.

9. Admitted in part and denied in part. It is admitted only that a physical examination was not conducted. It is denied that this is a fact to be stressed.

10. Admitted in part and denied in part. It is admitted only that Plaintiff has attached as exhibits certain documents referenced in Paragraph 10 of Plaintiff's motion. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 10 of Plaintiff's motion.

11. Admitted.

12. Admitted in part and denied in part. It is admitted only that Plaintiff is not totally disabled as that term is defined in his policy. It is denied that the averments of Paragraph 12 of Plaintiff's motion either accurately or completely summarize the position of Defendants with regard to Plaintiff's claims. By way of further answer, even if Plaintiff could not perform all of the material duties of his occupation, he can perform many of them.

13. Denied.

3

1 of 6

14. Admitted in part and denied in part. It is admitted only that trial has been scheduled for August 2003 and that limited-purpose discovery has been extended until July 2003. To the extent that the averments of paragraph 14 of Plaintiff's motion imply that the parties are free to engage in full discovery, said averments are denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 18 of Plaintiff's motion.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

WHEREFORE, the Defendants respectfully request that Plaintiff's

Motion for Reconsideration be denied.

Dated:  July  15  , 2003          STEVENS & LEE

                                  By  _E. Thomas Kenefer_____
                                      E. Thomas Kenefer
                                      Attorney I.D. No. 55773
                                      111 North Sixth Street
                                      P.O. Box 679
                                      Reading, Pennsylvania  19603
                                      (610) 478-2000

                                  Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I, E. THOMAS HENEFER, ESQUIRE, certify that on this date, I

served a certified true and correct copy of the foregoing Defendants' Response In

Opposition To Plaintiff's Motion For Reconsideration upon the following counsel

of record, by hand delivery to:

Richard C. Angino, Esquire
4503 North Front Street
Harrisburg, PA  17110

E. Thomas Henefer

Date:  July  15 , 2003