UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENZO MAZZAMUTO,<br>    Plaintiff, | CIVIL ACTION – LAW |
| v. | NO. 1:CV-01-1157 |
| UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE COMPANY<br>    Defendants | JUDGE CONNER<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S SUPPLEMENTAL PRETRIAL MEMORANDUM

**B.    A summary statement of facts and contentions as to liability.**

The facts were set forth in Plaintiff's Pretrial Memorandum filed on April 16, 2003.

**C.    A comprehensive statement of undisputed facts as agreed to by counsel at the conference of attorneys required by Local Rule 16.3. No facts should be denied unless opposing counsel expects to present contrary evidence or genuinely challenges the fact on credibility grounds. The parties must reach agreement on uncontested facts even though relevancy is disputed.**

1.   The NYL disability policy was issued on June 28, 1993.

2.   The NYL disability policy defines total disability as follows:

From the start of a total disability until 2 years after the Income Starting Date, total disability means that the Insured cannot do the substantial and material duties of his or her regular job. After 2 years from the Income Starting Date, if a new period of disability does not apply, total disability will then mean that the Insured can not do the substantial and material duties of his or her regular job and is not working in any other gainful job. The cause of the disability must be an injury or sickness.

3. The NYL disability policy defines regular job as follows:

**Regular Job** The occupation, or occupations if more than one, in which the Insured is engaged when a disability starts."

4. Plaintiff gave notice of his claim in September 2000.

5. Plaintiff subsequently submitted claim forms dated November 22, 2000.

6. Plaintiff's claim was denied on April 20, 2001.

7. Plaintiff's counsel submitted a request for reconsideration on May 8, 2001.

8. By letter dated May 23, 2001, Paul Revere advised plaintiff that it abiding by the decision to deny the claim.

**H.   A summary of legal issues involved and authorities relied upon.**

A contract is a legally enforceable agreement between two or more competent parties who have each promised to do, or refrain from doing, some lawful act. An insurance policy is a contract and must be interpreted in accordance with its terms and conditions.

An insurance policy is not a contractual agreement arrived at by parties negotiating together. Policies are drafted wholly by one of the parties possessing great skill in the selection of language which will expose it to the least possible liability; that party then advertises the coverage through publications, radio and television in such a manner that the average purchaser believes he will be covered if he is disabled. Appleman, Insurance Law and Practice, Rev. Vol. 1C, Section 652. When the provisions are set forth in a plain and unambiguous manner, the court cannot change the construction by applying principles favorable to the insured. Appleman, Insurance Law and Practice, Rev. Vol. 1C, Section 615. If there is any uncertainty as to the meaning of any terms or conditions, the terms and conditions should be construed against the insurance company who drafted the policy and liberally in favor of the insured, the plaintiff in this case. Lititz Mutual Insurance Co. v. Steely, 567 Pa. 98; 785 A.2d 975(2001), rearg. denied,

2002 Pa. LEXIS 210 (Pa. Jan. 25, 2002); <u>Standard Venetian Blind Co. v. American Empire Ins. Co.</u>, 503 Pa. 300, 469 A.2d 563 (Pa. 1983).

The clauses in total disability insurance policies, which relate to the occupation to be considered in determining whether the insured is entitled to benefits, will not be literally construed or applied when, to do so, would make recovery of benefits unreasonably impossible in all or practically all cases, <u>Cobosco v. Life Assurance Company of Pennsylvania</u>, 419 Pa. 158, 213 A.2d 369 (1965). "The insured must prove that the personal efforts that he himself is capable of making in the operation of the business are insubstantial and unimportant, by reason of their low quality or quantity, in relation to the character and amount of work required to carry on the business," Ibid.

Mr. Mazzamuto's disability insurance policy is a contract and in that contract "total disability" and "regular job" are defined as:

> **Total Disability**  From the start of a total disability until 2 years after the Income Starting Date, total disability means that the Insured <u>can not do the substantial and material duties of his or her regular job</u>.
>
> After 2 years from the Income Starting Date, if a new period of disability does not apply, total disability will then mean that the Insured can not do <u>the substantial and material duties of his or her regular job and is not working at any other gainful job</u>.
>
> **Regular Job**  The occupation, or occupations if more than one, in which the Insured is engaged when a disability starts. [emphasis supplied]

The term "occupation" refers to the insured's principal vocation or pursuit, Appleman, Insurance Law and Practice 1981, Vol. 1B, Section 554. In his application for insurance Mr. Mazzamuto indicated that many of his duties were managerial. Where the duties of the insured as stated in the policy consist of supervision, the matter included thereunder must be determined largely by the character and nature of the occupation or business. Supervision does not mean

solely overseeing and directing workmen, and it may include one who occasionally does light physical labor incident to keeping things in order and repair, Appleman, Insurance Law and Practice 1981, Vol. 1B, Section 556. Likewise the term "office duties only" will not prevent recovery where the insured is properly in a place of work, either inspecting or directing the performance of work. Nor does it necessarily limit the place of risk to the insured's own office. And if the insured is prevented from carrying on certain functions of the occupation described in the policy, it does not avail the insurer that he may be able to perform office duties and traveling, described as the major portions thereof. Appleman, Insurance Law and Practice 1981, Vol. 1B, Section 556 citing James v. U.S. Cas. Co., 113 Mo. App. 622, 88 S.W. 125 (1905). In determining that the proper test was that the insured be disabled from performing <u>substantially</u> the occupation stated in the policy, the court noted that the merchant's occupation calls for both mental and physical exertion.

> It cannot be that the parties intended that before an assured could recover on the policy he should lie the full period of his injury in a state of coma. To interpret the clause in its contractual sense as [insurer has done] would render the contract utterly useless to an assured and would be nothing short, practically speaking, of collecting a premium without rendering a consideration.
> We therefore find ourselves driven back to the position taken by the authorities on the construction of the first part of the clause, viz.: that the disability meant is a disability as to the performance of <u>any substantial part</u> of the business.

113 Mo. App. 622 at 629, 88 S.W. 125 at 127.

In <u>Cobosco v. Life Assurance Company of Pennsylvania</u>, 419 Pa. 158, 213 A.2d 369 (1965), Mrs. Cobosco could recover total disability benefits where she indicated on her application that she was a "hardware merchant" but her physical limitations reduced her presence in the store so that she could not make a substantial and important contribution in relation to the total amount and character of the work required to carry on the business. The insurance

company's argument that in considering whether she was disabled only Mrs. Cobosco's efforts in relation to the duties of supervising and managing the store rather than in relation to all the duties involved in the operation of the store was specifically rejected. "We see no reason why Mrs. Cobosco's disability should be determined in relation solely to the duties stated on her application rather than all the duties which were actually involved in her occupation." (emphasis supplied). In Schuchman v. Metropolitan Life Insurance Company, 374 Pa. 48, 96 A.2d 920 (1953), the insured could establish his total disability after his injuries where he was able to go to his real estate office, open some mail and sign some documents. "An intellectual who lies prostrate from disease or injury is indeed totally disabled, even though his brain may still be capable of creating railroads, books and cities. The giant with an unhinged mind is totally disabled but he can still lift stones for a pyramid." Thus, where a merchant or businessman is able to go to his office but not to do all of the required tasks, the courts will permit recovery, Appleman, Insurance Law and Practice 1981, Vol. 1C, Section 672.

If the insured is disabled from carrying on a business or vocation, he may recover even though he performs an occasional act in connection therewith. And futile attempts to return to the job would not defeat recovery, Appleman, Insurance Law and Practice 1981, Vol. 1C, section 645.

Even where policies provided coverage for total and permanent disability to such an extent that the insured was rendered wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation, the courts did not require an insured to be comatose in order to recover. See Moskowitz v. Prudential Ins. Co. of America, 355 Pa. 30, 47 A.2d 648 (1946) (If plaintiff could show that loss of his hand produced a

psychopatholigical mental attitude including sense of frustration and desire to withdraw from the activity he could prove that he had become mentally disabled).

Pennsylvania cases have considered that an insured is unable to do the substantial part of his work or duty when he cannot do the greater portion, see <u>Cooper v. Metropolitan Life Insurance Company</u>, 317 Pa. 405, 177 A. 43 (1935) and <u>Cantor v. Metropolitan Life Ins. Co.</u>, 108 Pa.Super. 1, 164 A. 145, (1933).

Under Pennsylvania law, "the proper focus for determining issues of insurance coverage is the reasonable expectations of the insured." <u>Krisa v. The Equitable Life Assurance Society</u>, 113 F.Supp. 2d 694 (MD Pa. 2000), citing <u>Reliance Ins. Co. v. Moessner</u>, 121 F.3d 895, 903 (3d Cir. 1997). It was not the intention of the parties to confine recovery to instances of invalidism, coma or insanity, nor does the policy so state. Nor is it fatal that the insured may conceivably be able, by some means, to earn some money. Absolute financial helplessness or incapacity to earn money need not be shown; the usual test applied by the courts is the inability to perform the material acts of the insured's business in substantially the usual and customary manner. Appleman, Insurance Law and Practice, Rev. Vol. 1C, Section 651.

The doing of light work at irregular intervals would not prevent recovery, <u>Kramer v. Travelers' Ins. Co. of Hartford, Connecticut</u>, 111 Pa. Super. 367, 170 A 700 (1934), under a policy requiring total and permanent disability.

Regarding disability relative to customary occupation, Appleman teaches that the court must look to the insured's occupation as a whole in order to determine whether or not recovery should be allowed on the ground the insured can no longer perform his occupational duties, Appleman, Insurance Law and Practice, Rev. Vol. 1C, Section 671. The occupation to which such contracts refer in promising indemnity when the insured is unable to carry on an occupation

refers to the occupation which the insured was carrying on at the time he was injured. "And the rule laid down by almost unanimous authority is this: If the insured is unable to perform the material duties pertaining to his usual and customary occupation in substantially the same manner as before, he may recover. If he is able to do substantially all the acts material to his business, and there are only a few immaterial things which he cannot do, the rule is otherwise, but if there is any material, important, or substantial act which he cannot fulfill, recovery must be allowed." *Ibid.*

It is not disputed that Mr. Mazzamuto, although initially disabled as a result of a heart attack, recovered from the heart attack, but Plaintiff contends that he was thereafter disabled as a result of a debilitating back condition and anxiety from his heart attack.

Mr. Mazzamuto and others will testify that in July of 2000, Mr. Mazzamuto was an owner/operator of a pizza restaurant in Carlisle. Mr. Mazzamuto and others will describe Mr. Mazzamuto's responsibilities as ordering supplies, cooking, making pizza, welcoming customers and waiting on customers at the counter, taking food orders and seating customers, replacing employees who don't come to work, operating the cash register, paying bills, taking care of the shrubs, clearing away snow and helping to unload deliveries. Mr. Mazzamuto and others have also testified that most of his duties require standing for long periods of time and some bending and lifting.

Dr. Bower, Mr. Mazzamuto's regular doctor, has testified via videotape that Mr. Mazzamuto's back pain prevents him from sitting or standing for extended periods of time, from bending and lifting, and from concentrating. Dr. Bower also testified that Mr. Mazzamuto's anxiety makes him moody and impatient with employees. There is also evidence that Mr.

Mazzamuto has been determined to be totally disabled by New York Life and the Social Security Administration.

In civil cases such as this one, the plaintiff has the burden of proving those contentions which entitle him to relief.

Here the plaintiff has the burden to prove by a fair preponderance of the evidence that there was a contract for disability income insurance, the terms of the disability contract, and the breach by Defendants of the contract. The insured must prove that the personal efforts that he himself is capable of making in the operation of the business are insubstantial and unimportant, by reason of their low quality or quantity, in relation to the character and amount of work required to carry on the business. The evidence establishes a contention by a fair preponderance of the evidence if the fact finder is persuaded that it is more probably accurate and true than not.

Respectfully submitted,

ANGINO & ROVNER, P.C.


_____s/Richard C. Angino_____
Richard C. Angino, Esquire
I.D. No. A07140
Joan L. Stehulak, Esquire
I.D. No. A29496
4503 N. Front Street
Harrisburg, PA  17110
(717) 238-6791
Attorney for Plaintiff

Date: July 16, 2003

## CERTIFICATE OF SERVICE

I, Richard C. Angino, Esquire, hereby certify that a true and correct copy of the foregoing Plaintiff's Supplemental Pre-Trial Memorandum was personally served upon Thomas Henefer, Esquire, defense counsel, at the pre-trial conference on July 16, 2003.

defense counsel
E. Thomas Henefer, Esquire
Stevens & Lee
111 North Sixth Street
P. O. Box 679
Reading, PA 19603-0679
  Counsel for Paul Revere Life Insurance Company and New York Life Insurance Company

                s/Richard C. Angino
                Richard C. Angino

Dated: July 16, 2003